**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

# Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Terraform Labs Pte. Ltd. |
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | N/A |

| | | | |
|---|---|---|---|
| **4.** | **Debtor's address** | **Principal place of business**<br><br>1   Wallich Street<br>Number   Street<br><br>#37-01<br><br>Guoco Tower   Singapore   078881<br>City   State   ZIP Code<br><br><br>County | **Mailing address, if different from principal place of business**<br><br>Number   Street<br><br>P.O. Box<br><br>City   State   ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number   Street<br><br>City   State   ZIP Code |
| **5.** | **Debtor's website** (URL) | https://www.terra.money | |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor  Terraform Labs Pte. Ltd.     Case number (if known) 24-_____ ( )
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5191 – Other Information Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____ When _____ MM/ DD/ YYYY   Case number _____
      District _____ When _____ MM / DD/ YYYY   Case number _____

Debtor    Terraform Labs Pte. Ltd.                                                  Case number (if known)    24-_____ ( )
        Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br> List all cases. If more than 1, attach a separate list. | ☒ No <br> ☐ Yes    Debtor _____     Relationship _____ <br>               District _____     When _____ <br>               Case number, if known _____    MM / DD/ YYYY | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
        Number    Street

    _____    _____    _____
    City    State    ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____
        Contact Name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis with all affiliates)

☐ 1-49      ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99      ☐ 5,001-10,000      ☐ 50,001-100,000
☒ 100-199      ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

Debtor  Terraform Labs Pte. Ltd.                                              Case number (if known)    24-_____ (    )
        Name

| 15. | **Estimated assets**<br>(on a consolidated basis with all affiliates) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|
| 16. | **Estimated liabilities**<br>(on a consolidated basis with all affiliates) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 21, 2024
             MM / DD/ YYYY

✘  /s/ Chris Amani                                   Chris Amani
   Signature of authorized representative of debtor   Printed name

   Chief Executive Officer
   Title

**18. Signature of attorney**

✘  /s/ Zachary I. Shapiro                     Date   January 21, 2024
   Signature of attorney for debtor                  MM / DD / YYYY

   Zachary I. Shapiro                                Ronit Berkovich
   Printed Name

   Richards, Layton & Finger, P.A.                   Weil, Gotshal & Manges LLP
   Firm Name

   One Rodney Square, 920 North King Street          767 Fifth Avenue
   Address

   Wilmington, Delaware 19801                        New York, New York 10153
   City/State/Zip

   (302) 651-7700                                    (212) 310-8000
   Contact Phone

   shapiro@rlf.com                                   ronit.berkovich@weil.com
   Email Address

   5103                    Delaware
   Bar Number              State

**RESOLUTIONS OF
THE BOARD OF DIRECTORS
OF
TERRAFORM LABS PTE. LTD.**

**January 21, 2024**

On the date first written above, the Board of Directors (the "**Board**") of Terraform Labs Pte. Ltd., a private limited company incorporated in the Republic of Singapore (the "**Company**"), unanimously adopted, ratified, confirmed and approved the following resolution at a meeting of the Board, at which a quorum was present:

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to consider, and has considered, the strategic alternatives available to the Company;

**WHEREAS**, at a prior meeting, the Board authorized and approved the appointment of John S. Dubel as an independent member of the Board;

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

**WHEREAS**, the Board believes that taking the actions set forth below are in the best interests of the Company and, therefore, desires to adopt, authorize, and approve the following resolutions**:**

**I.    Commencement of the Chapter 11 Case**

**NOW, THEREFORE BE IT RESOLVED**, the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, that any officer or director of the Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver and file, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices and other papers (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Officer with any changes thereto to be conclusive evidence that such Authorized Officer deemed such changes to meet such standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the, "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering, performing and filing any and all documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case and the transactions and professional retentions set forth in this resolution; and be it further

## II.   Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Case, any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Officer deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, is hereby retained as local counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Dentons US LLP, located at 1221 Sixth Ave, New York, NY 10020, is hereby retained as special litigation counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of WongPartnership LLP, located at 12 Marina Boulevard Level 28 Marina Bay Financial Centre Tower 3 Singapore 018982, is hereby retained as special foreign counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Alvarez & Marsal North America, LLC , located at 600 Madison Ave, New York, NY 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Epiq Corporate Restructuring, LLC located at 777 Third Avenue, New York, New York 10017, is hereby retained as claims agent for each Entity in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to each Company, each Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation: (i) the payment of any consideration; (ii) the payment of fees, expenses, and taxes such Authorized Officer deems necessary, advisable, desirable, or appropriate; and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and be it further

## III.   General Authority and Ratification

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Case, including, but not limited to: (i) the negotiation of such additional agreements, amendments,

modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required; (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing; and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Officer, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Officer deemed the same to meet such standard; and be it further

**RESOLVED FURTHER**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

**NOW, THEREFORE BE IT RESOLVED**, that the Board hereby authorizes and approves the filing of the Chapter 11 Case.

\*   \*   \*   \*

Fill in this information to identify the case:

United States Bankruptcy Court for the: District of Delaware
Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | K&L GATES LLP<br>ATTN: DREW HINKES<br>210 SIXTH AVENUE<br>K&L GATES CENTER<br>PITTSBURGH, PA 15221<br>UNITED STATES | DREW HINKES<br>EMAIL - drew.hinkes@klgates.com<br>PHONE - 302-416-7000<br>FAX - 617-261-3100 | TRADE PAYABLE | | | | $3,474.50 |
| 2 | CHEANG & LEE SANITARY PLUMBING PTE LTD<br>ATTN: ERIC CHEE<br>MANAGER<br>21 TOH GUAN RD. E<br>#06-13 TOH GUAN CENTRE<br>SINGAPORE, 608609 | ERIC CHEE<br>EMAIL - main@clspc.com.sg<br>PHONE - +65 68966488<br>FAX - | TRADE PAYABLE | | | | $1,812.39 |
| 3 | ACA ENGRG PTE LTD<br>ATTN: POHYEE SONG<br>27 MANDAI ESTATE<br>#07-07<br>INNOVATION PLACE TOWER 2<br>SINGAPORE, 729931 | POHYEE SONG<br>EMAIL - pohyee.song@acaengrg.com<br>PHONE -<br>FAX - | TRADE PAYABLE | | | | $757.58 |
| 4 | PAGERDUTY, INC.<br>ATTN: JENNIFER TEJADA<br>CEO<br>DREAMPLUS 1219 311<br>GANGNAM-DAERO<br>SEOCHO-GU<br>SEOUL, 16628<br>KOREA, REPUBLIC OF | JENNIFER TEJADA<br>EMAIL - jennifer.tejada@pagerduty.com<br>PHONE - 415-805-7070<br>FAX - | TRADE PAYABLE | | | | $747.00 |
| 5 | SINGTEL<br>ATTN: BOON KOH<br>CFO<br>31 EXECTER ROAD COMCENTRE<br>SINGAPORE, 239732 | BOON KOH<br>EMAIL -<br>PHONE - +65 68383888<br>FAX - +65 67328428 | TRADE PAYABLE | | | | $100.96 |
| 6 | ARCHER MARKETING & DEVELOPMENT (S) PTE LTD<br>ATTN: VINCENT CHIUA<br>MANAGING DIRECTOR<br>4 PENJURU PLACE<br>#01-23<br>2.8 PENJURU TECH HUB<br>SINGAPORE, 608782 | VINCENT CHIUA<br>EMAIL - accounts@archer.com.sg<br>PHONE - +65 67772272<br>FAX - +65 67771179 | TRADE PAYABLE | | | | $81.58 |
| 7 | SUBMC1<br>1 WALLICH STREET<br>#31-01 GUOCO TOWER<br>SINGAPORE, 078881 | EMAIL - aliceleaw@guocoland.com<br>PHONE -<br>FAX - | TRADE PAYABLE | | | | $7.76 |
| 8 | CLOUDFLARE, INC.<br>ATTN: MICHELLE ZATLYN<br>CO-FOUNDER AND PRESIDENT<br>101 TOWNSEND ST<br>SAN FRANCISCO, CA 94107<br>UNITED STATES | MICHELLE ZATLYN<br>EMAIL - mzatlyn@cloudflare.com<br>PHONE - 650-319-8930<br>FAX - | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |
| 9 | ETHAN LEE<br>ADDRESS ON FILE | INFORMATION ON FILE | EMPLOYEE REIMBURSEMENT | CONTINGENT AND UNLIQUIDATED | | | UNDETERMINED |
| 10 | NANSEN PTE. LTD<br>ATTN: ALEXANDER SVANEVIK<br>111 SOMERSET RD, #03-09<br>SINGAPORE 238164 | ALEXANDER SVANEVIK<br>EMAIL - alex@nansen.ai<br>PHONE -<br>FAX - | TRADE PAYABLE | CONTINGENT AND UNLIQUIDATED | | | UNDETERMINED |
| 11 | SECURITIES AND EXCHANGE COMMISSION<br>ATTN: DEVON STAREN<br>100 F STREET N.E.<br>WASHINGTON, DC 20549-5985 | DEVON STAREN<br>EMAIL - starend@sec.gov<br>PHONE -<br>FAX - | LITIGATION | CONTINGENT, UNLIQUIDATED, AND DISPUTED | | | UNDETERMINED |
| 12 | STANDARD CRYPTO VENTURE FUND<br>ATTN: ASHLEY SWEREN<br>HEAD OF OPERATIONS<br>1225 4TH STREET<br>#525<br>SAN FRANCISCO, CA 94158<br>UNITED STATES | ASHLEY SWEREN<br>EMAIL - ashley@standardcrypto.vc<br>PHONE -<br>FAX - | INVESTMENT | CONTINGENT AND UNLIQUIDATED | | | UNDETERMINED |
| 13 | TOKEN TERMINAL OY<br>PIENI ROOBERTINKATU 9<br>00130 HELSINKI<br>FINLAND | RASMUS SAVANDER<br>EMAIL - rasmus@tokenterminal.xyz<br>PHONE -<br>FAX - | TRADE PAYABLE | CONTINGENT AND UNLIQUIDATED | | | UNDETERMINED |
| 14 | TPC COMMERCIAL PTE LTD<br>ATTN: CHENG HSING YAO<br>PRINCIPAL<br>1 WALLICH STREET<br>#31-01<br>GUOCO TOWER<br>SINGAPORE, 078881 | CHENG HSING YAO<br>EMAIL - hcheng@guocoland.com<br>PHONE - +65 65343132<br>FAX - | LEASE TERMINATION | UNLIQUIDATED | | | UNDETERMINED |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | TQ VENTURES<br>ATTN: ANDREW MARKS<br>PARTNER<br>408 WEST 14TH STREET<br>4TH FLOOR<br>NEW YORK, NY 10014<br>UNITED STATES<br><br>C/O: ESHARES, INC. DBA CARTA, INC.<br>333 BUSH STREET, SUITE 2300<br>SAN FRANCISCO, CA 94104 | ANDREW MARKS<br>EMAIL - andrew@tqventues.com<br>PHONE - 917-887-5574 / 650-669-8381<br>FAX - | INVESTMENT | CONTINGENT AND UNLIQUIDATED | | | UNDETERMINED |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x
                                                              :
**In re**                                                     :   **Chapter 11**
                                                              :
**TERRAFORM LABS PTE. LTD.,**                                 :   Case No. 24– _____ (     )
                                                              :
**Debtor.**                                                   :
                                                              :
------------------------------------------------------------- x

**CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as Exhibit A is an organizational chart reflecting the ownership interests in Terraform Labs Pte. Ltd., as a debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), and, for informational purposes, its non-debtor subsidiaries (the "**Non-Debtors**"). The Debtor hereby files this corporate ownership statement and represents that no parent corporation or any publicly held corporation owns 10% or more of the Debtor's stock.

**<u>Exhibit A</u>**

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                                      :

**In re**                                        :         **Chapter 11**

**TERRAFORM LABS PTE. LTD.,**    :         **Case No. 24– _____ (   )**

**Debtor.**                           :

---------------------------------------------------------- x

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct ownership interest in the above-captioned debtor and debtor in possession (the "**Debtor**").

Check applicable box:

☐     There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒     The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Kwon Do Hyeong<br>5 Anthony Road, Blk5 #04-10<br>Singapore 229954 | Ordinary Shares | 92% |
| Daniel Hyunsung Shin<br>Acro Seoul Forest, Apartment A, Room 3003<br>83-21, Wangsimni-ro, Seongdong-gu, Seoul,<br>Republic of Korea 04769 | Ordinary Shares | 8% |

**Fill in this information to identify the case:**

Debtor name: <u>Terraform Labs Pte. Ltd.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>

Case number (*If known*): 24-____ (  )

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration <u>Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>January 21, 2024</u>    X <u>/s/ Chris Amani</u>
MM /DD /YYYY           Signature of individual signing on behalf of debtor

<u>Chris Amani</u>
Printed name

<u>Chief Executive Officer</u>
Position or relationship to debtor