UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
:
In re : Chapter 11
:
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
:
**Debtor.**[1] :
:
------------------------------------------------------------ x

**MOTION OF DEBTOR FOR
ENTRY OF ORDER (I) AUTHORIZING
THE DEBTOR TO FILE UNDER SEAL (A) PORTIONS OF
THE CREDITOR MATRIX AND (B) THE PERSONAL INFORMATION
IN OTHER AND FUTURE FILINGS, AND (II) GRANTING RELATED RELIEF**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (the "**Motion**"):

**Background**

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2. In advance of the hearing on this Motion, the Debtor intends to file a declaration (the "**First Day Declaration**") in support of this Motion and the other "first day" relief the Debtor intends to seek. Additional information regarding the circumstances leading to the

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

commencement of this chapter 11 case and the Debtor's business and capital structure will be set forth in the First Day Declaration.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. By this Motion, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1007-2(a) and 9018-1, the Debtor requests entry of an order: (a) authorizing the Debtor to file under seal and to redact (i) certain portions of its creditor mailing matrix (the "**Creditor Matrix**") containing Personal Information (as defined below) and (ii) certain portions of other[2] and any future filings containing Personal Information (together with the Creditor Matrix, the "**Sealed Documents**"), and (b) granting related relief.

---

[2] The Debtor also redacted the home addresses of the individuals identified in the *List of Creditors Who Have the Largest Unsecured Claims and Are Not Insiders* that was filed with the Debtor's chapter 11 petition.

5. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should be Granted

6. Local Rule 1007-2(a) requires a debtor to file with its voluntary chapter 11 petition a list containing the name and complete address of each creditor (*i.e.*, the Creditor Matrix).

7. Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court, "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1)(A).

8. Cause exists to authorize the Debtor to file under seal and to redact the home address of individuals (the "**Personal Information**") in the Sealed Documents. The disclosure of address information poses a risk to individuals because, among other things, such information could be used to perpetrate identity theft, carry out threats of violence, or locate survivors of domestic violence, harassment, or stalking. Such risk is not merely speculative. The exploitation of individuals' publicly disclosed personally identifiable information and resulting harm has occurred in recent chapter 11 cases.[3] The Debtor cannot reasonably know with sufficient certainty whether a release of an individual creditor's personal information could potentially jeopardize his or her safety.

9. Courts in this jurisdiction and others have granted this relief in comparable chapter 11 cases. *See, e.g.*, *In re Western Global Airlines, Inc.*, Case No. 23-11093 (KBO) (Bankr.

---

[3] *See, e.g.*, *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [D.I. 4] (employee forced to relocate after an abusive former partner obtained her home address from information filed in the chapter 11 case).

3

D. Del. Aug. 8, 2023) (authorizing debtors to redact the home addresses of individuals from the creditor matrix and any other paper filed or to be filed with the court); *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. June 9, 2023) (same); *In re Kabbage, Inc.*, Case No. 22-10951 (CTG) (Bankr. D. Del. Oct. 6, 2022) (same); *In re Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del. Sept. 28, 2022) (same).

10. Courts in this district have recognized the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Anna Holdings,* in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, then Chief Judge Sontchi stated "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . . So, you know, it's a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [D.I. 112]. Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection to the same relief, stating:

> To me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).

11. Similarly, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr.

at 60:22–25, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [D.I. 605].

12. Accordingly, the Debtor submits that good cause exists for the Court to authorize the Debtor to file under seal and to redact those portions of the Sealed Documents containing the Personal Information.

13. The Debtor will provide unredacted versions of the Sealed Documents to the Court pursuant to Local Rule 9018-1 and will provide un-redacted versions of the Sealed Documents, on a confidential basis, to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the official committee of unsecured creditors, if any, appointed in the Debtor's chapter 11 case; (c) the Debtor's court-appointed claims and noticing agent; and (d) any party in interest upon reasonable written request made to the undersigned proposed Debtor's counsel (collectively, the "**Receiving Parties**").  In addition, consistent with Local Rule 9018-1(d), a redacted version of the Creditor Matrix was separately filed on the Court's docket.

### Compliance with Local Rule 9018-1(d)(ii)

14. To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtor, the Sealed Documents do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).  Notwithstanding the foregoing, if there are any such Confidentiality Rights, the undersigned counsel respectfully certifies that they are unable to confer with all Holders of such Confidentiality Rights and that attempting to confer with all known or potential Holders of Confidentiality Rights would be futile due to the significant number of such Holders with respect to this Motion.

**Notice**

15. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the fifteen (15) largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).  The Debtor respectfully submits that no further notice is required.

**No Prior Request**

16. No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

*[Remainder of page intentionally left blank]*

IMANAGE 99543903
RLF1 30480089v.1

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 24, 2024
      Wilmington, Delaware

          */s/ Zachary I. Shapiro*
          RICHARDS, LAYTON & FINGER, P.A.
          Paul N. Heath (No. 3704)
          Zachary I. Shapiro (No. 5103)
          Matthew P. Milana (No. 6681)
          One Rodney Square
          920 North King Street
          Wilmington, Delaware 19801
          Telephone: (302) 651-7700
          Email:    heath@rlf.com
                       shapiro@rlf.com
                       milana@rlf.com

          -and-

          WEIL, GOTSHAL & MANGES LLP
          Ronit Berkovich (admitted *pro hac vice*)
          Jessica Liou (admitted *pro hac vice*)
          F. Gavin Andrews (admitted *pro hac vice*)
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Email:    ronit.berkovich@weil.com
                       jessica.liou@weil.com
                       f.gavin.andrews@weil.com

          *Proposed Attorneys for Debtor*
          *and Debtor in Possession*

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                      :

In re                                           :        Chapter 11

**TERRAFORM LABS PTE. LTD.,**    :        Case No. 24–10070 (BLS)

               Debtor.[1]              :        Re: Docket No. __

---------------------------------------------------------- x

**ORDER (I) AUTHORIZING THE DEBTOR TO FILE UNDER
SEAL (A) PORTIONS OF THE CREDITOR MATRIX
AND (B) THE PERSONAL INFORMATION IN OTHER
AND FUTURE FILINGS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order: (a) authorizing the Debtor to file under seal and to redact: (i) certain portions of its Creditor Matrix containing Personal Information and (ii) certain portions of other and future filings containing Personal Information; and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided

---

[1]     The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rules 1007-2(a) and 9018-1, to file those portions of the Sealed Documents containing the Personal Information under seal and to redact such Personal Information in the Sealed Documents. The Personal Information shall be filed under seal, shall remain confidential, and shall not be made available to anyone, other than as provided in Paragraph 3 of this Order, without further order of this Court.

3. In accordance with Local Rule 9018-1, the Debtor shall provide un-redacted versions of the Sealed Documents to the Court and shall provide un-redacted versions of the Sealed Documents to the Receiving Parties on a confidential basis.

4. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose Personal Information is

sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose Personal Information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The Debtor shall provide the Personal Information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by the Court.

5. Any party authorized, pursuant to this Order, to receive copies of the un-redacted Sealed Documents, other than the Court or the U.S. Trustee, (a) shall confirm to the Debtor (which confirmation may be made via electronic email), before receiving copies of the un-redacted Sealed Documents, that such party is bound by the terms of this Order and shall at all times keep the Personal Information strictly confidential and shall not disclose the un-redacted Sealed Documents, the Personal Information, or the contents thereof to any party whatsoever or (b) in the alternative, shall abide by any applicable non-disclosure or confidentiality agreement.

6. Nothing in this Order authorizes the Debtor or any other party to redact or file under seal any portion of any document, including any Sealed Document, that does not constitute Personal Information.

7. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.