IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Terraform Labs Pte. Ltd.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Re: Docket No. 17 |

ORDER (I) APPROVING THE RETENTION
AND APPOINTMENT OF EPIQ CORPORATE
RESTRUCTURING, LLC AS THE CLAIMS AND
NOTICING AGENT TO THE DEBTOR, EFFECTIVE AS OF
THE PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the application (the "**Application**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of an order (this "**Order**") approving the retention and appointment of Epiq Corporate Restructuring, LLC ("**Epiq**") as the Claims and Noticing Agent for the Debtor in the Chapter 11 Case, effective as of the Petition Date, under section 156(c) of the Judicial Code, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2002(f), Local Rule 2002-1(f), and the Claims Agent Protocol, to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Chapter 11 Case, (c) provide such other administrative services as required by the Debtor that would fall within the purview of services to be provided by the Clerk's office, all as more fully set forth in the Application, and (d) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration; and upon the Mailloux Declaration; and this Court having jurisdiction over this matter pursuant to sections 157 and 1334 of the Judicial Code

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

RLF1 30501719v.1

and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to section 157(b)(2) of the Judicial Code and that the Court may enter a final order under Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to sections 1408 and 1409 of the Judicial Code; and this Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Engagement Agreement attached as **Exhibit C** to the Application, the Application is approved solely as set forth in this Order and solely with respect to the "Claims Management" and "Noticing" services set forth in the Services Schedule attached to the Engagement Agreement.

3. The Debtor is authorized to retain and employ Epiq as Claims and Noticing Agent, effective as of the Petition Date, under the terms of the Engagement Agreement, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and

otherwise administer the proofs of claim filed in the Chapter 11 Case, and all related tasks, all as described in the Application (the "**Claims and Noticing Services**").

4. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Chapter 11 Case and is authorized and directed to maintain the Claims Register for the Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. Epiq is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

6. Epiq is authorized to take such other actions as required to comply with the specific duties set forth in paragraph 9 of the Application which have been authorized pursuant to this Order.

7. Epiq shall comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of the Judicial Code.

8. Without further order of this Court, the Debtor is authorized to compensate Epiq for the Claims and Noticing Services in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices via electronic mail on the Debtor, counsel for the U.S. Trustee, counsel for the Debtor, counsel for any statutory committee and any party in interest that specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtor's estate.

12. Epiq is permitted to receive a $25,000 retainer from the Debtor and will hold the retainer as security of payment of Epiq's final invoice for services rendered and expenses incurred in performing the Claims and Noticing Services incurred under the Engagement Agreement.

13. The Debtor shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "**Indemnified Persons**"), under the terms of the Engagement Agreement, subject to the following modifications:

   a. The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the Claims and Noticing Services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   b. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify Indemnified Persons, or provide contribution or reimbursement to Indemnified Persons, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of an Indemnified Person's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law, or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the

          Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order;

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing this chapter 11 case, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including without limitation the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by an Indemnified Person for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement.

14. Notwithstanding anything to the contrary, Section 8 of the Engagement Agreement regarding limitation of liability shall be given no effect during the Chapter 11 Case.

15. In the event Epiq is unable to provide the Claims and Noticing Services, Epiq shall immediately notify the Clerk and the Debtor's counsel and cause all original proofs of claim and computer information to be turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtor's counsel.

16. The Debtor may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for services that are to be performed by Epiq but are not specifically authorized by this Order.

17. Epiq shall not cease providing Claims and Noticing Services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

18. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

RLF1 30501719v.1

19. The Debtor and Epiq are authorized to take all action necessary to effectuate the relief granted in this Order.

20. After entry of an order terminating Epiq's services as the Claims and Noticing Agent, upon the closing of the Chapter 11 Case, or for any other reason, Epiq shall be responsible for (a) forwarding to the Clerk and electronic version of all imaged claims, (b) uploading the creditor mailing lists into CM/ECF and (c) docketing a final Claims Register.

21. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Dated: January 31st, 2024**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 30501719v.1