# EXHIBIT B

## Interim Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                                   :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **TERRAFORM LABS PTE. LTD.** | : | Case No. 24–10070 (BLS) |
| | : | |
| Debtor.[1] | : | Re: Docket No. 21 |
| | : | |

------------------------------------------------------------ x

**INTERIM ORDER (I) AUTHORIZING
DEBTOR TO USE TREASURY MANAGEMENT
SYSTEM, (II) AUTHORIZING CONTINUATION OF INTERCOMPANY
AND INTRACOMPANY TRANSACTIONS, (III) EXTENDING TIME TO COMPLY
WITH REQUIREMENTS OF 11 U.S.C. § 345(b), AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated January 30, 2024 (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), for entry of interim and final orders pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004: (i) authority to (a) use the Debtor's digital asset and fiat currency management system, as described herein, including, without limitation, using its existing Wallets and Accounts and opening new wallets and accounts, (b) process transfers from the Bitcoin Wallets and Ops Multisig Wallets, (c) process and receive transfers of digital assets or cash from third parties, and (d) process any Intracompany Transactions and Intercompany Transactions; (ii) authority to pay all obligations related thereto; (iii) an extension of time to comply with the requirements of section 345(b) of the Bankruptcy Code; and (iv) related relief, all as more fully set forth in the Motion; and upon consideration of the Supporting Declarations; and the Court having jurisdiction to consider the Motion and the relief

---

[1]     The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.
[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtor and its respective estate and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 105(a), 345, 363(b)(1), 363(c)(1), and 364(a) of the Bankruptcy Code, to continue to maintain and manage its digital assets and fiat currency pursuant to the Treasury Management System; to receive, transfer, disburse, and convert digital assets and fiat currency, as applicable, in accordance with the Treasury Management System; to continue to engage in the TLL Intercompany Transactions and the Intracompany Transactions; to open new wallets and accounts, including bank accounts, in the

ordinary course.  Except as otherwise set forth herein, the Debtor may, without further order of this Court, implement changes to the Treasury Management System and procedures in the ordinary course of business.

3. The Debtor is further authorized, but not directed, to: (i) designate, maintain, and continue to use any or all of its existing Wallets and Accounts, including those listed on **Exhibit D** to the Motion, and (ii) deposit digital assets in, and withdraw digital assets from, such accounts by all usual means.  The Debtor shall provide notice within 15 days of opening or closing any new or existing Wallets or Accounts to the U.S. Trustee and counsel to any statutory committee appointed in this chapter 11 case.

4. The Debtor is authorized, but not directed, to continue (i) participating in staking projects through the Terra Blockchain or other non-Debtor blockchains and to stake or unstake digital assets or delegate, redelegate or undelegate validators in connection therewith, as it may deem desirable in its sole discretion, and (ii) deploying or maintaining liquidity positions in liquidity pools, in each case in the ordinary course of its business.

5. During the period between entry of this Interim Order and the entry of any Final Order, the Debtor shall not transact with Luna, except for (i) maintaining existing staking projects on the Terra blockchain, (ii) maintaining its existing liquidity positions in liquidity pools, (iii) receiving and paying transaction fees arising from transactions occurring on the Terra blockchain, and (iv) conducting transactions in the ordinary course of its software development business, including maintaining and developing protocols and projects.  The SEC is not opining as to the legality, under the federal securities laws, of the transactions outlined in this Interim Order, and the SEC and the Debtor reserve their respective rights regarding these issues.

6. The Debtor has represented it does not hold any customer trust funds or customer custodial funds. To the extent any customer trust funds or customer custodial funds are identified, then nothing in this Interim Order shall authorize (i) the use of any cash and/or funds that are trust funds and/or customer custodial funds, or (ii) the management of such customer cash, funds, and/or accounts in contravention of state and/or federal law applicable to such cash, funds, and/or accounts, including, without limitation, 28 U.S.C. § 959, and all rights and remedies of the Debtor or any party-in-interest with respect to whether any cash and/or funds are trust funds and/or customer custodial funds are expressly reserved.

7. The Debtor is authorized, but not directed, to seek the return of excess funds from Dentons, whether in fiat currency or digital assets, before the conclusion of the engagement so long as the transfer and receipt of such excess funds can be implemented. The Debtor is further authorized, but not directed, to use any returned funds in the ordinary course of its business to pay its expenses.

8. The Debtor is authorized, but not directed, to open any new bank accounts as it may deem necessary and appropriate in its sole discretion; provided, however, that the Debtor shall provide notice within 15 days of opening such new account to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases; provided, further, that the Debtors shall open any new bank account at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware.

9. The Debtor is authorized pursuant to sections 363(c) and 364(a) of the Bankruptcy Code to continue to use Moon Rabbit and Deel to satisfy vendor and employee-related obligations.

10. Nothing contained herein shall prevent the Debtor, in its sole discretion, from applying to the High Court to release all or a portion of the deposit held by the High Court.

11. The Debtor is authorized, but not directed, to continue using, and, if used, to perform its obligations under the Corporate Credit Card and to pay any amounts owing with respect thereto, including any amounts relating to the prepetition period.

12. The Debtor shall maintain accurate and detailed records of all transfers within the Treasury Management System so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions.

13. The Debtor shall maintain accurate and detailed records of all transfers between existing or new Accounts and Wallets, including any new or existing bank accounts.

14. To the extent any of the Debtor's Accounts and Wallets are not in compliance with section 345(b) of the Bankruptcy Code, or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have thirty (30) days from the date of the entry of this Interim Order, without prejudice to seek an additional extension to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines, or to make such other arrangements as agreed to by the U.S. Trustee; *provided*, that nothing herein shall prevent the Debtor or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.

15. The Debtor is authorized to use its existing Business Forms; *provided*, that with respect to any Business Forms that exist or are generated electronically, the Debtor shall use reasonable efforts to ensure that such electronic Business Forms are labeled "Debtor In Possession" as soon as reasonably practicable following entry of this Interim Order.

16. Except as otherwise provided herein, nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtor's or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, (vi) an admission as to the validity of any liens satisfied pursuant to this Motion, (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code, (viii) a determination as to whether digital assets, cryptocurrency, or tokens constitute money or securities.

17. Notwithstanding entry of this Interim Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

18. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

19. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and Local Rule 9013-1(m).

20. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

21. A hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **March 4, 2024, at 2:30 p.m. (Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, and served by no later than **4:00 p.m. (Eastern Time) on February 26, 2024** on the following:

  a. (i) proposed attorneys for the Debtor: Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ronit Berkovich, Esq.

(ronit.berkovich@weil.com), Jessica Liou, Esq. (Jessica.Liou@weil.com), and F. Gavin Andrews Esq. (f.gavin.andrews@weil.com)); and (ii) proposed co-counsel for the Debtor: Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Paul N. Heath, Esq. (heath@rlf.com), Zachary I. Shapiro, Esq. (shapiro@rlf.com), and Matthew P. Milana, Esq. (milana@rlf.com); and

b. the Office of the United States Trustee for the District of Delaware: 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)).

25. The Debtor is authorized to take all action necessary or appropriate to effectuate the relief granted in this Interim Order.

26. Notwithstanding any language to the contrary in the Motion, this Interim Order, or any findings announced at the hearing, nothing in the Motion, this Interim Order, or announced at the hearing shall constitute a finding as to whether the Treasury Management System, Intracompany Transactions, or Intercompany Transactions are complying with or were required to or did or did not comply with the securities laws, and the right of the United States Securities and Exchange Commission and any official committee of unsecured creditors appointed in this case to challenge such transactions on any basis available to it are expressly reserved.

27. Notwithstanding anything to the contrary in the Motion, this Interim Order, or any findings announced at the hearing, nothing in the Motion, this Interim Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether any crypto assets are or are not securities or any transactions involving crypto assets are or are not securities transactions, and the right of the United States Securities and Exchange Commission and any official committee of unsecured creditors appointed in this case to challenge transactions involving crypto assets on any basis available to it are expressly reserved.

28. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: February 2nd, 2024  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**