IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
**TERRAFORM LABS PTE. LTD.** : Case No. 24–10070 (BLS)
:
Debtor.[1] : Obj. Deadline: Feb. 26, 2024 at 4:00 p.m. (ET)
: Hearing: Mar. 4, 2024 at 2:30 p.m. (ET)
------------------------------------------------------------ x

### MOTION OF DEBTOR FOR ENTRY OF ORDER EXTENDING TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS AND (II) 2015.3 FINANCIAL REPORT

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (this "**Motion**"):

### Background

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2. Additional information regarding the circumstances leading to the commencement of this chapter 11 case and the Debtor's business and operations is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 18] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

**Jurisdiction**

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

5. By this Motion, pursuant to sections 105(a) and 521(a) of the Bankruptcy Code, Rules 1007(c), 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1007-1, the Debtor requests an extension of the deadlines to file the (i) schedules of assets and liabilities and statement of financial affairs (the "**Schedules and Statement**") by forty-five (45) days, through and including March 21, 2024, without prejudice to the Debtor's right to request additional extensions,[3] and (ii) initial report of financial information with respect to entities in which the Debtor holds a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Report**") by twenty-nine (29) days, through and including March 21, 2024, without prejudice to the Debtor's right to request additional extensions.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current deadlines to file the Schedules and Statement and the 2015.3 Report (as defined herein) automatically extends such deadlines until such time as the Court rules on this Motion.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

<b><u>Relief Requested Should be Granted</u></b>

A. **Cause Exists to Extend the Time to File the Schedules and Statement**

7. Pursuant to section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtor is required to file its Schedules and Statement within fourteen days of the Petition Date unless the Bankruptcy Court orders otherwise. *See* 11 U.S.C. § 521(a)(1)(A)–(B); Fed. R. Bankr. P. 1007(b)(1) & (c).[4] Therefore, absent the relief requested in this Motion, the Debtor is required to file the Schedules and Statement by February 5, 2024.

8. This Court has the authority to grant the requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b). Further, under section 105(a) of the Bankruptcy Code, the Court has broad discretion to issue orders necessary to "carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Debtor submits that good and sufficient cause exists for granting an extension of time to file the Schedules and Statement. To prepare the Schedules and Statement, the Debtor and its advisors must compile information from various books, records, and documents. This information is voluminous and located in numerous places throughout the Debtor's

---

[4] Because there are less than 200 parties identified on the Debtor's creditor matrix [Docket Nos. 2 & 3], the Debtor does not receive an automatic fourteen (14) day extension of the deadline to file the Schedules and Statement pursuant to Local Rule 1007-1(b). Del. Bankr. L.R. 1007-1(b).

organization, which spans across the globe. Moreover, prior to and after the Petition Date, the Debtor and its advisors have been focused on taking the necessary steps to ensure a smooth landing into chapter 11, including preparing "first day" papers. In addition, the Debtor and its advisors have also been focused on, among other things, preparing various "second day" motions and applications and managing the day-to-day operations of the Debtor. Finally, as noted in the First Day Declaration, the Debtor is currently conducting an investigation of, among other things, the assets and liabilities of the Debtor and its subsidiaries, under the supervision of the Special Committee (John S. Dubel), and the Debtor believes it is prudent to progress such investigation further before filing the Schedules and Statement. As a result, the Debtor will not be in a position to complete the Schedules and Statement by the current deadline of February 5, 2024; however, the Debtor expects to complete and file the Schedules and Statement on or before March 21, 2024.

10. Accordingly, the Debtor respectfully requests that the Court extend the deadline by which the Debtor must file the Schedules and Statement through and including March 21, 2024, without prejudice to the Debtor's right to request further extensions. The Debtor submits that its request for an extension of the deadline to file the Schedules and Statement is appropriate and warranted under the circumstances.

B.     Cause Exists to Extend the Time to File the Initial 2015.3 Report

11. Pursuant to Bankruptcy Rule 2015.3, the Debtor is required to file "periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest". Fed. R. Bankr. P. 2015.3(a). The Debtor believes it holds or may hold a substantial or controlling interest in one or more entities subject to Bankruptcy Rule 2015.3 and, therefore, is required to file the 2015.3 Report for such entities.

12. The initial Rule 2015.3 Report is to be filed no later than seven (7) days before the date set for the meeting of the creditors pursuant to section 341 of the Bankruptcy Code. *Id.* 2015.3(b). The Debtor's section 341 meeting is scheduled for February 28, 2024. Therefore, absent the relief requested in this Motion, the Debtor is required to file its Rule 2015.3 Report by February 21, 2024.

13. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Report "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

14. The Debtor submits that cause exists to extend the deadline for filing the Debtor's initial 2015.3 Report. As discussed above, the Debtor's primary focus has been preparing for and commencing this chapter 11 case, ensuring a smooth transition into chapter 11 and otherwise managing the day-to-day operations of the Debtor. Moreover, the initial 2015.3 Report will require a significant expenditure of time and effort on the part of the Debtor, its employees, and its advisors and may be impacted by the results of the aforementioned Special Committee investigation. As a result, the Debtor will not be in a position to complete the initial 2015.3 Report by the current deadline of February 21, 2024; however, the Debtor expects to complete and file the initial 2015.3 Report on or before March 21, 2024.

15. Accordingly, the Debtor respectfully requests that the Court extend the deadline by which the Debtor must file the initial 2015.3 Report through and including March 21, 2024, without prejudice to the Debtor's right to request further extensions. The Debtor submits

that its request for an extension of the deadline to file the initial 2015.3 Report is appropriate and warranted under the circumstances.

## Notice

16.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov));  (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor respectfully submits that no further notice is required.

## No Prior Request

17.     No prior request for the relief sought herein has been made by the Debtor to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 5, 2024
      Wilmington, Delaware

      */s/ Matthew P. Milana*
      RICHARDS, LAYTON & FINGER, P.A.
      Paul N. Heath (No. 3704)
      Zachary I. Shapiro (No. 5103)
      Matthew P. Milana (No. 6681)
      One Rodney Square
      920 North King Street
      Wilmington, Delaware 19801
      Telephone: (302) 651-7700
      Email:   heath@rlf.com
                shapiro@rlf.com
                milana@rlf.com

      -and-

      WEIL, GOTSHAL & MANGES LLP
      Ronit Berkovich (admitted *pro hac vice*)
      Jessica Liou (admitted *pro hac vice*)
      F. Gavin Andrews (admitted *pro hac vice*)
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Email: ronit.berkovich@weil.com
             jessica.liou@weil.com
             f.gavin.andrews@weil.com

      *Proposed Attorneys for Debtor*
      *and Debtor in Possession*