IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
: 
In re : Chapter 11
: 
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET)
: Hr'g Date: March 5, 2024 at 2:30 p.m. (ET)
:
:
------------------------------------------------------------- x

### APPLICATION OF DEBTOR TO RETAIN AND EMPLOY RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTOR EFFECTIVE AS OF PETITION DATE

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this application (the "**Application**"):

### Background

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2. Additional information regarding the circumstances leading to the commencement of this chapter 11 case and the Debtor's business and capital structure is set forth in the *Declaration of Chris Amani in Support of the Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

---

[1]  The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Application, pursuant to section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 2014-1, the Debtor requests entry of an order authorizing the employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel to the Debtor effective as of the Petition Date.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**"). In support of the Application, the Debtor submits the declaration of Zachary I. Shapiro, a director of RL&F, which is attached hereto as **Exhibit B** (the "**Shapiro Declaration**"), and the declaration of Peter Hsieh, the Debtor's General Counsel, which is attached hereto as **Exhibit C** (the "**Hsieh Declaration**").

---

in the First Day Declaration.

## Scope of Services

7. The Debtor requires RL&F to render a variety of legal services during the pendency of this chapter 11 case and to assist the Debtor in addressing the myriad issues that may arise. Subject to further order of the Court, the Debtor requests the employment and retention of RL&F to render professional services, including, but not limited to:

   a. assisting in pre-bankruptcy preparation and planning;

   b. assisting in preparing necessary petitions, motions, applications, orders, reports, and papers necessary to commence this chapter 11 case;

   c. advising the Debtor of its rights, powers, and duties as a debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

   d. preparing on behalf of the Debtor motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtor's estate;

   e. taking all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor in this chapter 11 case, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   f. assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

   g. assisting in preparing the Debtor's disclosure statement and any related motions, pleadings, or other documents necessary to solicit votes on any plan of reorganization;

   h. assisting in preparing any chapter 11 plan;

   i. prosecuting on behalf of the Debtor any chapter 11 plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

   j. performing all other necessary and desirable legal services in connection with this chapter 11 case.

8. In addition to the services set forth in paragraphs 7(a) through 7(j) above, RL&F may perform all other services assigned to it by the Debtor, in consultation with Weil,

3

Gotshal & Manges LLP ("**Weil**"), the Debtor's restructuring counsel. To the extent RL&F determines that such services fall outside of the scope of services historically or generally performed by RL&F as co-counsel in a bankruptcy case, RL&F will file a supplemental declaration.

## Basis for Relief

9. Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C § 328(a).

10. The Debtor believes that RL&F is well qualified to represent the Debtor in this bankruptcy case in an efficient and timely manner. The Debtor has selected RL&F as its bankruptcy co-counsel because of, among other things, (i) the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, (ii) its expertise, experience, and knowledge in practicing before this Court, (iii) its proximity to the Court, and (iv) its ability to respond quickly to emergency hearings and other emergency matters. RL&F's services will enable the Debtor to execute faithfully its duties as a debtor in possession.

11. To that end, RL&F has stated its desire and willingness to act in this chapter 11 case and to render the necessary professional services as co-counsel to the Debtor.

12. In addition to this Application, the Debtor has filed, or expects to file shortly, applications to employ (i) Weil as lead restructuring counsel, (ii) Epiq Corporate

Restructuring LLC as claims and noticing agent and, separately, as administrative advisor; (iii) Alvarez & Marsal North America, LLC as financial advisor; (iv) Dentons US LLP ("**Dentons**") as special litigation counsel; (v) WongPartnership LLP as special foreign counsel in Singapore; (vi) Kim & Chang as special foreign counsel in Korea; and (vii) Rahman Ravelli Solicitors Ltd. as special foreign counsel in the United Kingdom.  The Debtor may also file applications to employ additional professionals.  The Debtor understands the division of responsibilities among these professionals and intends to carefully monitor these and any other retained professionals to ensure a clear delineation of their respective duties and roles to prevent duplication of effort.  The Debtor recognizes that efficient coordination of efforts among the Debtor's professionals will greatly add to the effective administration of the chapter 11 case.

## Professional Compensation

A. **Professional Fees**

13. The Debtor understands that RL&F intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  In that regard, the Debtor and RL&F are developing a prospective budget and staffing plan in a reasonable effort to comply with any requests for information and additional disclosures that may be made by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  Subject to the foregoing, the Debtor proposes to pay RL&F its customary hourly rates in effect from time to time as set forth in the Shapiro Declaration.  The Debtor submits that these rates are reasonable.

14. RL&F's current hourly rates for matters related to this chapter 11 case are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Directors | $975 to $1,450 an hour |
| Counsel | $925 to $1,450 an hour |
| Associates | $525 to $825 an hour |
| Paraprofessionals | $395 an hour |

15. The principal professionals and paraprofessionals designated to represent the Debtor and their current standard hourly rates are as follows:

   a. Paul N. Heath           $1,250 per hour
   b. Zachary I. Shapiro      $1,095 per hour
   c. Matthew P. Milana       $760 per hour
   d. Alexander R. Steiger    $625 per hour
   e. Ashly L. Riches         $575 per hour
   f. Rebecca V. Speaker      $395 per hour

16. The Debtor understands that RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the rates charged elsewhere.

17. Other than the periodic adjustments described above, RL&F's hourly rates of its attorneys and financial terms for the services performed prior to the Petition Date are identical to the hourly rates and financial terms of the postpetition engagement proposed herein. The Debtor understands that these hourly rates are consistent with the rates that RL&F charges other comparable chapter 11 clients, regardless of the location of the chapter 11 cases, and are not significantly different from the rates that RL&F charges in non-bankruptcy representations. None of RL&F's professionals included in this engagement have varied their rate based on the geographic location of this chapter 11 case. Notwithstanding the consistent hourly rates, RL&F

as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiency that may appear before billing.

18. Prior to the Petition Date, the Debtor made a retainer payment to RL&F in the amount of $150,000.00 (the "**Retainer**").  This payment was made on behalf of the Debtor by the Debtor's special litigation counsel, Dentons, out of funds provided by the Debtor to Dentons as a retainer.  The Retainer was utilized as a retainer to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtor's restructuring and the commencement of the chapter 11 case.   The Debtor proposes that the remainder of the Retainer paid to RL&F and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by RL&F as security throughout this bankruptcy case until RL&F's fees and expenses are awarded by final order and payable to RL&F. Given the extensive nature of the services that RL&F will provide to the Debtor, the retention of RL&F under an evergreen retainer is appropriate and necessary to enable the Debtor to faithfully execute its duties as debtor in possession and to implement the reorganization of the Debtor.

19. Other than as set forth in the Shapiro Declaration, no arrangement is proposed between the Debtor and RL&F for compensation to be paid in this chapter 11 case. RL&F has informed the Debtor that it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**B. Expenses**

20. The Debtor understands that it is RL&F's policy to charge its clients in all areas of practice for all expenses incurred in connection with clients' cases.  The expenses charged to clients include, among other things, regular mail, and express mail charges, special or hand delivery charges, document processing charges, printing and photocopying charges, travel

expenses, expenses for "working meals," computerized research charges and transcription costs, as well as non-ordinary overhead expenses such as secretarial and certain other overtime. RL&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by the Local Rules. The Debtor understands that it is RL&F's belief that it is fair to charge these expenses to the client incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### RL&F's Disinterestedness

21. To the best of the Debtor's knowledge: (a) RL&F is a "disinterested person" under section 101(14) of the Bankruptcy Code; (b) RL&F does not hold or represent an interest adverse to the Debtor's estate; and (c) except as is disclosed in the Shapiro Declaration, neither RL&F, nor any attorney (including any director, counsel or associate) of RL&F, currently represents, or has in the past represented, or has any connection with, the potential parties in interest set forth on **Exhibit 3** to the Shapiro Declaration.

22. RL&F will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

### Bankruptcy Rule 5002

23. As set forth in the Shapiro Declaration, no director, counsel, or associate of RL&F is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the United States Trustee assigned to this chapter 11 case or any other employee of the United States Trustee that would render RL&F's retention in

RLF1 30511272v.2

this chapter 11 case improper under Bankruptcy Rule 5002. Accordingly, the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

### Notice

24. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

### No Prior Request

25. No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 13, 2024
       New York, New York

                                              **Terraform Labs Pte. Ltd.** (on behalf of itself)

                                              */s/ Chris Amani*
                                              Name:  Chris Amani
                                              Title:   Head of Company Operations