**<u>Exhibit B</u>**

**Shapiro Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
                                          :
In re                                     :        Chapter 11
                                          :
TERRAFORM LABS PTE. LTD.,                 :        Case No. 24–10070 (BLS)
                                          :
        Debtor.¹                          :
                                          :
------------------------------------------------------------- x
```

### DECLARATION OF ZACHARY I. SHAPIRO IN SUPPORT OF
### APPLICATION OF DEBTOR TO RETAIN AND EMPLOY RICHARDS,
### LAYTON & FINGER, P.A. AS CO-COUNSEL TO THE DEBTOR
### EFFECTIVE AS OF PETITION DATE

I, Zachary I. Shapiro, pursuant to 28 U.S.C. § 1746, hereby declare that the

following is true and correct to the best of my knowledge, information, and belief:

1.       I am an attorney admitted to practice in the State of Delaware and before

this Court, and a director of the firm of Richards, Layton & Finger, P.A. ("**RL&F**").  RL&F is a

Delaware law firm with offices at One Rodney Square, 920 North King Street, Wilmington,

Delaware 19801.

2.       I submit this declaration in support of the foregoing application

(the "**Application**")² to provide certain disclosures in accordance with the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules.  Unless otherwise stated in this declaration, I have personal

knowledge of the facts set forth herein.  To the extent that any information disclosed herein

requires amendment or modification upon RL&F's completion of further analysis, or as additional

information becomes available to it, a supplemental declaration will be submitted to the Court.

---

¹       The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

²       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

3.     RL&F has extensive experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code and expertise, experience, and knowledge practicing before this Court.  RL&F's proximity to the Court enables RL&F to respond quickly to emergency hearings and other emergency matters before this Court.

4.     RL&F has been actively involved in major chapter 11 cases and has represented debtors in many cases, including recently:  *In re Nogin, Inc.*, No. 23-11946 (CTG); (Bankr. D. Del.  Jan. 10, 2024); *In re Sunlight Financial Holdings Inc.*, No. 23-11794 (MFW) (Bankr. D. Del. Nov. 30, 2023); *In re RevitaLid Pharmaceutical Corp.*, No. 23-11704 (BLS) (Bankr. D. Del.  Nov. 15, 2023); *In re Mallinckrodt plc*, No. 23-11258 (JTD) (Bankr. D. Del. Oct. 2, 2023); *In re Western Global Airlines, Inc.*, No. 23-11093 (KBO) (Bankr. D. Del. Sept. 6, 2023); *In re KDC Agribusiness LLC*, No. 23-10786 (CTG) (Bankr. D. Del. July 18, 2023); *In In re DCL Holdings (USA), Inc.*, No. 22-11319 (JKS) (Bankr. D. Del. Jan. 23, 2023); *In re Phasebio Pharmaceuticals, Inc.*, No. 22-10995 (LSS) (Bankr. D. Del. Dec. 16, 2022); *In re Kabbage, Inc. d/b/a KServicing*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 28, 2022); *In re Phoenix Services Topco, LLC*, No. 22-10906 (MFW) (Bankr. D. Del. Oct. 25, 2022); *In re GenapSys, Inc.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. Aug. 1, 2022); *In re Ruby Pipeline, L.L.C.*, No. 22-10278 (CTG) (Bankr. D. Del. May 24, 2022); *In re Alpha Latam Management, LLC*, No. 21-11109 (JKS) (Bankr. D. Del. Sept. 15, 2021); *In re TECT Aerospace Group Holdings, Inc.*, No. 21-10670 (Bankr. D. Del. May 5, 2021); *In re Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del. Nov. 19, 2020); *In re Energy Alloy Holdings, LLC*, No. 20-12088 (MFW) (Bankr. D. Del. Oct. 9, 2020); *In re Shiloh Industries, Inc.*, No. 20-12024 (LSS) (Bankr. D. Del. Aug. 30, 2020).

5.     On or around January 18, 2024, the Debtor formally engaged RL&F in connection with its restructuring efforts.  Since that date, RL&F has become familiar with the Debtor and its business, including the Debtor's financial affairs, debt structure, operations, and related matters.  Having provided such professional services to the Debtor, RL&F has gained familiarity with the Debtor and its business that will assist it in providing effective and efficient services in this chapter 11 case.  Accordingly, RL&F is both well qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

6.     RL&F understands that the Debtor is seeking to employ (i) Weil, Gotshal & Manges LLP as lead restructuring counsel, (ii) Epiq Corporate Restructuring LLC as claims and noticing agent and, separately, as administrative advisor; (iii) Alvarez & Marsal North America, LLC as financial advisor; (iv) Dentons US LLP ("**Dentons**") as special litigation counsel; (v) WongPartnership LLP as special foreign counsel in Singapore; (vi) Kim & Chang as special foreign counsel in Korea; and (vii) Rahman Ravelli Solicitors Ltd. as special foreign counsel in the United Kingdom.  RL&F also understands that the Debtor intends to carefully monitor these and any other retained professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of effort.  RL&F recognizes that efficient coordination of efforts among the Debtor's professionals will greatly add to the effective administration of this chapter 11 case.

### Services to be Provided

7.     The Debtor requires RL&F to render a variety of legal services during the pendency of this chapter 11 case and to assist the Debtor in addressing the myriad issues that may arise.  Subject to further order of the Court, the Debtor requests the employment and retention of RL&F to render professional services, including, but not limited to:

3

a.      assisting in pre-bankruptcy preparation and planning;

b.      assisting in preparing necessary petitions, motions, applications, orders, reports, and papers necessary to commence this chapter 11 case;

c.      advising the Debtor of its rights, powers, and duties as debtor and debtor in possession under chapter 11 of the Bankruptcy Code;

d.      preparing on behalf of the Debtor motions, applications, answers, orders, reports, and papers in connection with the administration of the Debtor's estate;

e.      taking all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor in this chapter 11 case, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

f.      assisting with any sale or sales of assets, including preparing any necessary motions and papers related thereto;

g.      assisting in preparing the Debtor's disclosure statement and any related motions, pleadings, or other documents necessary to solicit votes on any plan of reorganization;

h.      assisting in preparing any chapter 11 plan;

i.      prosecuting on behalf of the Debtor any chapter 11 plan and seeking approval of all transactions contemplated therein and in any amendments thereto; and

j.      performing all other necessary and desirable legal services in connection with this chapter 11 case.

8.      In addition to those services set forth in paragraphs 7(a) through 7(j) above, RL&F may perform other services assigned by the Debtor, in consultation with Weil.  To the extent RL&F determines that such services, including those services set forth in paragraph 7(i) above, fall outside of the scope of services historically or generally performed by RL&F as counsel in a bankruptcy case, RL&F will file a supplemental declaration.  RL&F has and will continue to work closely with the Debtor's other professionals, including Weil, to prevent any duplication of efforts in the course of advising the Debtor.  RL&F is willing and able to act in the Debtor's case and

render the necessary professional services as bankruptcy co-counsel to the Debtor on the terms described herein, and to subject itself to the jurisdiction of the Court.

**Professional Compensation**

9.      Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, RL&F intends to apply for compensation for professional services rendered in connection with this chapter 11 case, plus reimbursement of actual, necessary expenses and other charges incurred by RL&F during the Debtor's bankruptcy case.

10.     RL&F's current hourly rates for matters related to this chapter 11 case are expected to be within the following ranges:

| Position | Range of Hourly Rates |
|---|---|
| Directors | $975 to $1,450 an hour |
| Counsel | $925 to $1,450 an hour |
| Associates | $525 to $825 an hour |
| Paraprofessionals | $395 an hour |

11.     The principal professionals and paraprofessionals designated to represent the Debtor and their current standard hourly rates are as follows:

| | | |
|---|---|---|
| a. | Paul N. Heath | $1,250 per hour |
| b. | Zachary I. Shapiro | $1,095 per hour |
| c. | Matthew P. Milana | $760 per hour |
| d. | Alexander R. Steiger | $625 per hour |
| e. | Ashly L. Riches | $575 per hour |
| f. | Rebecca V. Speaker | $395 per hour |

12.     RL&F's hourly rates are set at a level designed to compensate RL&F fairly for the work of its attorneys and paralegals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first RL&F fee application following such adjustments) and are consistent with the

rates charged elsewhere. Other than these potential periodic adjustments, RL&F does not expect any changes during the pendency of this chapter 11 case. Notwithstanding the consistent hourly rates, RL&F as a practice reviews all time charges and makes adjustments as necessary to correct any inefficiencies that may appear before billing.

13.     RL&F has not shared or agreed to share any of its compensation received from the Debtor with any other persons, except as permitted by section 504 of the Bankruptcy Code.

14.     The Debtor does not owe RL&F any amount for services rendered or expenses incurred prior to the Petition Date, and thus RL&F is not a prepetition creditor of the Debtor.

15.     In addition, consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, I submit the following information:

a.      RL&F did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement;

b.      None of RL&F's professionals included in this engagement have varied their rate based on geographic location for this chapter 11 case;

c.      RL&F has advised the Debtor in connection with its restructuring efforts and in contemplation of this chapter 11 case since on or about January 18, 2024. The billing rates, except for RL&F's standard and customary periodic rate adjustments as set forth above, and material financial terms have not changed postpetition from the prepetition arrangement; and

d.      RL&F, in conjunction with the Debtor, is developing a prospective budget and staffing plan for this chapter 11 case.

16.     It is RL&F's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include,

among other things, regular mail, and express mail charges, special or hand delivery charges, document processing charges, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research charges, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. RL&F will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to RL&F's other clients or as previously fixed by this Court. RL&F believes that it is reasonable and fair to charge these expenses to the clients incurring them instead of increasing hourly rates and spreading these expenses among all clients.

### Evergreen Retainer

17.     Prior to the Petition Date, RL&F received a retainer payment from the Debtor in the amount of $150,000.00 (the "**Retainer**") to serve as a retainer and to cover fees and expenses actually incurred, as well as anticipated to be incurred, prior to, and in connection with, the Debtor's restructuring and the commencement of this chapter 11 case. This payment was made on behalf of the Debtor by the Debtor's special litigation counsel, Dentons, out of funds provided by the Debtor to Dentons as a retainer. Prior to the Petition Date, RL&F drew down the entirety of the Retainer (the "**Draw Down Amount**") for fees and expenses actually incurred and anticipated to be incurred through the Petition Date. Thus, at the time of filing this chapter 11 case, the Retainer had a zero balance. RL&F intends to promptly complete a final accounting of all amounts actually incurred as fees and expenses prior to the Petition Date. To that end, RL&F also intends to complete a true-up against the Draw Down Amount and credit back to the Retainer the excess amounts, if any, with all such amounts to be held as an evergreen retainer in the bankruptcy case as discussed in the Application.

18.     An accounting summary of payments made to RL&F during the 90-day period prior to the Petition Date and the actual and estimated amounts incurred by RL&F is attached hereto as **Exhibit 4.**

### RL&F's Disinterestedness

19.     RL&F maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of RL&F to make and maintain these records.  The conflict system maintained by RL&F is designed to include (i) every active matter on which RL&F is engaged, (ii) every closed matter on which RL&F has been engaged since 1990, (iii) the entity by which it is now or has been engaged, (iv) the identity of related parties, (v) the identity of adverse parties, and (vi) the attorney at RL&F who is knowledgeable about the matter. It is the policy of RL&F that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including: (a) the identity of the prospective client, (b) the matter, and (c) the related and adverse parties.  Accordingly, the database is updated for every new matter undertaken by RL&F.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

20.     With the exception of those entities listed on **Exhibit 1** and **Exhibit 2**, insofar as I have been able to ascertain, neither I, RL&F, nor any other attorney, including any director, counsel or associate of RL&F, currently represents, has in the past represented, or has any connection with, the Debtor's largest creditors, any significant beneficiaries of the Debtor (holding 5% or more of the beneficial interests in the Debtor) or any of the potential parties in interest, all as set forth on **Exhibit 3** attached hereto (collectively, the "**Parties in Interest**"), except as hereinafter set forth.

8

21.     Through the procedures set forth above, RL&F has determined that it has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to the Debtor, the Parties in Interest (or affiliates thereof) set forth on **Exhibit 1** attached hereto (who are current clients) and the Parties in Interest (or affiliates thereof) set forth on **Exhibit 2** attached hereto (who are former clients that RL&F has represented within the last five (5) years).  With the exception of DocuSign, Inc. ("**DocuSign**"), I do not believe that any single matter is a major engagement that would involve either the billing of fees in excess of one half of one percent (0.5%) of RL&F's annual fees billed, or that, in the aggregate for any related group of entities, exceeds one percent (1%) of RL&F's annual fees billed.  RL&F currently represents DocuSign in general corporate and transactional matters wholly unrelated to the Debtor and this chapter 11 case.  RL&F will not represent any of the Parties in Interest in any matter relating to the Debtor (other than disclosed herein) or this chapter 11 case.

22.     I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between RL&F and (i) the U.S. Trustee or any person employed by the U.S. Trustee or (ii) any counsel, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in this chapter 11 case, except as otherwise described herein.  In addition, as part of its practice, RL&F appears in cases, proceedings and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in the Debtor's chapter 11 case. Except as set forth herein, RL&F has not represented and will not represent any such entities in relation to the Debtor and its chapter 11 case, nor does RL&F have any relationship with any such entities where such relationship would be adverse to the Debtor or its estate.

23.     Based upon the information available to me, neither I, RL&F, nor any attorney employed by RL&F, including any director, counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate.  In addition, RL&F is not a creditor of the Debtor.  Therefore, based upon the information available to me, I believe that RL&F is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

24.     No promises have been received by RL&F, or by any director, counsel or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  RL&F has no agreement with any other entity to share with such entity any compensation received by RL&F, other than the directors of RL&F.

25.     Based on the foregoing, except to the extent set forth in the next paragraph, to the best of my knowledge, information and belief and in accordance with Bankruptcy Rule 5002, no attorney, including any director, counsel or associate, of RL&F, has a connection with any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorney for the U.S. Trustee assigned to this chapter 11 case or any other employee of the U.S. Trustee that would render RL&F's retention in this chapter 11 case improper.  Accordingly, I understand that the appointment of RL&F is not prohibited by Bankruptcy Rule 5002.

26.     Kevin Gross, who joined RL&F effective as of April 1, 2020, was a bankruptcy judge for the Court between March 13, 2006 and March 12, 2020.  While Mr. Gross is not one of the principal professionals expected to perform services on behalf of the Debtor, if the

circumstances warrant it, he may perform such services during the pendency of the chapter 11 case.

27.     In addition, as noted above, the Debtor has numerous creditors and relationships with various individuals and entities that may be Parties in Interest in the chapter 11 case.  Consequently, although every reasonable effort has been made to discover all connections with the Parties in Interest, including the efforts outlined herein, RL&F is unable to state with certainty whether every possible connection has been discovered.  If, however, RL&F discovers any information that is contrary or pertinent to the statements made herein, including if any attorney employed by RL&F, including any director, counsel or associate thereof, has any connection with any of the Parties in Interest, RL&F will promptly disclose such information to the Court.

28.     RL&F will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  Pursuant to Local Rule 2014-1, to the extent that RL&F learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), RL&F will file and serve a supplemental declaration with the Court setting forth the additional information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 13, 2024
Wilmington, Delaware              */s/ Zachary I. Shapiro*
                                   Zachary I. Shapiro (No. 5103)

## Exhibit 1[1] – Current Clients

### Bankruptcy Professionals

Weil, Gotshal & Manges LLP

### Banks/Lenders/UCC Lien Parties/Administrative Agents

DBS Bank

### Contract Counterparties

Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Binance Capital Management Co., Ltd
Coinbase Custody Trust Company, LLC
DocuSign Inc.
Jones Lang Lasalle Property Consultants Pte Ltd

### Employee Indemnification Counsel

McGuireWoods

### Top General Unsecured Creditors

Singtel

### Vendors

Expensify
J.S. Held LLC
Lincoln Financial Group
Manulife Financial Corporation

---

[1]    Parties that are both current clients and former clients of RL&F are only listed on **Exhibit 1**—Current Clients.

## **Exhibit 2 – Former Clients**

### **Contract Counterparties**

Breeze Labs, Inc.
Deel, Inc.
Github, Inc.
Slack Technologies Limited

### **Employee Indemnification Counsel**

Reed Smith

### **Other Professionals**

Dentons Cayman Islands
Dentons Paris
Dentons Rodyk & Davison LLP
Dentons US LLP

### **Top General Unsecured Creditors**

Omnicom Group Inc.

### **Vendors**

Dentons SG
Fidelity Investments

## Exhibit 3 – Parties-in-Interest

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex

Big Labs S.R.L. Semplificata
Binance Capital Management Co., Ltd
Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**Directors And Officers**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

2

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.

EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**<u>Vendors</u>**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah

4

Tower Legal Solutions
VSP Vision

**<u>Investments</u>**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**<u>United States Trustee and Staff for the District of Delaware</u>**
Attix, Laruen
Bu, Fang
Casey, Linda

Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**<u>Bankruptcy Judges and Staff for the District of Delaware</u>**

Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al

Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**<u>Clerk of the Court</u>**
O'Boyle, Una

**Exhibit 4 - Accounting Summary of Payments**

| Date | Transaction | Amount | Retainer Balance |
|------|-------------|--------|------------------|
| 1/19/2024 | Wire Transfer Deposit of Retainer | $150,000.00 | $150,000.00 |
| 1/19/2024 | Retainer amount drawn down based on services performed and anticipated to be performed through the Petition Date for a total drawn down amount of $150,000.00.  This amount represented a good faith estimate of the fees and expenses associated with all such services, including fees and expenses already recorded in RL&F's billing system.  Any portion of the amounts drawn which, upon reconciliation, is not attributed to prepetition fees and expenses, will be held by RL&F as security through the Debtor's bankruptcy case until RL&F's fees and expenses are awarded by final order and are then payable to RL&F. | ($150,000.00) | $0.00 |