IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                            : Chapter 11
                                                 :
**TERRAFORM LABS PTE. LTD.,**                    : Case No. 24-10070 (BLS)
                                                 :
                                                 : Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET)
Debtor.[1]                                       : Hearing Date: Mar. 5, 2024 at 2:30 p.m. (ET)
---------------------------------------------------------------- x

## APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF PETITION DATE

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this application (this "**Application**"):

### Background

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case (the "**Chapter 11 Case**").

2. Additional information regarding the Debtor's business and operations and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Chris Amani in Support of the Debtor's Chapter 11 Petition and First Day Relief*

---

[1] The Debtor's principal office is 1 Wallich Street #37-01, Guoco Tower, Singapore 078881.

[Docket No. 18] (the "**First Day Declaration**"),[2] filed on the Petition Date and incorporated herein by reference.

### Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1, the Debtor requests entry of an order authorizing the Debtor to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtor, effective as of the Petition Date, to perform the extensive legal services that will be required during this Chapter 11 Case in accordance with Weil's normal hourly rates in effect when services are rendered and Weil's normal reimbursement policies.

---

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

5. In support of this Application, the Debtor submits the declaration of Ronit Berkovich, a partner of Weil, which is annexed hereto as **Exhibit A** (the "**Berkovich Declaration**") and the declaration of Peter Hsieh, the Debtor's General Counsel, which is annexed hereto as **Exhibit B** (the "**Hsieh Declaration**").

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

## Weil's Qualifications

7. On February 16, 2023, the Securities and Exchange Commission ("**SEC**") filed a complaint in the United States District Court for the Southern District of New York (the "**District Court**") naming the Debtor and its founder, Kwon Do Hyeong, as defendants, and alleging six (6) claims for violations of the Securities Act of 1933 and the Exchange Act of 1934. The SEC claims that prior to May 2022 the Debtor unlawfully offered and sold unregistered securities and securities-based swaps, as well as engaged in securities fraud. The action, which seeks a permanent injunction, disgorgement, and civil money penalties, is currently pending before the Honorable Jed Rakoff (*SEC v. Terraform Labs Pte. Ltd.*, *et al.*, Case No. 1:23-cv-013460-JSR (S.D.N.Y.)) (the "**SEC Enforcement Action**"). On December 28, 2023, the District Court granted partial summary judgment to the SEC, finding that the Debtor and Mr. Kwon offered and sold unregistered securities by issuing the Debtor's native tokens to investors.

8. Leading up to and following the summary judgment decision, the Debtor began considering its options to maximize value for all stakeholders. The Debtor retained Weil as appellate litigation counsel beginning in November 2023 and subsequently as restructuring counsel.

9. As a result of Weil's prepetition representation of the Debtor, Weil possesses an in-depth knowledge of the current condition of the Debtor's business, management, operations, corporate governance, and potential liabilities, including in connection with the SEC Enforcement Action. Accordingly, Weil possesses the necessary background and knowledge to address the potential legal issues that may arise in the context of this Chapter 11 Case, including issues related to the SEC Enforcement Action.

10. The Debtor has selected Weil as its attorneys because of the Firm's extensive general experience and expertise, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code. For example, Weil currently represents or has represented, among others, the following debtors and their affiliates: Air Methods Corporation; Western Global Airlines, Inc.; SAS AB (Scandinavian Airlines); Serta Simmons Bedding, LLC; Core Scientific, Inc.; Insys Therapeutics, Inc.; PG&E Corporation and Pacific Gas and Electric Company; TK Holdings Inc. (Takata); Talen Energy Supply, LLC; Phoenix Services Topco, LLC; Kabbage, Inc.; Ruby Pipeline, L.L.C.; All Year Holdings Ltd.; Evergreen Gardens Mezz LLC; CBL & Associates Properties, Inc.; Fieldwood Energy LLC; Briggs & Stratton Corporation; Brooks Brothers Group, Inc.; VIVUS, Inc.; CEC Entertainment, Inc.; ORG GC Midco, LLC; NPC International, Inc.; Chisholm Oil and Gas Operating, LLC; Exide Technologies, LLC; Gavilan Resources, LLC; 24 Hour Fitness Worldwide; SpeedCast International Limited; Skillsoft Corp.; Chinos Holdings, Inc.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Fusion Connect, Inc.; CTI Foods, LLC; Ditech Holding Corporation; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; Sears Holdings Corporation; Tops Holding Company LLC; Southeastern Grocers, LLC; Claire's Inc.; Walter Inv. Mgmt. Corp.; Westinghouse Electric

Company LLC; Angelica Corp.; Azure Midstream Partners, LP; Memorial Production Partners LP; CHC Group Ltd.; Breitburn Energy Partners LP; American Gilsonite Company; Aéropostale, Inc.; Fairway Group Holdings Corp.; Paragon Offshore plc; Vantage Drilling International (f/k/a Offshore Group Investment Limited); Southern Air Holdings, Inc.; AMR Corp. (American Airlines); and The Great Atlantic and Pacific Tea Co.

11.     The Debtor has been informed that Ronit Berkovich and Jessica Liou, partners of Weil, as well as other partners of, counsel to, and associates of Weil who will be employed in this Chapter 11 Case, are members in good standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York. Applications for admission *pro hac vice* for Ronit Berkovich, Jessica Liou, and certain other Weil attorneys to practice before the Court have been approved by this Court.

12.     Accordingly, Weil is both well qualified and uniquely able to represent the Debtor in this Chapter 11 Case in an efficient and effective manner.

## Scope of Services

13.     The services to be performed by Weil are appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to prosecute this Chapter 11 Case. Subject to further order of the Court, it is proposed that Weil be employed to render the following professional services:

   a. take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   b. prepare on behalf of the Debtor, as debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

    c. take all necessary actions in connection with the Debtor's postpetition restructuring process, any chapter 11 plan and related disclosure statement, and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

    d. take all necessary actions to protect and preserve the value of the Debtor's estate;

    e. perform all other necessary legal services in connection with the prosecution of this Chapter 11 Case; *provided*, *however*, that to the extent Weil determines that such services fall outside the scope of services historically or generally performed by Weil as lead debtor's counsel in a bankruptcy case or as set forth in the next bullet, Weil will file a supplemental declaration; and

    f. represent the Debtor in connection with any potential appeals in the SEC Enforcement Action, including consultation regarding potential appellate litigation.

14. It is necessary for the Debtor to employ attorneys to render the foregoing professional services. Weil has stated its desire and willingness to act in this Chapter 11 Case and render the necessary professional services as attorneys for the Debtor.

15. In addition to this Application, the Debtor has filed, or expects to file shortly, applications to employ (i) Richards, Layton & Finger, P.A. ("**RLF**") as co-counsel, (ii) Epiq Corporate Restructuring LLC as claims and noticing agent and, separately, as administrative advisor; (iii) Alvarez & Marsal North America, LLC as financial advisor; (iv) Dentons US LLP as special counsel; (v) WongPartnership LLP as special foreign counsel in Singapore; (vi) Kim & Chang as special foreign counsel in South Korea; and (vii) Rahman Ravelli Solicitors Ltd. as special foreign counsel in the United Kingdom. The Debtor may also file applications to employ additional professionals in connection with the administration of this Chapter 11 Case and the Debtor's ordinary course operations. It is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of this Chapter 11 Case.

6

## No Duplication of Services

16. As described in the Berkovich Declaration, Weil will work with RLF and the Debtor's other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in this Chapter 11 Case to prevent duplication of services and ensure this Chapter 11 Case is administered in the most efficient fashion possible. It is anticipated that the efficient coordination of efforts of the Debtor's attorneys and other professionals will greatly add to the progress and effective administration of this Chapter 11 Case. In that regard, Weil and RLF have informed the Debtor that Weil will take the lead on the services set forth in paragraph 13 above. RLF's duties will include, among other tasks: (i) providing Delaware law expertise, including advising the Debtor and Weil on issues of local practice and the Local Rules; (ii) communicating with the Court and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") with respect to the Debtor's filings and this Chapter 11 Case; (iii) reviewing, commenting on, and coordinating the filing of various pleadings; (iv) appearing in court on behalf of the Debtor; and (v) serving as lead counsel to the Debtor with respect to matters or parties as to which Weil has a conflict and determines that it cannot (or should not) represent the Debtor (where RLF does not similarly have a conflict).

## Weil's Disinterestedness

17. To the best of the Debtor's knowledge, the partners of, counsel to, and associates of Weil do not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth herein and in the Berkovich Declaration.

18. Based upon the Berkovich Declaration, the Debtor believes that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as

modified by section 1107(b) of the Bankruptcy Code.  The Debtor has been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new material relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court accordingly.

**Professional Compensation**

19. Weil is not a creditor of the Debtor's estate.  As set forth in the Berkovich Declaration, during the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $3,500,000.00 for professional services performed and to be performed, including in preparation for the commencement and prosecution of this Chapter 11 Case.  These payments were made, on behalf of the Debtor, by Dentons US LLP out of funds provided by the Debtor to Dentons as a retainer.  Weil has a remaining credit balance in favor of the Debtor for future professional services to be performed and expenses to be incurred in connection with this Chapter 11 Case in the amount of $1,800,808.41 (the "**Fee Advance**").  Weil intends to apply the Fee Advance to any outstanding amounts relating to the period before the Petition Date that were not processed through Weil's billing system as of the Petition Date.  An accounting summary of payments invoiced or to be invoiced and received by Weil in the 90 days before the Petition Date is set forth in **Exhibit 3** to the Berkovich Declaration.  As of the Petition Date, the Debtor did not owe Weil any fees for professional services performed or expenses incurred.

20. The Debtor understands and has agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1,

2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for all professional services performed and expenses incurred after the Petition Date.

21.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and the Orders, the Debtor proposes to compensate Weil for services rendered at Weil's customary hourly rates that are in effect from time to time, as set forth in Berkovich Declaration, and to reimburse Weil according to its customary reimbursement policies. The Debtor respectfully submits that Weil's rates and policies, as set forth in the Berkovich Declaration, are reasonable.

### Evergreen Retainer

22.     The Debtor proposes that the remainder of the Fee Advance, after application of any fees and expenses mentioned in paragraph 19 above, paid to Weil and not expended for prepetition services and disbursements be treated as an evergreen retainer to be held by Weil as security throughout this Chapter 11 Case until Weil's fees and expenses are awarded by final order of the Court and payable to Weil.

23.     In this district, evergreen retainers are routinely used by professionals and are normal business practice. *See, e.g.*, *In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (noting that "it is not disputed that the taking of evergreen retainers is a practice now common in the market place" and that such fee arrangements have been used in this district since the early 1990s.). Section 328(a) of the Bankruptcy Code expressly permits the employment of attorneys on a retainer. In addition, the approval of an evergreen retainer in this Chapter 11 Case satisfies the five-part test articulated by the court in *Insilco*. In particular, the *Insilco* court evaluated the reasonableness of an evergreen retainer by examining:

> (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, *i.e.*,

9

whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; (3) whether the retention, as proposed, is in the best interests of the estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself reasonable, including whether the retainer provides the appropriate level of "risk minimization," especially in light of the existence of any other "risk-minimizing" devices, such as an administrative order or a carve-out.

*Id.* at 634.

24. *First*, the proposed terms of Weil's engagement reflect normal business terms in the marketplace. *Second*, both Weil and the Debtor are sophisticated business entities that have negotiated Weil's advance as part of an arm's length agreement. *Third*, it is in the best interest of the Debtor's estate to provide Weil with an evergreen retainer because it ensures that the Debtor has immediate and uninterrupted access to highly skilled and experienced counsel to prosecute the Debtor's Chapter 11 Case and the appeal of the SEC Enforcement Action. *Fourth*, the Debtor is not aware of any creditor opposition to approval of the remainder of Weil's advance as an evergreen retainer. *Finally*, in light of the size, scope, and posture of the Debtor's Chapter 11 Case, approval of the remainder of Weil's advance as an evergreen retainer provides Weil with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in this Chapter 11 Case and allows Weil to focus its efforts on providing the best possible advice without concern over payment of fees, which is in the best interest of the Debtor and all parties in interest.

## Notice

25. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d)

the United States Attorney's Office for the District of Delaware; (e) the SEC; and (f) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

## No Prior Request

26. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 13, 2024
       Walnut Creek, California

**TERRAFORM LABS PTE. LTD.**

*/s/ Chris Amani*
Name: Chris Amani
Title: Chief Executive Officer