**<u>Exhibit A</u>**

**Berkovich Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
In re                                   :   Chapter 11
                                        :
TERRAFORM LABS PTE. LTD.,               :   Case No. 24-10070 (BLS)
                                        :
                                        :
          Debtor.¹                      :
------------------------------------------------------- x
```

## DECLARATION OF RONIT BERKOVICH
## IN SUPPORT OF APPLICATION OF DEBTOR FOR
## AUTHORITY TO RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES
## LLP AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF PETITION DATE

Pursuant to 28 U.S.C. § 1746, I, Ronit Berkovich, hereby declare as follows:

1.      I am a partner of the firm of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), an international law firm with principal offices at 767 Fifth Avenue, New York, New York 10153; and regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; Princeton, New Jersey; Redwood Shores, California; and foreign offices in London, United Kingdom; Frankfurt and Munich, Germany; Paris, France; Hong Kong and Shanghai, China.

2.      I submit this declaration (this "**Declaration**")[2] in connection with the application submitted on the date hereof (the "**Application**") of Terraform Labs Pte. Ltd., as debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11 Case**"), for authority to employ and retain Weil as its attorneys, effective as of January 21, 2024 (the "**Petition Date**"), at Weil's normal hourly rates in effect from time to time

---

[1]    The Debtor's principal office is 1 Wallich Street #37-01, Guoco Tower, Singapore 078881.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

and in accordance with Weil's normal reimbursement policies, in compliance with sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosure required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent any information disclosed herein requires amendment or modification upon Weil's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented, or otherwise modified information.

3.　　　Neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any entity other than the Debtor in connection with this Chapter 11 Case.  In addition, except as set forth herein, to the best of my knowledge, after due inquiry, neither I, Weil, nor any partner of, counsel to, or associate of the Firm represents any party in interest in this Chapter 11 Case in matters related to this Chapter 11 Case.

**Weil's Disclosure Procedures**

4.　　　Weil, which employs approximately 1,100 attorneys, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Weil has in the past represented, currently represents, and may in the future represent entities that are claimants or interest holders of the Debtor in matters unrelated to the Debtor's pending Chapter 11 Case.  Some of those entities are, or may consider themselves to be, creditors or parties in interest in this Chapter 11 Case or to otherwise have interests in this case.

5.　　　In preparing this Declaration, Weil used a set of procedures developed by Weil to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules,

2

and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**").  Pursuant to the Firm Disclosure Procedures, Weil performed, or caused to be performed, the following actions to identify the parties relevant to this Declaration and to ascertain Weil's connection to such parties:

a.   A comprehensive list of the types of entities that may have contacts with the Debtor was developed through discussions with the Weil attorneys who have provided services to the Debtor and in consultation with the advisors to and senior management of the Debtor (the "**Retention Checklist**").

b.   Weil obtained information responsive to the Retention Checklist through several inquiries of the Debtor's senior management and advisors and review of documents provided by the Debtor to Weil.  Weil then used that information, together with other information identified by Weil, to compile a list of the names of entities that may be parties in interest in this Chapter 11 Case (the "**Potential Parties in Interest**").  A copy of the Retention Checklist and the Potential Parties in Interest are annexed hereto as **Exhibit 1**.

c.   Weil maintains a master client database as part of its conflict clearance and billing records.  The master client database includes the names of the entities for which any attorney time charges have been billed since the database was first created (the "**Client Database**").  The Client Database includes the names of all current and former clients, the names of the parties who are or were related or adverse to such current and former clients, and the names of the Weil personnel who are or were responsible for current and former matters for such clients.  Weil's policy is that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict clearance system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the name of the matter, adverse parties, and, in some cases, parties related to the client or to an adverse party. Accordingly, the database is updated for every new matter undertaken by Weil.  The accuracy of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

d.   Weil compared the names of each of the Potential Parties in Interest to client matters in the Client Database for which professional time was recorded during the two years prior to the comparison.[3]  Any matches to names in the

---

[3] For purposes of the Firm Disclosure Procedures, Weil considers an entity a "former client" if professional time was recorded within the past two years, but all matters for such client have been closed.  Because the Firm Disclosure Procedures only reflect client activity during the past two years, matches to client matters outside that timeframe are not reflected in this Declaration.

Client Database generated by the comparison were compiled, together with the names of the respective Weil personnel responsible for the identified client matters (the "**Client Match List**").

e.    A Weil attorney then reviewed the Client Match List and deleted obvious name coincidences and individuals or entities that were adverse to Weil's clients in both this matter and the matter referenced on the Client Match List.

f.    Using information in the Client Database concerning entities on the Client Match List and making general and, if applicable, specific inquiries of Weil personnel, Weil verified that it does not represent and has not represented any entity on the Client Match List in connection with the Debtor or this Chapter 11 Case.

g.    In addition, a general inquiry to all Weil personnel (attorneys and staff) was sent by electronic mail concurrently with the filing of this Chapter 11 Case to determine whether any such individuals or any members of their households (i) own any debt or equity securities of the Debtor; (ii) hold a claim against or interest adverse to the Debtor; (iii) hold any UST, LUNA, wLUNA, MIR or other tokens issued by the Debtor; (iv) are or were an officer, director, or employee of the Debtor; (v) are related to or has any connections to Bankruptcy Judges in the District of Delaware; or (vi) are related to or have any connections to anyone working in the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

### Weil's Connections with Debtor

6.    Weil compiled responses to the foregoing inquiries for the purposes of preparing this Declaration.  Responses to the inquiry described in paragraph 5(g) above reflect that, as of the Petition Date, Weil is not aware that any Weil personnel or member of the household of any Weil personnel holds any claims against, stock of, or other interests in the Debtor[4] and that no such individuals held any significant employment with the Debtor, or are related to or have any connections to anyone working in the Office of the U.S. Trustee.  Certain Weil attorneys, including attorneys working on this matter, have previously clerked or otherwise worked with Bankruptcy Judges in the District of Delaware.

---

[4] Certain Weil personnel or members of households of Weil personnel may unknowingly hold coins or other interests in the Debtor in blind, discretionary accounts, or mutual funds.

4

7.      Weil has rendered, among other services, litigation and restructuring-related legal services to the Debtor since November 2023.  Since that time, Weil has advised the Debtor concerning its operations, a potential appeal of any judgment in the SEC Enforcement Action, and strategic restructuring alternatives.  Most recently, Weil provided the services necessary to enable the Debtor to commence this Chapter 11 Case.  Weil, working together with Richards, Layton & Finger, P.A. ("**RLF**"), was primarily responsible for the preparation of the Debtor's chapter 11 petition, initial motions for "first day" relief, and applications relating to this Chapter 11 Case and its commencement.

### Weil's Connections with Parties in Interest in Matters Unrelated to This Chapter 11 Case

8.      Either I, or an attorney working under my supervision, reviewed the connections between Weil and the clients identified on the Client Match List and the connections between those entities and the Debtor.  After such review, either I, or an attorney working under my supervision, determined, in each case, that Weil does not hold or represent an interest that is adverse to the Debtor's estate and that Weil is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

9.      Weil previously represented, currently represents, and may represent in the future the entities described below (or their affiliates) in matters unrelated to the Debtor or this Chapter 11 Case.

10.      Disclosures relating to all other categories on the Retention Checklist, annexed hereto as **Exhibit 2** (the "**Disclosure Schedule**"), are the product of implementing the Firm Disclosure Procedures.  Weil has not represented, does not represent, and will not represent

any entities listed on the Disclosure Schedule in matters directly related to the Debtor or this Chapter 11 Case.

11.     An entity is listed as a "**Current Client**" on the Disclosure Schedule if Weil has any open matters for such entity or a known affiliate of such entity and attorney time charges have been recorded on any such matters within the past two years.  An entity is listed as a "**Former Client**" on the Disclosure Schedule if Weil represented such entity or a known affiliate of such entity within the past two years based on recorded attorney time charges on a matter, but all matters for such entity or any known affiliate of such entity have been formally closed.

12.     To the best of my knowledge and information, the annual fees for each of the last two (2) years paid to Weil by any party listed on the Disclosure Schedule or its affiliates on an aggregate basis did not exceed 1% of the Firm's annual gross revenue.

13.     In addition to the foregoing, through diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and Bankruptcy Rule 2014(a), between Weil and (i) the U.S. Trustee or any person employed thereby or (ii) any attorneys, accountants, or financial consultants in this Chapter 11 Case, except as set forth herein and on the Disclosure Schedule, except as set forth herein.  As part of its practice, Weil appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent the Debtor, claimants, and other parties in interest this case.  Weil does not have any relationship with any such attorneys, accountants, financial consultants, or investment bankers that would be adverse to the Debtor or its estate.

14.     From time to time (i) relatives of Weil attorneys or employees or (ii) other persons with whom Weil attorneys have had or currently have a personal relationship:  may work

6

or may have worked at other law firms, financial advisory firms, investment banks, service providers, or other parties-in-interest, in each case, involved in this case. No direct or indirect financial relationship related to this case exists between such person and Weil, and the fact that such a person may or may not be involved in this case does not affect Weil's disinterestedness.

15.     Additionally, the Debtor has no funded debt. Therefore, to the best of Weil's knowledge, Weil has not represented any entities that hold, or may in the future hold, certain of the Debtor's debt in beneficial accounts on behalf of unidentified parties. As a large firm, Weil may represent creditors/investors of parties interested in investing in one or more parties in interest in this case. Weil does not believe these relationships represent interests adverse to a debtor.

16.     Certain parties in interest in this Chapter 11 Case or their affiliates or subsidiaries are, were, or could be, from time to time, members or parties related to members of an ad hoc group or official creditors' committees represented by Weil in matters unrelated to this Chapter 11 Case. In such instances, Weil only represented, currently represents, and will represent the committee or group in their individual capacities. Weil does not and will not represent any of these parties in connection with this Chapter 11 Case in their individual capacities.

17.     Despite the efforts described herein to identify and disclose Weil's connections with the parties in interest in this Chapter 11 Case, and because of the Debtor's numerous relationships, Weil is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, Weil will continue to apply the Firm Disclosure Procedures. If any new material relevant facts or relationships are discovered or arise, Weil will promptly file a supplemental disclosure with the Court.

**Weil is Disinterested**

18.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Weil does not hold or represent an interest adverse to the Debtor's estate in the matters upon which Weil is to be employed, and Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

**Weil's Retainer, Rates and Billing Practices**

19.     During the 90 day period prior to the Petition Date, Weil received payments and advances in the aggregate amount of $3,500,000.00 for services performed and expenses incurred, and also to be performed and incurred, including in preparation for the commencement of this Chapter 11 Case. These payments were made, on behalf of the Debtor, by the Debtor's special counsel, Dentons US LLP, out of funds provided by the Debtor to Dentons as a retainer. A summary of payments invoiced and received by Weil in the 90 days prior to the Petition Date is set forth on **Exhibit 3** annexed hereto.  As of the Petition Date, Weil held an advance payment retainer of $1,800,808.41, subject to any amounts Weil intends to apply against the retainer as set forth in paragraph 19 of the Application.

20.     Weil intends to charge the Debtor for services rendered in this Chapter 11 Case at Weil's normal hourly rates in effect at the time the services are rendered.  Weil's current customary hourly rates, subject to change from time to time, are $1,595.00 to $2,350.00 for partners and counsel, $830.00 to $1,470.00 for associates, and $350.00 to $595.00 for paraprofessionals.

21.     Weil also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the

*U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**").  Weil's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, Weil will charge $.10 per page for black and white copies and $.50 per page for color copies in accordance with Local Rule 2016-2(e)(iii).  Similarly, as it relates to computerized research, Weil believes that it does not make a profit on that service as a whole, although the cost of any particular search is difficult to ascertain.  Other reimbursable expenses (whether the service is performed by Weil in-house or through a third-party vendor) include, but are not limited to, facsimiles, overtime, overtime meals, deliveries, court costs, costs of food at meetings, transcript fees, travel fees, and clerk fees.

22.     No promises have been received by Weil, or any partner, counsel, or associate thereof, as to payment or compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Furthermore, Weil has no agreement with any other entity to share with such entity any compensation received by Weil or by such entity.

## Coordination with Other Professionals for Debtor

23.     Weil is aware that the Debtor has submitted, or intends to submit, applications to retain (i) RLF as co-counsel, (ii) Epiq Corporate Restructuring LLC as claims and noticing agent and, separately, as administrative advisor; (iii) Alvarez & Marsal North America, LLC as financial advisor; (iv) Dentons US LLP as special counsel; (v) WongPartnership as special foreign counsel in Singapore; (vi) Kim & Chang as special foreign counsel in South Korea; and (vii) Rahman Ravelli Solicitors Ltd. as special foreign counsel in the United Kingdom. The Debtor may seek to retain additional professionals in the near term.  Weil, together with the Debtor's

management, intends to monitor carefully and coordinate efforts of all professionals retained by the Debtor in this Chapter 11 Case and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.

### Attorney Statement Pursuant to the Fee Guidelines

24.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:    No.

**Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:    No.

**Question**:    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:    Weil was formally engaged by the Debtor in November 2023.  In 2023, Weil's hourly rates were $1,375.00 to $2,095.00 for partners and counsel, $750.00 to $1,345.00 for associates, and $295.00 to $530.00 for paraprofessionals.  On January 1, 2024, Weil adjusted its standard billing rates, as set forth in Paragraph 20 above.

**Question**:    Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response**:    Weil is developing a prospective budget and staffing plan for this Chapter 11 Case.  Weil and the Debtor will review such budget following the close of the budget period to determine a budget for the following period.

25.    The foregoing constitutes the statement of Weil pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

**Conclusion**

26.     The Application requests approval of the Debtor's retention of Weil at Weil's normal hourly rates in effect at the time the services are rendered and in accordance with Weil's normal reimbursement policies, subject to any modifications to such policies that Weil may be required to make to comply with orders of the Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.  Subject to these terms and conditions, Weil intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowance of compensation for professional services rendered in this Chapter 11 Case and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Fee Guidelines.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: February 13, 2024
      New York, New York

                            /s/ *Ronit Berkovich*
                            Ronit Berkovich
                            Partner, Weil, Gotshal & Manges LLP

**<u>Exhibit 1</u>**

**Retention Checklist**

1. Debtor
2. Significant Shareholders (more than 5% of equity)
3. Bankruptcy Professionals
4. Banks/Lender/UCC Lien Parties/Administrative Agents
5. Contract Counterparties
6. Directors and Officers
7. Employee Indemnification Counsel
8. Known Affiliates
9. Litigation Parties
10. Ordinary Course Professionals
11. Taxing/Governmental/Regulatory Authorities
12. Top General Unsecured Creditors
13. Vendors
14. Investments
15. United States Trustee and Staff for the District of Delaware
16. Bankruptcy Judges and Staff for the District of Delaware
17. Clerk of the Court

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata
Binance Capital Management Co., Ltd

Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**<u>Directors And Officers</u>**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.

EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**<u>Vendors</u>**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah

Tower Legal Solutions
VSP Vision

**<u>Investments</u>**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**<u>United States Trustee and Staff for the District of Delaware</u>**
Attix, Laruen
Bu, Fang
Casey, Linda

Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**<u>Bankruptcy Judges and Staff for the District of Delaware</u>**

Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al

Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**<u>Clerk of the Court</u>**
O'Boyle, Una

**Exhibit 2**

**Disclosure Schedule**

| Matched Entity | Relationship to Debtor | Relationship to Weil |
|---|---|---|
| AIG Asia Pacific Insurance Pte. Ltd. | Contract Counterparties | **Affiliate or Subsidiary of Current Client** |
| Alvarez and Marsal | Debtor Professional | **Affiliate or Subsidiary of Current Client** |
| Coinbase Custody Trust Company, LLC | Contract Counterparties | **Related to Current Client** |
| Epiq Global | Debtor Professional | **Affiliate or Subsidiary of Current Client** |
| Eshares, Inc. d/b/a Carta , Inc. | Top Creditors | **Current Client** |
| Fidelity Investments | Vendor | **Related to Current Client** |
| GitHub, Inc. | Contract Counterparties | **Affiliate or Subsidiary of Current Client** |
| Google Asia Pacific Pte. Ltd. | Contract Counterparties | **Affiliate or Subsidiary of Current Client** |

**Exhibit 3**

### Summary of Payments

| Invoice Date | Invoice # | Fees | Costs | Total Fees & Costs Billed | Fee Advance Requests | Payment Type | Payment Date | Fee Advance Payments Received | Fee Advance Balance |
|---|---|---|---|---|---|---|---|---|---|
| 11/30/23 | 2023014572 | | | | $500,000.00 | | | | |
| 12/21/23 | 2023014745 | $323,185.00 | $650.87 | $323,835.87 | | | | | |
| | | | | | | Wire | 12/29/23 | $500,000.00 | $500,000.00 |
| 01/18/24 | 2024000316 | | | | $2,000,000.00 | | | | |
| | | | | | | Wire | 01/19/24 | $2,000,000.00 | $2,500,000.00 |
| 01/18/24 | 2024000375 | | | | $1,000,000.00 | | | | |
| | | | | | | Wire | 01/19/24 | $1,000,000.00 | $3,500,000.00 |
| 01/21/24 | 2024000452 | $961,267.00 | $493.44 | $961,760.44 | | Fee Advance Application | 01/21/24 | | $2,538,239.56 |
| | 2023014745 | | | | | Fee Advance Application | 01/21/24 | | $2,214,403.69 |
| 01/21/24 | 2024000451 | $409,689.00 | $3,906.28 | $413,595.28 | | Fee Advance Application | 01/21/24 | | $1,800,808.41 |
| **Total** | | **$1,694,141.00** | **$5,050.59** | **$1,699,191.59** | **$3,500,000.00** | | | **$3,500,000.00** | **$1,800,808.41** |