**Exhibit B**

**Hsieh Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                                        :     Chapter 11
                                                             :
**TERRAFORM LABS PTE. LTD.,**                                :     Case No. 24-10070 (BLS)
                                                             :
                                                             :
**Debtor.**[1]                                               :
------------------------------------------------------------ x

**DECLARATION OF PETER HSIEH IN SUPPORT
OF APPLICATION OF DEBTOR FOR AUTHORITY TO
RETAIN AND EMPLOY WEIL, GOTSHAL & MANGES LLP
AS ATTORNEY FOR DEBTOR EFFECTIVE AS OF PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Peter Hsieh, hereby declare as follows:

1. I am the General Counsel of Terraform Labs Pte. Ltd. (the "**Debtor**" or the "**Company**"). In my current role, the executive team and I are responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

2. On January 21, 2024 (the "**Petition Date**"),[2] the Debtor commenced with this Court a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). I submit this declaration (the "**Declaration**") in support of the Application (the "**Application**") of the Debtor, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware

---

[1] The Debtor's principal office is 1 Wallich Street #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

(the "**Local Rules**"), for authority to retain and employ Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**"), as attorneys for the Debtor effective as of the Petition Date.

3. This Declaration is provided pursuant to Paragraph D.2 of the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtor's employees or advisors, or my opinion based upon knowledge and experience as General Counsel for the Debtor. I am authorized to submit this Declaration on behalf of the Debtor.

4. Weil is proposed to serve as counsel to the Debtor. The Debtor recognizes that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that its bankruptcy professionals are subject to the same client-driven market forces, security, and accountability as professionals in non-bankruptcy engagements. Leading up to and following the summary judgment decision in the SEC Enforcement Action, the Debtor began considering its options to maximize value for all stakeholders. The Debtor retained Weil as appellate litigation counsel beginning in November 2023 and subsequently as restructuring counsel. Since that time, Weil has advised the Debtor in respect to the SEC Enforcement Action and considerations in respect to its restructuring options. As a result of Weil's prepetition representation of the Debtor, I believe Weil possesses an in-depth knowledge of the current condition of the Debtor's business, management, operations, and corporate governance, as well as potential liabilities, including in connection with the SEC Enforcement Action. Accordingly, Weil possesses the necessary background and knowledge to address the potential legal issues that may arise in the Debtor's Chapter 11 Case, including issues related to the SEC Enforcement Action,

and is both well-qualified and uniquely positioned to represent the Debtor in this Chapter 11 Case. The Debtor chose Weil based upon Weil's reputation and experience in the litigation and restructuring fields, upon the Debtor's particular circumstances, and upon discussions with certain of Weil's attorneys who were proposed to work on this matter.

5. As the General Counsel of the Company, I am familiar with the terms of Weil's engagement. Weil has confirmed to me that the Firm does not vary its billing rates or the material terms of an engagement depending on whether such engagement is a bankruptcy or a non-bankruptcy engagement. Weil has advised me that its current customary U.S. hourly rates, subject to change from time to time, are $1,595.00 to $2,350.00 for partners and counsel, $830.00 to $1,470.00 for associates and $350.00 to $595.00 for paraprofessionals. It is my understanding that Weil reviews and adjusts its billing rates annually. Weil has advised me that it will inform the Debtor of any adjustment to its existing rate structure.

6. I am informed by Weil that its attorneys' billing rates are aligned each year to ensure that its rates are comparable to the billing rates of its peer firms. To the extent that there is any disparity in such rates, however, I nevertheless believe that Weil's retention by the Debtor is warranted in this case for the reasons set forth in the Debtor's Application.

7. I understand that Weil's fees and expenses will be subject to periodic review on a monthly, interim, and final basis, as applicable, during the pendency of this Chapter 11 Case by, among other parties, the Office of the United States Trustee and the Debtor, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and order of the Court governing the procedures for approval of interim compensation of professionals retained in chapter 11 cases.

8.      As General Counsel, I, along with the rest of the Debtor's key management team, supervise and manage legal fees and expenses incurred by the Debtor's outside counsel.  The Debtor will regularly monitor the fees and expenses of Weil to ensure Weil's professionals are assisting the Debtor in the most cost-effective and efficient manner.  In so doing, the Debtor assesses that requested fees and expenses are reasonable and correspond with necessary or beneficial services rendered on behalf of the Debtor and its estate. Moreover, Weil has informed me that the Debtor will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtor determines that such adjustments are necessary and appropriate, which requests will be carefully considered by Weil.

9.      Weil and the Debtor are in the process of developing a prospective budget and staffing plan for the first interim period of this Chapter 11 Case.  The Debtor recognizes that in a large chapter 11 case such as this, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtor and Weil.  The Debtor also recognizes that it will monitor the billing practices of Weil and its other counsel so that fees and expenses paid by the estate remain consistent with the Debtor's expectations, taking into account the exigencies of this Chapter 11 Case.  To that end, the Debtor will review and monitor the regular invoices submitted by Weil to the Debtor, and, together with Weil, will periodically amend the budgets and staffing plans to reflect developments in this case as applicable.

10.     The Debtor will monitor the fees and expense reimbursement process during this Chapter 11 Case so that the Debtor is an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtor, together with Weil, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and

professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

*[Remainder of page intentionally left blank]*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:  February 13, 2024
       Honolulu, Hawaii

                                    **TERRAFORM LABS PTE. LTD.**

                                    */s/ Peter Hsieh*
                                    Name:  Peter Hsieh
                                    Title:    General Counsel