## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                 :

| | |
|---|---|
| **In re** | : **Chapter 11** |
| | : |
| **TERRAFORM LABS PTE. LTD.,** | : **Case No. 24–10070 (BLS)** |
| | : |
| **Debtor.**[1] | : **Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET)** |
| | **Hr'g Date: Mar. 5, 2024 at 2:30 p.m. (ET)** |
| | : |

---------------------------------------------------------- x

## APPLICATION OF DEBTOR FOR AUTHORITY TO
## RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
## AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF PETITION DATE

Terraform Labs Pte. Ltd, as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully represents as follows in support of this application (this "**Application**"):

### Background

1.     On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case (the "**Chapter 11 Case**").

2.     Additional information regarding the Debtor's business and operations and the circumstances leading to the commencement of this chapter 11 case is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief*

---

[1]     The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[Docket No. 18] (the "**First Day Declaration**"),[2] filed on the Petition Date and incorporated herein by reference.

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409

## Relief Requested

4.      By this Application, pursuant to section 327(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-2, the Debtor requests entry of an order appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as administrative advisor ("**Administrative Advisor**") in the Debtor's chapter 11 case, effective as of the Petition Date, in accordance with the Engagement Agreement attached hereto as **Exhibit A** (the "**Engagement Agreement**").

5.      On the Petition Date, the Debtor filed an application (the "**Section 156(c) Application**") for an order appointing Epiq as claims and noticing agent pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code and Local Rule 2002-1(f), which was granted

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

and; an order was entered on January 31, 2024 at Docket No. 34 (the "**Section 156(c) Order**"). The Debtor believes that administration of this Chapter 11 Case will require Epiq to perform duties outside the scope of services covered by the Section 156(c) Application and authorized by the Section 156(c) Order.  Accordingly, the Debtor submits this Application to enable Epiq to provide services under the Engagement Agreement that are outside the scope of the services authorized to be provided to the Debtor by Epiq pursuant to the Section 156(c) Order.

6.      In support of this Application, the Debtor submits the *Declaration of Kate Mailloux in Support of Application of Debtor for Authority to Retain and Employ  Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date* (the "**Mailloux Declaration**"), attached hereto as **Exhibit B**.

7.      A proposed form of order granting the relief requested in this Application is attached hereto as **Exhibit C** (the "**Proposed Order**").

### Epiq's Qualifications

8.      Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases.  Epiq has substantial experience in matters of this size and complexity, and has acted as administrative advisor in many large bankruptcy cases in this District and other districts nationwide.[3]

---

[3]    *See, e.g., In re Yellow Corporation, Inc*, Case No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023*); In re Nova Wildcat Shur-Line Holdings, Inc.* (a/k/a H2 Brands Group Home & Hardware), Case No. 23-10114 (CTG) (Bankr. D. Del. Jan. 29, 2023); *In re AIG Financial Products Corp.*, Case No. 22-11309 (MFW) (Bankr. D. Del. Dec. 14, 2022); *In re Medly Health Inc.*, Case No. 22-11257 (KBO) (Bankr. D. Del. Dec. 9, 2022); *In re Winc, Inc.*, Case No. 22-11238 (LSS) (Bankr. D. Del. Nov. 30, 2022); *In re FTX Trading Official Committee of Unsecured Creditors*, Case No. 22- 11068 (JTD) (Bankr. D. Del. Nov. 11, 2022*); In re Prehired, LLC*, Case No. 22-11007 (JTD) (Bankr. D. Del. Sep. 27, 2022); *In re Pack Liquidating, LLC (f/k/a Packable Holdings, LLC*), Case No. 22-10797 (CTG) (Bankr. D. Del. Aug. 28, 2022); *In re ExpressJet Airlines LLC*, Case No. 22-10787 (MFW) (Bankr. D. Del. Aug. 23, 2022); *In re FSPH, Inc*., Case No. 22-10575 (CTG) (Bankr. D. Del. Jun. 29, 2022); *In re Armstrong Flooring, Inc.,* 22-10426 (MFW) (Bankr. D. Del. May 8, 2022); In *re Gulf Coast Health Care, LLC*, Case No. 21-11336 (KBO) (Bankr. D. Del. Oct 14, 2021); *In re Alamo Drafthouse Cinemas Holdings, LLC,* Case No. 21-10474; *In re RTI Holding Company, LLC*, Case No. 20- Case 20-12456 (JTD) (Bankr. D. Del. Oct 7, 2020);

## Services to Be Provided

9.      Pursuant to the Engagement Agreement, the Debtor seeks to retain Epiq to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

<blockquote>

(a)      Assist with, among other things, solicitation, balloting and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices and institutional holders;

(b)      Prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)      Assist with the preparation of the Debtor's schedules of assets and liabilities and statement of financial affairs and gather data in conjunction therewith;

(d)      Provide a confidential data room, if requested;

(e)      Manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)      Provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtor, the Court or the Office of the Clerk of the Bankruptcy Court.

</blockquote>

## Epiq's Compensation

10.      The fees Epiq will charge in connection with providing services to the Debtor are set forth in the Engagement Agreement.  The Debtor respectfully submits that Epiq's rates are competitive and comparable to the rates its competitors charge for similar services.  Indeed, the Debtor conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Epiq as Administrative Advisor.  The Debtor believes

---

*In re Town Sports International LLC*, Case No. 20-12168, (CSS) (Bankr. D. Del. Sept. 16, 2020); *In re RGNGroup Holdings, LLC*, Case No. 20-11961 (BLS) (Bankr. D. Del. Aug. 19, 2020).

Epiq's rates are more than reasonable given the quality of Epiq's services and Epiq's professionals' bankruptcy expertise.  Additionally, Epiq will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Engagement Agreement.

11.     Epiq intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Epiq will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in this chapter 11 case regarding professional compensation and reimbursement of expenses.

12.     Pursuant to the Engagement Agreement, the Debtor will provide Epiq a retainer of $25,000.  The retainer will be paid as approved in the Section 156(c) Order retaining Epiq as claims and noticing agent. Epiq seeks to hold the retainer as security for payment of Epiq's final invoice for services rendered and expenses incurred pursuant to the Engagement Agreement.

13.     Additionally, under the terms of the Engagement Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Epiq and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Epiq's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or order granting this Application.  The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an administrative advisor in this chapter 11 case.

## **Disinterestedness**

14.     Epiq has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest identified by the Debtor.  To the best of the

Debtor's knowledge, information, and belief, and except as disclosed in the Mailloux Declaration, Epiq is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate in connection with any matter on which it would be employed.

15.     Epiq believes that it does not have any relationships with creditors or other parties in interest in this chapter 11 case that would present a disqualifying conflict of interest.  To the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

### Relief Requested Should Be Granted

16.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

18.     In light of the complexity of this chapter 11 case, the Debtor respectfully submits that retaining and employing Epiq pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtor's estate and all parties in interest in this chapter

11 case.  The Debtor also believes that the terms and conditions of the Engagement Agreement are reasonable in light of the parties in interest around the world that may be involved in this chapter 11 case.

19.    Accordingly, to help manage administrative tasks with respect to the creditors and other parties that are expected to be involved in this chapter 11 case and the complexity of such case, the Debtor respectfully requests that the Court enter an order appointing Epiq as the Administrative Advisor in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2.

## Relief as of the Petition Date is Appropriate

20.    In accordance with the Debtor's request, Epiq agreed to serve as Administrative Advisor on and after the Petition Date with assurances that the Debtor would seek approval of its employment and retention, effective as of the Petition Date, so that Epiq can be compensated for services rendered before approval of the Application. The Debtor believes that no party in interest will be prejudiced by the granting of relief as of the Petition Date as proposed in the Application because Epiq has provided, and continues to provide, valuable services to the Debtor's estate during the interim period.

21.    Accordingly, the Debtor respectfully requests entry of the Proposed Order authorizing the Debtor to retain and employ Epiq as Administrative Advisor effective as of the Petition Date.

## Notice

22.    Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d)

the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:  February 13, 2024
Walnut Creek, California

Respectfully submitted,

**TERRAFORM LABS PTE. LTD.**

*/s/ Chris Amani*
Name:  Chris Amani
Title:    Chief Executive Officer