**Exhibit B**

**Mailloux Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
:
In re                                          :    Chapter 11
:
TERRAFORM LABS PTE. LTD.,      :    Case No. 24–10070 (BLS)
:
Debtor.[1]                                   :
:
----------------------------------------------------------- x

## DECLARATION OF KATE MAILLOUX
## IN SUPPORT OF APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF PETITION DATE

I, Kate Mailloux, under penalty of perjury, declare as follows:

1.  I am a Senior Director of Epiq Corporate Restructuring, LLC ("**Epiq**"). The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.[2]

2.  This Declaration is made in support of the above-captioned debtor's (the "**Debtor**") application (the "**Application**") for an order appointing Epiq as administrative advisor ("**Administrative Advisor**") in the Debtor's chapter 11 case, effective as of the date of commencement of the Debtor's chapter 11 case in accordance with the terms and conditions set forth in that certain Standard Services Agreement dated as of January 21, 2024 (the "**Engagement Agreement**"), attached to the Application as **Exhibit A**.[3]

---

[1]  The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]  Certain of the disclosures herein relate to matters within the knowledge of other professionals at Epiq and are based on information provided by them.

[3]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience in matters of this size and complexity, and has acted as the official administrative advisor in many large bankruptcy cases pending in this District and other districts nationwide. *See, e.g., In re Yellow Corporation, Inc.*, Case No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023*); In re Nova Wildcat Shur-Line Holdings, Inc.* (a/k/a H2 Brands Group Home & Hardware), Case No. 23-10114 (CTG) (Bankr. D. Del. Jan. 29, 2023); *In re AIG Financial Products Corp.*, Case No. 22-11309 (MFW) (Bankr. D. Del. Dec. 14, 2022); *In re Medly Health Inc.*, Case No. 22-11257 (KBO) (Bankr. D. Del. Dec. 9, 2022); *In re Winc, Inc.*, Case No. 22-11238 (LSS) (Bankr. D. Del. Nov. 30, 2022); *In re FTX Trading Official Committee of Unsecured Creditors*, Case No. 22- 11068 (JTD) (Bankr. D. Del. Nov. 11, 2022*); In re Prehired, LLC*, Case No. 22-11007 (JTD) (Bankr. D. Del. Sep. 27, 2022); *In re Pack Liquidating, LLC (f/k/a Packable Holdings, LLC*), Case No. 22-10797 (CTG) (Bankr. D. Del. Aug. 28, 2022); *In re ExpressJet Airlines LLC*, Case No. 22-10787 (MFW) (Bankr. D. Del. Aug. 23, 2022); *In re FSPH, Inc.*, Case No. 22-10575 (CTG) (Bankr. D. Del. Jun. 29, 2022); *In re Armstrong Flooring, Inc.,* 22-10426 (MFW) (Bankr. D. Del. May 8, 2022); In *re Gulf Coast Health Care, LLC,* Case No. 21-11336 (KBO) (Bankr. D. Del. Oct 14, 2021); *In re Alamo Drafthouse Cinemas Holdings, LLC,* Case No. 21-10474; *In re RTI Holding Company, LLC*, Case No. 20- Case 20-12456 (JTD) (Bankr. D. Del. Oct 7, 2020); *In re Town Sports International LLC*, Case No. 20-12168, (CSS) (Bankr. D. Del. Sept. 16, 2020); *In re RGNGroup Holdings, LLC*, Case No. 20-11961 (BLS) (Bankr. D. Del. Aug. 19, 2020).

4. As Administrative Advisor, Epiq will perform the bankruptcy administration services specified in the Application and the Engagement Agreement. In

performing such services, Epiq will charge the Debtor the rates set forth in the Engagement Agreement.

5. Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Epiq and its professional personnel:

   (a) are not creditors, equity security holders, or insiders of the Debtor;

   (b) are not and were not, within two (2) years before the date of the filing of this case, directors, officers, or employees of the Debtor; and

   (c) do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

6. If Epiq's proposed retention is approved by the Court, Epiq will not accept any engagement or perform any service for any entity or person related to this chapter 11 case, other than the Debtor, without the prior approval of the Court. Epiq may, however, provide professional services to entities or persons that may be creditors or parties in interest in this chapter 11 case, which services do not relate to, or have any direct connection with, this chapter 11 case or the Debtor.

7. Epiq represents that:

   (a) it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Administrative Advisor;

   (b) by accepting employment in this chapter 11 case, Epiq waives any right to receive compensation from the United States government in its capacity as the Administrative Advisor;

   (c) in its capacity as the Administrative Advisor, Epiq will not be an agent of the United States and will not act on behalf of the United States; and

   (d) Epiq will not employ any past or present employees of the Debtor in connection with its work as the Administrative Advisor in this chapter 11 case.

3

8. In connection with the preparation of this Declaration, I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "**Potential Parties in Interest**") in this chapter 11 case. The list of Potential Parties in Interest was provided by the Debtor and is attached hereto as **Schedule 1**. The results of the conflict check were compiled and reviewed by Epiq professionals under my supervision. To the extent that Epiq's conflicts check has revealed that certain Potential Parties in Interest were current or former clients of Epiq within the past three years, these parties have been identified on a list annexed hereto as **Schedule 2** (the "**Client Match List**"). At this time, and as set forth in further detail herein, Epiq is not aware of any connection that would present a disqualifying conflict of interest. Epiq currently serves, or in the past may have served, in a neutral capacity as claims, noticing, balloting and/or solicitation agent for these parties or related parties. However, given Epiq's neutral position as claims and noticing agent or administrative advisor in its cases, this chapter 11 case, or any other cases, Epiq does not view such relationship as a real or potential conflict. Accordingly, to the best of my knowledge, Epiq and each of its employees are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14), and neither Epiq nor any of its employees hold or represent an interest adverse to the Debtor's estate related to any matter for which Epiq will be employed.

9. To the best of my knowledge, neither Epiq nor any of its personnel have any relationship with the Debtor that would impair Epiq's ability to serve as Administrative Advisor. I am not related or connected to, and, to the best of my knowledge, no other employees of Epiq are related or connected to any United States Bankruptcy Judge or District Judge for the District of Delaware or the United States Trustee for the District of Delaware or to any employee in the offices thereof. Epiq may have relationships with certain of the Debtor's creditors as vendors

or in connection with cases in which Epiq serves or has served in a neutral capacity as administrative advisor for another chapter 11 debtor. To the best of my knowledge, such relationships are completely unrelated to this chapter 11 case. Epiq's personnel may have relationships with some of the Debtor's creditors or other parties-in-interest. To the best of my knowledge, however, such relationships, to the extent they exist, are of a personal financial nature and completely unrelated to this chapter 11 case. Epiq has, and will continue to represent clients in matters unrelated to this chapter 11 case. In addition, Epiq has had, and will continue to have, relationships in the ordinary course of its business with certain vendors, professionals, and other parties-in-interest that may be involved in this chapter 11 case in matters unrelated to this chapter 11 case.

        10.     Epiq is a wholly owned subsidiary of Epiq Systems, Inc., which is corporate parent to certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapter 7 and 13 bankruptcy, litigation, and regulatory compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

        11.     Epiq Systems, Inc., is a wholly owned subsidiary of Document Technologies, LLC ("**DTI**"), a global legal process outsourcing company, which is an ultimate wholly owned subsidiary of DTI Topco, Inc. ("**DTI Topco**"). DTI Topco is a privately-held entity with majority ownership held by OMERS Administration Corporation ("**OAC**"), the administrator of the OMERS pension funds, and managed by OMERS Private Equity Inc. ("**OPE**", which

5

together with OAC are referred to as "**OMERS**"), and funds managed by Harvest Partners, LP ("**Harvest**"), a leading private equity investment firm.

12. Neither DTI, DTI Topco, OMERS nor Harvest, are currently identified on the Potential Parties in Interest list. However, the following disclosure is made out of an abundance of caution and in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.

13. Designees of OMERS and Harvest are members of the Board of Directors of DTI Topco ("**Parent Board Designees**"). No designees of OMERS or Harvest are members of the Board of Directors of DTI or Epiq, or any other subsidiaries of DTI. Further, Epiq has the following restrictions in place (collectively, the "Barrier"): (i) prior to the Debtor commencing this chapter 11 case, Epiq did not share the names or any other information identifying the Debtor with DTI, DTI Topco, OMERS, Harvest, or the Parent Board Designees; (ii) Epiq has not and will not furnish any material nonpublic information about the Debtor to DTI, DTI Topco, OMERS, Harvest, or the Parent Board Designees; (iii) no DTI, DTI Topco, OMERS or Harvest personnel, including the Parent Board Designees, work on Epiq client matters or have access to Epiq client information, client files, or client personnel; (iv) no DTI, DTI Topco, OMERS or Harvest personnel, including the Parent Board Designees, work in Epiq's offices; (v) other than the Parent Board Designees, Epiq operates independently from DTI, DTI Topco, OMERS and Harvest, including that it does not share any employees, officers or other management with OMERS or Harvest, has separate offices in separate buildings, and has separate IT systems; and (vi) no Epiq executive or employee is a director, officer or employee of OMERS or Harvest (or vice versa other than the Parent Board Designees).

14. Epiq has searched the names of DTI, DTI Topco, OMERS and Harvest against the Debtor and the Potential Parties in Interest list provided by the Debtor. Based solely on

the foregoing search, Epiq has determined, to the best of its knowledge, that there are no connections. Because of any applicable securities laws and the fact that Epiq operates independently from OMERS and Harvest, prior to the Petition Date, Epiq was unable to further investigate with either OMERS or Harvest, to the extent necessary, any potential or actual connection between either OMERS or Harvest and the Debtor and the potential parties in interest.

15. In addition, after the Petition Date, Epiq requested that both OMERS and Harvest search the name of the Debtor against OMERS' and Harvest's respective private equity investments. Based solely on the foregoing searches, Epiq has determined, to the best of its knowledge, that there are no connections. To the extent Epiq learns of any connections involving such entities and/or such investments with the Debtor, Epiq will promptly file a supplemental disclosure.

16. Based on, among other things, the business separation between Epiq, DTI, DTI Topco, OMERS and Harvest, and in light of the administrative nature of the services proposed to be performed by Epiq for the Debtor, Epiq believes that it does not hold or represent an interest adverse to the Debtor.

17. To the extent that Epiq discovers any connection with any interested party or enters into any new relationship with any interested party, Epiq will promptly supplement its disclosure to the Court.

18. Subject to the Court's approval, the Debtor has agreed to compensate Epiq for professional services rendered pursuant to section 327(a) of the Bankruptcy Code in connection with this chapter 11 case according to the terms and conditions of the Engagement Agreement. As referenced in the Application and the Engagement Agreement, the Debtor and Epiq have agreed to a pricing schedule, which is attached to the Engagement Agreement. Payments are to be based

upon the submission of Epiq's relevant applications in accordance with the U.S. Trustee Guidelines.

19. Pursuant to the Engagement Agreement, the Debtor will provide Epiq a retainer of $25,000. The retainer will be paid as approved in the Section 156(c) Order retaining Epiq as claims and noticing agent. Epiq seeks to hold the retainer as security for payment of Epiq's final invoice for services rendered and expenses incurred pursuant to the Engagement Agreement.

20. The services provided by Epiq will be administrative in nature, and Epiq will not provide services in the nature of legal representation and/or advice to the Debtor.

21. Neither Epiq nor its affiliates are party to any agreements where it/they receive(s) consideration in exchange for transferring information derived from its role as a claims agent under 28 U.S.C. § 156(c) to non-client third parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: February 13, 2024
      New York, New York

*/s/ Kate Mailloux*
Kate Mailloux
Senior Director
Epiq Corporate Restructuring, LLC

8

# SCHEDULE 1

**Potential Parties in Interest**

**TERRAFORM LABS PTE. LTD. PARTIES IN INTEREST**

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata

Binance Capital Management Co., Ltd
Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**Directors And Officers**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.

EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**Vendors**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah

Tower Legal Solutions
VSP Vision

**Investments**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**United States Trustee and Staff for the District of Delaware**
Attix, Laruen
Bu, Fang
Casey, Linda

Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**Bankruptcy Judges and Staff for the District of Delaware**
Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al

6

Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**<u>Clerk of the Court</u>**
O'Boyle, Una

7

## **SCHEDULE 2**

**Client Match List**

N/A