**Exhibit C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                      :

| | |
|---|---|
| In re | Chapter 11 |
| TERRAFORM LABS PTE. LTD., | Case No. 24–10070 (BLS) |
| Debtor.[1] | Re: Docket No. __ |

------------------------------------------------------------ x

**ORDER AUTHORIZING THE DEBTOR TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC
AS ADMINISTRATIVE ADVISOR EFFECIVE AS OF PETITION DATE**

Upon the application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), pursuant to section 327 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order appointing Epiq Corporate Restructuring, LLC ("**Epiq**") as administrative advisor ("**Administrative Advisor**") in the Debtor's chapter 11 case, effective as of the Petition Date, in accordance with the Engagement Agreement attached to the Application as **Exhibit A** (the "**Engagement Agreement**"), all as more fully described in the Application; and upon the Mailloux Declaration submitted in support of the Application; and this Court being satisfied that Epiq has the capability and experience to provide the services described in the Application and that Epiq

---

[1]     The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

does not hold or represent an interest adverse to the Debtor or the estate related to any matter for which Epiq will be employed; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"), if necessary; and upon the record of the Hearing, if any, and all of the proceedings had before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted to the extent set forth herein.

2. The Debtor is authorized to retain Epiq as Administrative Advisor under § 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Engagement Agreement as modified herein, and Epiq is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

4. Epiq shall apply to this Court for allowance of its compensation and reimbursement of expenses incurred after the Petition Date in accordance with §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Fee Guidelines, and any orders entered in this case regarding professional compensation and reimbursement of expenses.

5. Epiq may apply its retainer for all prepetition invoices, and Epiq may hold its retainer for services authorized pursuant to the Engagement Agreement and this Order during this chapter 11 case as security of payment of Epiq's final invoice for services rendered and expenses incurred under the Engagement Agreement and this Order.

6. The Debtor shall indemnify Epiq and each other Indemnified Person, as that term is defined in the Engagement Agreement (collectively, the "**Indemnified Persons**"), under the terms of the Engagement Agreement, as modified in accordance with the following:

   a. The Indemnified Persons shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court.
   b. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtor shall have no obligation to indemnify the Indemnified Persons, or provide contribution or reimbursement to the Indemnified Persons, for any claim or expense that is either:  (a) judicially determined (the determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct or fraud; (b) for a contractual dispute in which the Debtor alleges the breach of an Indemnified Person's contractual obligations if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to applicable law; or (c) settled before a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.
   c. Notwithstanding anything to the contrary in the Engagement Agreement, for services rendered pursuant to this Order, the limitation of liability contained in paragraph 8 shall have no force or effect during this chapter 11 case.

3

      d. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this chapter 11 case, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Person or Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

7. The Debtor and Epiq are authorized to take all action necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Epiq engagement.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.