**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- x
                                                  :

| | |
|---|---|
| In re | **Chapter 11** |
| | |
| **TERRAFORM LABS PTE. LTD.** | **Case No. 24–10070 (BLS)** |
| | |
| Debtor.[1] | Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET) |
| | Hearing Date: March 5, 2024 at 2:30 p.m. (ET) |

-------------------------------------------------------- x

**APPLICATION OF DEBTOR FOR ENTRY OF
AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND
DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

       Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**"), respectfully moves and represents as follows in support of this application (the "**Application**"):

**Background**

       1.     On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

       2.     Additional information regarding the circumstances leading to the commencement of this chapter 11 case and the Debtor's business and capital structure is set forth

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

## Jurisdiction

3.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.      By this Application, pursuant to section 327(e) of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1, the Debtor requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the retention and employment of Dentons US LLP ("**Dentons US**") as special counsel to the Debtor on the terms and conditions of the engagement agreement, dated November 27, 2023 (the "**Engagement**

---

[2] Any capitalized term not otherwise defined herein shall have the meaning ascribed to it in the First Day Declaration.

Letter"), effective as of the Petition Date.  Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("**Dentons**").  Dentons US and other members of Dentons, including within the United States ("**Member Firms**"), are collectively referred to herein as "**Dentons Member Firms**".  In support of the Application, the Debtor relies upon and incorporates by reference the declaration of Mark G. Califano (the "**Califano Declaration**"), attached hereto as **Exhibit B**, and the declaration of Peter Hsieh, the Debtor's General Counsel (the "**Hsieh Declaration**"), attached hereto as **Exhibit C**.

### Dentons US's Retention

6.        The Debtor seeks to retain Dentons US as special counsel to represent the Debtor in litigation and investigations in multiple fora (collectively, the "**Litigations**"), including (i) an enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd., et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.), filed by the Securities and Exchange Commission (the "**SEC Enforcement Action**") in the United States District Court for the Southern District of New York (the "**District Court**"), naming the Debtor and its co-founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, currently pending before the Honorable Jed Rakoff, (ii) ongoing grand jury, criminal and regulatory investigations, and prosecutions of former TFL employees and others in the United States and other jurisdictions, and (iii) a case entitled *Julian Moreno Beltran, et al. v. Terraform Labs pte Ltd., et al.*, Case No. HC/OC 247/2022, currently pending in the High Court of the Republic of Singapore (the "**Beltran Action**").

7.        As more fully described below, the Debtor seeks to retain Dentons US consistent with the terms of the Engagement Letter and this Application.

A.      **NECESSITY OF RETENTION**

8.      The Debtor has determined that the retention of Dentons US is necessary to represent and protect the Debtor in the Litigations, which will allow the Debtor to continue its software development business and sustain and grow value for all stakeholders after a successful outcome.

9.      Dentons' global footprint, Dentons US's substantial complex litigation and white collar criminal defense experience, and Dentons US's expertise in securities litigation and multijurisdictional matters makes Dentons US well suited to represent the Debtor in the Litigations.  Dentons is the world's largest global law firm with more than 160 offices in more than 80 countries.  Dentons US is well known for its (i) litigation expertise in complex cases; (ii) deep experience in representing clients across numerous industries and jurisdictions in high-stakes disputes, including securities litigations, criminal investigations and enforcement actions by the Department of Justice, the SEC, the Financial Industry Regulatory Authority and other federal, state, and non-US regulators; (iii) handling sophisticated, complex disputes for issuers facing securities litigation regarding market and asset price fluctuations; (iv)  representation of clients in internal investigations conducted by clients and their boards of directors, mergers and acquisitions litigation, and corporate control disputes; and (v) enforcing and defending rights under complex financial structures and contracts, representation of insurance and financial services company clients, investment banks, broker-dealers and other financial industry participants, investment advisory, and mutual fund companies.  Dentons US has provided legal counsel in a significant number of cases, including the noteworthy cases listed on **Exhibit D**.

10.      Given Dentons' global footprint, Dentons US's expertise, and Dentons US's prepetition representation of the Debtor, the Debtor seeks to retain Dentons US postpetition

because of Dentons US's trusted representative relationship with the Debtor, extensive knowledge of the Debtor's business and financial affairs and work on the Litigations, general experience and knowledge, and its recognized expertise and excellent reputation in matters involving litigation and securities disputes.

**B.    SCOPE OF SERVICES**

11.    Subject to further order of this Court, the Debtor anticipates that Dentons US will:

(a)    Represent and advise the Debtor in the Litigations;

(b)    Manage and support the Debtor's Litigations;

(c)    Provide necessary background knowledge of and information regarding the Debtor's structure and operations to the Debtor's bankruptcy counsel, as necessary;

(d)    Provide advice regarding matters related to product counseling, privacy and cybersecurity counseling, and employment law; and

(e)    Perform such other legal services in connection with this chapter 11 case as may be reasonably required and consistent with Dentons US's role as special counsel.

12.    Consistent with the Engagement Letter, and as further set forth in the Califano Declaration, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons. *See* ¶¶ 3 and 5 of the Terms of Business annexed to the Engagement Letter. Dentons US will provide invoices covering its work and the work of any other Dentons member firm, and all invoices will be subject to review, objection, and approval consistent with applicable provisions of the Bankruptcy Code. Bankruptcy courts have authorized retention of Dentons US together with its Member Firms in many bankruptcy cases, including *In re Curitec, LLC*, Case No. 23-90108 (Bankr. S.D. Tex.); *In re First Guarantee Mortgage Corporation*, Case No. 22-10584 (Bankr. D. Del.); *In re Fairport Baptist*

*Homes*, Case No. 22-20220 (Bankr. W.D.N.Y.); *In re Alto Maipo Delaware LLC*, Case No. 21-11507 (Bankr. D. Del.); *In re Bear Communications*, Case No. 21-10495-11 (Bankr. D. Kan.); and *In re Community Eco Power LLC*, Case No. 21-30234 (Bankr. D. Mass.).

13. The Debtor does not believe that the services to be rendered by Dentons US will be duplicative of the services performed by any other counsel or professionals, and Dentons US will work together with the other counsel or professionals retained by the Debtor to minimize and avoid duplication of services. The Debtor believes that Dentons US's employment is in the best interests of the Debtor, its estate, and its creditors.

**C.    COMPENSATION FOR SERVICES**

14. The Debtor understands that Dentons US intends to seek compensation for professional services rendered in connection with the Debtor's chapter 11 case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Office of the United States Trustee (the "**U.S. Trustee**"), and the orders of the Court. The Debtor also understands that Dentons US intends to seek reimbursement of actual, necessary expenses that Dentons US incurs.

15. Dentons US has proposed to charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates that are in effect on the date the services are rendered. The names, positions, and current hourly rates of the Dentons US lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are set forth in the Califano Declaration. The hourly rates charged by the Dentons US professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

16.     Dentons US will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  Dentons US has agreed to accept as compensation such sums as may be allowed by the Court.  Dentons US understands that fee awards are subject to approval by the Court.

17.     Dentons US agrees to charge, subject to this Court's review and approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Local Rules, Dentons US's hourly rates, which are adjusted from time to time, and currently range as follows:

| Classification | Dentons US Standard Rate (USD) | |
| --- | --- | --- |
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

18.     The Debtor is informed that Dentons US sets its hourly rates on an annual basis.  These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions.  Dentons US will provide ten (10) business days' notice of any rate increases to the Debtor, U.S. Trustee, and any official committee appointed in this case.

19.     As noted in the Califano Declaration, Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

20. Additionally, pursuant to the terms of the Engagement Letter, Dentons US: (a) involves other lawyers and professionals from its Member Firms to assist, as necessary, in providing legal advice and representation to the Debtor and its present and former employees; and (b) retains other law firms and third-party vendors (collectively, the "**Vendors**", and together with Member Firms, the "**Contractors**") on behalf of the Debtor. Pursuant to this arrangement, invoices for legal fees and costs are submitted to Dentons US by the Contractors for payment on behalf of the Debtor. The list of Contractors that will submit invoices postpetition to Dentons US is attached to the Proposed Order as **<u>Schedule 1</u>**. Dentons US will pay the foregoing invoices, plus invoices from Dentons US, from funds in the Advance Payment Retainer (as defined below).

21. Given the prepetition practice and imminent trial in the SEC Enforcement Action and other activities in the Litigations, subject to Court approval, Dentons US will apply the Advance Payment Retainer (as defined below) to pay all outstanding prepetition invoices related to the Litigations, including invoices of the Contractors listed on **Schedule 1** attached to the Proposed Order. Absent the foregoing relief, the Debtor will suffer immediate and irreparable harm, including the ability to successfully defend itself in the Litigations.

**D. PREPETITION COMPENSATION & PAYMENTS**

22. Prior to the Petition Date, the Debtor made a number of transfers of cryptocurrency to Dentons US, which upon receipt, in accordance with the terms of the Engagement Letter, were converted to fiat currency (USD)[3] and held in a Dentons US savings account as an advance payment retainer (collectively, the "**Advance Payment Retainer**"). Dentons US made payments from the Advance Payment Retainer for legal fees and costs

---

[3] Upon receipt of crypto currency, Dentons US initiates a fiat conversion process, which requires Dentons US to enlist a third-party fiat conversion service provider.

expended by Dentons US and the Contractors on behalf of the Debtor.  The prepetition funds received and payments made are described below in paragraph 24.

23.     On the Petition Date:  (a) the opening balance in the Advance Payment Retainer totaled $62,954,002.44; and (b) Dentons US held $7,742,492.37, separately in its operating account to pay outstanding costs to the Contractors.  As to the latter, given the chapter 11 filing, Dentons did not pay the outstanding costs and instead transferred these amounts to the Advance Payment Retainer.  No cryptocurrency or fiat currency was transferred from the Debtor to Dentons US on or after the Petition Date.

24.     Postpetition:

- On January 22, 2024, Dentons US transferred $5,830,906.91 to the Advance Payment Retainer from its operating account;
- On January 22 and 23, 2024, Dentons US received the total amount of $9,317,030.64 and transferred it to the Advance Payment Retainer; however, both the digital currency transfer and conversion to fiat occurred prepetition on January 19, 2024.
- On January 26, 2024, Dentons US moved $1,911,585.46 to the Advance Payment Retainer from its operating account.
- On January 30, 2024, Dentons US received in its operating account the amount of $323,835.87 from the bank, which amount related to a prepetition payment to Debtor's bankruptcy counsel that the bank rejected postpetition because the amount was sent via ACH rather than by wire.  Dentons US then transferred to the foregoing amount to the Advance Payment Retainer.
- On February 13, 2024, the opening balance in the Advance Payment Retainer totaled $80,608,842.44, which includes interest earned.

25.     Below is a description of funds received prepetition, fees and costs incurred prepetition, payments made by Dentons US on account of those fees and costs, and outstanding prepetition invoices:

- Within one (1) year prior to the Petition Date:

  o Dentons US received $165,996,818.87 (total cash including retainers);
  o Dentons US billed $86,143,605.29 in connection with prepetition fees and costs for representation of the Debtor (the "**Prepetition Invoices**");
  o On account of the Prepetition Invoices, Dentons US made the following payments:
    - $37,817,271.62 to Dentons US;
    - $989,320.03 to Member Firms; and
    - $47,337,013.64 to Vendors on behalf of the Debtor.

- o On the Petition Date, there were unpaid invoices in the approximate amount of $2,235,517.65.  The foregoing amount reflects the known unpaid invoices, but Dentons US continues to receive invoices from the prepetition period.
- Within ninety (90) days prior to the Petition Date:

  - o Dentons US received $121,973,086.03 (total cash including retainers);
  - o Dentons US billed $43,153,676.68 in connection the Prepetition Invoices;
  - o On account of the Prepetition Invoices, Dentons US made the following payments:
    - ▪ $11,204,224.00 to Dentons US;
    - ▪ $306,030.99 to Member Firms; and
    - ▪ $31,643,421.69 to Vendors on behalf of the Debtor.

26.    A detailed schedule of payments made in the ninety (90) days prior to the Petition Date is provided in **Exhibit E** attached hereto.

27.    The Debtor has been advised that Dentons has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with this chapter 11 case in accordance with section 504(a) of the Bankruptcy Code.

## E.    NO ADVERSE INTEREST

28.    To the best of the Debtor's knowledge, information, and belief, and except to the extent otherwise indicated in the Califano Declaration, and as required by section 327(e) of the Bankruptcy Code, neither Dentons nor any of Dentons' partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or its creditors with respect to the matters on which Dentons US is to be employed.

29.    Prepetition, Dentons represented:  (i) Kwon Do Hyeong and Luna Foundation Guard Ltd. ("**LFG**") in the Beltran Action; (ii) Kwon Do Hyeong in the SEC Enforcement Action; (iii) Kwon Do Hyeong in a grand jury investigation; and (iv) the Debtor and LFG in a grand jury investigation.  Dentons is in the process of withdrawing from representing Kwon Do Hyeong and LFG in the Beltran Action, and has withdrawn from representing Kwon Do Hyeong in the SEC Enforcement Action.  Dentons will continue to

represent TFL and LFG in the grand jury investigation.  Dentons has agreed with the Debtor to not represent any other creditors or parties in interest in this chapter 11 case.

30.     Additionally, Dentons has informed the Debtor that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed pursuant to this Application.

31.     While Dentons has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Dentons, through its continuing efforts or as this chapter 11 case progresses, learn of any new connections of the nature described above, Dentons US will so advise the Court.

32.     Dentons and certain of its partners, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtor in connection with matters unrelated to the Debtor and this chapter 11 case.

33.     Based on its extensive experience, Dentons US is well-qualified to represent the Debtor in an efficient and expert manner, and for all of the reasons stated herein, in the Califano Declaration, and in the Hsieh Declaration, the Debtor submits that the retention and employment of Dentons US as special counsel in accordance with the terms and conditions of the Engagement Letter is in the best interests of the Debtor, its estate, and its creditors, and is necessary to the successful prosecution of this chapter 11 case.  Accordingly, the Court should approve this Application.

**Basis For Relief**

34.     The Debtor seeks to employ Dentons US under section 327(e) of the
Bankruptcy Code, which provides:

> The [debtor], with the court's approval, may employ, for a
> specified special purpose, other than to represent the [debtor] in
> conducting the case, an attorney that has represented the debtor, if
> in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate
> with respect to the matter on which such attorney is to be
> employed.

11 U.S.C. § 327(e).

35.     Retention of an attorney under section 327(e) of the Bankruptcy Code
does not require the same inquiry required for a debtor to retain general bankruptcy counsel
under section 327(a) of the Bankruptcy Code.  Instead, to approve the appointment of special
counsel under section 327(e) of the Bankruptcy Code, the Bankruptcy Court is required to find
that:  "(1) the representation is in the best interest of the estate, (2) the attorney represented the
debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to
represent the debtor in conducting the case, [and] (4) the attorney does not represent or hold an
interest adverse to the debtor or the debtor's estate" with respect to the matter on which the
attorney is to be employed.  *Stapleton v. Woodworkers Warehouse, Inc.* (*In re Woodworkers
Warehouse, Inc.*), 323 B.R. 403, 406 (D. Del. 2005); *In re Mallinckrodt PLC*, Case No. 20-
12522-JTD, 2022 WL 906462, at *2 (D. Del. Mar. 28, 2022).

36.     Claims against the estate for unpaid prepetition professional fees does not
amount to an "interest adverse to the debtor or to the estate with respect to the matter on which
such attorney is to be employed" for purposes of section 327(e) of the Bankruptcy Code .  *See In
re Mallinckrodt PLC*, at *6.  Prepetition payments also "are not relevant to whether special
counsel has a qualifying adverse interest 'with respect to the matter on which such attorney is to

be employed' for section 327(e) of the Bankruptcy Code purposes.  Indeed, prepetition claims or payments are expected for special counsel, as one statutory requirement is that counsel have previously represented the debtor." *Id.* (internal citations omitted).

37.    Dentons US meets each of the section 327(e) criteria identified above. First, for all the reasons discussed in this Application, Dentons US's retention will protect the Debtor's estate and preserve value for the benefit of the Debtor's creditors.  Second, Dentons US represented the Debtor prepetition.  Third, in this Application, the Debtor has outlined the specific purpose for which it is retaining Dentons US.  Fourth, as stated in the Califano Declaration, Dentons does not hold an interest adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed.

38.    Additionally, Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. . . .

Fed. R. Bankr. P. 2014.  The Debtor respectfully submits that this Application satisfies these requirements.

39.    Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file a "supporting affidavit or verified statement of the professional person and a proposed order for approval."  Local Rule 2016-1 requires disclosure of compensation paid or agreed to be paid in connection with the chapter 11 case.  The Califano Declaration and the disclosures therein and the Proposed Order satisfy these requirements.

40. Pursuant to section 327(e) of the Bankruptcy Code, the Debtor requests that the Court approve its retention of Dentons US as its special counsel to perform the legal services described herein in accordance with Dentons US's standard hourly rates and disbursement policies.

## Retention Effective as of the Petition Date

41. Given the circumstances of this chapter 11 case, the Debtor respectfully requests that the employment of Dentons US be authorized effective as of the Petition Date.

42. As described in the First Day Declaration, this chapter 11 case was filed on an expedited basis. Following the Petition Date, Dentons committed substantial resources towards continuing to represent the Debtor in the Litigations and provide support to the Debtor in transitioning into chapter 11, as needed.

43. Accordingly, for the reasons set forth above, the Debtor believes that approval of the retention and employment of Dentons US effective as of the Petition Date is in the best interest of the Debtor and its estate.

## Bankruptcy Rule 5002

44. As set forth in the Califano Declaration, no partner, associate, paraprofessional, or other employee of Dentons is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to this chapter 11 case, or any other employee of the U.S. Trustee. Accordingly, the employment of Dentons US is not prohibited by Bankruptcy Rule 5002.

### Notice

45.     Notice of this Application will be provided to:  (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor respectfully submits that no further notice is required.

### No Prior Request

46.     No previous request for the relief sought in this Application has been made to this Court or any other court.

[*Remainder Of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (i) granting this Application; (ii) authorizing the Debtor to retain and employ Dentons US as its special counsel effective as of the Petition Date; and (iii) granting such other and further relief as may be just and proper.

Dated:   February 13, 2024
Walnut Creek, California

Respectfully submitted,

By:   */s/ Chris Amani*
Chris Amani
Head of Company Operations

on behalf of Terraform Labs Pte. Ltd.