<u>**Exhibit B**</u>

**(Califano Declaration)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                        :
In re                                   :        Chapter 11
                                        :
TERRAFORM LABS PTE. LTD.                :        Case No. 24–10070 (BLS)
                                        :
            Debtor.                     :
                                        :
-------------------------------------------------------- x
```

<u>**DECLARATION OF MARK G. CALIFANO IN SUPPORT OF APPLICATION OF
DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR
AND DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**</u>

I, Mark G. Califano, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury:

1.      I am a partner in the law firm of Dentons US LLP ("**Dentons US**"),

located at 1900 K Street, NW Washington, D.C., 20006, and have been duly admitted to practice

law in the State of New York and in the District of Columbia, as well as in the United States

District Courts for the Southern District of New York New, the United States Court of Appeals

for the Second Circuit, and the Supreme Court of the United States.  Dentons US is a member of

the US Region of Dentons Group (a Swiss Verein) ("**Dentons**").  Dentons US and other

members of Dentons, including within the United States ("**Member Firms**"), are collectively

referred to herein as "**Dentons Member Firms**."

2.      I submit this declaration (the "**Declaration**") in connection with the

application (the "**Application**")[1] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in

---

[1] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to
them in the Application.

the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**"), pursuant to section 327(e) of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order authorizing the retention and employment of Dentons US as special counsel to the Debtor effective as of the Petition Date.

3.      The Debtor has determined, and I believe, that it is necessary to retain Dentons US as special counsel to represent the Debtor in prepetition litigation and investigations in multiple fora (collectively, the "**Litigations**"), including (i) an enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd.*, *et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.), filed by the Securities and Exchange Commission (the "**SEC Enforcement Action**") in the United States District Court for the Southern District of New York (the "**District Court**"), naming the Debtor and its co-founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, currently pending before the Honorable Jed Rakoff, (ii) ongoing grand jury, criminal and regulatory investigations, and prosecutions of former TFL employees and others in the United States and other jurisdictions, and (iii) a case entitled *Julian Moreno Beltran, et al. v. Terraform Labs pte Ltd., et al.*, Case No. HC/OC 247/2022, currently pending in the High Court of the Republic of Singapore (the "**Beltran Action**").

4.      Given Dentons' global footprint, Dentons US's substantial complex litigation and white collar criminal defense experience, and Dentons US's expertise in securities litigation and multijurisdictional matters, and Dentons US's prepetition representation of the Debtor, the Debtor seeks to retain Dentons US postpetition because of Dentons US's trusted

representative relationship with the Debtor, extensive knowledge of the Debtor's business and financial affairs and work on the Litigations, general experience and knowledge, and its recognized expertise and excellent reputation in matters involving litigation and securities disputes.

5.      Subject to further order of this Court, Dentons US will:

(f)     Represent and advise the Debtor in the Litigations;

(g)     Manage and support the Litigations;

(h)     Provide necessary background knowledge of and information regarding the Debtor's structure and operations to the Debtor's bankruptcy counsel, as necessary;

(i)     Provide advice regarding matters related to product counseling, privacy and cybersecurity counseling, and employment law; and

(j)     Perform such other legal services in connection with this chapter 11 case as may be reasonably required and consistent with Dentons US's role as special counsel.

6.      Consistent with the Engagement Letter, Dentons US will provide the foregoing services, and, as needed, may involve other lawyers and professionals from Dentons. *See* ¶¶ 3 and 5 of the Terms of Business annexed to the Engagement Letter.  Under standard engagement terms, clients that initially engage attorneys in one member of Dentons (such as Dentons US) agree that lawyers and professionals from its Member Firms of Dentons may be involved to provide services as needed or appropriate without the need for any separate or additional engagement letter.  Dentons US anticipates the following Member Firms may provide services postpetition, as they did prepetition:  Dentons (BVI) Corp.; Dentons Australia Limited; Dentons Cohen & Grigsby, PC; Dentons Europe AARPI (France, Germany); Dentons Bingham Greenbaum LLP; Dentons Ireland LLP; Dentons Kensington Swan; Dentons Lee (South Korea);

Dentons Mauritius LLP (Mauritius); and Dinner Martin Attorneys T/A Dentons (Cayman Islands).

7.      Dentons US will provide invoices covering its work and the work of any other Dentons member firm, and all invoices will be subject to review, objection, and approval consistent with applicable provisions of the Bankruptcy Code.

8.      The services to be rendered by Dentons US will not be duplicative of the services performed by any other counsel or professionals, and Dentons US will work together with the other counsel or professionals retained by the Debtor to minimize and avoid duplication of services.

9.      I believe that Dentons US's employment is in the best interests of the Debtor, its estate, and its creditors.  Subject to this Court's approval of the Application, Dentons US is willing to serve as the Debtor's special counsel and to perform the services described above.

10.     Dentons US intends to seek compensation for professional services rendered and reimbursement of actual, necessary expenses that Dentons US incurs in connection with the Debtor's chapter 11 case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines established by the Office of the United States Trustee (the "**U.S. Trustee**"), and orders of the Court.

11.     Dentons US has proposed to charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates that are in effect on the date the services are rendered.  The names, positions, and current hourly rates of the Dentons US lawyers

and paraprofessionals currently expected to have primary responsibility for providing services to

the Debtor are set forth as follows:[2]

| Timekeeper | Rate | Position | Department |
|---|---|---|---|
| Douglas W. Henkin | $2,295.00 | Partner | Commercial Litigation |
| David Kornblau | $1,980.00 | Partner | Commercial Litigation |
| Mark G. Califano | $1,725.00 | Partner | Commercial Litigation |
| Allison Jetton | $1,630.00 | Partner | Venture Technology |
| Amianna Stovall | $1,485.00 | Partner | Commercial Litigation |
| Louis A. Pellegrino | $1,485.00 | Partner | Commercial Litigation |
| Justine N. Margolis | $1,400.00 | Partner | Commercial Litigation |
| Samuel R. Maizel | $1,385.00 | Partner | Restructuring, Insolvency & Bankruptcy Litigation |
| Melissa Gomez Nelson | $1,290.00 | Partner | Commercial Litigation |
| Matthew A. Lafferman | $1,235.00 | Partner | Commercial Litigation |
| Tania M. Moyron | $1,210.00 | Partner | Restructuring, Insolvency & Bankruptcy Litigation |
| Angelina M. Guidos-Whitfield | $1,245.00 | Sr. Managing Associate | Federal Regulatory/Compliance |
| Sarah M. Schrag | $1,185.00 | Sr. Managing Associate | Restructuring, Insolvency & Bankruptcy Litigation |
| Dorothy J. Daboval | $1,020.00 | Sr. Managing Associate | Commercial Litigation |
| Charles M. Farrell | $985.00 | Managing Associate | Commercial Litigation |
| Samuel J. Weiner | $985.00 | Managing Associate | Commercial Litigation |
| Anthony Pascua | $925.00 | Managing Associate | Venture Technology |
| Brett Dorman | $895.00 | Managing Associate | Venture Technology |
| Ashley Jaros | $595.00 | Managing Associate | Commercial Litigation |
| Elizabeth R. Martin | $595.00 | Managing Associate | Commercial Litigation |
| Megan M. Carroll | $575.00 | Managing Associate | Commercial Litigation |
| Meagan A. Edmonds | $855.00 | Associate | Commercial Litigation |
| Katherine Mary R Daw | $855.00 | Associate | Federal Regulatory/Compliance |
| Joel Aschbrenner | $855.00 | Associate | Corporate, Tax, Private Client |
| Alyssa Landow | $840.00 | Associate | Commercial Litigation |
| Antony Lam | $815.00 | Associate | Corporate, Tax, Private Client |
| Melanie Dellplain | $805.00 | Associate | Commercial Litigation |

---

[2] However, it may be necessary for other professionals employed by Dentons US to provide services to the Debtor.

| Jonathan Hong | $785.00 | Law Clerk | Commercial Litigation |
|---|---|---|---|
| Sally Kang | $685.00 | Associate | Venture Technology |
| Jeffrey M. Hanson | $610.00 | Senior Paralegal | Commercial Litigation |
| Nancy L. Gerwel | $485.00 | Senior Paralegal | Commercial Litigation |
| Awendela E. Armstrong | $535.00 | Senior Paralegal | Federal Regulatory/Compliance |
| Adriana Grabowski | $430.00 | Senior Paralegal | Commercial Litigation |
| George Medina | $515.00 | Senior Paralegal | Restructuring, Insolvency & Bankruptcy Litigation |
| Sarah Gonzalez | $600.00 | Paralegal | Commercial Litigation |
| Iris Ortiz | $430.00 | Paralegal | Restructuring, Insolvency & Bankruptcy Litigation |

The hourly rates charged by the Dentons US professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

12.     Dentons US will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above.  Dentons US has agreed to accept as compensation such sums as may be allowed by the Court.  Dentons US understands that fee awards are subject to approval by the Court.

13.     Dentons US agrees to charge, subject to this Court's review and approval under sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and the Local Rules, Dentons US's hourly rates, which are adjusted from time to time, and currently range as follows:

| Classification | Dentons US Standard Rate (USD) | |
|---|---|---|
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $620 | $2,295 |
| Associates | $430 | $1,280 |
| Professionals/Paralegals | $240 | $650 |

14. Dentons US sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions. Dentons US will provide ten (10) business days' notice of any rate increases to the Debtor, U.S. Trustee, and any official committee appointed in this case.

15. Dentons US's rate structure is appropriate and commensurate with the rates that Dentons US charges for other representations and the rates that other comparable counsel would charge to perform substantially similar services.

16. Additionally, pursuant to the terms of the Engagement Letter, Dentons US: (a) involves lawyers and professionals from its Member Firms, to assist, as necessary, in providing legal advice and representation to the Debtor and its present and former employees; and (b) retains other law firms and third-party vendors (collectively, the "**Vendors**", and together with Member Firms, the "**Contractors**") on behalf of the Debtor. Pursuant to this arrangement, invoices for legal fees and costs are submitted to Dentons US by the Contractors for payment on behalf of the Debtor. The list of Contractors that will submit invoices postpetition to Dentons US is attached to the Proposed Order as **Schedule 1**. Dentons US will pay the foregoing invoices from funds in the Advance Payment Retainer (as defined below).

17. Given the prepetition practice and imminent trial in the SEC Enforcement Action and other activities in the Litigations, Dentons US will apply the Advance Payment Retainer (as defined below) to pay all outstanding prepetition invoices related to the Litigations, including invoices of the Contractors listed on **Schedule 1** attached to the Proposed Order. Absent the foregoing relief, I believe the Debtor will suffer immediate and irreparable harm, including the ability to successfully defend itself in the Litigations.

18.    Prior to the Petition Date, the Debtor made a number of transfers of cryptocurrency to Dentons US, which upon receipt, in accordance with the terms of the Engagement Letter, were converted to fiat currency (USD)[3] and held in a Dentons US savings account as an advance payment retainer (collectively, the "**Advance Payment Retainer**"). Dentons US made payments from the Advance Payment Retainer for legal fees and costs expended by Dentons US and Contractors on behalf of the Debtor.  The prepetition funds received and payments made are described below in paragraph 20.

19.    On the Petition Date:  (a) the opening balance in the Advance Payment Retainer totaled $62,954,002.44; and (b) Dentons US held $7,742,492.37 in its operating account to pay outstanding costs to Contractors.  As to the latter, given the chapter 11 filing, Dentons did not pay the outstanding costs and instead transferred these amounts to the Advance Payment Retainer.  No cryptocurrency or fiat currency was transferred from the Debtor to Dentons US on or after the Petition Date.

20.    Postpetition:

- On January 22, 2024, Dentons US transferred $5,830,906.91 to the Advance Payment Retainer from its operating account;
- On January 22 and 23, 2024, Dentons US received the total amount of $9,317,030.64 and transferred it to the Advance Payment Retainer; however, both the digital currency transfer and conversion to fiat occurred prepetition on January 19, 2024.
- On January 26, 2024, Dentons US moved $1,911,585.46 to the Advance Payment Retainer from its operating account.
- On January 30, 2024, Dentons US received in its operating account the amount of $323,835.87 from the bank, which amount related to a prepetition payment to Debtor's bankruptcy counsel that the bank rejected postpetition because the amount was sent via ACH rather than by wire.  Dentons US then transferred to the foregoing amount to the Advance Payment Retainer.
- On February 13, 2024, the opening balance in the Advance Payment Retainer totaled $80,608,842.44, which includes interest earned.

---

[3] Upon receipt of crypto currency, Dentons US initiates a fiat conversion process, which requires Dentons US to enlist a third-party fiat conversion service provider.

21.     Below is a description of funds received prepetition, fees and costs incurred prepetition, payments made by Dentons US on account of those fees and costs, and outstanding prepetition invoices:

- Within one (1) year prior to the Petition Date:

  - Dentons US received $165,996,818.87 (total cash including retainers);
  - Dentons US billed $86,143,605.29 in connection with prepetition fees and costs for representation of the Debtor (the "**Prepetition Invoices**");
  - On account of the Prepetition Invoices, Dentons US made the following payments:
    - $37,817,271.62 to Dentons US;
    - $989,320.03 to Member Firms; and
    - $47,337,013.64 to Vendors on behalf of the Debtor.
  - On the Petition Date, there were unpaid invoices in the approximate amount of $2,235,517.65.  The foregoing amount reflects the known unpaid invoices, but Dentons US continues to receive invoices from the prepetition period.

- Within ninety (90) days prior to the Petition Date:

  - Dentons US received $121,973,086.03 (total cash including retainers);
  - Dentons US billed $43,153,676.68 in connection the Prepetition Invoices;
  - On account of the Prepetition Invoices, Dentons US made the following payments:
    - $11,204,224.00 to Dentons US;
    - $306,030.99 to Member Firms; and
    - $31,643,421.69 to Vendors on behalf of the Debtor.

22.     A detailed schedule of payments made in the ninety (90) days prior to the Petition Date is provided in **Exhibit E** to the Application.

23.     Dentons has agreed not to share with any other person or firm the compensation to be paid for professional services rendered in connection with this chapter 11 case in accordance with section 504(a) of the Bankruptcy Code.

24.     Except to the extent otherwise indicated herein, and as required by section 327(e) of the Bankruptcy Code, neither Dentons nor any of Dentons' partners, counsel, or associates hold or represent any interest adverse to the Debtor's estate or its creditors with respect to the matters on which Dentons US is to be employed.

25.     Our conflicts group at Dentons has undertaken an extensive review of its conflicts global database of existing and former clients to determine whether it had or has any connections with the parties in interest in this chapter 11 case.  Attached hereto as **Schedule 1** is a list of the parties in interest in the chapter 11 case which was prepared by the Debtor (the "**Parties in Interest List**"), which Dentons has run through its conflicts database for the purpose of making these disclosures.  Based on this review, I am disclosing connections in unrelated matters (the "**Connections List**"), which are set forth as **Schedule 2** attached hereto.  I do not believe that Dentons has a representation that would prevent Dentons US from representing the Debtor in this chapter 11 case.

26.     Dentons maintains and systematically updates this system in the regular course of business of Dentons, and it is the regular practice of Dentons to make and maintain these records.  The conflict check system maintained by Dentons is designed to include: (i) every matter for which Dentons is now or has been engaged; (ii) the entity by which Dentons is now or has been engaged; (iii) the identity of known related parties; (iv) the identity of known adverse parties; and (v) the attorney in Dentons that is knowledgeable about the matter.  It is the policy of Dentons that no new matter may be accepted or opened within Dentons without completing and submitting to those charged with maintaining the conflict check system adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by Dentons.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.  Any matches between Dentons' conflict check system and the Parties in Interest List were identified on **Schedule 2** (*i.e.*, the Connections List).

27.    Dentons does not, and has not, represented any entities, other than the Debtor, in matters related to this chapter 11 case.  Dentons has agreed with the Debtor not to represent any such creditors or parties in interest in this chapter 11 case.

28.    Dentons:  (a) is not an equity security holder or insider of the debtor; (b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have any interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

29.    Additionally, Dentons has informed the Debtor that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtor or its estate with respect to the matters on which Dentons US is to be employed pursuant to this Application.

30.    While Dentons has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should Dentons, through its continuing efforts or as this chapter 11 case progresses, learn of any new connections of the nature described above, Dentons US will so advise the Court.

31.    Dentons and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtor in connection with matters unrelated to the Debtor and this chapter 11 case.

32.    Prepetition, Dentons represented:  (i) Kwon Do Hyeong and Luna Foundation Guard Ltd. ("**LFG**") in the Beltran Action; (ii) Kwon Do Hyeong in the SEC

Enforcement Action; (iii) Kwon Do Hyeong in a grand jury investigation; and (iv) the Debtor and LFG in a grand jury investigation. Dentons is in the process of withdrawing from representing Kwon Do Hyeong and LFG in the Beltran Action; and has withdrawn from representing Kwon Do Hyeong in the SEC Enforcement Action. Dentons will continue to represent TFL and LFG in the grand jury investigation. Dentons has agreed with the Debtor to not represent any other creditors or parties in interest in this chapter 11 case.

33. Pursuant to Part D1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases*, Dentons US hereby provides the following responses:

| Questions Required by Part D1 of Fee Guidelines | Answer | Further Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | N/A |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the twelve months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Dentons represented the client during the twelve-month period prepetition. The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based subject to economic adjustment. The billing rates and material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. The standard hourly rates of Dentons are subject to periodic adjustment | None. |

| | in accordance with the Firm's practice. | |
|---|---|---|
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtor and Dentons expect that it may be necessary to develop a prospective budget plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of this large chapter 11 case, there may be unforeseeable fees and expenses that will need to be addressed by the Debtor and Dentons. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

34.    For all of the reasons stated herein, I believe that the retention and employment of Dentons US as special counsel is in the best interests of its estate and is necessary to the successful prosecution of this chapter 11 case.  Based on its extensive experience, Dentons US is well-qualified to represent the Debtor in an efficient and expert manner.

35.    Accordingly, for the reasons set forth herein, the Debtor and I believe that approval of the retention and employment of Dentons US effective as of the Petition Date is in the best interest of the Debtor and its estate.

36.    To the best of my knowledge, information and belief, no partner, associate, paraprofessional, or other employee of Dentons is a relative of, or has been so connected with, any United States Bankruptcy Judge for the District of Delaware, any of the District Court Judges for the District of Delaware who handle bankruptcy cases, the United States Trustee for Region 3, the Assistant United States Trustee for the District of Delaware, the attorneys for the U.S. Trustee assigned to this chapter 11 case, or any other employee of the U.S. Trustee.  Accordingly, the appointment of Dentons US is not prohibited by Bankruptcy Rule 5002.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 13, 2024
Washington, D.C.

*/s/ Mark G. Califano*
Mark G. Califano
Dentons US LLP

## Schedule 1

**(Parties in Interest List)**

- **<u>TERRAFORM LABS PTE. LTD. PARTIES IN INTEREST</u>**

**<u>Debtor</u>**
Terraform Labs Pte. Ltd.

**<u>Significant Shareholders (more than 5% of equity)</u>**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**<u>Bankruptcy Professionals</u>**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**<u>Banks/Lender/UCC Lien Parties/Administrative Agents</u>**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**<u>Contract Counterparties</u>**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata

Binance Capital Management Co., Ltd
Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**<ins>Directors And Officers</ins>**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.

EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**<u>Vendors</u>**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah

Tower Legal Solutions
VSP Vision

**Investments**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**United States Trustee and Staff for the District of Delaware**
Attix, Laruen
Bu, Fang
Casey, Linda

Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**<u>Bankruptcy Judges and Staff for the District of Delaware</u>**
Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al

Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**<u>Clerk of the Court</u>**
O'Boyle, Una

## Schedule 2

**(Connections List)**

| Party Name |
| --- |
| ADOBE INC. |
| AIG ASIA PACIFIC INSURANCE PTE. LTD. |
| AIR CHARTER SERVICE |
| ALPHA CONSULTING |
| ALVAREZ AND MARSAL |
| AMAZON WEB SERVICES KOREA LLC. |
| AMAZON WEB SERVICES SINGAPORE PTE LTD |
| BENESCH FRIEDLANDER |
| BFXWW INC AKA BITFINEX |
| CENTRAL PROVIDENT FUND BOARD (CPF) |
| CERTIK, LLC |
| CIMB BANK |
| CLIFFORD CHANCE |
| CLOUDFLARE, INC. |
| COLLAS CRILL |
| CORNERSTONE RESEARCH |
| DBS BANK |
| DDC ADVOCACY LLC D/B/A DDC PUBLIC AFFAIRS AKA OMNICOMPRGROUP |
| DEEL, INC |
| DEFI LIMITED |
| DENTONS CAYMAN ISLANDS |
| DENTONS FRANKFURT |
| DENTONS LEE |
| DENTONS MAURITIUS |
| DENTONS PARIS |
| DENTONS RODYK & DAVIDSON LLP |
| DENTONS SEOUL |
| DOCUSIGN INC |

| |
|---|
| DREW & NAPIER LLC |
| ENTERPRISE MANAGEMENT PTE LTD |
| ESHARES, INC. DBA CARTA , INC. |
| GASSER PARTNER |
| GITHUB, INC. |
| GOOGLE ASIA PACIFIC PTE. LTD. |
| HASHICORP, INC. |
| HOF CAPITAL GROWTH OPPORTUNITY XX, LLC |
| J.S. HELD LLC |
| JONES LANG LASALLE PROPERTY CONSULTANTS PTE LTD |
| K&L GATES LLP |
| KIM & CHANG |
| KWON, DO HYEONG |
| LINCOLN FINANCIAL GROUP |
| LUNA FOUNDATION GUARD LTD. |
| MANULIFE FINANCIAL CORPORATION |
| MCGUIRE WOODS |
| MISHCON DE REYA LLP |
| MYREPUBLIC BROADBAND PTE LTD |
| OKCOIN TECHNOLOGY COMPANY LTD |
| OMNICOM GROUP INC. |
| PERSISTENCE TECHNOLOGIES (BVI) PTE LTD |
| PLATIAS, NIKOLAOS ALEXANDROS |
| QUINLAN PARTNERS |
| REED SMITH |
| SLACK TECHNOLOGIES LIMITED |
| STAZON TECHNOLOGIES LTD AKA STADER LABS |
| TERRAFORM LABS KOREA |
| TERRAFORM LABS LIMITED |

| TERRAFORM LABS PTE. LTD. |
| WESTERN ALLIANCE BANK |
| WONGPARTNERSHIP LLP |