IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Re: Docket No. 61
: 
------------------------------------------------------------ x

**MOTION OF DEBTOR TO SHORTEN NOTICE AND
OBJECTION PERIODS *SOLELY* WITH RESPECT TO THE
WINTERMUTE ORDER SOUGHT IN MOTION OF DEBTOR FOR
ENTRY OF ORDERS PURSUANT TO SECTIONS 363, 503(B), AND 105(A)
OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO PAY CERTAIN
AMOUNTS IN FURTHERANCE OF LITIGATION AND GRANTING RELATED RELIEF**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion to shorten (the "**Motion to Shorten**"):

**Background**

**A.    General Background**

1.    On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

2.    Additional information regarding the Debtor's business and operations and the circumstances leading to the commencement of this chapter 11 case is set forth in the

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

RLF1 30551130V.3

*Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

**B.    Specific Background**

3.    Concurrently herewith, the Debtor filed the *Motion of Debtor for Entry of Orders Pursuant to Sections 363, 503(b), and 105(a) of the Bankruptcy Code Authorizing Debtor to Pay Certain Amounts in Furtherance of Litigation and Granting Related Relief* (the "**Motion**"). Attached to the Motion as <u>**Exhibit B**</u> was the proposed *Order Pursuant to Bankruptcy Code Section 363 Authorizing Debtor to Pay (I) Wintermute Costs and (II) Granting Related Relief* (the "**Wintermute Order**"). For the avoidance of doubt, the Debtor seeks entry of an order granting this Motion to Shorten solely with respect to expedited consideration of the Wintermute Order. The hearing on the balance of the relief sought in the Motion is scheduled for March 5, 2024 at 2:00 p.m. (ET).

4.    Pursuant to the relief sought in the Motion with respect to the Wintermute Order, the Debtor seeks, among other things, authority to (i) pay £143,000 (approximately $180,000 as of the date hereof) to Wintermute Trading Limited ("**Wintermute**") for litigation costs awarded (the "**Wintermute Costs Award**"), and (ii) post security in an amount up to £892,407.50 (approximately $1,130,000 as of the date hereof) to the English High Court for Wintermute's costs of defending the Wintermute Letter of Request (the "**Wintermute Security for Costs**" and together with the Wintermute Costs Award, the "**Wintermute Costs**"), all as described more fully in the Motion.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration or the Motion (as defined herein), as applicable.

**Jurisdiction**

5.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7.      By this Motion to Shorten, pursuant to section 105(a) of the Bankruptcy Code, Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 9006-1(c), (d) and (e), the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), shortening the notice and objection periods in connection with the Motion so that (a) the hearing on consideration of the Wintermute Order sought in the Motion is scheduled for February 28, 2024 at 1:00 p.m. (ET) (the "**Hearing**"), (b) the deadline to file objections, if any, to the Motion is set for February 23, 2024 at 4:00 p.m. (ET) (the "**Objection Deadline**"), and (c) the deadline for the Debtor to file a reply or response to any objections is set for February 27, 2024 at 4:00 p.m. (ET).

**Basis for Relief**

8. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, ". . . all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Bankruptcy Rule 2002(a)(2) requires twenty-one (21) days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . ." Fed. R. Bankr. P. 2002(a)(2). Local Rule 9006-1(e) further provides in relevant part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) ("[T]he court for cause shown may in its discretion with or without motion or notice order the period reduced."). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." Del. Bank. L.R. 9006-1(c)(ii). Local Rule 9006-1(d) provides that absent leave of the Court "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Del. Bank. L.R. 9006-1(d).

9. Here, the relief sought in the Wintermute Order implicates section 363(b) of the Bankruptcy Code. Therefore, absent shortening the notice periods, Bankruptcy Rule 2002(a)(2) and Local Rule 9006-1(c)(ii) would require that the hearing and objection deadline with respect to such relief be no earlier than March 5, 2024 and February 27, 2024, respectively.

10. The Debtor submits that good cause exists to expedite consideration of the Motion with respect to the relief sought in the Wintermute Order. As is set forth in greater detail in the Motion, the Debtor believes the information it is seeking from Wintermute in the Wintermute

Letter of Request is valuable to its defense of the SEC Enforcement Action in the SEC Jury Trial, which is scheduled to commence on March 25, 2024.

11. The Debtor's United Kingdom counsel has advised that failure to pay the Wintermute Costs will likely cause the English High Court to dismiss the Debtor's litigation against Wintermute, resulting in the Debtor being unable to further pursue the Wintermute Letter of Request. This would negatively impact the Debtor's litigation position in the SEC Enforcement Action. Moreover, failure to pay the Wintermute Costs Award may cause the English High Court to impute higher penalties on the Debtor to the detriment of the Debtor's other creditors. Accordingly, it is necessary that the Debtor be authorized to pay the Wintermute Costs.

12. It is also equally important that the Debtor be authorized to pay the Wintermute Costs as soon as possible and, in all events, by no later than the Hearing. As is set forth in the Motion, at the February 16 Hearing before the English High Court, the English High Court is set to determine the Wintermute Security for Costs application and what amount the Debtor must pay in connection with such application. In that application, Wintermute has requested that the Debtor pay the Wintermute Security for Costs within five (5) days of such hearing (*i.e.*, February 21, 2024). The English High Court has also ruled that if the Wintermute Costs Award is not paid by February 23, 2024, the Wintermute Letter of Request will be stayed pending receipt of such payment.

13. Therefore, if the Wintermute Costs Award is not paid by February 23, 2024 and, pending the result of the February 16 Hearing, the Wintermute Security of Costs are not paid by February 21, 2024, the litigation against Wintermute may be stayed or, potentially, dismissed. Either result would prejudice the Debtor's defense in the SEC Enforcement Action. Once the Debtor pays the Wintermute Costs and the English High Court lifts the stay to allow the

Debtor's litigation against Wintermute to continue, that litigation will take a few weeks to conclude. If the Debtor waits until the March 5 hearing to obtain relief to make the payment, the continuation of the Wintermute litigation will be delayed further, and the Debtor risks not receiving the Wintermute discovery in advance of the March 25 start date for the trial on the SEC Enforcement Action. Accordingly, it is critical that the relief sought in the Wintermute Order be heard as soon as possible and, in all events, no later than the Hearing.[3]

14. In addition, in contrast to the prejudice that will result to the Debtor if the Motion to Shorten is denied, parties in interest will suffer minimal, if any, prejudice if the Motion to Shorten is granted. Initially, parties in interest will have ten (10) days to object to entry of the Wintermute Order, which is just four (4) days less than such parties would be entitled to under Local Rule 9006-1(c)(ii). Further, the Debtor's United Kingdom counsel believes it is more likely than not to prevail on the Wintermute Letter of Request, which means that the Wintermute Security for Costs would be returned to the Debtor *and* the Debtor would be able to receive costs from Wintermute. In other words, most or even all of the amounts authorized to be paid pursuant to the Wintermute Order may be returned to the Debtor.

15. Further, pursuant to Local Rule 9006-1(d), absent leave of the Court, the deadline to file and serve a reply to any objections to the relief sought in the Wintermute Order would be February 23, 2024 at 4:00 p.m. (ET), which is the proposed Objection Deadline. As such, the Debtor would be foreclosed from filing any reply. Accordingly, the Debtor requests that it be permitted to file and serve a reply to any objections by February 27, 2024 at 4:00 p.m. (ET).

---

[3] Prior to filing the Motion and this Motion to Shorten, the Debtor made inquiries to the Court's chambers regarding whether the Court would, subject to its review of the Motion and the Motion to Shorten, have availability to hear the relief sought in Wintermute Order either on February 21, 2024 or February 16, 2024. The Court's chambers informed the Debtor that the earliest possible hearing date on such relief was the Hearing.

16. For the reasons set forth above, the Debtor respectfully submits that considering entry of the Wintermute Order on shortened notice as set forth herein is reasonable and appropriate under the circumstances.

### Compliance with Local Rule 9006-1(e)

17. Prior to filing this Motion to Shorten, and pursuant to Local Rule 9006-1(e), counsel to the Debtor notified the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") of the relief requested herein. After discussing the Motion and the Motion to Shorten with the U.S. Trustee, the U.S. Trustee informed counsel to the Debtor that it would provide its position with respect to the Motion to Shorten at a later time. As of the filing of the Motion and this Motion to Shorten, the U.S. Trustee has not taken a position on the relief sought in the Motion to Shorten.

### Notice

18. Notice of this Motion to Shorten will be provided to the same parties that received service of the Motion. The Debtor respectfully submits that no further notice is required.

### No Previous Request

19. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 14, 2024
Wilmington, Delaware

Respectfully submitted,

/s/ *Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:  heath@rlf.com
    shapiro@rlf.com
    milana@rlf.com

 -and-

WEIL, GOTSHAL & MANGES LLP
Ronit Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email:  ronit.berkovich@weil.com
    jessica.liou@weil.com
    f.gavin.andrews@weil.com

*Proposed Attorneys for Debtor
and Debtor in Possession*