IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re                                           : Chapter 11
:
**TERRAFORM LABS PTE. LTD.,**                   : Case No. 24–10070 (BLS)
:
Debtor.[1]                                      : Obj. Deadline: Feb. 27, 2024 at 4:00 p.m. (ET)
                                                  Hr'g Date: Mar. 5, 2024 at 2:30 p.m. (ET)
:
------------------------------------------------------------ x

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (the "**Motion**"):

**Background**

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case (the "**Chapter 11 Case**").

2. Additional information regarding the Debtor's business and operations and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief*

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[Docket No. 18] (the "**First Day Declaration**"),[2] filed on the Petition Date and incorporated herein by reference.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of an order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2016-2, the Debtor requests entry of an order (i) establishing procedures for interim compensation and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file fee applications pursuant to sections 328, 330, and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2, and (ii) granting related relief. Specifically, the Debtor requests that the payment of fees and reimbursement of expenses

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

of Retained Professionals (as defined below) be structured in accordance with the Interim Compensation Procedures (as defined below).

6.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Retention of Professionals

7.  Given the size and complex nature of this Chapter 11 Case, the Debtor requires the assistance of various professionals to manage this case efficiently. Accordingly, the Debtor has filed, or intends to file, separate applications with the Court to employ and retain a number of professionals, including, without limitation: (i) Weil, Gotshal & Manges LLP, as general restructuring counsel; (ii) Richards, Layton & Finger, P.A., as co-counsel; (iii) Epiq Corporate Restructuring LLC, as claims and noticing agent and, separately, as administrative advisor; (iv) Alvarez & Marsal North America, LLC, as financial advisor; (v) Dentons US LLP, as special counsel; (vi) WongPartnership LLP, as special foreign counsel in Singapore; (vii) Kim & Chang, as special foreign counsel in South Korea; and (viii) Rahman Ravelli Solicitors Ltd., as special foreign counsel in the United Kingdom (collectively, the "**Debtor's Professionals**"). The Debtor may also retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of this Chapter 11 Case as the need arises. In addition, any official committee of unsecured creditors in this Chapter 11 Case (if one is appointed) will likely retain professionals (collectively, with the Debtor's professionals, the "**Retained Professionals**").

### Proposed Compensation and Reimbursement Procedures

8.  The Debtor believes that establishing orderly procedures to pay the Retained Professionals will streamline the administration of this Chapter 11 Case and otherwise promote efficiency for the Court, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), and all other parties in interest. Specifically, a streamlined process

3

for serving fee applications and notices thereof is in the best interest of the Debtor because it will facilitate efficient review of the Retained Professionals' fees and expenses and will save the Debtor from incurring unnecessary expenses.

9. Accordingly, the Debtor requests that the Court authorize and establish procedures for the interim compensation and reimbursement of Retained Professionals on terms comparable to procedures approved in other large chapter 11 cases in this District, and in accordance with the following procedures (the "**Interim Compensation Procedures**").

**A. Monthly Fee Application**

(i) On or after the twentieth (20th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking interim allowance of its fees and expenses will file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may submit the first Monthly Fee Application, covering the period from the Petition Date through January 31, 2024 on or after February 20, 2024.

(ii) Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**");

(a) the Debtor, c/o Terraform Labs Pte. Ltd. (Attn: Ashwin Mathialagan (ashwin@terra.money), Peter Hsieh (peter.hsieh@terra.money), Chris Amani (amani@terra.money), Michael Leto (mleto@alvarezandmarsal.com), and Julie Hertzberg (jhertzberg@alvarezandmarsal.com));

(b) proposed counsel for the Debtor, (a) Weil, Gotshal & Manges LLP (Attn: Ronit Berkovich, Esq. (ronit.berkovich@weil.com) and Jessica Liou, Esq. (jessica.liou@weil.com)) and (b) Richards, Layton & Finger, P.A., (Attn: Paul N. Heath, Esq. (heath@rlf.com), Zachary I. Shapiro, Esq. (shapiro@rlf.com), and Matthew P. Milana, Esq. (milana@rlf.com); and

(c) the Office of the United States Trustee for the District of Delaware (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)).

    (iii)    Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

    (iv)    The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **20th day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "**Objection Deadline**").

    (v)    To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties.

    (vi)    Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtor will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

    (vii)    If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

**B. Interim Fee Applications**

    (i)    At three-month intervals, Retained Professionals will file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through March 31, 2024.

(ii) Retained Professionals will file their applicable Interim Fee Applications on or before the **45th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(iii) The Interim Fee Application will include a brief description identifying the following:

    (a) the Monthly Fee Applications that are the subject of the Interim Fee Application;

    (b) the amount of fees and expenses requested;

    (c) the amount of fees and expenses paid to date or subject to an Objection;

    (d) the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

    (e) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(iv) Additional Objections to any Interim Fee Application must be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m. (Eastern Prevailing Time)** on the **20th day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

(v) The Debtor may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(vi) Each Retained Professional will serve its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional will serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(vii) Each Retained Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

(viii) A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

(ix) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(x) No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Retained Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

10. In addition, as part of the Interim Compensation Procedures, any member of a statutorily-appointed committee in the Chapter 11 Case (if any) may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Interim Compensation Procedures; *provided that*, payment of such expenses may not be authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

**Relief Requested Should Be Granted**

11. The Bankruptcy Code and Bankruptcy Rules authorize compensating the Retained Professionals and establishing the Interim Compensation Procedures. Section 330(a)(1) of the Bankruptcy Code provides that "the court may award . . . a professional person employed under section 327 or 1103—(A) reasonable compensation for actual, necessary services rendered … and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Bankruptcy Rule 2016(a) provides that any application seeking such compensation or reimbursement shall set

7

forth a "detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

12. With respect to the Court's review of any such application, section 330(a)(3) of the Bankruptcy Code provides as follows:

> [T]he court shall consider the nature, the extent, and the value of such, services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of a case under [the Bankruptcy Code];
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3).

13. In addition, the Bankruptcy Code provides for allowance and disbursement of professional compensation on an interim basis. Under section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the Court permits. Specifically, section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date

as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of the Court, section 331 of the Bankruptcy Code limits payment of fees and expenses to Retained Professionals rendering services in this Chapter 11 Case to three times per year.

14. Additionally, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts may use their discretionary authority under section 105(a) of the Bankruptcy Code because, while section 331 of the Bankruptcy Code "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently." *Id*. (citations omitted).

15. The complexity of this Chapter 11 Case and the amount of time and effort that will be required of the Retained Professionals to execute the Debtor's chapter 11 strategy successfully justifies the approval of the Interim Compensation Procedures. The Interim Compensation Procedures are necessary to ensure that Retained Professionals are fairly and timely compensated for their services in this case and do not bear undue financial burden or risk caused by delays in payment. Absent streamlined compensation procedures, the professional fee application and review process could be unduly burdensome on the Debtor, the Retained Professionals, the Court, and other parties.

16. Further, in contrast to the default four-month period under section 331 of the Bankruptcy Code, the proposed Interim Compensation Procedures provide for monthly review,

9

enabling the Debtor to monitor closely the costs of administering this chapter 11 case, maintain appropriate cash flows, and implement efficient cash and treasury management procedures. Moreover, the Interim Compensation Procedures will allow the Court and key parties in interest to monitor the reasonableness and necessity of the compensation and reimbursement sought by the Retained Professionals.

17. Based upon the foregoing reasons, the Debtor submits that the relief requested herein is necessary, appropriate, and in the best interest of the Debtor's estate, creditors, and all parties in interest, and therefore should be approved.

## Notice

18. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

## No Prior Request

19. No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 20, 2024
      Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:   heath@rlf.com
          shapiro@rlf.com
          milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email:   ronit.berkovich@weil.com
          jessica.liou@weil.com
          f.gavin.andrews@weil.com

*Proposed Attorneys for Debtor
and Debtor in Possession*