IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re : Chapter 11
:
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
:
Debtor.[1] : Proposed Obj. Deadline: March 1, 2024 at 12:00
: p.m. (ET)
: Proposed Hr'g Date: March 5, 2024 at 2:30 p.m.
: (ET)
:
------------------------------------------------------------ x

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING TERRAFORM LABS PTE. LTD. TO ACT
ON BEHALF OF DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. § 1505**

Terraform Labs Pte. Ltd. ("**TFL**"), as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (the "**Motion**"):

**Background**

1.  On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case (the "**Chapter 11 Case**").

2.  Additional information regarding the circumstances leading to the commencement of the Chapter 11 Case and the Debtor's business and operations is set forth in the

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

RLF1 30613134v.1

*Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] filed on the Petition Date and incorporated herein by reference.

## Jurisdiction

3.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.     By this Motion, pursuant to section 1505 of the Bankruptcy Code, the Debtor requests entry of an order (i) authorizing TFL to act as "foreign representative" on behalf of the Debtor's estate (the "**Foreign Representative**"), with authority to, among other things, commence and participate in the Singapore Recognition Proceeding (as defined herein), including within the meaning of Article 2(i) of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore (the "**Singapore Model Law**") or any other

---

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

2

applicable laws of Singapore, and (ii) granting related relief.[3] TFL seeks to act in any way permitted by applicable foreign law, including, but not limited to (i) seeking recognition of this Chapter 11 Case and this Court's orders by the Singapore International Commercial Court or the General Division of the High Court (the "**Singapore Court**") in the Singapore Recognition Proceeding, (ii) requesting that the Singapore Court lend assistance to this Court in protecting the property of the Debtor's estate, and (iii) seeking any other appropriate relief from the Singapore Court that TFL deems just and proper in the furtherance of the protection of the Debtor's estate.

6. A proposed form of order approving the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Appointment of Foreign Representative

7. As more fully described in the First Day Declaration, the Debtor is an open-source software development company, incorporated as a limited exempt private company in the Republic of Singapore.

8. The Debtor employs a globally distributed workforce of experienced software developers, including certain employees and members of the management team located in Singapore. In addition, while the Debtor has assets and liabilities in the United States, it also has assets and liabilities in Singapore and aspects of its business involve Singapore law. The Debtor is subject to a representative action against it filed in a Singapore court (the "**Singapore Action**") (as described in the First Day Declaration).

---

[3] As a matter of Singapore law, TFL is already a "foreign representative" within the meaning of Article 2(i) of the Singapore Model Law. Article 2(i) defines a "foreign representative" as a "a person or body, including one appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's property or affairs or to act as a representative of the foreign proceeding". TFL falls within the scope of Article 2(i), being a debtor in possession authorized to administer the reorganization of the recognition applicant's property or affairs under sections 1107(a) and 1108 of the Bankruptcy Code.

9. Because of the Debtor's assets, liabilities, and operations in Singapore, which are interconnected with the Debtor's global operations, it is necessary to ensure that the Chapter 11 Case, as well as orders of the Court issued herein, are recognized and respected in Singapore. As a result of the foregoing, TFL, as the proposed Foreign Representative, intends to file an application as soon as possible with the Singapore Court on behalf of the Debtor's estate pursuant to the Singapore Model Law to commence a proceeding recognizing the Debtor's Chapter 11 Case as a "foreign non-main proceeding" (the "**Singapore Recognition Proceeding**"). The purpose of the Singapore Recognition Proceeding is to request that the Singapore Court (i) recognize this Chapter 11 Case as a "foreign non-main proceeding" under the applicable provisions of the Singapore Model Law, (ii) enforce this Court's orders in Singapore to protect the Debtor's assets and operations in Singapore and the interests of its creditors, and (iii) grant certain other ancillary relief. The Debtor is not seeking to stay the Singapore Action.

10. Although the Debtor operates in foreign jurisdictions other than Singapore, the Debtor does not at this time believe additional recognition proceedings will be necessary to give effect to or implement this Chapter 11 Case. The Debtor reserves all rights, however, to seek additional relief, as needed, with respect to ancillary proceedings in other jurisdictions if the Debtor ultimately determines commencing additional proceedings is necessary or desirable to give effect to this Chapter 11 Case.

**Basis for Relief Requested**

11. Section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

12. The Debtor respectfully submits that the relief requested herein should be granted pursuant to section 1505 of the Bankruptcy Code. Authorizing TFL to act on behalf of the Debtor's estate in the Singapore Recognition Proceeding will provide an effective mechanism to protect and maximize the value of the Debtor's estate. Because the Debtor is incorporated under the laws of Singapore and has assets in Singapore, it is critical that a stay under the Singapore Model Law, similar to the automatic stay imposed pursuant to section 362 of the Bankruptcy Code, be granted in Singapore, and that this Court's orders also be recognized in Singapore. Without imposition of a stay under the Singapore Model Law, the Debtor runs the risk that a party may seek to commence a winding up or other insolvency proceeding against the Debtor pursuant to Singapore law.

13. Moreover, Article 15 of the Singapore Model Law provides that a foreign representative may apply to the Singapore Court for recognition of a foreign proceeding in respect of which they are a foreign representative; however, a recognition application must be accompanied by either:

(a) a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative;

(b) a certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative; or

(c) in the absence of evidence mentioned in sub-paragraphs (a) and (b), any other evidence acceptable to the Court of the existence of the foreign proceeding and of the appointment of the foreign representative.

Article 15 of Singapore Model Law. Thus, it is critical that the relief requested herein be granted so that TFL may apply to the Singapore Court for recognition of the Chapter 11 Case in accordance with Article 15, Chapter 3 of the Singapore Model Law.

RLF1 30613134v.1

14. Although, as mentioned above in footnote 3, TFL is already an eligible foreign representative under Singapore law, being a debtor in possession authorized to administer the reorganization of the recognition applicant's property or affairs under sections 1107(a) and 1108 of the Bankruptcy Code, an order by this Court would avoid any doubt as to the satisfaction of the evidentiary requirements described above. Accordingly, the Debtor is seeking an order authorizing TFL to act as the Foreign Representative in the Singapore Recognition Proceeding.

15. Similar relief to the relief requested herein has been granted in other chapter 11 cases in this District and other jurisdictions. *See, e.g.*, *In re Vesttoo Ltd.*, Case No. 23-11160 (MFW) (Bankr. D. Del. Aug. 23, 2023) (authorizing chapter 11 debtor entity to act as foreign representative); *In re Yellow Corporation*, Case No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) (same); *In re Brooks Brothers Group, Inc.*, Case No. 20-11785 (CSS) (Bankr. D. Del. Sept. 11, 2020) (same); *In re Skillsoft Corporation*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020) (same); and *In re Celadon Group, Inc.*, Case No. 19-12606 (KBO) (Bankr. D. Del. Dec. 16, 2019); *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 26, 2023) (same); *In re Voyager Digital Holdings Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (same).

16. Accordingly, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted.

## Notice

17. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) the holders of the largest unsecured claims against the Debtor; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and

Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

## No Prior Request

18. No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 22, 2024
      Wilmington, Delaware

                            */s/ Matthew P. Milana*
                            RICHARDS, LAYTON & FINGER, P.A.
                            Paul N. Heath (No. 3704)
                            Zachary I. Shapiro (No. 5103)
                            Matthew P. Milana (No. 6681)
                            One Rodney Square
                            920 North King Street
                            Wilmington, Delaware 19801
                            Telephone: (302) 651-7700
                            Email:    heath@rlf.com
                                            shapiro@rlf.com
                                            milana@rlf.com

                            -and-

                            WEIL, GOTSHAL & MANGES LLP
                            Ronit J. Berkovich (admitted *pro hac vice*)
                            Jessica Liou (admitted *pro hac vice*)
                            F. Gavin Andrews (admitted *pro hac vice*)
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Email:    ronit.berkovich@weil.com
                                            jessica.liou@weil.com
                                            f.gavin.andrews@weil.com

                            *Proposed Attorneys for Debtor*
                            *and Debtor in Possession*