# **EXHIBIT 1**

**Revised Wintermute Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
In re                                                        :     Chapter 11
                                                             :
**TERRAFORM LABS PTE. LTD.,**                                :     Case No. 24–10070 (BLS)
                                                             :
Debtor.[1]                                                   :     Re: Docket No. 61
                                                             :
------------------------------------------------------------ x

**ORDER PURSUANT TO BANKRUPTCY CODE
SECTION 363 AUTHORIZING DEBTOR TO PAY
(I) WINTERMUTE COSTS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (this "**Order**") pursuant to sections 105(a), 363(b)(1), and 503(b)(1)(A) of the Bankruptcy Code and Bankruptcy Rule 6004, authorizing the Debtor, among other things, to pay (i) the Wintermute Costs in an amount not to exceed $1,325,000 and (ii) granting related relief, all as more fully set forth in the Motion; and upon the Califano Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Motion of Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to Use Treasury Management System, (II) Authorizing Continuation of Intracompany and Intercompany Transactions, (III) Extending Time to Comply with Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* [Docket No. 21] (the "**Treasury Management Motion**").

notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to pay Wintermute Costs in an amount not to exceed £793,064.88, consisting of £143,000 on account of the Wintermute Costs Award and £650,064.88 on account of the Wintermute Security for Costs. The Debtor is further authorized, but not directed, to pay the Wintermute Costs (i) from its own bank account at Western Alliance Bank after the Debtor receives sufficient funds to pay such amounts from Dentons US LLP or (ii) in accordance with the Treasury Management System (as defined in the Treasury Management Motion).

3. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

4. Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.