# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                          :

In re                                     :          Chapter 11
                                          :

**TERRAFORM LABS PTE. LTD.,**         :          Case No. 24–10070 (BLS)
                                          :

Debtor.[1]                         :          Re: Docket No. 55
                                          :
------------------------------------------------------------ x

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF RICHARDS, LAYTON & FINGER, P.A. AS CO-COUNSEL
TO THE DEBTOR EFFECTIVE AS OF PETITION DATE**

Upon the application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order authorizing the employment and retention of Richards, Layton & Finger, P.A. ("**RL&F**") as co-counsel for the Debtor effective as of the Petition Date, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016(a) and Local Rule 2014-1, all as more fully described in the Application; and upon consideration of the Shapiro Declaration and the Hsieh Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Parties; and it appearing that no other or further notice need be provided; and the Court having held a hearing, if necessary, to consider the relief requested in the Application (the "**Hearing**"); and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and all objections, if any, to the relief requested in the Application having been withdrawn, resolved, or overruled; and having found that RL&F is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and that RL&F has the capability and experience to provide the services described in the Application; and it appearing that the employment of RL&F is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtor is authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain RL&F as co-counsel to the Debtor on the terms and conditions set forth in the Application and the Shapiro Declaration effective as of the Petition Date.

3. RL&F shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. RL&F shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November*

*1, 2013*, in connection with any interim and/or final fee application(s) to be filed by RL&F in this chapter 11 case.

4. RL&F shall, to the extent it has not previously done so, first apply the Retainer to all prepetition invoices and, thereafter, any remaining balance of the Retainer shall be held by RL&F as security throughout the Debtor's chapter 11 case until RL&F's fees and expenses are awarded by final order and payable to RL&F.

5. RL&F shall use its reasonable efforts and coordinate with the Debtor and the Debtor's other professionals to avoid the duplication of services provided by other professionals retained by the Debtor in this chapter 11 case.

6. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. In the event of any inconsistency between the Application, the Shapiro Declaration, and this Order, this Order shall govern.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.