# **EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re                                              :    Chapter 11
                                                   :
**TERRAFORM LABS PTE. LTD.,**                      :    Case No. 24-10070 (BLS)
                                                   :
                                                   :    Re: Docket No. 57
Debtor.[1]                                         :
------------------------------------------------------------ x

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF PETITION DATE

Upon the application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned Chapter 11 Case (the "**Debtor**"), for entry of an order (i) authorizing the Debtor to retain and employ Weil, Gotshal & Manges LLP ("**Weil**") as attorneys for the Debtor, effective as of the Petition Date, and (ii) granting related relief, all as more fully set forth in the Application; and upon the consideration of the Berkovich Declaration and the Hsieh Declaration; and the Court being satisfied, based on the representations made in the Application and the Berkovich Declaration, that Weil is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Weil represents no interest adverse to the Debtor's estate; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core

---

[1] The Debtor's principal office is 1 Wallich Street #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

RLF1 30628866V.1

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted as set forth herein.

2. The Debtor is authorized, but not directed, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, to employ and retain Weil as its attorneys on the terms and conditions set forth in the Application and the Berkovich Declaration, effective as of the Petition Date.

3. Weil is authorized to render the following professional services:

   a. take all necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

   b. prepare on behalf of the Debtor, as debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

   c. take all necessary actions in connection with the Debtor's postpetition restructuring process, any chapter 11 plan and related disclosure statement,

        and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

    d. take all necessary actions to protect and preserve the value of the Debtor's estate;

    e. perform all other necessary legal services in connection with the prosecution of this Chapter 11 Case; *provided*, *however*, that to the extent Weil determines that such services fall outside the scope of services historically or generally performed by Weil as lead debtor's counsel in a bankruptcy case or as set forth in the next bullet, Weil will file a supplemental declaration; and

    f. represent the Debtor in connection with any potential appeals in the SEC Enforcement Action, including consultation regarding potential appellate litigation.

4. Weil shall be compensated in accordance with, and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the Fee Guidelines, and any other applicable procedures and orders of the Court. Weil shall make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the Fee Guidelines, in connection with the Application and any interim and/or final fee application(s) to be filed by Weil in this Chapter 11 Case.

5. Weil shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

6. Weil shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 Case.

7. Weil shall first apply the Fee Advance in satisfaction of its prepetition invoice, and any balance of the Fee Advance shall be treated as an evergreen retainer and shall be held by Weil as security throughout the Debtor's Chapter 11 Case until Weil's fees and expenses are awarded and payable to Weil on a final basis.

8. Weil shall provide reasonable notice to the Debtor, the U.S. Trustee, and the attorneys for any statutory committee appointed in this Chapter 11 Case in connection with any increase of the hourly rates listed in the Berkovich Declaration.

9. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

10. To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

11. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.