IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re                                                   :   Chapter 11
                                                        :
TERRAFORM LABS PTE. LTD.,                               :   Case No. 24–10070 (BLS)
                                                        :
         Debtor.¹                                       :   Re: Docket No. 69
                                                        :
------------------------------------------------------- x
```

**ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")² of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order, pursuant to sections 105(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2, (i) establishing procedures for interim compensation and reimbursement of expenses incurred by attorneys and other professionals that will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and are required to file fee applications pursuant to sections 328, 330, and 331 of the Bankruptcy Code, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-2, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant

---

1   The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

2   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Except as otherwise provided in an order of this Court authorizing the retention of a Retained Professional, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures (the "**Interim Compensation Procedures**"):

**A. Monthly Fee Application**

    (i) On or after the twentieth (20th) day of each calendar month, following the month for which compensation is sought, or as soon as reasonably practicable thereafter, each Retained Professional seeking interim allowance of its fees and expenses will file with the Court an application, which will include the relevant time entries and descriptions and expense details for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "**Monthly Fee Application**"). Retained Professionals may submit the first Monthly Fee Application, covering the period from the Petition Date through January 31, 2024 on or after February 20, 2024.

(ii) Each Retained Professional that files a Monthly Fee Application will serve a copy of such Monthly Fee Application on the following parties by email (collectively, the "**Fee Notice Parties**");

    (a) the Debtor, c/o Terraform Labs Pte. Ltd. (Attn: Ashwin Mathialagan (ashwin@terra.money), Peter Hsieh (peter.hsieh@terra.money), Chris Amani (amani@terra.money), Michael Leto (mleto@alvarezandmarsal.com), and Julie Hertzberg (jhertzberg@alvarezandmarsal.com));

    (b) proposed counsel for the Debtor, (a) Weil, Gotshal & Manges LLP (Attn: Ronit Berkovich, Esq. (ronit.berkovich@weil.com) and Jessica Liou, Esq. (jessica.liou@weil.com)) and (b) Richards, Layton & Finger, P.A. (Attn: Paul N. Heath, Esq. (heath@rlf.com), Zachary I. Shapiro, Esq. (shapiro@rlf.com), and Matthew P. Milana, Esq. (milana@rlf.com)); and

    (c) the Office of the United States Trustee for the District of Delaware (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)).

(iii) Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application that includes a request for compensation earned or expenses incurred during previous months. All Monthly Fee Applications will comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.

(iv) The deadline to object to any Monthly Fee Application is **4:00 p.m. (Eastern Prevailing Time)** on the **21st day** (or the next business day if such day is not a business day) following the date the Monthly Fee Application is served (the "**Objection Deadline**").

(v) To object to a Retained Professional's Monthly Fee Application, the objecting party must (i) file with the Court a written objection (an "**Objection**") on or before the Objection Deadline and (ii) serve the Objection upon the affected Retained Professional and each of the Fee Notice Parties.

(vi) Upon the expiration of the Objection Deadline, a Retained Professional may file a certificate of no objection (a "**CNO**") with the Court with respect to any fees and expenses not subject to an Objection. After a Retained Professional files a CNO, the Debtor will promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an Objection.

(vii)  If a portion of the fees and expenses requested in a Monthly Fee Application is subject to an Objection and the parties are unable to reach a consensual resolution, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection, or (ii) forego payment of such amounts until the next hearing to consider interim or final fee applications, at which time the Court will adjudicate any unresolved Objections.

**B. Interim Fee Applications**

(i)  At three-month intervals, Retained Professionals will file with the Court an application (an "**Interim Fee Application**") for interim approval and allowance of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any amounts requested in Monthly Fee Applications but yet unpaid, filed during the preceding interim period (each such period, an "**Interim Fee Period**"). The initial Interim Fee Period will include the period from the Petition Date through March 31, 2024.

(ii)  Retained Professionals will file their applicable Interim Fee Applications on or before the **45th day**, or the next business day if such day is not a business day, following the end of each Interim Fee Period.

(iii)  The Interim Fee Application will include a brief description identifying the following:

(a) the Monthly Fee Applications that are the subject of the Interim Fee Application;

(b) the amount of fees and expenses requested;

(c) the amount of fees and expenses paid to date or subject to an Objection;

(d) the deadline for parties to file objections to the Interim Fee Application (such objections, the "**Additional Objections**"); and

(e) any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.

(iv)  Additional Objections to any Interim Fee Application must be filed with the Court and served upon the affected Retained Professional and each of the Fee Notice Parties on or before **4:00 p.m. (Eastern Prevailing Time)** on the **21st day** (or the next business day if such day is not a business day), following service of the applicable Interim Fee Application.

4

(v) The Debtor may request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may approve and allow an Interim Fee Application without a hearing.

(vi) Each Retained Professional will serve its Interim Fee Application and final fee application upon the Fee Notice Parties. Each Retained Professional will serve a notice of hearing on its Interim Fee Application and final fee application on all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. No further notice is necessary.

(vii) Each Retained Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with each such attorney's Interim Fee Application and/or final fee application.

(viii) A pending Objection to compensation or reimbursement of a Retained Professional does not disqualify the Retained Professional from future compensation or reimbursement.

(ix) Neither (i) the payment of, or the failure to pay, in whole or in part, any interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred by a Retained Professional. All fees and expenses paid to Retained Professionals under these Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

(x) No Retained Professional may serve a Monthly Fee Application or file an Interim Fee Application until the Court enters an order approving the retention of such Retained Professional pursuant to sections 327 or 1103 of the Bankruptcy Code.

3. Any member of a statutorily-appointed committee in the Chapter 11 Case (if any) may submit statements of expenses (excluding the fees and expenses of an individual committee member's third-party counsel) and supporting vouchers to the applicable committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Interim Compensation Procedures; *provided that*, payment

of such expenses is not authorized to the extent that such authorization does not exist under the Bankruptcy Code, applicable Third Circuit law, the Bankruptcy Rules, the Local Rules, or the procedures and practices of this Court.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Debtor shall serve a copy of this Order on each of the Retained Professionals.

6. The Debtor is authorized to take all action necessary or appropriate to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 29th, 2024  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**