**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| *In re*<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>Debtor. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>**Re: D.I. 61**<br><br>**Hearing Date: March 5, 2024 at 10:30 a.m. (ET)**<br>**Obj. Ddl.: February 29, 2024 at 4:00 p.m. (ET)**<br>**(extended by agreement for U.S. Trustee)** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF DEBTOR FOR
ENTRY OF ORDERS PURSUANT TO SECTIONS 363, 503(b), AND 105(a) OF THE
BANKRUPTCY CODE AUTHORIZING DEBTOR TO PAY CERTAIN AMOUNTS
<u>IN FURTHERANCE OF LITIGATION AND GRANTING RELATED RELIEF</u>**

In support of his objection to the *Motion of Debtor for Entry of Orders Pursuant to*

*Sections 363, 503(B), and 105(A) of the Bankruptcy Code Authorizing Debtor to Pay Certain*

*Amounts in Furtherance of Litigation and Granting Related Relief* [D.I. 61] (the "<u>Motion</u>"),

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("<u>U.S. Trustee</u>"), by and through

his undersigned counsel, states:

**<u>PRELIMINARY STATEMENT</u>**

1.      The Debtor seeks authority to make payments falling into three categories: (i)

payment of pre-petition and post-petition employee legal fees; (ii) payment of pre-petition claims

of critical vendors alleged to be necessary to the Debtor's defense in the SEC Enforcement

Action;[2] and (iii) the payment of foreign litigation related claims and costs in connection with

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

third party discovery.  Mot. ¶ 24.  The U.S. Trustee does not contest the Debtor's determination

that the payment of certain litigation-related costs and fees may be necessary to assist them in

defending the SEC Enforcement Action and other matters.  However, the U.S. Trustee objects to

payment of certain of the costs and fees on the grounds set forth below.  The U.S. Trustee also

seeks modifications to the proposed payment approval procedures set forth in the proposed order

attached to the Motion.

## JURISDICTION AND STANDING

2.      This Court has jurisdiction to hear the Motion and this Objection.

3.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative

oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to

enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United*

*States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96

(3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307,

which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S.,*

*Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

4.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard

to the Motion and this Objection.

## BACKGROUND

**General Background**

5.      On January 21, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "Court").

6.      On February 29, 2024, the U.S. Trustee appointed a statutory committee of

unsecured creditors (the "Committee") in this case.

**SEC Enforcement Action**

7.      On February 16, 2023, the Securities and Exchange Commission ("SEC") filed a

complaint styled as *SEC v. Terraform Labs Pte Ltd, et al.*, Case No. 1:23-cv-01346-JSR

(S.D.N.Y), naming the Debtor and its founder, Mr. Kwon, as defendants, and alleging claims for

violations of the Securities Act of 1933 and the Exchange Act of 1934.  Mot. ¶ 14.  The action,

which seeks a permanent injunction, disgorgement and civil money penalties, involves claims

that, prior to May 2022, the Debtor unlawfully offered and sold unregistered securities and

engaged in securities fraud (the "SEC Enforcement Action").  *Id.*

8.      On December 28, 2023, the District Court granted partial summary judgment to

the SEC.  The District Court denied the parties' cross-motions for summary judgment with

respect to the securities fraud claims.  The trial on the securities fraud claims is scheduled to

begin on March 25, 2024.  Mot. ¶ 15.

9.      The Debtor has subpoenaed six current and former employees to testify at the trial

of the SEC Enforcement Action.  Mot. ¶ 23.

**DOJ Investigation**

10.     Prior to the Petition Date, Mr. Kwon was indicted on criminal charges in the

Southern District of New York.  The DOJ has stated that it is continuing to investigate the

Debtor and some of its former employees (the "DOJ Investigation").  *See United States v. Kwon*,

23 Cr. 151 (JPC) (S.D.N.Y).  Mot. ¶ 16.

11.     Approximately eight current and former employees have received grand jury

subpoenas for documents and/or testimony in the DOJ Investigation.  Mot. ¶ 24.

**The Motion**

12.     The Debtor seeks authority to pay the amounts listed in the table on page 6 of the Motion, including: (a) the fees and expenses of five law firms (the "Employee Counsel") representing current and former employees (the "Employees") in connection with the SEC Enforcement Action and the DOJ Investigation, consisting of (i) prepetition fees and expenses up to $355,386.31 (after application of retainers), (ii) postpetition estimated fees and expenses in an amount not to exceed $2,908,388, and (iii) the Future Indemnification Cap in an amount not to exceed on a three-month rolling basis, $75,000 per month on average, or $225,000 in the aggregate; (b) claims of Critical Vendors in connection with the Debtor's defense of the SEC Enforcement Action, not to exceed $1,300,000; and (c) Foreign Litigation Claims in an amount not to exceed $1,509,000.[3]  Mot. ¶ 76.

13.     The Debtor currently employs 45 full-time employees and 15 independent contractors. Mot. ¶ 18.  The Debtor employs the Employees located in Singapore, while Deel, Inc. a human capital management firm, employs the Employees located outside of Singapore.  *Id*.

14.     The Debtor alleges that its Constitution obligates it to indemnify Employees for costs incurred from carrying out their duties, but the Motion also indicates that the laws of Singapore do not obligate such indemnity if the Employee committed misconduct or is criminally convicted.  Mot. ¶ 19.  The Debtor further alleges that it is obligated to indemnify employees of Deel, Inc. pursuant to employment agreements with those employees and a Master Services Agreement between Deel and the Debtor.  Mot. ¶ 22.

15.     The Motion does not identify the current or former employees sought to be protected by the relief requested, except for two former officers.

---

[3] This amount includes $1,325,000 for Wintermute Costs, which amount was approved by order entered on February 27, 2024 at D.I. 83.

16.     The Motion contains, as Exhibit C, the Declaration of Mark G. Califano in Support of the Motion (the "Califano Declaration").  Mr. Califano is a partner of Dentons US LLC, the Debtor's proposed special litigation counsel.  Califano Decl . ¶¶ 1, 3.

## ARGUMENT

### A. The Debtor Has Not Demonstrated a Basis for Payment of All of the Employee Counsel Fees or Critical Vendor Amounts.

17.     The Debtor asserts that its payment of the Employee Counsel fees and expenses and the amounts due to Critical Vendors may be approved pursuant to Sections 105(a), 363(b), 363(c) or 503(b)(1)(A) of the Bankruptcy Code, as applicable.   However, the Debtor has not demonstrated that the requirements of these sections are met with respect to the entirety of the relief sought – such as the request to pay pre-petition expenses of Employee Counsel and Critical Vendors, or the post-petition expenses of Mr. Kwon's criminal defense counsel.

18.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession "after notice and a hearing may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C.  § 363(b)(1).  Under section 363(b), the Debtor must articulate a sound business judgment for approval of a non-ordinary course transaction.

19.     Section 503(b) of the Bankruptcy Code provides that "after notice and a hearing, there shall be allowed administrative expenses, . . . , including—(1)(A) the actual, necessary costs and expenses of preserving the estate…"  Administrative expenses may not be allowed unless they are actual and necessary to preserve the estate.  See *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 535 (3d Cir.  1999); *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D.Del. 2001).

20.     With respect to payment of pre-petition claims, although the "necessity of payment" doctrine has not been codified in the Bankruptcy Code, "courts have used their equitable power under section 105(a) of the Code to authorize the payment of pre-petition claims

when such payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization." *In re Just for Feet*, 242 B.R. 821, 824 (D. Del. 1999).

21.     The Debtor seeks approval to pay up to $732,888 in post-petition fees to the Law Office Rodic ("Rodic") in Montenegro that is serving as counsel to Mr. Kwon in connection with his detention.  Mot. ¶ 43.  The Debtor has not demonstrated that payment of Rodic's fees going forward is a reasonable exercise of business judgment pursuant to section 363(b) or that payment of such fees is necessary to preserve the estate pursuant to section 503(b). In June 2023, Mr. Kwon was convicted of passport fraud and sentenced to four months' detention in Montenegro.[4] Mr. Kwon is not entitled to indemnification because Mr. Kwon's need for criminal counsel is unrelated to his former employment with the Debtor and it relates to criminal misconduct, which is an exception to indemnification obligations pursuant to Singapore law.  Mot. ¶ 20.  Moreover, because Mr. Kwon was recently approved for extradition to the United States,[5] it does not appear that the services of Rodic will be needed going forward.  As such, it does not appear to be a reasonable exercise of the Debtor's business judgement to pay Rodic's fees at the expense of its other creditors, and the fees are not necessary to preserve the value of the estate.

22.     With respect to the other Employee Counsel, the Debtor seeks authority to pay, *inter alia*, up to $355,386.31 (after application of retainers) in prepetition outstanding fees, as well as approximately $2.9 million in post-petition costs, plus future costs, subject to a monthly cap.  The Debtor asserts that the payment of the pre-petition portion of the Employee Counsel fees is justified under section 363(b)(1) of the Bankruptcy Code in the exercise of the Debtor's business judgment and under Code section 105(a) as essential to the continued operation of the

---

[4]   AP News, Montenegro court rules to extradite Terraform Labs founder to the US. (February 22, 2024, 7:51 A.M. EST),  https://apnews.com/article/montenegro-cryptocurrency-korea-terraform-extradition-31f93f29314c15b292237c07f76b2f97.

[5] *Id.*

Debtor's business.   The Debtor has not satisfied its burden to demonstrate that payment of the pre-petition Employee Counsel fees is essential to continued operation of the Debtor's business. The Debtor did not submit a declaration from an officer or employee of the Debtor, but instead submitted the Califano Declaration. Califano is a partner at Dentons US LLP, the Debtor's proposed special litigation counsel.  The Califano Declaration does not allege that any of the firms representing the Employees will cease providing services if their outstanding prepetition amounts are not paid.

23.     The Debtor cites to multiple cases as providing support for its request for payment of the Employee Counsel Fees.  *See e.g., In re Enron Corp.,* 335 B.R. 22 (S.D. N.Y. 2005); *In re Celsius LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 21, 2023) [Docket No. 3515]. However, none of the cases cited by the Debtor appear to have authorized payment of *pre-petition* amounts due to counsel.

24.     With respect to the Debtor's request for authority to pay up to $1.3 million in payments due to alleged Critical Vendors, the Debtor alleges that the Critical Vendors "have all previously provided essential services to the Debtor and Dentons in connection with the SEC Jury Trial." Mot. ¶ 50.  However, a further evidentiary record is needed as to the services provided by these vendors.  For example, the Debtor references a vendor that "provides … information obtained through numerous foreign jurisdictions, such as Montenegro and Serbia." Mot. ¶ 51.  This Court should not authorize payment to the extent such services relate to Mr. Kwon's criminal defense in Montenegro.

**B.     The Proposed Order Must Include Additional Procedural Safeguards.**

25.     To the extent the Court grants relief sought in the Motion, it should require modifications to the proposed payment procedures.  As currently drafted, the proposed order permits payment to Employee Counsel upon review and approval of invoices by the Debtor's

Board and allows the Board to approve indemnification requests for additional employees who have not already engaged counsel in a similar manner.[6]  At a minimum, the order should include additional procedural safeguards similar to those included in other cases cited by the Debtor.  *See In re Celsius LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 21, 2023) [Docket No. 3515].  The U.S. Trustee and any official committee should receive notice and the opportunity to object to proposed future payments.   The order should also provide that any current or former employee who is determined to have engaged in wrongdoing or found guilty of misconduct is not eligible for reimbursement and will be required to disgorge any amounts previously paid by the Debtor on behalf of such employees.

## CONCLUSION

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting such other relief as this Court deems appropriate, fair and just.

<div style="margin-left:50%">

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

**By:**   */s/ Jane M. Leamy*
      Linda Richenderfer (#4138)
      Jane M. Leamy (#4113)
      J. Caleb Boggs Federal Building
      844 King Street, Suite 2207, Lockbox 35
      Wilmington, DE 19801
      (302) 573-6491
       Linda.Richenderfer@usdoj.gov
      Jane.M.Leamy@usdoj.gov

</div>

Dated: February 29, 2024

---

[6] The proposed order also contains a reference to the term "Indemnification Limitations," but this term is not defined in the Motion or the proposed order.