**Exhibit 1**

**Revised Proposed Order**

RLF1 30639277V.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TERRAFORM LABS PTE. LTD., | : | Case No. 24–10070 (BLS) |
| Debtor.[1] | : | Re: Docket No. 58 |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL
ADVISOR TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**") of Terraform Labs Pte. Ltd, as debtor and debtor in possession in the above-captioned case (the "**Debtor**" or the "**Company**"), for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the Debtor to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "**A&M**") as financial advisors, effective as of the date of filing of this case (the "**Petition Date**"), on the terms set forth in the engagement letter (the "**Engagement Letter**") annexed to the Application as Exhibit A; and upon the Declaration of Michael S. Leto in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtor, its

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is granted to the extent set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain A&M as financial advisors to the Debtor, effective as of the Petition Date on the terms set forth in the Engagement Letter as may be amended herein.

3. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, are reasonable terms and conditions of employment and are hereby approved, as modified by this Order.

4. A&M shall file monthly, interim, and final fee requests for allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules and the Local Rules, the U.S. Trustee Guidelines and any other such procedures as may be fixed by order of this Court.

5. In the event that, during the pendency of this Chapter 11 Case, A&M seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be attached to A&M's invoices, and such attorney's invoices and time records shall be in compliance with Local Rule 2016-2(f), and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that A&M shall not seek reimbursement of

any fees incurred defending any of A&M's fees incurred defending any of A&M's fees and expenses.

   6. The indemnification provisions included in the Engagement Letter are approved, subject to the following:

   (a) A&M shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court;

   (b) The Debtor shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence, willful misconduct, breach of fiduciary duty, if any, bad faith, or self-dealing; (ii) for a contractual dispute in which the Debtor alleges the breach of A&M contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to A&M's gross negligence, willful misconduct, breach of fiduciary duty, or bad faith or self-dealing but determined by this Court, after notice and a hearing to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing this Chapter 11 Case, A&M believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as may be modified by this

Order), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtor may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution or reimbursement.

7. For services rendered during this Chapter 11 Case, the following language in the indemnification and limitation on liability agreement ("**Indemnity Agreement**") attached to the Engagement Letter shall be of no force and effect: (1) in clause (A) of the Indemnity Agreement: "in no event will any Indemnified Party have any liability to the Company for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity)" and (2) in clause (D) of the Indemnity Agreement: "and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement."

8. To the extent A&M uses the services of subcontractors ("**Contractors**") in this case, A&M shall ensure that the Contractors are subject to the same conflicts checks as required for A&M, and file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors, and, if A&M seeks to pass through, and requests to be reimbursed for, the fees and/or costs of the Contractors, A&M shall (i) pass through the cost of such

Contractors to the Debtor at the same rate that A&M pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only.

9. Notwithstanding anything to the contrary in the Application or Engagement Letter, during the course of the bankruptcy case, any disputes with respect to attorney client privileges and related protections and immunities that may attach to work performed by A&M (as a result of paragraph 7 of the Engagement Letter) shall be determined by the Court on an as-needed basis.

10. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, A&M shall provide ten (10) business days' notice of any such increases to the Debtor, the U.S. Trustee, and any official committees. The U.S. Trustee retains all rights to object to such a rate increase, and the Court retains the right to review any rate increase.

11. Under the circumstances of this Chapter 11 Case, notice of the Application is adequate under Bankruptcy Rule 6004(a).

12. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.