IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TERRAFORM LABS PTE. LTD.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>**Obj. Deadline: At the Hearing**<br>**Hearing Date: March 5, 2024, at 2:30 p.m. (ET)** |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CONNECTION WITH THE APPLICATION TO RETAIN AND EMPLOY DENTONS US LLP AS SPECIAL COUNSEL

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above captioned chapter 11 case (the "**Debtor**" or "**TFL**"), hereby files this motion (the "**Motion to Seal**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") granting the relief described below. In support of the Motion to Seal, the Debtor, by and through its undersigned counsel, respectfully states as follows:

### RELIEF REQUESTED

1. By this Motion to Seal, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor respectfully requests entry of the Proposed Order authorizing the Debtor to redact and file under seal the Confidential Information (as defined below) contained in certain Dentons Engagement Letters (as defined below) filed in connection with the *Application of Debtor*

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

*for Entry of Order Authorizing the Retention and Employment of Dentons US LLP as Special Counsel to the Debtor and Debtor in Possession Effective As Of the Petition Date* [Docket No. 60] (the "**Employment Application**").[2]

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

2. This Court has jurisdiction to consider this Motion to Seal under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case (defined below) and this Motion to Seal is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested by this Motion to Seal are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion to Seal if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

**I.     General Background**

5. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 Case. On February 29, 2024, the Office of the United States Trustee

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Employment Application.

for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in the Chapter 11 Case.  *See* Docket No. 101.

6.     Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and the Debtor's business and capital structure is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No.18].

## II.     The Employment Application

7.     On February 13, 2024, the Debtor filed the Employment Application, seeking to retain and employ Dentons US LLP ("**Dentons**") as special counsel to represent the Debtor in litigation and investigations in multiple fora on the terms and conditions of the Dentons Engagement Letters (as defined below), effective as of the Petition Date.

8.     On February 27, 2024, the United States Securities and Exchange Commission (the "**SEC**") filed the *Objection of the U.S. Securities and Exchange Commission to the Application of Debtor for Entry of an Order Authorizing the Retention and Employment of Dentons US LLP as Special Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* [Docket No..86] (the "**SEC Objection**").  Among other things, the SEC stated in the SEC Objection that the Dentons Engagement Letters "should be filed and parties in interest should have sufficient time to review the terms thereof and an opportunity to object."  (SEC Objection, ¶ 22.) In addition, on February 29, 2024, the U.S. Trustee filed an objection [Docket No. 103] asserting, among other things, that the Dentons Engagement Letters had not been provided to the Court.

9.     While the Debtor provided unredacted copies of the Dentons Engagement Letters to the UST and the Creditors' Committee and redacted copies to the SEC, the Debtor seeks authority to file unredacted copies of the Dentons Engagement Letters under seal and to file other

copies of the Dentons Engagement Letters with the Confidential Information redacted on the Court's docket.

### III. The Engagement Letters

10. On November 27, 2023, the TFL and Dentons entered into an engagement letter (the "**2023 Dentons Engagement Letter**"), which sets forth the terms pursuant to which Dentons will provide legal advice and represent the Debtor in certain matters, including pending SEC and other civil cases, ongoing United States criminal and related investigations and various corporate matters. The 2023 Dentons Engagement Letter replaces the prior engagement agreement between TFL and Dentons, dated May 25, 2021 (the "**2021 Dentons Engagement Letter**," together with the 2023 Dentons Engagement Letter, the "**Dentons Engagement Letters**"), except with respect to certain matters listed therein.

11. The Dentons Engagement Letters include certain information that is confidential and trade secret information or protected by the attorney-client privilege ("**Confidential Information**"). The Confidential Information is advice and privileged or relates to trade secrets for cost-efficient daily maximum cryptocurrency to fiat conversion. Therefore, the Debtor respectfully requests the Court's permission to file unredacted copies of the Dentons Engagement Letters under seal and to file redacted versions thereof on the Court's docket. The Debtor also requests that the Court direct that the unredacted Dentons Engagement Letters remain under seal and confidential and not be made available to anyone without the prior written consent of the Debtor and Dentons.

## BASIS FOR RELIEF

12. Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Debtor to file the Confidential Information contained in the Dentons Engagement Letters under

seal. Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, section 107(b) provides bankruptcy courts with the power to protect parties in interest from potentially harmful disclosures:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

Fed. R. Bankr. P. 9018.

14. Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the bankruptcy court must issue a protective order on a motion by the affected person or party." *In re ACandS, Inc.*, 462 B.R. 88, 101 n.21 (Bankr. D. Del. 2011) (holding that "§ 107(b) imposes [a] mandatory requirement [that] if the exception pertains [to § 107(b)], the bankruptcy court must issue a protective order on a motion by the affected person or party."). Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of

5

the debtor.'"  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27–28 (2d Cir. 1994) (citation omitted)).

15. Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 757 (D. Del. 2018) (holding that section 107(b) applies to information that is a "trade secret," "confidential commercial information," or information that is "scandalous or defamatory").  Furthermore, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause."  *In re ACandS, Inc.*, 462 B.R. at 102 n. 22 (citing *Orion Pictures Corp.,* 21 F.3d at 28).  Nor does such section require a finding of "extraordinary circumstances or compelling need."  *In re Orion Pictures Corp.* 21 F.3d at 27.

16. Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *See In re Altegrity, Inc.*, No. 15-10226 (LSS), 2015 Bankr. LEXIS 4479, at *21 (Bankr. D. Del. July 6, 2015) (approving protection where debtors "met their burden to show" that the identities of certain customers and contractors were "confidential commercial information as contemplated by section 107(b); *In re Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").  Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure.  *See In re ACandS, Inc.*, 462 B.R. at 101 n.21.

17.     Grounds exist here for the Court to grant the relief requested by this Motion to Seal. The redacted Confidential Information in the Dentons Engagement Letters include confidential commercial information, which if disclosed, would harm the Debtor and other third parties. Accordingly, it is in the Debtor's best interests to keep this Confidential Information protected from public disclosure under section 107(b) of the Bankruptcy Code.

18.     The Confidential Information in the Dentons Engagement Letters is also subject to the attorney-client privilege and should not be disclosed publicly. While engagement letters are generally discoverable when they include a generic description of services provided, portions of engagement letters that "address the client's motive for seeking counsel, legal advice, strategy, or other confidential communications are undeniably protected under the attorney client privilege." *Levy v. Senate of Pa.,* 619 Pa. 586, 606, 65 A.3d 361, 373 (Pa. 2013) ("telephone call" given as an example of a "generic" description not subject to privilege); *see also Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (billing records are privileged when "they reveal the nature of the services rendered"); *Stanziale v. Vanguard Info-Solutions Corp. (In re Stanziale)*, No. 06-2208 (MBK), 2008 Bankr. LEXIS 1454, at *5 (Bankr. D.N.J. Apr. 21, 2008) (finding that portions of engagement letter discussing "specific areas of concern and anticipated issues for further research and/or action" were privileged).

19.     The Confidential Information in the Dentons Engagement Letters include more than a "generic" description of legal services. Instead, the Confidential Information includes, among other things, a specific description of the types of services to be rendered which address TFL's motive for seeking counsel. Moreover, the Confidential Information includes legal advice regarding the services to be rendered. Accordingly, these portions of the Dentons Engagement Letters are privileged and should be redacted.

20. Furthermore, the 2021 Dentons Engagement Letter is marked as privileged and confidential. Thus, permitting the Debtor to file the Dentons Engagement Letters under seal will not only protect sensitive Confidential Information that falls within the scope of section 107(b), but it also comports with the parties' intentions.

21. Accordingly, the Debtor submits that the Court should authorize the Debtor to file the Dentons Engagement Letters under seal pursuant to section 107(b) of the Bankruptcy Code and pursuant to the Court's general authority under section 105(a) of the Bankruptcy Code.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

22. To the best of the knowledge, information and belief of the undersigned counsel to the Debtor, the documents that the Debtor requests to seal pursuant to this Motion to Seal do not contain information that is subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)) other than Dentons.

### NOTICE

23. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) proposed counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required.

### NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order granting the relief requested in this Motion to Seal and such other and further relief as may be just and proper.

Dated:   March 4, 2024
        Wilmington, Delaware

        */s/ Matthew P. Milana*
        RICHARDS, LAYTON & FINGER, P.A.
        Paul N. Heath (No. 3704)
        Zachary I. Shapiro (No. 5103)
        Matthew P. Milana (No. 6681)
        One Rodney Square
        920 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 651-7700
        Email:   heath@rlf.com
                  shapiro@rlf.com
                  milana@rlf.com

        -and-

        WEIL, GOTSHAL & MANGES LLP
        Ronit Berkovich (admitted *pro hac vice*)
        Jessica Liou (admitted *pro hac vice*)
        F. Gavin Andrews (admitted *pro hac vice*)
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Email: ronit.berkovich@weil.com
                 jessica.liou@weil.com
                 f.gavin.andrews@weil.com

        *Attorneys for Debtor and Debtor in Possession*

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TERRA FORM LABS PTE. LTD.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Re: Docket No. ___ |

**ORDER AUTHORIZING DEBTOR
TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CONNECTION
WITH THE APPLICATION TO RETAIN AD EMPLOY DENTONS US LLP AS
SPECIAL COUNSEL**

Upon the motion (the "**Motion to Seal**")[2] of the Debtor for an order under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, for an order authorizing the Debtor to file the Confidential Information contained in the Dentons Engagement Letters under seal, all as more fully set forth in the Motion to Seal; and the Court having reviewed the Motion to Seal; and the Court having jurisdiction to consider the Motion to Seal and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion to Seal has been given under the circumstances and that no other or further notice is

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Seal.

necessary; and the Court having held a hearing to consider the relief requested in the Motion to Seal; and upon the record of the hearing on the Motion to Seal; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion to Seal is GRANTED, as set forth herein.

2. The Debtor is authorized to file the Confidential Information contained in the Dentons Engagement Letters under seal.

3. The Dentons Engagement Letters shall remain under seal, and shall not be made available to anyone, except that the Debtor shall provide unredacted copies of the Dentons Engagement Letters, including all Confidential Information contained therein, to: (i) the Court, (ii) the U.S. Trustee; and (iii) any other parties in interest as the Court may order. The Debtor may also provide unredacted copies of the Dentons Engagement Letters to any other party upon such party agreeing to keep such letters confidential on terms acceptable to the Debtor and Dentons.

4. Any party who receives the Dentons Engagement Letters in accordance with this Order shall not disclose or otherwise disseminate the Confidential Information to any other person or entity.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

RLF1 30647327v.1