IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
: 
In re : Chapter 11
: 
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Re: Docket Nos. 60 & 61
: 
------------------------------------------------------------- x

**MOTION OF DEBTOR FOR LEAVE TO FILE
DEBTOR'S REPLIES IN SUPPORT OF (I) APPLICATION
TO RETAIN DENTONS US LLP AS SPECIAL COUNSEL AND
(II) MOTION TO PAY CERTAIN AMOUNTS IN FURTHERANCE OF LITIGATION**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion for leave (the "**Motion for Leave**"):

**Background**

**A.    General Background**

1.    On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in this chapter 11 case (the "**Chapter 11 Case**"). No trustee or examiner has been appointed in this Chapter 11 Case.

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

RLF1 30640898V.1

2. Additional information regarding the Debtor's business and operations and the circumstances leading to the commencement of this Chapter 11 Case is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18], filed on the Petition Date and incorporated herein by reference.

**B.    Specific Background**

3. On February 13, 2024, the Debtor filed the *Application of Debtor for Entry of an Order Authorizing the Retention and Employment of Dentons US LLP as Special Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date* [Docket No. 60] (the "**Dentons Retention Application**") seeking authorization to retain and employ Dentons US LLP as special counsel.

4. On February 14, 2024, the Debtor filed the *Motion of Debtor for Entry of Orders Pursuant to Sections 363, 503(b), and 105(a) of the Bankruptcy Code Authorizing Debtor to Pay Certain Amounts in Furtherance of Litigation and Granting Related Relief* [Docket No. 61] (the "**Litigation Payment Motion**" and together with the Dentons Retention Application, the "**Application and Motion**")[2] seeking authorization to, among other things, pay certain amounts in furtherance of the SEC Enforcement Action (as defined in the Litigation Payment Motion) and the DOJ Investigation (as defined in the Litigation Payment Motion).

5. Pursuant to the notices that were attached to the Application and Motion, the deadline for parties to file responses or objections to the Application and Motion, if any, was

---

[2] On February 27, 2024, the Court entered the *Order Pursuant to Bankruptcy Code Section 363 Authorizing Debtor to Pay (I) Wintermute Costs and (II) Granting Related Relief* [Docket No. 83], a proposed form of which was attached to the Litigation Payment Motion as **Exhibit B**. For the avoidance of doubt, the Debtor seeks approval of the balance of the relief requested in the Litigation Payment Motion and entry of a proposed order, substantially in the form that was attached to the Litigation Payment Motion as **Exhibit A** (the "**Litigation Payment Order**"). References to the relief requested by the Litigation Payment Motion herein are only with respect to entry of the Litigation Payment Order.

February 27, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**"). The Objection Deadline was extended for the U.S. Trustee to February 29, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "**Extended Objection Deadline**"). A hearing to consider the Application and Motion is scheduled on March 5, 2024 at 2:30 p.m. (prevailing Eastern Time) (the "**Hearing**").

6. On February 27, 2024, the United States Securities and Exchange Commission (the "**SEC**") filed an objection to the Dentons Retention Application [Docket No. 86] and, on February 29, 2024, the U.S. Trustee filed an objection to the Dentons Retention Application [Docket No. 103] (the objections to the Dentons Retention Application together, the "**Dentons Retention Objections**").

7. On February 27, 2024, the SEC filed an objection to entry of the Litigation Payment Order [Docket No. 87] and, on February 29, 2024, the U.S. Trustee filed an objection to entry of the Litigation Payment Order [Docket No. 104] (the objections to the Litigation Payment Motion together, the "**Litigation Payment Motion Objections**" and collectively with the Dentons Retention Objections, the "**Objections**").

## Jurisdiction

8. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of an order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

10. By this Motion for Leave, the Debtor seeks entry of an order, pursuant to Local Rule 9006-1(d), to file the reply papers (the "**Reply Papers**"), filed contemporaneously herewith, in support of the Application and Motion and to address issues raised by the U.S. Trustee and the SEC in the Objections.

11. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

12. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d).  The agenda for the Hearing was due by 12:00 p.m. (prevailing Eastern Time) on March 1, 2024.  Accordingly, pursuant to Local Rule 9006-1(d), the deadline to file the Reply Papers was 4:00 p.m. (prevailing Eastern Time) on February 29, 2022 (the "**Reply Deadline**"). As a result, absent leave of the Court, the Debtor would be unable to file the Reply Papers and the Court would be denied the opportunity to review the Reply Papers in support of the Application and Motion and to address the Objections in advance of the Hearing.

13. The Debtor submits that cause exists to grant the relief requested by the Motion for Leave and approve an extension of the time by which to file the Reply Papers under Local Rule 9006-1(d).  As described above, the Objection Deadline was February 27, 2024 at 4:00 p.m. (prevailing Eastern Time); however, in order to facilitate discussions on the matters with U.S. Trustee, the Debtor agreed to extend the Objection Deadline for the U.S. Trustee to February 29, 2024 at 4:00 p.m. (prevailing Eastern Time), which was the same time as the Reply Deadline.  As

4

a result, it was simply not possible to file the Reply Papers by the Reply Deadline. The Debtor's opportunity to file the Reply Papers should not be foreclosed as a result of the Debtor's willingness to extend the Objection Deadline for the U.S. Trustee to a date and time beyond which the Debtor was required to file its Reply Papers.

14. The U.S. Trustee and the SEC raise legal and factual issues in the Objections, and the Reply Papers will provide the Court and all parties in interest with critical information and arguments relevant to the relief requested by the Application and Motion. The Court's consideration of the Reply Papers will help streamline argument at the Hearing and otherwise assist the Court in deciding the merits of the Application and Motion and the Objections. Further, permitting the Debtor to file the Reply Papers after the Reply Deadline will not prejudice any parties in interest, as parties will now have an opportunity to review the Reply Papers in advance of the Hearing rather than hearing the arguments therein for the first time.

## Notice

15. Notice of this Motion for Leave will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

## No Prior Request

16. No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 4, 2024
      Wilmington, Delaware

                      */s/ Matthew P. Milana*
                      RICHARDS, LAYTON & FINGER, P.A.
                      Paul N. Heath (No. 3704)
                      Zachary I. Shapiro (No. 5103)
                      Matthew P. Milana (No. 6681)
                      One Rodney Square
                      920 North King Street
                      Wilmington, Delaware 19801
                      Telephone: (302) 651-7700
                      Email:    heath@rlf.com
                                    shapiro@rlf.com
                                    milana@rlf.com

                      -and-

                      WEIL, GOTSHAL & MANGES LLP
                      Ronit J. Berkovich (admitted *pro hac vice*)
                      Jessica Liou (admitted *pro hac vice*)
                      F. Gavin Andrews (admitted *pro hac vice*)
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Email:    ronit.berkovich@weil.com
                                    jessica.liou@weil.com
                                    f.gavin.andrews@weil.com

                      *Attorneys for Debtor*
                      *and Debtor in Possession*