IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
TERRAFORM LABS PTE. LTD., : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Re: Docket No. 20, 35 & 147
: 
------------------------------------------------------------ x

# FINAL ORDER (I) AUTHORIZING DEBTOR TO (A) PAY PREPETITION WORKFORCE OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of orders (i) authorizing, but not directing, the Debtor to (a) pay Workforce Obligations and related expenses, fees, and costs, and (b) maintain, continue to honor, and pay amounts with respect to the Debtor's business practices, programs, and policies for its Employees as such were in effect as of the commencement of the chapter 11 case and as such may be modified during the pendency of the chapter 11 case, and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

RLF1 30649515v.1

due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion on an interim (the "**Interim Hearing**") and, if necessary, final basis (the "**Final Hearing**"); and this Court having entered an order granting the relief requested in the Motion on an interim basis; and upon the Supporting Declarations, the record of the Interim Hearing, the Final Hearing, if any, and all of the proceedings had before this Court; and all objections to the relief requested in the Motion on a final basis, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Debtor is authorized, but not directed, to pay and honor all prepetition Workforce Obligations and any related expenses, fees and costs incident to the foregoing in an aggregate amount not to exceed $861,650. Such Workforce Obligations are summarized in further detail in the table below.

| Workforce Obligations | Estimated Final Amount |
|---|---|
| *Workforce Compensation Obligations* | |
| Deductions and Payroll Taxes | $700,000 |
| Business Expenses | $59,000 |
| **Subtotal** | **$759,000** |
| *Employee Benefit Obligations* | |
| EOR Employee Benefits | $18,800 |
| Singapore Employee Benefits | $75,450 |
| Portugal Employee Benefits | $8,400 |
| **Subtotal** | **$102,650** |

3. The Debtor is further authorized, but not directed, to maintain, honor, and continue the Employee Benefits Programs in the ordinary course of business.

4. Notwithstanding any other provision of this Final Order, nothing in this Final Order shall authorize the Debtor to make any payment to, or on behalf of, any Employee or Contractor on account of prepetition wages and other compensation obligations or other prepetition obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code (the "**Statutory Caps**"); provided, however, that, the Debtor is authorized, but not directed, to exceed the applicable Statutory Caps by an amount not to exceed $15,000.00 with respect to one (1) Singapore Employee on account of such employee's Singapore Employee Benefits.

5. Nothing in the Motion or this Final Order shall authorize the Debtor to (i) cash out Employee Leave Benefits upon termination of an Employee, unless applicable law requires such payment and (ii) make any payments (a) under any discretionary bonus program (which, for the avoidance of doubt, shall not include any Statutory Bonus Program) or (b) that would violate or permit the violation of section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code).

6. Notwithstanding anything to the contrary herein, no bonus, incentive, or severance payments shall be made by or on behalf of the Debtor, other than the statutorily required payments described in the Motion, without further order of this Court. Nothing in the Motion or this Final Order shall constitute a determination by the Court as to whether any individual seeking payment pursuant to this Final Order is or is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code. Nothing in the Motion or this Final Order should be construed as approving any transfer pursuant to section 503(c) of the Bankruptcy Code, and a separate motion will be filed for any requests that are governed by section 503(c) of the Bankruptcy Code; <u>provided</u> that nothing herein shall prejudice the Debtor's ability to seek approval for such relief pursuant to section 503(c) of the Bankruptcy Code at a later time or the rights of any other party (including the Committee) with respect to such request.

7. The Debtor is further authorized, but not directed, to modify or discontinue any Employee Benefit or to reduce or eliminate program expenses or the benefits provided thereunder, at any time and in its sole discretion, subject to applicable non-Bankruptcy law.

8. The Debtor shall provide five (5) business days' notice (email shall suffice) on a professional eyes only basis to the Committee and the U.S. Trustee of any material modification to the Employee Benefit Programs or any new material Employee Benefit program. Such notice shall describe (a) the proposed material modifications or new material program, (b) the reasons for such modifications or new program, and (c) the estimated costs for such modifications or new program, including (i) the amount of the payment, (ii) the basis for such payment, and (iii) who is receiving such payment.

9. The Debtor is further authorized, but not directed, to continue to employ and compensate the Employees and use and compensate the Contractors in the ordinary course of business and consistent with its past practices and any other orders of this Court.

10. The Debtor is authorized, but not directed, to effect new transfers, and to replace any prepetition transfer requests that may be rejected as a result of the commencement of the Debtor's chapter 11 case with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

11. Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as (a) an admission by the Debtor or the Committee as to the validity of any claim against the Debtor, (b) a waiver of the Debtor's or any appropriate party in interest's (including the Committee's) rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (c) an agreement or obligation by the Debtor or any third party (including any member of the Committee) to pay any claims, (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (e) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

12. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Interim Hearing or the Final Hearing (if any), nothing in the Motion, this Final Order, or announced at the Interim Hearing or Final Hearing (if any) constitutes a finding under the federal securities laws as to whether any crypto assets are or are not securities or any transactions involving crypto assets are or are not securities transactions, and the right of the United States Securities and Exchange Commission and any official committee of unsecured creditors

appointed in this case to challenge transactions involving crypto assets on any basis available to it are expressly reserved.

13. Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

15. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

16. The Debtor is authorized to take all action necessary or appropriate to effectuate the relief granted in this Final Order.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**Dated: March 6th, 2024**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**