**Exhibit A**

**Rahman Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                 :
In re                                                            :  Chapter 11
                                                                 :
**TERRAFORM LABS PTE. LTD.,**                                    :  Case No. 24–10070 (BLS)
                                                                 :
Debtor.[1]                                                       :
                                                                 :
---------------------------------------------------------------- x

**DECLARATION OF AZIZUR RAHMAN
IN SUPPORT OF DEBTOR'S APPLICATION
FOR AUTHORITY TO EMPLOY AND RETAIN
RAHMAN RAVELLI SOLICITORS AS SPECIAL FOREIGN COUNSEL
TO TERRAFORM LABS PTE. LTD., EFFECTIVE AS OF THE PETITION DATE**

I, Azizur Rahman, declare under penalty of perjury:

   1. I am a managing partner at the law firm of Rahman Ravelli ("**Rahman**" or the "**Firm**"), which maintains offices in the UK, including the office in which I am resident, located at Bridge House, 181 Queen Victoria Street, London, EC4V 4EG.

   2. I am admitted in, practicing in, and a member in good standing of the bars of England and Wales.

   3. I submit this declaration (the "**Declaration**") on behalf of Rahman in support of the *Application of Debtor for Authority to Employ and Retain Rahman Ravelli Solicitors as Special Foreign Counsel to Terraform Labs Pte. Ltd., Effective as of the Petition Date* (the "**Application**")[2] of the above-captioned debtor and debtor in possession pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016,

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

and Local Rules 2014-1 and 2016-1, requesting entry of an order (i) authorizing the Debtor to employ and retain Rahman as special foreign counsel to the Debtor, in connection with the Debtor's application to seek discovery in the United Kingdom (the "**UK**") from Wintermute Trading Ltd. ("**Wintermute**") and the ongoing litigation related thereto (the "**Wintermute Litigation**"), pursuant to the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date and (ii) granting related relief.

4. Pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases* (the "**Fee Guidelines**"), Rahman makes certain disclosures herein.

5. Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[3]

### Retention of Rahman

6. Rahman is an international law firm with approximately 19 attorneys in two offices. The members of the Firm practice in many areas, including complex litigation and arbitration, regulatory and compliance, reputation and crisis management, cross-border investigations, white collar crime, and private prosecution.

7. Rahman is also familiar with the Wintermute Litigation and the Debtor's business and financial affairs. Rahman has provided legal services to the Debtor since July 2023, having been retained by the Debtor pursuant to an engagement letter dated July 21, 2023. Rahman's professionals have worked closely with the Debtor's other professionals and, as a result, have become well acquainted with the Wintermute Litigation and the Debtor's history, business operations, capital and corporate structure, and related matters. Accordingly, Rahman has

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other attorneys, staff, and other personnel at Rahman.

developed substantial knowledge regarding the Debtor and the Wintermute Litigation that will enable it to provide effective and efficient services in this Chapter 11 Case.

8. Rahman will advise the Debtor in relation to the Wintermute Litigation due to the complexity of the discovery and litigation process and the unique issues of UK law that the Wintermute Litigation presents. I believe that Rahman has the resources and experience necessary to assist the Debtor during this Chapter 11 Case with respect to the Wintermute Litigation. Rahman will coordinate with the Debtor's other professionals to ensure that its services are complementary to and not duplicative of the services of the Debtor's other professionals.

## Rahman's Disclosure Procedures

9. To the best of my knowledge and information after due inquiry, and except as disclosed herein, Rahman has no known connection with the Debtor, its creditors, any other party-in-interest herein, or their respective attorneys or professionals and does not hold or represent any entity having an adverse interest with respect to the matters for which Rahman is being retained. For so long as Rahman represents the Debtor, and absent further order of this Court, Rahman will not represent any entity other than the Debtor in connection with this Chapter 11 Case.

10. As more fully described herein, Rahman maintains a computer client database (the "**Client Database**") containing the names of all of Rahman's current and former clients and, where practical, the known affiliates of those clients. In connection with preparing this Declaration, I caused to be submitted to, and caused to be checked against, the Client Database those potentially interested parties in this Chapter 11 Case listed in **Schedule 1** hereto, which party names were provided to Rahman by the Debtor (collectively, the "**Potentially Interested Parties**") and which excludes the Debtor's employees. Rahman then compared the names of the Potentially Interested Parties against the Client Database.

11. Rahman's inquiry revealed that none of the Potentially Interested Parties are, or are affiliates of, current or former (within the last two years) Rahman clients.

12. Rahman solicited information from its attorneys to determine whether any attorneys employed by Rahman are related to the Bankruptcy Judge presiding over this Chapter 11 Case, the United States Trustee for Region 3, or any attorney known by Rahman to be employed in the Office of the United States Trustee for the District of Delaware. Rahman has also solicited information from its attorneys to determine if any attorneys employed by Rahman are equity security holders of the Debtor.

13. Rahman maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of Rahman to create and maintain these records. The Client Database maintained by Rahman is designed to include every matter on which Rahman is now or has been engaged, the entity by which Rahman is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the name of the attorney at Rahman that is knowledgeable about the matter. It is the policy of Rahman that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database, the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the Client Database is regularly updated for new matters undertaken by Rahman.

14. Notwithstanding that none of the Potentially Interested Parties are, or are affiliates of, current or former (within the last two years) Rahman clients, it is possible that Rahman and certain of its partners, counsel, and associates may have in the past represented, and may in the future, represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor or this Chapter 11 Case. Moreover, Rahman appears in many cases, proceedings, and

transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor, Potentially Interested Parties, or other parties-in-interest in this Chapter 11 Case. As such, Rahman will supplement this Declaration to the extent necessary.

## **No Adverse Interest**

15. Based on the foregoing and except as otherwise set forth herein, neither I, Rahman, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represents any interest adverse to the Debtor's estate with respect to the matters for which Rahman is to be employed, as required by section 327(e) of the Bankruptcy Code.

16. Rahman will continue to conduct periodic conflicts analysis to determine whether it is performing or has performed services for any significant parties-in-interest in this Chapter 11 Case and Rahman will promptly update this Declaration to disclose any material developments regarding the Debtor or any other pertinent relationships that come to Rahman's attention. Based on the foregoing, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry:

   a. Neither Rahman nor any attorney at Rahman holds or represents an interest adverse to the Debtor's estate with respect to the matters for which Rahman is to be employed;

   b. Neither Rahman nor any attorney at Rahman is a creditor, equity security holder, or an insider of the Debtor, except that Rahman previously has rendered legal services to the Debtor for which it has been compensated by the Debtor as disclosed below;

   c. Neither Rahman nor any attorney at Rahman is or was, within two (2) years prior to the Petition Date, a director, officer, or employee of the Debtor; and

   d. Rahman does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason

5

of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

**Professional Compensation and Expense Reimbursement**

17. Rahman is owed approximately £231,922.67 for fees and expenses incurred prior to the Petition Date.[4] An accounting summary of outstanding invoices and the Pre-Filing Fees (defined below) paid to Rahman in the 90 days prior to the Petition Date is set forth in **Schedule 2** to the Rahman Declaration. During the 90-day period prior to the Petition Date, Rahman was paid fees in the aggregate amount of £394,530 (the "**Pre-filing Fees**"). Rahman applied the Pre-filing Fees against invoices issued by Rahman when they became due and payable leaving a balance of £108,702.50 (the "**Retainer Balance**"). Rahman intends to use the Retainer Balance to satisfy any unpaid prepetition invoices. For the avoidance of doubt, Rahman is not seeking repayment of its outstanding prepetition claim for fees and expenses after the Retainer Balance is applied other than as provided for under the Bankruptcy Code.

18. Rahman intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Rahman. Rahman also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee

---

[4] Courts have recognized "having claims against the estate for unpaid prepetition professional fees does not amount to an 'interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed' for purposes of § 327(e)." *In Re Mallinckrodt PLC*, 2022 WL 906462, at *6 (D. Del. Mar. 28, 2022) (quoting *In re DeVlieg, Inc.*, 174 B.R. 497, 503 (N.D. Ill. 1994)); *accord In re Potter*, 2009 WL 2922850, at *1 (Bankr. D.N.M. June 12, 2009); *In re EBW Laser, Inc.,* 333 B.R. 351, 359 & n.3 (Bankr. M.D.N.C. 2005); *In re Henlar, Ltd.*, 1997 WL 4567 at *1, 3-4 (E.D. La. Jan. 6, 1997).

Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Rahman in this Chapter 11 Case.

19. Rahman has advised the Debtor that Rahman's current hourly rates are in the following ranges:

| Professional | Hourly Rate |
| --- | --- |
| Managing Partner | £725.00 |
| Partner | £650.00 |
| Legal Director/Of Counsel | £600.00 |
| Senior Associate | £500.00 |
| Associate | £450.00 |
| Trainee Solicitor/Paralegal | £250.00 |

20. Rahman has explained to the Debtor that the hourly rates set forth above (a) are set at a level designed to fairly compensate Rahman for its work and to cover fixed and routine overhead expenses, (b) are standard for work of this nature inside or outside bankruptcy, and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of Rahman's business.

21. It is Rahman's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's matters. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for working meals, computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Rahman will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Rahman's clients outside of

7

bankruptcy. Rahman believes that these expenses should be fairly charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

22. In addition, pursuant to the Engagement Letter, Rahman will charge for disbursements, or costs that the Firm may have to pay to third parties (e.g., barristers, experts, investigators) on the Debtor's behalf.

23. Rahman will maintain records, in 1/10 of an hour increments, in support of any fees incurred in connection with the rendering of its services in this Chapter 11 Case by category and nature of the services rendered. Rahman will file such records with the Court, which will include reasonably detailed descriptions of those services provided, the approximate time expended in providing those services, and the individuals who provided such professional services on behalf of the Debtor.

24. Rahman will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. Rahman's applications for compensation and expenses will be paid by the Debtor pursuant to the terms of the Engagement Letter, in accordance with any procedures established by the Court.

25. Rahman will request payment in arrears following submission of monthly, interim, or final fee applications, as applicable, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other orders of this Court.

26. Pursuant to Part D1 of the Fee Guidelines, Rahman hereby provides the following responses:

| **Questions Required by Part D1 of Fee Guidelines** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | The material financial terms for the prepetition engagement remained the same. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtor and Rahman expect to develop a prospective budget and staffing plan, recognizing that in the course of this Chapter 11 Case, there may be unforeseeable fees and expenses that will need to be addressed by the Debtor and Rahman. |

27.     Other than as set forth herein, there is no proposed arrangement to compensate Rahman. Rahman has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel, associates, and employees of Rahman, or (b) any compensation another person or party has received or may receive.

28. By reason of the foregoing, I believe Rahman is eligible for employment and retention by the Debtor pursuant to section 327(e) of the Bankruptcy Code and applicable Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 7, 2024            */s/ Azizur Rahman*
                                             Azizur Rahman
                                             Managing Partner

**Schedule 1**

**List of Potentially Interested Parties**

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata
Binance Capital Management Co., Ltd
Bitmonex LLC

Bitrue Singapore Pte Ltd
Breadnbeyond
Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**Directors And Officers**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods

Reed Smith

**Known Affiliates**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**Litigation Parties**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**Ordinary Course Professionals**
Conyers
Rui Pena, Arnault & Associados

**Taxing/Governmental/Regulatory Authorities**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**Top General Unsecured Creditors**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.
EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel

3

Standard Crypto Venture Fund
SubMC1
Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**Vendors**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah
Tower Legal Solutions
VSP Vision

**Investments**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.

Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP
Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrow Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**United States Trustee and Staff for the District of Delaware**
Attix, Laruen
Bu, Fang
Casey, Linda
Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.

Panacio, Michael
Richenderfer, Linda
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**Bankruptcy Judges and Staff for the District of Delaware**
Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al
Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**Clerk of the Court**
O'Boyle, Una

## Schedule 2

### Summary of Payments

| Invoice Date | Description | Invoice Period | Fees | Counsel Fees | Costs | Fee Advance Payments Received | Paid | Fee Advance Balance |
|---|---|---|---|---|---|---|---|---|
| 11.29.23 | Invoice No: 2023/P169 | 10.01.23 - 11.28.23 | £99,642.50 | £52,837.50 | | | 12.22.23 | |
| 12.22.23 | Payment on Account | | | | | £394,530.00 | | £242,050.00 |
| 01.08.24 | Invoice No: 2024/P007 | 11.29.23 – 12.31.23 | £63,530.00 | £69,817.50 | | | 01.08.24 | £108,702.50 |
| 01.26.24 | Invoice No: 2024/P018 | 01.01.24 – 01.21.24 | £157,370.00 | £64,625.00 | £9,927.67 | | Unpaid | |
| **Total:** | | | **£320,542.50** | **£187,280.00** | **£9,927.67** | **£394,530.00** | | **(£123,220.17)** |