**Exhibit B**

**Hsieh Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                    :

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| TERRAFORM LABS PTE. LTD., | : | Case No. 24–10070 (BLS) |
| | : | |
| Debtor.[1] | : | |
| | : | |

------------------------------------------------------------ x

**DECLARATION OF PETER HSIEH
IN SUPPORT OF DEBTOR'S APPLICATION
FOR AUTHORITY TO EMPLOY AND RETAIN
RAHMAN RAVELLI SOLICITORS AS SPECIAL FOREIGN COUNSEL TO
TERRAFORM LABS PTE. LTD., EFFECTIVE AS OF THE PETITION DATE**

I, Peter Hsieh, declare under penalty of perjury:

      1.      Beginning on November 22, 2023, I became General Counsel of Terraform labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**" or "**TFL**"). In my current role, the TFL executive team and I are responsible for supervising outside counsel and monitoring and managing legal fees and expenses.

      2.      I submit this declaration (the "**Declaration**") in support of the *Application of Debtor for Authority to Employ and Retain Rahman Ravelli Solicitors as Special Foreign Counsel to Terraform Labs Pte. Ltd., Effective as of the Petition Date* (the "**Application**")[2] pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, requesting entry of an order (i) authorizing the Debtor to employ and retain Rahman as special foreign counsel to the Debtor, in connection with

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

the Debtor's application to seek discovery in the UK from Wintermute Trading Ltd. ("**Wintermute**") and the ongoing litigation related thereto (the "**Wintermute Litigation**"), pursuant to the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date and (ii) granting related relief.

3. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtor's employees or advisors, or my opinion based upon knowledge and experience as General Counsel for the Debtor.

### **Retention of Rahman**

4. The Debtor desires to employ and retain Rahman as special foreign counsel to the Debtor in respect to the Wintermute Litigation.

5. Rahman has provided legal services to the Debtor since July 2023, having been retained by the Debtor pursuant to the Engagement Letter dated July 21, 2023. Rahman's professionals have worked closely with the Debtor's other professionals and, as a result, have become well acquainted with the Wintermute Litigation and the Debtor's history, business operations, capital and corporate structure, and related matters. Accordingly, I believe that Rahman has developed substantial knowledge regarding the Debtor that will result in effective and efficient services in this Chapter 11 Case on the matters for which Rahman is to be retained.

6. Rahman will advise the Debtor in relation to the Wintermute Litigation due to the complexity of the discovery and litigation process, and the unique issues of UK law that it presents. To this day, Rahman represents the Debtor in the ongoing Wintermute Litigation, pursuant to the Engagement Letter. I believe that Rahman has the resources and experience necessary to assist the Debtor during this Chapter 11 Case in connection with the Wintermute

Litigation. Rahman has informed the Debtor that it will coordinate with the Debtor's other professionals to ensure that its services are complementary to and not duplicative of the services of the Debtor's other professionals.

7. Accordingly, I believe Rahman has the necessary resources and experience to assist the Debtor during this Chapter 11 Case in connection with the Wintermute Litigation and that Rahman's retention is in the best interests of the Debtor, its estate, and its creditors.

### **Professional Compensation and Expense Reimbursement**

8. Rahman has represented to the Debtor that the hourly rates set forth in the Application (a) are set at a level designed to fairly compensate Rahman for its work and to cover fixed and routine overhead expenses, (b) are standard for work of this nature inside or outside bankruptcy, and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of Rahman's business.

### **Cost Supervision**

9. The Debtor recognizes that it is its responsibility to closely monitor the billing practices of Rahman to ensure that the fees and expenses paid by the estate remain consistent with the Debtor's expectations. Rahman will develop a budget and staffing plan for a period to be determined by the Debtor and Rahman. Any prospective budget and staffing plan for this Chapter 11 Case will comply with the U.S. Trustee's request for information and additional disclosures, as to which Rahman has reserved all rights. The Debtor will review the invoices that Rahman submits to the Debtor, and my understanding is that Rahman's fees and expenses will be subject to review during this Chapter 11 Case by the Debtor, the U.S. Trustee, counsel to the Creditors' Committee, and other parties in interest.

10. For the foregoing reasons, I believe Rahman should be retained by the Debtor as special foreign counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 7, 2024
Honolulu, Hawaii

*/s/ Peter Hsieh*

Name: Peter Hsieh
Title: General Counsel