## Exhibit A

**Menon Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                       :
In re                                  :     Chapter 11
                                       :
TERRAFORM LABS PTE. LTD.,              :     Case No. 24–10070 (BLS)
                                       :
            Debtor.[1]                 :
                                       :
-------------------------------------------------------- x
```

**DECLARATION OF SMITHA RAJAN MENON**
**IN SUPPORT OF APPLICATION OF DEBTOR**
**FOR AUTHORITY TO EMPLOY AND RETAIN**
**WONGPARTNERSHIP LLP AS SPECIAL FOREIGN COUNSEL**
**TO TERRAFORM LABS PTE. LTD., EFFECTIVE AS OF THE PETITION DATE**

I, Smitha Rajan Menon, declare under penalty of perjury:

1.      I am a partner at the law firm of WongPartnership LLP ("**WongPartnership**" or the "**Firm**"), located at 12 Marina Boulevard, Level 28, Marina Bay Financial Centre Tower 3, Singapore 018982.

2.      I am admitted in, practicing in, and a member in good standing of the Singapore Bar.

3.      I submit this declaration (the "**Declaration**") on behalf of WongPartnership in support of the *Application of Debtor for Authority to Employ and Retain WongPartnership LLP as Special Foreign Counsel to Terraform Labs Pte. Ltd., Effective as of the Petition Date* (the "**Application**")[2] of the above-captioned debtor and debtor in possession pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016,

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Application.

and Local Rules 2014-1 and 2016-1, requesting entry of an order (i) authorizing the Debtor to employ and retain WongPartnership as special foreign counsel to the Debtor, in connection with (a) the Litigation, (b) the Investigations, and (c) advising the Debtor on Singapore law issues and the Recognition Proceeding, pursuant to the terms and conditions set forth in the Engagement Agreements, effective as of the Petition Date and (ii) granting related relief.

4.    Pursuant to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases* (the "**Fee Guidelines**"), WongPartnership makes certain disclosures herein.

5.    Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[3]

### Retention of WongPartnership

6.    WongPartnership is a Singapore law firm with more than 300 attorneys. The members of the Firm practice in various practice areas, including corporate and financial services, intellectual property, regulatory, litigation, dispute resolution, restructuring and insolvency, tax, corporate and regulatory investigations, fintech, employment, health sciences, and insurance.

7.    WongPartnership is also familiar with the Debtor's business and financial affairs. WongPartnership has provided legal services to the Debtor since 2022, having been retained by the Debtor pursuant to three engagement agreements dated August 20, 2022 (in respect of the Investigations), January 9, 2024 (in respect of advising the Debtor on Singapore law issues and the Recognition Proceeding) and January 15, 2024 (in respect of the Litigation). WongPartnership's professionals have worked closely with the Debtor's other professionals and, as a result, have become well-acquainted with the Debtor's history, business operations, capital

---

[3]    Certain of the disclosures herein relate to matters within the knowledge of other attorneys, staff, and other personnel at WongPartnership.

and corporate structure, and related matters. Accordingly, WongPartnership has developed substantial knowledge regarding the Debtor that will result in effective and efficient services with respect to the matters for which it is to be retained in this Chapter 11 Case.

8.    WongPartnership will advise the Debtor in relation to the Litigation, the Investigations, the Singapore law issues and the Recognition Proceeding given that they are or will be taking place in Singapore and involve Singapore law.  I believe that WongPartnership has the resources and experience necessary to assist the Debtor in this Chapter 11 Case on the matters in which it is to be retained.  WongPartnership will coordinate with the Debtor's other professionals to ensure that its services are complementary to and not duplicative of the services of the Debtor's other professionals.

<u>**WongPartnership's Disclosure Procedures**</u>

9.    To the best of my knowledge and information after due inquiry, and except as disclosed herein and in the Application, WongPartnership has no known connection with the Debtor, its creditors, any other party-in-interest herein, or their respective attorneys or professionals and does not hold or represent any entity having an adverse interest with respect to the matters for which WongPartnership is being retained.  For so long as WongPartnership represents the Debtor, and absent a further order of this Court, WongPartnership will not represent any entity other than the Debtor in connection with this Chapter 11 Case.

10.    As more fully described herein, WongPartnership maintains a computer client database (the "**Client Database**") containing the names of all of WongPartnership's current and former clients. In connection with preparing this Declaration, WongPartnership caused to be submitted to, and caused to be checked against, the Client Database those potentially interested parties in this Chapter 11 Case listed in <u>**Schedule 1**</u> hereto, which party names were provided to WongPartnership by the Debtor (collectively, the "**Potentially Interested Parties**").

WongPartnership then compared the names of the Potentially Interested Parties against the Client Database.

11.     WongPartnership's inquiry revealed that certain of the Potentially Interested Parties are, or are affiliates of, current or former (within the last two years) WongPartnership clients (a list of such parties is annexed hereto as **Schedule 2**, incorporated herein by reference, and is referred to herein as the "**Client Match List**").    Through the information generated from the above-mentioned computer inquiry, through follow-up inquiries with those charged with maintaining the Client Database, and through follow-up inquiries with WongPartnership attorneys responsible for certain clients listed on the Client Match List, to the extent necessary, WongPartnership determined that its representation of those clients on the Client Match List concerns matters unrelated to the Debtor and this Chapter 11 Case.

12.     Through an email to all of WongPartnership's attorneys, WongPartnership solicited information from its attorneys to determine whether any attorneys employed by WongPartnership are related to the Bankruptcy Judges and staff in the United States Bankruptcy Court for the District of Delaware, the United States Trustee for Region 3, or any attorney known by WongPartnership to be employed in the Office of the United States Trustee serving the District of Delaware. WongPartnership has also solicited information from its attorneys to determine if any attorneys employed by WongPartnership are equity security holders of the Debtor.

13.     WongPartnership maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of WongPartnership to create and maintain these records.   The Client Database maintained by WongPartnership is designed to include every matter on which WongPartnership is now or has been engaged, the entity by which WongPartnership is now or has been engaged, and, in each instance, the identity of adverse parties

(if any) and the name of the attorney at WongPartnership that is knowledgeable about the matter. It is the policy of WongPartnership that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Client Database, the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and adverse parties (if any). Accordingly, the Client Database is regularly updated for new matters undertaken by WongPartnership.

14.    With more than 300 lawyers, WongPartnership has connections with certain creditors and other parties-in-interest in this Chapter 11 Case. Those connections include representation of the entity, an affiliate, or related party, as well as representation of parties adverse to such parties, affiliates, or related parties. In addition to the connections disclosed herein and in the Client Match List, it is possible that WongPartnership and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor or this Chapter 11 Case. Moreover, WongPartnership appears in many cases, proceedings, and transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor, Potentially Interested Parties, or other parties-in-interest in this Chapter 11 Case. As such, WongPartnership will supplement this Declaration to the extent necessary.

15.    To the best of my knowledge and information, the annual fees for each of the last two (2) years paid to WongPartnership by any party listed in **Schedule 2** or its affiliates, on an aggregate basis, did not exceed 1.0% of WongPartnership's annual gross revenue, except in the case of fees received from an affiliate of Three Arrows Fund, Ltd (the "**Three Arrows Affiliate**"), which accounted for less than 1% of WongPartnership's revenue

in 2022 and less than 2.4% of WongPartnership's revenue in 2023. WongPartnership has represented and continues to represent the Three Arrows Affiliate in matters which are unrelated to this Chapter 11 Case.

### No Adverse Interest

16.    Based on the foregoing and except as otherwise set forth herein, neither I, WongPartnership, nor any partner, of counsel, or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represents any interest adverse to the Debtor's estate with respect to the matters for which WongPartnership is to be employed, as required by section 327(e) of the Bankruptcy Code.

17.    The Firm currently represents the Debtor's former CEO, Kwon Do Hyeong ("**Do Kwon**"), and Luna Foundation Guard, Ltd ("**LFG**") (in addition to the Debtor) in the Litigation and Investigations. The Firm also renders corporate governance advice to LFG that is unrelated to this Chapter 11 Case. WongPartnership has fully informed the Debtor of its ongoing representation of Do Kwon and LFG, and the Debtor has consented to the Firm's continued representation of Do Kwon and LFG in matters unrelated to this Chapter 11 Case.

18.    WongPartnership will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant Potentially Interested Parties and WongPartnership will promptly update this Declaration to disclose any material developments regarding the Debtor or any other pertinent relationships that come to WongPartnership's attention.  Based on the foregoing, to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry:

   a.    Neither WongPartnership nor any attorney at WongPartnership holds or represents an interest adverse to the Debtor's estate with respect to the matters for which WongPartnership is to be employed;

b. Neither WongPartnership nor any attorney at WongPartnership is a creditor, equity security holder, or an insider of the Debtor, except that WongPartnership previously rendered legal services to the Debtor for which it has been compensated by the Debtor as disclosed below;

c. Neither WongPartnership nor any attorney at WongPartnership is or was, within two (2) years prior to the Petition Date, a director, officer, or employee of the Debtor; and

d. WongPartnership does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

**Professional Compensation and Expense Reimbursement**

19.     A summary of the prepetition payments made by the Debtor to WongPartnership in the 90 days prior to the Petition Date is set forth in **Schedule 3**. WongPartnership holds a prepetition retainer of S$325,000 (~US$242,537.31)[4] (the "**Retainer**") as security for payment of WongPartnership's unpaid fees and expenses. The Retainer exceeds the unpaid prepetition fees and expenses by S$63,233.98 (~US$47,189.54) (the "**Retainer Balance**").[5]

20.     WongPartnership intends to use the Retainer to satisfy any unpaid prepetition fees and expenses. Subject to this Court's approval, the Retainer Balance will be held as an evergreen retainer.

21.     WongPartnership intends to apply for compensation for professional services rendered in connection with: (i) the Litigation, (ii) the Investigations, and (iii) advising on Singapore law issues and the Recognition Proceeding subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

---

[4]    The conversion from S$ to US$ was done using the exchange rate on January 19, 2024 (the last day on which foreign exchange markets were trading before the Petition Date) of US$1:S$1.34.

[5]    The conversion from S$ to US$ was done using the exchange rate on January 19, 2024 (the last day on which foreign exchange markets were trading before the Petition Date) of US$1:S$1.34.

Rules, and any order governing compensation procedures in this Chapter 11 Case, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by WongPartnership. WongPartnership also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with this Application and the interim and final fee applications to be filed by WongPartnership in this Chapter 11 Case.

22.     WongPartnership has advised the Debtor that the current hourly rates applicable to the principal attorneys proposed to advise the Debtor are:

| Professional | Hourly Rate (S$) | Hourly rate (US$) (approximate)[6] |
|---|---|---|
| Partners | 780 - 1,500 | 580 - 1,120 |
| Associates | 360 -700 | 270 - 520 |
| Practice Trainees | 250 | 190 |

23.     WongPartnership has explained to the Debtor that the hourly rates set forth above (a) are set at a level designed to fairly compensate WongPartnership for its work and to cover fixed and routine overhead expenses, (b) are standard for work of this nature inside or outside bankruptcy, and (c) remain subject to periodic, firm-wide adjustments in the ordinary course of WongPartnership's business.

24.     It is WongPartnership's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's matters.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery

---

[6]     The conversion from S$ to US$ was done using the exchange rate on January 19, 2024 (the last day on which foreign exchange markets were trading before the Petition Date) of US$1:S$1.34.

charges, document processing, photocopying charges, travel expenses, expenses for working meals, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. WongPartnership will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to WongPartnership's clients outside of bankruptcy. WongPartnership believes that these expenses should be fairly charged to the clients incurring them rather than to increase the hourly rates and spread the expenses among all clients.

25.    WongPartnership will maintain records, in 1/20 of an hour increments, in support of any fees incurred in connection with the rendering of its services during this Chapter 11 Case by category and nature of the services rendered.  WongPartnership will file such records with the Court, which will include reasonably detailed descriptions of those services provided, the approximate time expended in providing those services, and the individuals who provided such professional services on behalf of the Debtor.

26.    WongPartnership will also maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services. WongPartnership's applications for compensation and expenses will be paid by the Debtor pursuant to the terms of the Engagement Agreements (as may be modified by an order granting the Application), in accordance with any procedures established by the Court; provided, that the Debtor proposes that, in connection with WongPartnership's request for reimbursement for fees, disbursement, and other charges of its external legal counsel in respect of its retention and its fee applications, the invoices and supporting time records from such attorneys shall be included in WongPartnership's own interim and final applications.

27.     In addition, WongPartnership intends to seek compensation for all time and expenses associated with its retention in accordance with sections 330 and 331 of the Bankruptcy Code and any orders of this Court, including the preparation of the Application, this Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications and related issues.

28.     WongPartnership will request payment in arrears following submission of monthly, interim, or final fee applications, as applicable, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other orders of this Court.

29.     Pursuant to Part D1 of the Fee Guidelines, WongPartnership hereby provides the following responses:

| Questions Required by Part D1 of Fee Guidelines | Answer |
| --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No |
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | The material financial terms for the prepetition engagement remained the same after the Debtor filed its Chapter 11 petition. |

| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtor and WongPartnership expect to develop a prospective budget and staffing plan, recognizing that in the course of this Chapter 11 Case, there may be unforeseeable fees and expenses that will need to be addressed by the Debtor and WongPartnership. |
|---|---|

30.     Other than as set forth herein, there is no proposed arrangement to compensate WongPartnership.  WongPartnership has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the partners, counsel, associates, and employees of WongPartnership, or (b) any compensation another person or party has received or may receive.

31.     By reason of the foregoing, I believe WongPartnership is eligible for employment and retention by the Debtor pursuant to sections 327(e) of the Bankruptcy Code and applicable Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 7, 2024                              */s/ Smitha Rajan Menon*
                                                    Smitha Rajan Menon
                                                    Partner

## Schedule 1

## List of Potentially Interested Parties

**Retention Checklist/ List of Potentially Interested Parties**

1. Debtor
2. Significant Shareholders (more than 5% of equity)
3. Bankruptcy Professionals
4. Banks/Lender/UCC Lien Parties/Administrative Agents
5. Contract Counterparties
6. Directors and Officers
7. Known Affiliates
8. Litigation Parties
9. Ordinary Course Professionals
10. Other Professionals
11. Taxing/Governmental/Regulatory Authorities
12. Top General Unsecured Creditors
13. Vendors
14. Investments
15. United States Trustee and Staff for the District of Delaware
16. Bankruptcy Judges and Staff for the District of Delaware
17. Clerk of the Court

**Debtor**
Terraform Labs Pte. Ltd.

**Significant Shareholders (more than 5% of equity)**
Kwon, Do Hyeong
Shin, Daniel Hyunsung

**Bankruptcy Professionals**
Alvarez and Marsal
Dentons US LLP
Dentons Cayman Islands
Dentons Frankfurt
Dentons Mauritius
Dentons Paris
Dentons Rodyk & Davidson LLP
Dentons Seoul
Epiq Global
Kim & Chang
Rahman Ravelli Solicitors Ltd.
Richards, Layton & Finger, P.A.
Weil, Gotshal & Manges LLP
WongPartnership LLP

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Aspire Bank
CIMB Bank
DBS Bank
Hex Technologies Limited a.k.a. Hex Trust Limited
Sygnum Bank
Volopay
Western Alliance Bank

**Contract Counterparties**
8C Management LLC
Ademco Far East Pte Ltd
Adobe Inc.
AIG Asia Pacific Insurance Pte. Ltd.
Alles Labs Pte Ltd
Amazon Web Services Singapore Pte. Ltd.
Amber Technologies Limited
Anticimex Pest Management Pte Ltd
Ape Board Pte Ltd
Atoz SG Accounting Pte Ltd
BFXWW Inc a.k.a. Bitfinex
Big Labs S.R.L. Semplificata
Binance Capital Management Co., Ltd
Bitmonex LLC
Bitrue Singapore Pte Ltd
Breadnbeyond

Breeze Labs, Inc
BTBlock
Bugcrowd Inc.
Centrodex Engineering Pte Ltd
Certik, LLC
Chaos Labs, Inc
Circle Internet Services, Inc., dba, Circleci
Civilized Discourse Construction Kit, Inc a.k.a. Discourse
Coinbase Custody Trust Company, LLC
Concentric Advisors Inc.
Concept Art House, Inc. a.k.a. CAH
Confio GmbH
Cornerstone Research
Crystal Net Pte Ltd
DDC Advocacy LLC d/b/a DDC Public Affairs a.k.a. OmnicomPRGroup
Deel, Inc
Delphi Labs Global Partners LLP
Docusign Inc
Dubel & Associates, LLC
Ecology Limited
Enterprise Management Pte Ltd
Falconx Limited
Gitbook Inc
Github, Inc.
Google Asia Pacific Pte. Ltd.
Hashicorp, Inc.
Jones Lang Lasalle Property Consultants Pte Ltd
Luna Foundation Guard Ltd.
Marte Consulting Pty Ltd (trading as "SCV-Security")
Moon Rabbit Labs, Inc
RELM Insurance
Slack Technologies Limited
Tai Mo Shan Limited
Tips & Tricks, LLC

**Directors And Officers**
Amani, Arrash Chris
Brown, Michael
Dubel, John
Hsieh, Peter
Mathialagan, Ashwin

**Employee Indemnification Counsel**
Doug Whitney Law Offices LLC
Goodwin Law
Kobre & Kim
McGuire Woods
Reed Smith

**<u>Known Affiliates</u>**
Moon Landing Venture I Ltd
Proximity Panorama, LDA
Terra Form Labs Korea
Terraform Labs Limited

**<u>Litigation Parties</u>**
Beltran, Hulian Moreno
Clifford Chance
Drew & Napier LLC
Gan Yi Dong, Douglas
Kaplan Hecker Fink
Mishcon De Reya LLP
OKCoin Technology Company Ltd.
Platias, Nikolaos Alexandros
Setia Law LLC
Wintermute Trading

**<u>Ordinary Course Professionals</u>**
Conyers
Rui Pena, Arnault & Associados

**<u>Taxing/Governmental/Regulatory Authorities</u>**
California Employment Development Department
Commodity Futures Trading Commission
Hawaii Department of Taxation
High Court of Singapore
Internal Revenue Service
Ministry of Finance, British Virgin Islands
The United States Attorney's Office for the District of Delaware
The United States Securities and Exchange Commission
U.S. Department of Justice
Washington Department of Revenue

**<u>Top General Unsecured Creditors</u>**
Aca Engrg Pte Ltd
Archer Marketing & Development (S) Pte Ltd
Cheang & Lee Sanitary Plumbing Pte Ltd
Cloudflare, Inc.
EShares, Inc. dba Carta, Inc.
K&L Gates LLP
Lee, Ethan
Nansen Pte. Ltd
Omnicom Group Inc.
Pagerduty, Inc.
The United States Securities and Exchange Commission
Singtel
Standard Crypto Venture Fund
SubMC1

Token Terminal OY
TPC Commercial Pte Ltd
TQ Ventures III LP

**Vendors**
Air Charter Service
Alpha Consulting
Amazon Web Services Korea LLC
Attorney Translation
Benesch Friedlander
Capital Process Servers
Central Provident Fund Board (CPF)
Collas Crill
EcoSense Solutions Pte Ltd
Eldric Marketing Pte Ltd
Elliott Kwok Levine & Jaroslaw LLP
Expensify, Inc.
Fidelity Investments
FREEH
Gasser Partner Attorneys at Law
Gradillas Partners Investigation
Howse Williams
J.S. Held LLC
Law Firm Planet
Le Yu Corporate Advisory Pte Ltd
Lin Xiufang (Cleaner)
Lincoln Financial Group
Lindeborg Counsellors At Law Ltd
Manulife Financial Corporation
MyRepublic Broadband Pte Ltd
Parcels, Inc. a.k.a. Relativity
Project Solutions Pte Ltd
Quinlan Partners
Shobna Chandran
SP Group Ltd
Tan Rajah & Cheah
Tower Legal Solutions
VSP Vision

**Investments**
1KX, LP
Arvin Burrat NBFI (a.k.a. XGround Inc.)
Authlayer Inc. (a.k.a. Zefi)
Avalanche (BVI), Inc. (a.k.a. Avax)
Best Home Real Estate LLC
Blockpour Pte. Ltd.
Build Republic Inc.
Coinalpha, Inc./Hummingbot Foundation
Defi Alliance Delaware Feeder LLP

Defi Limited
Flipside Crypto, Inc.
Global Maiden International Limited
Hex Capital Group Limited
HOF Capital Growth Opportunity XX, LLC
Hyphen Labs LTD
Liquality Inc.
Mariana Layer Labs Ltd
Megashots Internet Private Limited
Miami Labs, Inc.
NPixel Pte. Ltd.
OPV League Pte. Ltd.
Outlet Finance Inc.
Pangea Cayman Fund I Ltd.
Parafi Digital Opportunities International LP
Persistence Enterprise Solutions Pte. Ltd.
Persistence Technologies (BVI) Pte. Ltd.
Qredo Ltd.
Registered Agents Inc.
RIFT Technologies Limited
SHA2 Labs Pte. Ltd.
Stazon Technologies Ltd. (a.k.a. Stader Labs)
Superplastic Inc. & Mighty Elephant
Three Arrows Fund, Ltd.
Translucence Research, Inc.
Trustless Media Inc.
Vaneck ETP AG
Wandilla Holdings Limited

**United States Trustee and Staff for the District of Delaware**
Attix, Laruen
Bu, Fang
Casey, Linda
Clausen, Joanne E.
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Timothy J. Jr.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Jones, Nyanquoi
Leamy, Jane M.
Lipshie, Jonathan
McCollum, Hannah M.
McMahon, Joseph J.
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda

Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Thomas, Elizabeth
Vara, Andrew R.
Wynn, Dion

**Bankruptcy Judges and Staff for the District of Delaware**
Chan, Ashely M., Judge
Dorsey, John T., Judge
Goldblatt, Craig T., Judge
Horan, Thomas M. Judge
Owens, Karen B., Judge
Shannon, Brendan Linehan
Silverstein, Laurie Selber, Chief Judge
Stickles, J. Kate, Judge
Walrath, Mary F., Judge
Barksdale, Nickita
Batts, Cacia
Bello, Rachel
Brady, Claire
Capp, Laurie
Cavello, Robert
Farrell, Catherine
Gadson, Danielle
Haney, Laura
Hrycak, Amanda
Johnson, Lora
Lopez, Marquietta
Lugano, Al
Ranieri, Joan
Subda, Paula
Walker, Jill
Yeager, Demitra

**Clerk of the Court**
O'Boyle, Una

**Schedule 2**

**Client Match List**

        WongPartnership may currently represent or within the last two years may have represented the following Potentially Interested Parties or persons or entities that may be related to or affiliated with the Potentially Interested Parties in matters unrelated to the Debtor and its Chapter 11 Case.

| Name | Relationship To Debtor | Brief Description of Relationship to WongPartnership |
|---|---|---|
| Adobe Inc. | Contract Counter-Parties | Affiliate or Subsidiary of Current Client |
| AIG Asia Pacific Insurance Pte. Ltd. | Insurance | Current Client / Affiliate or Subsidiary of Current Client |
| Alvarez & Marsal | Bankruptcy Professionals | Current Client |
| Amazon Web Services Korea LLC | Vendors | Affiliate or Subsidiary of Current Client |
| Amazon Web Services Singapore Pte. Ltd. | Contract Counter-Parties | Affiliate or Subsidiary of Current Client |
| Binance Capital Management Co., Ltd | Contract Counter-Parties | Affiliate or Subsidiary of Current Client |
| Central Provident Fund Board (CPF) | Vendors | Current Client |
| CIMB Bank | Banks/Lender/UCC Lien Parties/Administrative Agents | Current Client / Affiliate or Subsidiary of Current Clients |
| Clifford Chance | Legal Matters | Current Client / Affiliate or Subsidiary of Current Clients |
| Dentons US LLP | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
| Dentons Cayman Islands | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
| Dentons Frankfurt | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
| Dentons Mauritius | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |

| Dentons Paris | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
|---|---|---|
| Dentons Rodyk & Davidson LLP | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
| Dentons Seoul | Bankruptcy Professionals | Affiliate or Subsidiary of Current Client |
| Goodwin Law | Employee Indemnification Counsel | Affiliate or Subsidiary of Current Clients |
| Google Asia Pacific Pte. Ltd. | Contract Counter-Parties | Current Client |
| J.S. Held LLC | Vendors | Current Client |
| Kim & Chang | Bankruptcy Professionals | Current Client |
| Kobre & Kim | Employee Indemnification Counsel | Former Client |
| Luna Foundation Guard Ltd. | Contract Counter-Parties | Current Client (on corporate governance advice which is unrelated to the Chapter 11 Case) |
| Nansen Pte. Ltd. | Top General Unsecured Creditors | Current Client |
| Omnicom Group Inc. | Top General Unsecured Creditors | Current Client |
| Singtel | Top General Unsecured Creditors | Current Client |
| SP Group Ltd | Vendors | Affiliate or Subsidiary of Current Client |
| Three Arrows Fund, Ltd. | Investments | Related to Current Client |
| TPC Commercial Pte Ltd | Top General Unsecured Creditors | Current Client |
| U.S. Department of Justice | Taxing/Governmental/Regulatory Authorities | Current Client |
| Weil, Gotshal & Manges LLP | Bankruptcy Professionals | Current Client |
| Wintermute Trading | Legal Matters | Former Client |

**Schedule 3**

**Summary of Payments**[1]

---

[1] The conversion from S$ to US$ in Schedule 3 done using the exchange rate on January 19, 2024 (the last day on which foreign exchange markets were trading before the Petition Date) of US$1:S$1.34.

| Invoice Date | Invoice # | Fees | Costs | Total Fees & Costs Billed | Fee Advance Requests | Payment Type | Payment Date | Payment Received | Fee Advance Balance | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Bank transfer | 08/31/22 | S$50,000[2] (US$37,313.43) | S$50,000 (US$37,313.43) | Fees advanced pursuant to letter of engagement dated 08/20/22 |
| 03/10/23 | - | | | | S$150,000 (US$111,940.30) | | | | | |
| | | | | | | Bank transfer | 04/05/23 | S$150,000[3] (US$111,940.30) | S$200,000 (US$149,253.73) | Fees advanced pursuant to invoice dated 03/10/23 |
| 11/17/23 | 2305851 | S$226,800 (US$169,253.73) | S$622.1 (US$464.25) | S$227,422.1 (US$169,717.99) | | | | | | Invoice for work done on the Investigations from 01/01/23 to 08/31/23 |
| | | | | | | Bank transfer | 12/21/23 | S$227,422.10 (US$169,717.99) | | Payment of invoice dated 11/17/23 (no. 2305851) |
| 01/09/24 | - | | | | S$125,000 (US$93,283.58) | | | | | |
| | | | | | | Bank transfer | 01/19/24 | S$125,000 (US$93,283.58) | S$325,000 (US$242,537.31) | Fees advanced pursuant to invoice dated 01/09/24 |
| 02/05/24 | 2400569 | S$27,862.38 (US$20,792.82) | S$36.77 (US$27.44) | S$27,899.15 (US$20,820.26) | | | | | | Invoice for work done on the Investigations from 09/01/23 to 10/30/23 |
| 02/05/24 | 2400570 | S$88,555.42 (US$66,086.13) | S$267.32 (US$199.49) | S$88,822.74 (US$66,285.63) | | | | | | Invoice for work done on the Litigation from 01/01/24 to 01/21/24 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/05/24 | 2400573 | S$91,319.40 (US$68,148.81) | S$1,398.14 (US$1,043.39) | S$92,717.54 (US$69,192.19) | | | | | | Invoice for work done on the Litigation from 11/22/23 to 12/29/23 |
| | | S$52,263.32 (US$39,002.48) | S$63.27 (US$47.22) | S$52,326.59 (US$39,049.69) | | | | | | These amounts relate to work done on the Recognition Proceeding and advice on Singapore law issues from 01/04/24 to 01/21/24. An invoice has not yet been issued to the Debtor in respect of these amounts. |

**Prepetition retainer = S$325,000 (US$242,537.31)**

**Total unpaid prepetition fees = S$261,766.02 (US$195,347.78)**

**Balance Retainer = S$63,233.98 (US$47,189.54)**

---

2 This payment was received outside of the 90-day pre-petition period.

3 This payment was received outside of the 90-day pre-petition period.