**Exhibit C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
TERRAFORM LABS PTE. LTD., : Case No. 24–10070 (BLS)
:
Debtor.[1] : Re: Docket No. __
:
------------------------------------------------------------ x

**ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN WONGPARTNERSHIP LLP AS SPECIAL FOREIGN COUNSEL TO TERRAFORM LABS PTE. LTD., EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the Chapter 11 Case (the "**Debtor**"), for entry of an order (i) authorizing the Debtor to employ and retain WongPartnership as special foreign counsel to the Debtor, in connection with (a) the Litigation, (b) the Investigations, and (c) advising the Debtor on Singapore law issues and the Recognition Proceeding, pursuant to the terms and conditions set forth in the Engagement Agreements, effective as of the Petition Date and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Hsieh Declaration and the Menon Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Application having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

having reviewed the Application; and this Court having held a hearing on the Application, if necessary; and this Court being satisfied based on the representations made in the Application and in the Menon Declaration that WongPartnership does not hold or represent an interest adverse to the Debtor's estate with respect to the matters for which WongPartnership is to be retained as required by section 327(e) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtor is authorized pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1 and 2016-1, to retain and employ WongPartnership as special foreign counsel to Terraform Labs Pte. Ltd. in the Chapter 11 Case upon the terms and conditions as set forth in the Application and the Engagement Agreements effective as of the Petition Date.

3. WongPartnership shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further orders of this Court governing compensation of retained professionals.

4. WongPartnership shall be reimbursed for reasonable and necessary expenses as provided by the Fee Guidelines.

5. To the extent WongPartnership uses the services of independent contractors ("**Contractors**") in this Chapter 11 Case, WongPartnership shall ensure that the Contractors (save for those providing courier, printing or commissioning services) are subject to the same conflicts

checks as required for WongPartnership, and file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors, and, if WongPartnership seeks to pass through, and requests to be reimbursed for, the fees and/or costs of the Contractors, WongPartnership shall (i) pass through the cost of such Contractors to the Debtor at the same rate that WongPartnership pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only.

6. WongPartnership will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines in connection with the Application and any interim and final fee applications to be filed by WongPartnership in this Chapter 11 Case.

7. WongPartnership is authorized to apply its prepetition retainer in the amount of S$325,000 (~US$242,537.31)[3] against any prepetition amounts owed by the Debtor to WongPartnership.

8. The Retainer Balance shall be held by WongPartnership as an evergreen retainer throughout this Chapter 11 Case and shall serve as security for WongPartnership's fees and expenses as may be awarded by final order of this Court and payable to WongPartnership.

9. WongPartnership shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and counsel to the Creditors' Committee before any increases to the rates set forth in the Application or the Engagement Agreements are implemented and shall file such notice on the docket of the Chapter 11 Case.  The Court and the U.S. Trustee retain the right to review any rate increase by WongPartnership under section 330 of the Bankruptcy Code.

---

[3] The conversion from S$ to US$ was done using the exchange rate on January 19, 2024 (the last day on which foreign exchange markets were trading before the Petition Date) of US$1:S$1.34.

10. WongPartnership shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any Retained Professional or any other professional retained in this Chapter 11 Case.

11. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12. To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

13. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.