IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
TERRAFORM LABS PTE. LTD., : Case No. 24–10070 (BLS)
:
Debtor.[1] : Obj. Deadline: Mar. 21, 2024 at 4:00 p.m. (ET)
: Hearing: Apr. 18, 2024 at 2:30 p.m. (ET)
:
:
:
------------------------------------------------------------ x

**MOTION OF DEBTOR FOR ENTRY
OF AN ORDER AUTHORIZING DEBTOR TO EMPLOY
PROFESSIONALS USED IN ORDINARY COURSE OF BUSINESS**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (the "**Motion**"):

**Background**

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On February 29, 2024, the United States Trustee for Region 3 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in this Chapter 11 Case.

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

3. Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and the Debtor's business and operations is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Relief* [Docket No. 18] (the "**First Day Declaration**"),[2] filed on the Petition Date and incorporated herein by reference.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Pursuant to Rule 9013-(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. By this Motion, pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtor requests authority to employ professionals retained in the ordinary course of business (collectively, the "**Ordinary Course Professionals**"), effective as of the Petition Date, without the submission of separate employment applications or the issuance of separate retention orders for each professional.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

2

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Proposed Procedures for Employment of Ordinary Course Professionals**

7. The Debtor seeks authority to continue employing Ordinary Course Professionals to provide a variety of professional services to the Debtor's estate in the same manner and for the same or similar purposes as the Ordinary Course Professionals were retained prior to the Petition Date. These Ordinary Course Professionals provide the Debtor with a range of important legal services, including with respect to third-party discovery requests in foreign jurisdictions and litigation arising therefrom, to aid the Debtor's defense in connection with the *SEC v. Terraform Labs Pte. Ltd.*, *et al.*, Case No. 1:23-cv-013460-JSR (S.D.N.Y.)) (the "**SEC Enforcement Action**")[3]. Continued employment of the Ordinary Course Professionals is essential to avoid disruption to the Debtor's normal business operations and the cost, expense, and delay of securing replacement professionals.

8. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation pursuant to the procedures set forth below (the "**OCP Procedures**") are in the best interests of the Debtor's estate and creditors. The relief requested will save the Debtor the expense and time associated with applying separately to retain each Ordinary Course Professional and will avoid the incurrence of additional fees for the preparation and prosecution of interim and final applications during this Chapter 11 Case.

9. Accordingly, the Debtor requests that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following OCP Procedures:

---

[3] Further information regarding the SEC Enforcement Action is discussed in the First Day Declaration.

3

a. Pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, the Debtor will be authorized to employ the Ordinary Course Professionals listed on **Exhibit 1** annexed to the Proposed Order in accordance with the procedures set forth in the Proposed Order, effective as of the Petition Date.

b. Each Ordinary Course Professional will provide the Debtor's attorneys within thirty (30) days after the later of the date (i) of entry of the Proposed Order or (ii) on which the Ordinary Course Professional commences services for the Debtor a declaration substantially in the form annexed as **Exhibit 2** to the Proposed Order (the "**OCP Declaration**").

c. The Debtor's attorneys will file the OCP Declaration with the Court and serve a copy upon (i) the U.S. Trustee and (ii) counsel to the Creditors' Committee (collectively, the "**Reviewing Parties**").

d. The Reviewing Parties will have fourteen (14) days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtor, the Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

e. If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided*, *however*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtor will schedule the matter for a hearing before the Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtor, and the objecting party.

f. The Debtor may seek to retain additional Ordinary Course Professionals throughout this case by (i) including each additional Ordinary Course Professional on a supplement to **Exhibit 1** to the Proposed Order that is filed with the Court and (ii) having such additional Ordinary Course Professional comply with the OCP Procedures. The approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

g. Once an Ordinary Course Professional is retained in accordance with these OCP Procedures, the Debtor may pay such Ordinary Course Professional 100% of any fees and 100% of any expenses incurred, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such

      invoices); *provided*, that the Ordinary Course Professional's total compensation and reimbursement will not exceed $50,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").

h.     Notwithstanding the foregoing, the Debtor believes that it may be appropriate to allow a monthly cap in excess of the Monthly Fee Cap for any Ordinary Course Professional that likely will exceed such cap amount but that should not otherwise be required to follow the payment procedure applicable to the formally retained professionals. If the Debtor is able to obtain the agreement of the Reviewing Parties to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of increased Monthly Fee Cap (the "**Cap Increase Notice**"), and the increased Monthly Fee Cap will be deemed approved upon the filing of such Cap Increase Notice, without further action by the Court. Absent such an agreement of the Reviewing Parties, if the Monthly Fee Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for compensation and reimbursement for the applicable time period in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Procedures, any other procedures and orders of the Court. The U.S. Trustee reserves the right to request that any Ordinary Course Professional that is regularly exceeding the Monthly Fee Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such Ordinary Course Professional that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* in connection with such Fee Application and/or retention application.

i.     Each Fee Application shall be served upon the Reviewing Parties. The Reviewing Parties shall then have fifteen (15) days to object to the Fee Application. If, after fifteen (15) days, no objection is filed, the fees and expenses requested in the Fee Application shall be deemed approved, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and expenses without the need for further action from such Ordinary Course Professional.

j.     At three-month intervals during the pendency of this Chapter 11 Case (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2024, the Debtor will file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts invoiced and paid as compensation for services rendered and

reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter broken down by month; (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

## **Relief Requested Should Be Granted**

10. A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. Section 327(e) of the Bankruptcy Code further provides that, "with the court's approval," a debtor may employ:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

11. Section 330 of the Bankruptcy Code authorizes the Court to award reasonable compensation for actual and necessary services rendered by retained professionals. 11 U.S.C. § 330. Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing. 11 U.S.C. § 105(a).

12. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtor for prepetition services rendered to the Debtor, the Debtor does not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtor, its creditors, or other parties in interest that should preclude such professionals from continuing to represent the Debtor on such matters. Further, attorneys that have been retained by the estate pursuant to section 327(e) of the Bankruptcy Code are not required to be "disinterested." *See, e.g.*, *In re Licking River Mining, LLC*, 562 B.R. 351, 355 (Bankr. E.D. Ky. 2016) ("Employment under section 327(e) eliminates the disinterestedness requirement."); *In re*

*Polaroid Corp.*, 424 B.R. 446, 453 (Bankr. D. Minn. 2010) (holding that section 327(e) only disqualifies counsel when they have conflicts related to the matter on which the attorney is to be employed); *In re J.S. II, LLC*, 371 B.R. 311, 317 (Bankr. N.D. Ill. 2007) (stating that the "conflict of interest standard in section 327(e) is more relaxed than the standard embodied in section 327(a)"); *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005) (holding that counsel was not disqualified under section 327(e) because it held a prepetition claim); *In re Albert*, 206 B.R. 636, 644 (Bankr. D. Mass. 1997) (distinguishing the disinterestedness requirement in subsection 327(a) from the adverse interest requirement of subsections 327(c) and (e)). Accordingly, the Court may authorize the retention of the Ordinary Course Professionals.

13. Here, in light of the additional costs associated with the potential preparation of employment applications for Ordinary Course Professionals that will receive relatively small fees, it is impractical and economically inefficient for the Debtor to submit individual applications and proposed retention orders for each Ordinary Course Professional as the Debtor would otherwise be required. Accordingly, the Debtor requests that the Court implement the streamlined OCP Procedures described herein in lieu of individual employment applications, retention orders, and fee applications for each Ordinary Course Professional.

14. Other than the Ordinary Course Professionals, all professionals employed by the Debtor to assist in the prosecution and administration of this Chapter 11 Case will be retained by the Debtor pursuant to separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules, and other orders of this Court.

15. For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtor, its estate, and all other parties in interest in this case. Accordingly, the Court should authorize the Debtor to employ the Ordinary Course Professionals in accordance with the OCP Procedures.

## Reservation of Rights

16. Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtor or any liens satisfied pursuant to this Motion, (b) an agreement or obligation to pay any claims, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, (e) a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (f) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## Notice

17. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; (f) the Ordinary Course Professionals; and (g) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor respectfully submits that no further notice is required.

## **No Prior Request**

18.     No prior request for the relief sought herein has been made by the Debtor to this or any other Court.

[*Remainder of this page intentionally left blank*]

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 7, 2024
      Wilmington, Delaware

*/s/ Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700
Email:   heath@rlf.com
      shapiro@rlf.com
      milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:   ronit.berkovich@weil.com
      jessica.liou@weil.com
      f.gavin.andrews@weil.com

*Attorneys for Debtor*
*and Debtor in Possession*