IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re : Chapter 11
: 
TERRAFORM LABS PTE. LTD., : Case No. 24-10070 (BLS)
: 
Debtor.[1] : 
: Re: Docket No. 61
: 
---------------------------------------------------------- x

**DECLARATION OF MICHAEL LETO IN SUPPORT OF THE DEBTOR'S MOTION FOR ENTRY OF ORDERS PURSUANT TO SECTIONS 363, 503(B), AND 105(A) OF THE BANKRUPTCY CODE AUTHORIZING DEBTOR TO PAY CERTAIN AMOUNTS IN FURTHERANCE OF LITIGATION AND GRANTING RELATED RELIEF**

I, Michael Leto, pursuant to section 1746 of title 28 of the United States Code hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief.

1. I am a Managing Director with Alvarez & Marsal North America, LLC ("**A&M**"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operational restructuring, and a restructuring advisor to the above-captioned debtor and debtor-in-possession, Terraform Labs Pte. Ltd. (the "**Debtor**" or the "**Company**"). I submit this declaration in support of the *Debtor's Motion for Entry of Orders Pursuant to Sections 363, 503(B), and 105(A) of the Bankruptcy Code Authorizing Debtor to Pay Certain Amounts in Furtherance of Litigation and Granting Related Relief* (the "**Litigation Payment Motion**")

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[Docket No. 61].[2] I previously submitted a declaration on January 30, 2024 titled *Declaration of Michael Leto in Support of the Debtor's First Day Motions* [Docket No. 22].

2. I have over 15 years of distressed company advisory experience. Through roles in both senior management and as a restructuring advisor, I have substantial experience helping financially distressed companies stabilize their financial condition, analyze their operations, and develop business plans to accomplish the necessary restructuring of their operations and finances. I have advised clients in numerous major bankruptcy cases, including Lehman Brothers Holdings Inc., a large financial bankruptcy (for 7 years, of which I served 3 years as Interim Chief Financial Officer), Genesis Global Holding and subsidiaries, a lending and borrowing, spot trading, derivatives and custody service for digital assets and fiat currency, Yellow Corporation, a provider of transportation services, Bristow Group, an aviation transportation company, and Gibson Brands, a large international consumer products company, and I have served as the interim Chief Financial Officer of other private companies. I received my bachelor's degree in Accounting and Business Administration from Hofstra University and an MBA from Fordham University in Management Systems and International Business.

3. The Debtor engaged A&M on or around January 19, 2024 to provide financial advisory services. Since the outset of the Debtor's engagement of A&M, I have worked closely with the Company and the Company's other advisors to set a course for a successful restructuring of the Debtor's business. I am generally familiar with the Debtor's operations, business, financial affairs, and books and records, as well as the circumstances leading to the commencement of this chapter 11 case. Particularly relevant to this Declaration, I have reviewed

---

[2] The Litigation Payment Motion seeks the payment of (i) Employee Counsel Fees and Expenses, (ii) Critical Vendor Claims, and (iii) Foreign Litigation Claims. This Declaration concerns only the payment of Employee Counsel Fees and Expenses.

2

the structure, scope, and functions of the Debtor's workforce, including the mechanisms by which the workforce is employed and compensated.  I am authorized to submit this Declaration in support of the Litigation Payment Motion.

4.    Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, my personal experience, knowledge, and information concerning the Debtor's operations, and the information provided to me by the Debtor's employees.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.

5.    Including its wholly-owned subsidiary, Proximity Panorama, LDA ("**Proximity**"), the Debtor's workforce—which consists of approximately 43 full-time Employees, 1 hourly employee and approximately 16 independent contractors—performs a variety of critical functions for the Debtor's business such as research and development, engineering, product design, software development, administrative duties, and executive duties.

6.    The current workforce is located all over the world.  Proximity is the employer of record for its all of its Employees located in Portugal, except one (such employees, the "**Proximity Employees**").  The rest of the Debtor's Employees can be categorized in two ways: (i) those located in Singapore, where the Debtor is incorporated, for whom the Debtor is the employer of record (such employees, the "**Singapore Employees**"); and (ii) those located outside of Singapore, for whom the employer of record is Deel, Inc. ("**Deel**," and such Employees, the "**EOR Employees**"), a third-party human resources and payroll vendor. The Debtor funds the payment of wages and benefits for all Employees and almost all contractors through Deel.

7.    The workforce provides services that directly or indirectly support the Debtor's operations, irrespective of whether an individual Employee is a Singapore or Proximity

3

Employee versus an EOR Employee.  The Debtor uses Deel purely out of convenience to provide payroll and human resource-related services, given the global span of the Debtor's business.  It is the Debtor, rather than Deel, that has control over the delegation of tasks to be performed and the manner of performance by the Employee.  In addition, the Employees are fully integrated into the Debtor's business and typically do not interact with Deel related to their daily tasks and responsibilities related to the Debtor's business operations.  The Debtor—not Deel—selected the Employees for employment, and while salary payments are actually transferred by Deel to the employees, the source of the salary payments originate from the Debtor.

      I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   March 9, 2024
           New York, New York

                              Respectfully submitted,

                              By:   */s/ Michael Leto*
                                      Michael Leto
                                      Managing Director
                                      Alvarez & Marsal North America, LLC