## Exhibit 1

## Revised Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                            :

| | |
|---|---|
| In re | Chapter 11 |
| **TERRAFORM LABS PTE. LTD.,** | Case No. 24–10070 (BLS) |
| Debtor.[1] | Re: Docket No. 61 |

------------------------------------------------------------ x

**ORDER PURSUANT TO BANKRUPTCY CODE
SECTION 363 AUTHORIZING DEBTOR TO PAY CERTAIN AMOUNTS
IN FURTHERANCE OF LITIGATION AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**"),[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (this "**Order**") pursuant to sections 105(a), 363(b)(1), 363(c), and 503(b) of the Bankruptcy Code and Bankruptcy Rule 6004, authorizing the Debtor to pay (i) fees and expenses of Employee Counsel including (a) prepetition fees and expenses in an amount not to exceed $355,386.31 (after application of prepetition retainers), (b) estimated postpetition fees and expenses for the three (3) months following the Petition Date, in an amount not to exceed $2,908,388, subject to the Employee Counsel Payment Procedures, and (c) the Future Indemnification Cap, in an amount not to exceed on a three month rolling basis, $75,000 per month on average or $225,000 in the aggregate; (ii) the prepetition Critical Vender Claims, not to exceed $1,300,000; and (iii) the prepetition claims of the Foreign Litigation Creditors, in an amount not to exceed $1,509,000, including $1,325,000 for the Wintermute Costs,[3] all as more fully set forth in the Motion; and upon

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]    On February 27, 2024, the Court entered the *Order Pursuant to Bankruptcy Code Section 363 Authorizing Debtor to Pay (I) Wintermute Costs and (II) Granting Related Relief* [Docket No. 83].

the First Day Declaration; and upon the Califano Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to pay (i) fees and expenses of Employee Counsel including (a) prepetition fees and expenses in an amount not to exceed $355,366.31, (b) estimated postpetition fees and expenses for the three (3) months following the Petition Date, in an amount not to exceed $2,908,388, subject to the Employee Counsel Payment Procedures, and (c) the Future Indemnification Cap, in an amount not to exceed on a three month rolling basis, $75,000 per month on average, or $225,000 in the aggregate; (ii) the prepetition Critical Vender Claims,

not to exceed $1,065,000 (as set forth in paragraphs 3 and 4); and (iii) the prepetition claims of the Foreign Litigation Creditors, including: (a) the OkCoin Costs Order in an amount not to exceed $100,000; (b) the Bitfinex Costs Order in an amount not to exceed $27,000; and (c) the Primary Digital Costs Order in an amount not exceed $57,000.

3.      The Debtor is authorized, but not directed, to pay the following Critical Vendors in the amounts set forth below under the column labeled "Amounts Authorized to Be Paid" subject to the Critical Vendor agreeing to (i) waive the amount of its Critical Vendor Claim set forth below under the column labeled "Amount Waived" and (ii) provide services on a postpetition basis as requested by the Debtor.

| Name of Critical Vendor | Amounts Authorized to be Paid | Amount Waived |
|---|---|---|
| Cornerstone Research | $544,600 | $233,400 |
| JS Held LLC | $270,900 | $116,100 |

4.      The Debtor is authorized, but not directed, to pay the following Critical Vendors in the amounts set forth below under the column labeled "Amounts Authorized to be Paid" subject to the Critical Vendor agreeing to provide services on a postpetition basis as requested by the Debtor.

| Name of Critical Vendor | Amounts Authorized to be Paid |
|---|---|
| Alpha Consulting | $1,600 |
| Quinlan Partners | $104,800 |

5.      The Debtor seeks approval of the following procedures (the "**Employee Counsel Payment Procedures**") to pay postpetition fees and expenses to Employee Counsel:

    a. The Debtor will inform all Employee Counsel of the Indemnity Limitations; and any payments made to Employee Counsel will be subject thereto and the Debtor may seek repayment of amounts in accordance therewith.

b. Each Employee Counsel must provide an invoice (each, an "**Invoice**") to the Debtor's counsel (Weil, Gotshal & Manges LLP, Ronit Berkovich (ronit.berkovich@weil.com); Jessica Liou (jessica.liou@weil.com); and F. Gavin Andrews (f.gavin.andrews@weil.com))[4] within thirty (30) days following the end of the previous month, setting forth in reasonable detail the nature of the postpetition services rendered by Employee Counsel, including any expenses; *provided, however*, the Employee Counsel may redact the Invoice for privilege and confidentiality.

c. The Debtor will provide copies of Invoices to:

   i. the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov); and

   ii. counsel to the Creditors' Committee, Darren Azman (Dazman@mwe.com), and Gregg Steinman (Gsteinman@mwe.com) (the "**Committee Counsel**", together with the U.S. Trustee, the "**Reviewing Parties**").

d. The Debtor and Reviewing Parties shall have 14 days after receiving an Invoice to object to any amount sought in such Invoice on reasonableness grounds using the standard under section 330 of the Bankruptcy Code (other than section 330(a)(3)(C) of the Bankruptcy Code) by notifying counsel to the Debtor of its determination via email (the "**Objection Deadline**").

e. The Reviewing Parties shall have fourteen (14) days following the date of notifying the Debtor of an objection to an Invoice (or portion thereof) to request a hearing in respect to an objection.

f. If the Reviewing Parties have not objected to an Invoice by the Objection Deadline, the Debtor shall be authorized to make payment to the Employee Counsel in the amount set forth in the Invoice. For avoidance of doubt, the Debtor is authorized to pay any portion of an Invoice that is not subject to an objection.

g. The Debtor will only be authorized to pay the objected to portion of an Invoice, after resolution with Reviewing Party or further order of the court.

---

[4] Each Invoice will be reviewed and approved by the Board on behalf of the Debtor, in consultation with the Special Committee of the Board (the "**Special Committee**"), in its discretion.

6. The Debtor seeks approval of the following procedures to pay and/or reimburse Employees for Future Indemnification Requests (as defined below):

   a. The Debtor shall timely inform the Board if the Debtor wishes to include an Employee, that has not already engaged Employee Counsel, to participate in interviews, or otherwise, in each case in connection with the SEC Enforcement Action and/or DOJ Investigation.

   b. The Debtor shall also inform the Board within seven (7) days if an Employee, that has not already engaged Employee Counsel, is the subject of a subpoena or otherwise issued by the SEC or DOJ in connection with the SEC Enforcement Action or DOJ Investigation

   c. In the case of either (a) or (b), the Debtor shall thereafter provide the Board with (i) an engagement letter between the Employee and proposed counsel to the Employee, which describes in reasonable detail the scope of counsel's representation of the Employee, and (ii) a non-binding fee estimate for counsel's representation of the Employee (collectively, the "**Future Indemnification Requests**").

   d. Each Future Indemnification Request shall be reviewed and approved by the Board in consultation with the Special Committee.

   e. If the Board approves a Future Indemnification Request, the Debtor shall be authorized to make payment in the ordinary course to the Employee's counsel, *provided*, *that*:

      i. Such payments shall be at all times subject to the Employee Counsel Payment Procedures; and

      ii. Any Future Indemnification Requests shall not exceed on a rolling three (3) month period, $75,000 per month on average or $225,000 in the aggregate (the "**Future Indemnification Cap**").

7. All Employee Counsel are authorized to draw down on their retainers for the payment of any prepetition amounts outstanding.

8. For the avoidance of doubt, the Debtor is authorized, but not directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to pay compensation to, and reimburse expenses of, Employee Counsel on account of Employees that have not yet incurred

5

indemnification obligations, but may do so in the future, but in all cases pursuant to the Employee Counsel Payment Procedures, and the Future Indemnification Cap.

9. Nothing contained herein shall prejudice, in any way, the right of any current or former Employee of the Debtor from seeking indemnification, advancement, reimbursement, or other coverage under (i) the Debtor's Constitution, (ii) any applicable employment agreement or indemnity agreement, or (iii) any insurance policies, including D&O policies, related to such Employees service, or from filing a proof of claim against the Debtor.

10. For avoidance of doubt, nothing herein authorizes the payment of prepetition claims by the Debtor not otherwise approved in this Order.

11. Nothing herein authorizes the Debtor to pay any postpetition fees and expenses to Rodic for any period following the extradition of Mr. Do Kwon from Montenegro.

12. Entry of this Order shall be without prejudice to the ability of the Debtor to seek relief to pay further fees and expenses of counsel to Employees upon a motion by the Debtor.

13. Under the circumstances of this chapter 11 case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14. Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.