## **Exhibit 1**

**Revised Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
---------------------------------------------------------- x
                                            :
In re                                       :    Chapter 11
                                            :
TERRAFORM LABS PTE. LTD.                    :    Case No. 24–10070 (BLS)
                                            :
            Debtor.[1]                      :    Re: Docket No. 60
                                            :
---------------------------------------------------------- x
```

## ORDER GRANTING APPLICATION OF DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DENTONS US LLP AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE

Upon the Application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case ("**TFL**" or the "**Debtor**"), pursuant to section 327(e) of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), requesting entry of an order authorizing the retention and employment of Dentons US LLP ("**Dentons US**")[3] as special counsel to the Debtor effective as of the Petition Date; the Court having considered the declaration of Mark G. Califano in support of the Application (the "**Califano Declaration**"), attached to the Application as **Exhibit B**, and the declaration of Peter Hsieh the Debtor's General

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

[3] Dentons US is a member of the US Region of Dentons Group (a Swiss Verein) ("**Dentons**"). Dentons US and other members of Dentons, including within the United States ("**Member Firms**"), are collectively referred to herein as "**Dentons Member Firms**."

Counsel (the "**Hsieh Declaration**"), attached to the Application as **Exhibit C**, and the record in this case; and the Court being satisfied, based on the representations made in the Application, the Califano Declaration, and the Hsieh Declaration, that Dentons does not represent or hold any interest adverse to the Debtor or its estate with respect to the matters on which Dentons US is retained pursuant to section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*; and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Debtor having consented to the entry of a final order by this Court under Article III of the United States Constitution; and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and all objections to the Application, if any, having been withdrawn, resolved, or overruled; and this Court having determined that the relief requested in the Application is just and proper and in the best interest of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Debtor is authorized to retain and employ Dentons US as its special counsel in this chapter 11 case pursuant to section 327(e) of the Bankruptcy Code, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter and Application except as otherwise set forth herein.

3. Dentons US shall wire the amount of $48,000,000.00 to the Debtor's debtor in possession account (the "**DIP Account**"), and retain the remainder of the Advance Fee Retainer (the "**Postpetition Advance Fee Retainer**"), which amount represents (i) the amount required to pay prepetition invoices to Dentons US and the Contractors set forth in amended Schedule 1 annexed hereto (the "**Amended Schedule 1**"), and (ii) the estimated amount of fees and costs in the Litigations (collectively, the "**Fees and Expenses**") through the upcoming jury trial in *SEC v. Terraform Labs PTE Ltd., et al.*, No. 23-cv-1346 (the "**Trial**") to Dentons US and the Contractors set forth in Amended Schedule 1.

4. Subject to paragraph 3, Dentons US shall apply the Postpetition Advance Fee Retainer to pay the postpetition Fees and Expenses rendered by Dentons US and the Contractors only after compliance with the compensation procedures set forth in the *Order (I) Establishing Procedures For Interim Compensation And Reimbursement Of Expenses For Professionals And (II) Granting Related Relief* [Docket No. 99] (the "**Interim Compensation Order**").

5. After Trial, on or about May 9, 2024, the Court shall hold a status conference on the Debtor's plans regarding the Trial, appeals, if any, and any future work contemplated to be performed by Dentons US. The Official Committee of Unsecured Creditors (the "**Committee**") reserves all rights with respect to Denton US' continued services except as otherwise set forth in this Order.

6. Subject to paragraphs 3 and 4 above, Dentons US shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred postpetition in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and any

3

other applicable procedures and orders of the Court.  In accordance with the Application and Interim Compensation Order, the Debtor is authorized to pay Dentons US for fees and expenses (i) in connection with the Litigations through Trial, (ii) as may be necessary to assist the Debtor in connection with the preparation of filings in this chapter 11 case, and (iii) incurred in the preparation of retention and fee applications.  Further, for the avoidance of doubt, the Debtor is not authorized to pay Dentons US for any other services without further order of the Court.

7.      Dentons US shall also make a reasonable effort to comply with the requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and all applications for compensation and reimbursement of expenses filed by Dentons US in this chapter 11 case.

8.      Notwithstanding anything in the Application, the Califano Declaration, or the Engagement Letter to the contrary, any interest earned postpetition on the Postpetition Advance Fee Retainer shall be retained in and added to the Postpetition Advance Fee Retainer, and may be applied to fees and costs approved pursuant to the Interim Compensation Order, and, to the extent that any interest remains in the Postpetition Advance Fee Retainer at the end of Dentons' engagement, will be returned to the Debtor with other excess funds.

9.      Dentons US shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and the Committee before implementing any periodic increases and shall file such notice with the Court.

10.     If the Debtor determines to retain Dentons US to provide any additional legal services beyond the scope contemplated in the Engagement Letter, the Application, and the Califano Declaration, the Debtor shall file a notice with the Court describing the scope of such additional services, together with such supplemental declaration(s) in support thereof as may be

4

required, and objections thereto, if any, shall be filed and served within fourteen (14) days of the filing thereof.

11.    Notwithstanding anything in the Application, the Califano Declaration, or the Engagement Letter to the contrary, to the extent that Dentons US uses the services of the Contractors in this chapter 11 case, Dentons US shall (i) pass-through the cost of such Contractors to the Debtor at the same rate that Dentons US pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Member Firms are subject to the same conflict checks as required for Dentons US, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.  For the avoidance of doubt, Dentons US is authorized to pay postpetition invoices of the Contractors listed on Amended Schedule 1 attached hereto, subject, in each case, to this Order.

12.    Dentons US may apply the Advance Payment Retainer to pay the outstanding prepetition invoices for Dentons US and the Contractors listed on Amended Schedule 1.

13.    Nothing in this Order shall restrict, alter, waive, or modify any rights, claims, defenses, counter-claims or causes of action, if any, of the Debtor, Dentons, the U.S. Trustee, or the Committee, with respect to (i) the Advance Payment Retainer, or (ii) prepetition transfers to Dentons US, the Contractors, or the Member Firms.

14.    The Debtor and Dentons US are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

15.    To the extent there is any inconsistency between the Application, the Califano Declaration, and this Order, the provisions of this Order shall govern.

16.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

RLF1 30678072v.1

17.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**<u>Schedule 1</u>**

**(List of Contractors that will Submit Invoices Postpetition to Dentons US)**

| Member Firms: |
| --- |
| |
| Dentons (BVI) Corp. |
| Dentons Australia Limited |
| Dentons Cayman Islands (Dinner Martin) |
| Dentons Cohen & Grigsby, PC |
| Dentons Davis Brown PC |
| Dentons Europe AARPI |
| Dentons Bingham Greenbaum LLP |
| Dentons Ireland LLP |
| Dentons Kensington Swan |
| Dentons Lee |
| Dentons Mauritius LLP |
| |
| **Vendors:** |
| Capital Process Servers, Inc. |
| DDC Advocacy LLC d/b/a DDC Public Affairs |
| Foley Square Partners LLC |
| Gradillas Court Reporters, Inc. |
| Legal Concierge, Inc. |
| Parcels, Inc. |
| R and D Strategic Solutions, LLC |