IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re : Chapter 11
: 
TERRAFORM LABS PTE. LTD., : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Obj. Deadline: Apr. 4, 2024 at 4:00 p.m.
: Hearing: Apr. 18, 2024 at 10:00 a.m.
---------------------------------------------------------- x

**MOTION OF DEBTOR FOR ENTRY OF ORDER FURTHER EXTENDING TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS AND (II) 2015.3 FINANCIAL REPORT**

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (this "**Motion**"):

**Background**

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On February 29, 2024, the United States Trustee for Region 3 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**"). No trustee or examiner has been appointed in this Chapter 11 Case.

3. Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and the Debtor's business and operations is set forth in

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

RLF1 30726833v.1

the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 18] (as may be amended or supplemented, the "**First Day Declaration**"),[2] which is incorporated herein by reference.

4. On February 5, 2024, the Debtor filed the *Motion of Debtor for Entry of Order Extending Time to File (I) Schedules of Assets and Liabilities and Statement of Financial Affairs and (II) 2015.3 Financial Report* [Docket No. 45] (the "**Initial Extension Motion**"). On February 28, 2024, the Court entered an order [Docket No. 90] (the "**Initial Extension Order**") granting the Initial Extension Motion, extending the Debtor's deadlines to file its Schedules and Statement (defined herein) and 2015.3 Report (defined herein) through and including March 21, 2024.

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

**Relief Requested**

7. By this Motion, pursuant to sections 105(a) and 521(a) of the Bankruptcy Code, Rules 1007(c), 2015.3 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1007-1, the Debtor requests a further extension of the deadlines to file the (i) schedules of assets and liabilities and statement of financial affairs (the "**Schedules and Statement**") by forty-six (46) days, through and including May 6, 2024, without prejudice to the Debtor's right to request additional extensions,[3] and (ii) initial report of financial information with respect to entities in which the Debtor holds a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Report**") by forty-six (46) days, through and including May 6, 2024, without prejudice to the Debtor's right to request additional extensions.

8. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should be Granted**

**A.    Cause Exists to Further Extend the Time to File the Schedules and Statement**

9. This Court has the authority to grant the requested extension under Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b). Further, under section 105(a) of the Bankruptcy Code, the Court has broad discretion to issue orders necessary to "carry out the provisions of this title."

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current deadlines to file the Schedules and Statement and the 2015.3 Report (as defined herein) automatically extends such deadlines until such time as the Court rules on this Motion.

3

11 U.S.C. § 105(a). Finally, the Initial Extension Order expressly provided that the extension of the deadline to file the Schedules and Statement was without prejudice to the Debtor's rights to seek a further extension of such deadline. *See* Initial Extension Order ¶ 2.

10. The Debtor submits that good and sufficient cause exists for granting a further extension of time to file the Schedules and Statement for several reasons. First, to prepare the Schedules and Statement, the Debtor and its advisors must compile information from various books, records, and documents. This information is located in numerous places throughout the Debtor's organization, which spans across the globe. Second, the Debtor and its advisors have been focused on taking the necessary steps to ensure a smooth landing into chapter 11 and the efficient administration of the Chapter 11 Case, including preparing and prosecuting various "first day" and "second day" motions and applications, managing the day-to-day operations of the Debtor, responding to formal and informal discovery requests from parties in interest, and negotiating with various stakeholders – all while continuing to diligently prepare for the pending jury trial in the SEC Enforcement Action (the "**SEC Jury Trial**") noted in the First Day Declaration. Third, the Debtor is currently conducting an investigation of, among other things, the assets and liabilities of the Debtor and its subsidiaries, under the supervision of the Special Committee (John S. Dubel), and the Debtor believes it is prudent to progress such investigation further before filing the Schedules and Statement. Fourth, just four (4) days from now, the SEC Jury Trial is scheduled to commence on March 25, 2024. As this Court has acknowledged, due to the existential nature of the SEC Jury Trial, the Debtor cannot divert the limited time, efforts and attention of its senior management team and key advisors away from mounting a vigorous defense at trial so that it may finalize and file the Schedules and Statement by the current deadline. Finally, the Debtor submits that no party in interest will be prejudiced if the requested extension is granted.

To date, the Debtor has been productively engaging with its key stakeholders, including by responding to formal and informal discovery requests and other requests for information, and intends to continue to do so to the extent possible. Indeed, the Debtor informed the Creditors' Committee of the Debtor's intent to file this Motion and the Creditors' Committee indicated that it will not object to the relief requested herein.[4] In addition, the initial meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") was held on February 28, 2024, and has been adjourned to a date to be determined after the Schedules and Statement are filed. As a result, all parties in interest will be given an opportunity to review and, if necessary, question the Debtor and its representative on the Schedules and Statement at the 341 Meeting.

11. Importantly, the proposed May 6 deadline is expected to be approximately one (1) week after the conclusion of the SEC Jury Trial. As a result, the Debtor fully expects that it will be in a position to finalize and file the Schedules and Statement on or before May 6, 2024. Moreover, if the SEC Jury Trial concludes earlier than expected, the Debtor will endeavor to file the Schedules and Statement as soon as possible thereafter.

12. This Court has granted requests for further extensions of time to file schedules and statements in other chapter 11 cases.[5] Thus, the Debtor submits that its request for a further extension of the deadline to file its Schedules and Statement is consistent with precedent in this Court and appropriate under the circumstances of this Chapter 11 Case. Accordingly, the Debtor respectfully requests that the Court further extend the deadline by which the Debtor must

---

[4] The Debtor also informed the U.S. Trustee and the SEC of the Debtor's intent to file this Motion but neither party has taken a position with respect to the relief requested herein.

[5] *See, e.g., In re UpHealth Holdings, Inc.*, Case No. 23-11476 (LSS) (Bankr. D. Del. Jan. 12, 2024) [Docket No. 308]; *In re ViewRay, Inc.*, Case No. 23-10935 (KBO) (Bankr. D. Del. Sept. 26, 2023) [Docket No. 324]; *In re Peer Street, Inc.*, Case No. 23-10815 (LSS) (Bankr. D. Del. Sept. 8, 2023) [Docket No. 385]; *In re Lucky Bucks, LLC*, Case No. 23-10758 (KBO) (Bankr. D. Del. Aug. 25, 2023) [Docket No. 230]; *In re Allegiance Coal USA Ltd.*, Case No. 23-10234 (CTG) (Bankr. D. Del. May 8, 2023) [Docket No. 289].

file the Schedules and Statement through and including May 6, 2024, without prejudice to the Debtor's right to request further extensions.

**B.      Cause Exists to Further Extend the Time to File the Initial 2015.3 Report**

14. Pursuant to Bankruptcy Rule 2015.3, the Debtor is required to file "periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest". Fed. R. Bankr. P. 2015.3(a). The Debtor believes it holds or may hold a substantial or controlling interest in one or more entities subject to Bankruptcy Rule 2015.3 and, therefore, is required to file the 2015.3 Report for such entities.

14. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Report "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d). Finally, the Initial Extension Order expressly provided that the extension of the deadline to file the 2015.3 Report was without prejudice to the Debtor's rights to seek a further extension of such deadline. *See* Initial Extension Order ¶ 2.

15. The Debtor submits that cause exists to further extend the deadline for filing the Debtor's initial 2015.3 Report. As discussed above, the Debtor's primary focus has been on, among other things, preparing for and commencing this Chapter 11 Case, ensuring a smooth transition into chapter 11, preparing and prosecuting numerous "first day" and "second day" motions and applications, responding to formal and informal discovery and other information requests, managing the day-to-day operations of the Debtor, and, most critically, preparing for the

6

RLF1 30726833v.1

SEC Jury Trial commencing on March 25, 2024. The initial 2015.3 Report will require a significant expenditure of time and effort on the part of the Debtor, its employees, and its advisors and may be impacted by the results of the aforementioned Special Committee investigation. Given the imminent SEC Jury Trial, the Debtor cannot divert its limited resources away from the trial in order to finalize and file the 2015.3 Report by the current deadline; however, the Debtor expects to complete and file the initial 2015.3 Report on or before May 6, 2024.

16. Accordingly, the Debtor respectfully requests that the Court further extend the deadline by which the Debtor must file the initial 2015.3 Report through and including May 6, 2024, without prejudice to the Debtor's right to request further extensions. The Debtor submits that its request for an extension of the deadline to file the initial 2015.3 Report is appropriate and warranted under the circumstances.

## Notice

17. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Debtor respectfully submits that no further notice is required.

## No Prior Request

18. No prior request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 21, 2024
      Wilmington, Delaware

*/s/ Matthew P. Milana*
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:    heath@rlf.com
             shapiro@rlf.com
             milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email: ronit.berkovich@weil.com
       jessica.liou@weil.com
       f.gavin.andrews@weil.com

*Attorneys for Debtor
and Debtor in Possession*