IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Obj. Deadline: 4/11/24 at 4:00 p.m. (ET)<br>Hrg. Date: 4/18/24 at 10:00 a.m. (ET) |

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD. TO RETAIN AND EMPLOY MCDERMOTT WILL & EMERY LLP AS COUNSEL, EFFECTIVE FEBRUARY 29, 2024

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") hereby applies (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the Committee's retention and employment of McDermott Will & Emery LLP ("McDermott") as counsel in connection with the Chapter 11 Case, effective February 29, 2024. In support of the Application, the Committee submits the declaration of Darren Azman, one of McDermott's partners (the "Azman Declaration"), which is attached hereto as **Exhibit B**, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.　　The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]　　The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

2. The legal predicates for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On January 21, 2024 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtor continues to operate its businesses and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 101.

## RELIEF REQUESTED

6. By the Application, the Committee requests the approval of its retention and employment of McDermott as counsel in connection with the Chapter 11 Case, effective February 29, 2024.

## M<small>C</small>DERMOTT'S EMPLOYMENT

7. It is necessary and appropriate for the Committee to employ McDermott to, among other things:

- (a) advise the Committee about its rights, powers, and duties in the Chapter 11 Case;

- (b) assist and advise the Committee in its consultations and negotiations with the Debtor and other parties-in-interest in connection with the administration of the Chapter 11 Case;

- (c) solicit information from and provide information to the Debtor's unsecured creditors as a group;

- (d) assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and negotiating with holders of claims against and interests in the Debtor;

- (e) assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and its insiders and of the operation of the Debtor's businesses;

- (f) assist the Committee in its analysis of, and negotiations with the Debtor and other parties concerning, matters related to, among other things, the assumption or rejection of executory contracts and unexpired leases, the sale or other disposition of property of the Debtor's estate, the financing of other transactions, and the terms of one or more plans of reorganization or liquidation for the Debtor and accompanying disclosure statements and related plan documents;

- (g) assist and advise the Committee on its communications with the Debtor's unsecured creditors as a group regarding significant matters in the Chapter 11 Case;

- (h) monitor international proceedings involving the Debtor and property of the Debtor's estate;

- (i) represent the Committee at all hearings and other proceedings before the Court;

- (j) review and analyze applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join, or object thereto;

(k) advise and assist the Committee with respect to any legislative, regulatory, or governmental activities;

(l) assist the Committee in its review and analysis of the Debtor's various agreements;

(m) prepare, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, objections, or comments in connection with any matter related to the Debtor or the Chapter 11 Case;

(n) investigate and analyze any claims belonging to the Debtor's estate; and

(o) perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's rights, powers, and duties, as set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

8. The Committee believes that it is necessary to employ counsel to render the above-described professional services to the Committee so that the Committee may properly fulfill its duties under the Bankruptcy Code. The Committee understands that McDermott intends to work closely with the Committee's other professionals, including its proposed financial advisor, Force Ten Partners LLC, to ensure that there is no unnecessary duplication of services.

9. The Committee selected McDermott because of its extensive experience in and knowledge of complex chapter 11 matters. McDermott has represented official and unofficial committees, debtors, and other primary case parties in numerous complex and prominent chapter 11 bankruptcy cases in recent years, including cases in this jurisdiction. Moreover, McDermott's lawyers have extensive experience advising clients in the cryptocurrency space, including representing the Official Committee of Unsecured Creditors of Cred, Inc., *et al.*, in their chapter 11 cases filed in the United States Bankruptcy Court for the District of Delaware (Case No. 20-12836 (JTD) (Bankr. D. Del.)), and the Official Committee of Unsecured Creditors of Voyager Digital Holdings, Inc., *et al.*, in their chapter 11 cases filed in the United States

Bankruptcy Court for Southern District of New York (Case No. 22-10943 (MEW) (Bankr. S.D.N.Y.)). For these reasons, the Committee believes McDermott possesses the requisite knowledge and expertise in the areas of law relevant to the Chapter 11 Case and is well qualified to represent the Committee.

10. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by McDermott in connection with the Chapter 11 Case be allowed and paid as administrative expenses of the Debtor's estate under sections 328(a), 330(a), 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code. Subject to the Court's approval, McDermott will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to sections 328(a), 330(a), and 331 of the Bankruptcy Code. McDermott's hourly rates are subject to periodic adjustments (typically effective as of January of each year) to reflect economic and other conditions. The current hourly rates that McDermott charges for the services of professionals and paraprofessionals employed in its U.S. offices are:

| **Billing Category** | **Range** |
|---|---|
| Partner | $1,325 – $2,875 |
| Senior Counsel | $1,050 – $2,240 |
| Employee Counsel | $1,100 – $1,985 |
| Associate | $765 – $1,350 |
| Staff Attorney | $440 – $965 |
| Paraprofessional | $285 – $835 |

11. McDermott has informed the Committee that McDermott's policy is to charge its clients in all areas of practice for expenses incurred in connection with its representation of its

clients. McDermott will charge for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs. McDermott will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

12. The names, positions, and applicable hourly rates of McDermott's attorneys and paralegals that are expected to have primary responsibility for providing services to the Committee are as follows:

| **Attorney or Paralegal** | **Position | Department** | **Hourly Rate** |
|---|---|---|
| David R. Hurst | Partner | Corporate Advisory | $1,750 |
| Darren Azman | Partner | Corporate Advisory | $1,650 |
| Joseph B. Evans | Partner | FinTech & Blockchain | $1,650 |
| Gregg A. Steinman | Partner | Corporate Advisory | $1,475 |
| Lucas B. Barrett | Associate | Corporate Advisory | $1,245 |
| Joshua Yim | Associate | FinTech & Blockchain | $1,200 |
| Carmen M. Dingman | Associate | Corporate Advisory | $1,155 |
| William W. Hameline | Associate | Litigation | $1,040 |
| Dante S. Pavan | Associate | Corporate Advisory | $925 |
| Cristian P. Catanese | Associate | Corporate Advisory | $925 |
| Aristotle Mannan | Associate | FinTech & Blockchain | $805 |

| Carson Masenthin | Associate \| FinTech & Blockchain | $805 |
| --- | --- | --- |
| Jess Wisniewski | Associate \| Litigation | $805 |
| Gabrielle M. Albert | Staff Attorney \| FinTech & Blockchain | $610 |
| Nolley Rainey | Paralegal \| Corporate Advisory | $500 |

In addition to the attorneys and paralegals named above, the Committee understands that it may be necessary during the Chapter 11 Case for other McDermott professionals, including those in other legal disciplines, to provide services to the Committee.

13. McDermott has informed the Committee that it will apply for compensation for all professional services performed and reimbursement of all expenses incurred in accordance with sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and any applicable orders of the Court.

14. In addition, McDermott intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the United States Trustees' Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, which became effective on November 1, 2013, in connection with both the Application and any interim or final fee applications that McDermott files in the Chapter 11 Case.

15. Upon information and belief, McDermott does not represent and does not hold any interest adverse to the Debtor's estate or creditors in the matters upon which McDermott is to be engaged, except to the extent set forth in the Azman Declaration. McDermott is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtor's creditors, equity holders, related parties, or other parties-in-interest in matters unrelated to the Chapter 11 Case.

## **NO PRIOR REQUEST**

16. No prior request for the relief sought herein has been made to the Court or any other court.

## **NOTICE**

17. Notice of the Application will be provided to: (a) the U.S. Trustee; (b) counsel to the Debtor; and (c) all parties entitled to notice under Local Rule 2002-1(b). The Committee respectfully submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order, substantially in the form of the Proposed Order, approving the retention and employment of McDermott as the Committee's counsel in connection with the Chapter 11 Case, effective February 29, 2024; and (b) grant such other and further relief as may be just and proper.

Dated: March 28, 2024  THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS


By: /s/ *Francisco Javier Reina Barragan*
Francisco Javier Reina Barragan, not individually but solely in his capacity as the Chair of the Official Committee of Unsecured Creditors of Terraform Labs Pte. Ltd.