**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| TERRAFORM LABS PTE. LTD.,[1] | ) Case No. 24-10070 (BLS) |
| Debtor. | ) Related to Docket No. ___ |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD. TO RETAIN AND EMPLOY MCDERMOTT WILL & EMERY LLP AS COUNSEL, EFFECTIVE FEBRUARY 29, 2024

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") for the approval of the Committee's retention and employment of McDermott Will & Emery LLP ("McDermott") as counsel in connection with the Chapter 11 Case, effective February 29, 2024; and upon consideration of the declaration of Darren Azman (the "Azman Declaration"), which is attached to the Application as Exhibit B; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other

---

[1]  The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]  Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Application.

or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is **GRANTED** to the extent set forth herein.

2. The Committee's retention and employment of McDermott as counsel in connection with the Chapter 11 Case, including to represent the Committee in the Chapter 11 Case and any matter or proceeding arising in or relating to the Chapter 11 Case, on the terms and conditions that are set forth in the Application and the Azman Declaration, effective February 29, 2024, is approved under Bankruptcy Code section 1103(a).

3. The terms and conditions of McDermott's retention and employment as the Committee's counsel in connection with the Chapter 11 Case, which are set forth in the Application and the Azman Declaration, are reasonable and approved as such under Bankruptcy Code section 328(a).

4. McDermott shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330(a) and 331, the Bankruptcy Rules, the Local Rules, and any order establishing procedures for professionals' interim compensation and reimbursement of expenses.

5. McDermott shall file a supplemental declaration with the Court and give not less than 10 business days' notice to the Debtor, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application and the Azman Declaration become effective. The supplemental declaration shall set forth the basis for the requested increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the increases.  The U.S. Trustee retains all rights to object to any rate increase on all grounds,

including the reasonableness standard set forth in Bankruptcy Code section 330(a), and nothing in this Order shall prevent the Court from reviewing any rate increase under Bankruptcy Code section 330(a).

6. McDermott shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, which became Effective on November 1, 2013, in connection with both the Application and any interim or final fee applications that McDermott files in the Chapter 11 Case.

7. McDermott shall neither apply nor receive payment from the Debtor's estate for any fees or expenses arising from the defense of an objection to a request for the award, allowance, or payment of McDermott's fees and expenses.

8. Notwithstanding anything in the Application to the contrary, McDermott shall (i) to the extent that McDermott uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in this case, pass through the cost of such Contractors at the same rate that McDermott pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for McDermott; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

9. To the extent that the Application is inconsistent with this Order, this Order shall govern.

10. The Committee is authorized to take any action that is necessary or appropriate to effectuate the relief granted in this Order.

11. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

12. The Court retains exclusive jurisdiction of any matter arising from or relating to this Order or its interpretation, implementation, or enforcement.