IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>                Debtor. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Obj. Deadline: 4/11/24 at 4:00 p.m. (ET)<br>Hrg. Date: 4/18/24 at 10:00 a.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD. TO RETAIN
AND EMPLOY STOUT RISIUS ROSS, LLC AS CRYPTOCURRENCY
TRACING CONSULTANT, EFFECTIVE MARCH 25, 2024**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") hereby applies (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the Committee's retention and employment of Stout Risius Ross, LLC ("Stout") as a cryptocurrency tracing consultant in connection with the Chapter 11 Case, effective March 25, 2024. In support of the Application, the Committee submits the declaration of Joel E. Cohen (the "Cohen Declaration") attached hereto as **Exhibit B**, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

2.      The legal predicates for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On January 21, 2024 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtor continues to operate its businesses and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 101.

## RELIEF REQUESTED

6.      By the Application, the Committee requests the approval of its retention and employment of Stout as a cryptocurrency tracing consultant in connection with the Chapter 11 Case, effective March 25, 2024.

**STOUT'S EMPLOYMENT**

7. It is necessary and appropriate for the Committee to employ Stout to, among other things: (a) perform asset tracing of various digital assets, including cryptocurrency coins, tokens, and related cash equivalents; (b) if necessary, participate as a witness in hearings before the Court with respect to matters upon which Stout has provided advice; and (c) perform other activities as approved by the Committee, the Committee's counsel, and as agreed to by Stout.

8. The Committee believes that it is necessary to employ a cryptocurrency tracing consultant to render the above-described professional services to the Committee so that the Committee may properly fulfill its duties under the Bankruptcy Code. The Committee understands that Stout intends to work closely with the Committee's other professionals, including its proposed counsel, McDermott Will & Emery LLP, and its proposed financial advisor, Genesis Credit Partners LLC, to ensure that there is no unnecessary duplication of services.

9. The Debtors selected Stout to act as a cryptocurrency tracing consultant in connection with the Chapter 11 Case because Stout and its professionals have extensive experience in delivering such services. The professionals employed by Stout include certified public accountants, chartered financial analysts, certified insolvency and restructuring advisors, certified fraud examiners, and forensic financial and valuation consultants and analysts. These professionals have extensive experience and expertise in (i) valuation, (ii) the analysis, operation, restructuring, and liquidation of businesses, (iii) forensic and fraud investigation, (iv) asset tracing, (v) investment banking, and (vi) the digital asset industry.

10. Mr. Joel E. Cohen ("Mr. Cohen"), who will lead Stout's engagement, has over 20 years of experience in the dispute, forensic, and insolvency practice areas, most specifically

focused in the financial services, asset management, and digital asset industries. His experience encompasses a number of significant cross-border insolvency and litigation matters, where he has served as financial advisor and consulting expert to fiduciaries, offshore liquidators, bankruptcy, and litigation trustees. He has assisted these clients in a variety of litigation consulting services, including asset tracing, fraud, Ponzi schemes, industry custom and practice for investment managers, and forensic analysis. Mr. Cohen also has led several internal investigations within the context of family offices, investment advisors, and various corporate structures.

11. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Stout in connection with the Chapter 11 Case be allowed and paid as administrative expenses of the Debtor's estate under sections 328(a), 330(a), 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code. Subject to the Court's approval, Stout will be compensated for its services to the Committee at its standard hourly rates, which are based on each professional's level of experience, and will be reimbursed for its actual and necessary expenses incurred in connection with rendering such services, subject to sections 328(a), 330(a), and 331 of the Bankruptcy Code. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Stout's business. Notice of any such adjustments will be provided to the Committee, the Debtor, and the U.S. Trustee. The current hourly rates that Stout charges for the services of professionals are:

| Billing Category | Range |
|---|---|
| Managing Director | $650–850 |
| Director/Vice President | $450–625 |
| Senior Manager/Manager | $450–500 |
| Associate | $425-445 |
| Analyst | $350-370 |

12.     Stout has informed the Committee that Stout's policy is to charge its clients for all other expenses incurred in connection with the clients' case. Stout will charge for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. In particular, Stout's indirect expenses (including but not limited to costs for communications, supplies, general financial and industry databases, copying, and charges for administrative services) will be billed at a rate equal to 4.5% of the total professional fees. Direct expenses (including but not limited to transportation, lodging, meals, and specialized research) will be billed on a pass-through basis. Direct expenses also may include professional fees associated with Stout's legal counsel's review of its work product on this engagement. Stout will maintain detailed records of actual and necessary costs and expenses incurred in connection with the services provided to the Committee.

13.     Stout has informed the Committee that it will apply for compensation for all professional services performed and reimbursement of all expenses incurred in accordance with sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and any applicable orders of the Court.

14. The Committee requests that Stout's employment and retention be approved effective as of March 25, 2024, the date that Stout began to provide services to the Committee. Such relief is warranted due to the immediate and urgent need for cryptocurrency tracing services immediately upon Stout's selection. *See, e.g., In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986).

15. Upon information and belief, Stout does not represent and does not hold any interest adverse to the Debtor's estate or creditors in the matters upon which Stout is to be engaged, except to the extent set forth in the Cohen Declaration. Stout is, however, a large firm with a national and international practice and may represent or may have represented certain of the Debtor's creditors, equity holders, related parties, or other parties in interest in matters unrelated to the Chapter 11 Case.

16. The Cohen Declaration sets forth, as required by Bankruptcy Rule 2014(a), to the best of Mr. Cohen's knowledge, Stout's connections with the Debtor, the Debtor's known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the office of the U.S. Trustee. To the best of the Committee's knowledge, Stout is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

17. The Committee has been advised that in the event Stout discovers any additional connections to parties in interest in the Chapter 11 Case or any additional information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Stout will provide supplemental disclosures to the Court.

## NO PRIOR REQUEST

18. No prior request for the relief sought herein has been made to the Court or any other court.

## NOTICE

19. Notice of the Application will be provided to: (a) the U.S. Trustee; (b) counsel to the Debtor; and (c) all parties entitled to notice under Local Rule 2002-1(b). The Committee respectfully submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order, substantially in the form of the Proposed Order, approving the retention and employment of Stout as the Committee's cryptocurrency tracing consultant in connection with the Chapter 11 Case, effective March 25, 2024; and (b) grant such other and further relief as may be just and proper.

Dated: March 28, 2024

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: */s/ Francisco Javier Reina Barragan*
Francisco Javier Reina Barragan, not individually but solely in his capacity as the Chair of the Official Committee of Unsecured Creditors of Terraform Labs Pte. Ltd.