**EXHIBIT A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| TERRAFORM LABS PTE. LTD.,[1] | ) ) ) | Case No. 24-10070 (BLS) |
| Debtor. | ) ) ) | **Related to Docket No. ___** |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD. TO RETAIN AND EMPLOY STOUT RISIUS ROSS, LLC AS CRYPTOCURRENCY TRACING CONSULTANT, EFFECTIVE MARCH 25, 2024

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") for the approval of the Committee's retention and employment of Stout Risius Ross, LLC ("Stout") as cryptocurrency tracing consultant in connection with the Chapter 11 Case, effective March 25, 2024; and upon consideration of the declaration of Joel E. Cohen (the "Cohen Declaration"), which is attached to the Application as Exhibit B; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Application.

that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is **GRANTED** to the extent set forth herein.

2. The Committee's retention and employment of Stout as a cryptocurrency tracing consultant in connection with the Chapter 11 Case, including to represent the Committee in the Chapter 11 Case and any matter or proceeding arising in or relating to the Chapter 11 Case, on the terms and conditions that are set forth in the Application and the Cohen Declaration, effective March 25, 2024, is approved under Bankruptcy Code section 1103(a).

3. The terms and conditions of Stout's retention and employment as the Committee's cryptocurrency tracing consultant in connection with the Chapter 11 Case, which are set forth in the Application and the Cohen Declaration, are reasonable and approved as such under Bankruptcy Code section 328(a).

4. Stout shall be compensated for its services on and after March 25, 2024, at its regular hourly rates in effect from time to time, as such rates may be increased periodically, and reimbursed for any costs and expenses incurred in connection with the Debtor's Chapter 11 Case in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, and any other order of the Court.  The Debtor shall be liable for Stout's fees and expenses, and, pursuant to Section 503(b)(1) of the Bankruptcy Code, Stout's fees and expenses approved by the Court shall be entitled to administrative expense claim status against the Debtor.  For the avoidance of doubt, under no circumstances shall any of the compensation or

expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members or professionals.

5. Stout shall file a supplemental declaration with the Court and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application and the Cohen Declaration become effective. The supplemental declaration shall set forth the basis for the requested increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Committee has consented to the increases. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330(a), and nothing in this Order shall prevent the Court from reviewing any rate increase under Bankruptcy Code section 330(a).

6. Stout shall neither apply nor receive payment from the Debtor's estate for any fees or expenses arising from the defense of an objection to a request for the award, allowance, or payment of Stout's fees and expenses.

7. Notwithstanding anything in the Application to the contrary, Stout shall (i) to the extent that Stout utilizes the services of independent contractors or subcontractors other than current Stout personnel (collectively, the "Contractors") in this case, pass through the cost of such Contractors to the Debtor at the same rate that Stout pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Stout; and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

8. To the extent that the Application is inconsistent with this Order, this Order shall govern.

9. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. The Committee and Stout are authorized to take any action that is necessary or appropriate to effectuate the relief granted in this Order.

11. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

12. The Court retains exclusive jurisdiction of any matter arising from or relating to this Order or its interpretation, implementation, or enforcement.