IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>                        Debtor. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Obj. Deadline: 4/11/24 at 4:00 p.m. (ET)<br>Hrg. Date: 4/18/24 at 10:00 a.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD.
TO RETAIN AND EMPLOY FORCE TEN PARTNERS, LLC AS
FINANCIAL ADVISORS, FOR THE PERIOD FROM MARCH 7, 2024
THROUGH AND INCLUDING MARCH 28, 2024**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") hereby applies (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the Committee's retention and employment of Force Ten Partners, LLC ("Force 10") as financial advisor in connection with the Chapter 11 Case, for the period from March 7, 2024 through and including March 28, 2024 (the "Interim Retention Period").  In support of the Application, the Committee submits the declaration of Brian Weiss (the "Weiss Declaration") attached hereto as **Exhibit B**, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

28 U.S.C. § 157(b).  Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3. The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## **BACKGROUND**

4. On January 21, 2024 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code with the Court.  The Debtor continues to operate its businesses and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5. On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code.  *See* Docket No. 101.

6. On February 29, 2024, the Committee selected McDermott Will & Emery LLP as its counsel; and on March 7, 2024, the Committee selected Force Ten Partners, LLC ("Force 10") as its financial advisor.

7. Effective March 29, 2024, the Committee approved the substitution of Force 10 by Genesis Credit Partners LLC ("GCP"), a newly-formed advisory firm which is comprised of the same financial advisory team at Force 10 that had been advising the Committee in the Chapter 11 Case.

## RELIEF REQUESTED

8. By the Application, the Committee requests the approval of its retention and employment of Force 10 as financial advisor in connection with the Chapter 11 Case, for the period from March 7, 2024 through and including March 28, 2024. By separate application, the Committee is seeking to retain and employ GCP as the Committee's financial advisor, effective as of March 29, 2024.

## FORCE 10'S EMPLOYMENT

9. It was necessary and appropriate for the Committee to employ Force 10 during the Interim Retention Period to, among other things:

    (a) participate in in-person and telephonic meetings of the Committee;

    (b) assist and advise the Committee in its meetings and negotiations with the Debtor and other parties in interest regarding the Chapter 11 Case;

    (c) become familiar with and analyze the Debtor's budgets, assets, and liabilities, and overall financial condition;

    (d) review financial and operational information furnished by the Debtor;

    (e) review and analyze motions, applications, orders, and other pleadings filed with the Court, and assist the Committee concerning responses thereto; and

    (f) perform other activities as approved by the Committee, the Committee's counsel, and as agreed to by Force 10.

10. The Committee believes that it was necessary to employ a financial advisor to render the above-described professional services to the Committee during the Interim Retention

3

Period so that the Committee was able to properly fulfill its duties under the Bankruptcy Code. The Committee understands that Force 10 worked closely with the Committee's counsel, McDermott Will & Emery LLP, to ensure that there was no unnecessary duplication of services.

11. The Committee selected Force 10 because of its extensive experience in and knowledge of complex chapter 11 matters. Professionals of Force 10 that worked on the Chapter 11 Case have extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy and restructuring matters, including acting as: (i) financial advisor to the official committees of unsecured creditors in the bankruptcy proceedings of Cano Health, Inc., Eye Care Leaders Portfolio Holdings, LLC; Aerotech Miami Inc.; American Physician Partners, LLC; Envision Healthcare Corporation; Serta Simmons Bedding, LLC; Stimwave Technologies Incorporated; Armstrong Flooring, Inc.; BH Cosmetics, LLC; Teligent, Inc.; Path Medical, LLC; Paper Source, Inc.; NITROcrete, LLC; A.B.C. Carpet, Inc.; Avadim Health, Inc.; Alex and Ani, LLC; EHT US1, Inc. (Eagle Hospitality); Carbonlite Holdings LLC; TECT Aerospace Group Holdings, Inc.; L'Occitance, Inc.; Neopharma, Inc.; PBS Brand Co., LLC (Punch Bowl); Francesca's Holdings Corporation; Furniture Factory Ultimate Holding, LP; White Stallion Energy, LLC; Smartours, LLC; Pier 1 Imports, Inc.; One Web Global Limited; Chinos Holdings Inc. (J.Crew); Lucky's Market; Schurman Fine Papers (Papyrus); American Blue Ribbon Holdings, LLC; BL Restaurants Holding, LLC; Destination Maternity Corporation; and Heritage Home Group; (ii) financial advisor to the debtors in the bankruptcy proceedings of Tuesday Morning Corporation; South Coast Behavioral, Inc.; Thomas Health System, Inc.; Watsonville Hospital Corporation; Synrgo, Inc.; Coastal International Inc.; Alpha Guardian; Sugarfina, Inc.; Carbonlite Holdings LLC; Cinemex Holdings USA; XS Ranch Fund VI, LP; Focus Property Group; and Superior Linen, LLC; and (iii) liquidation trustee or

4

similar capacities in the bankruptcy proceedings of Alpha Guardian Liquidating Trust; PME Funds Inc.; Faraday & Future, Inc.; and Trade Global/Jagged Peak, among others.[2] The Committee believes that Force 10 provided necessary services to the Committee in a cost-effective, efficient, and expert manner. For these reasons, the Committee believes Force 10 possessed the requisite knowledge and expertise relevant to the Chapter 11 Case and was well qualified to represent the Committee during the Interim Retention Period.

12. The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by Force 10 in connection with the Chapter 11 Case during the Interim Retention Period be allowed and paid as administrative expenses of the Debtor's estate under sections 328(a), 330(a), 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code. Subject to the Court's approval, Force 10 will be compensated for its services to the Committee at its standard hourly rates, which are based on each professional's level of experience, and will be reimbursed for its actual and necessary expenses incurred in connection with rendering such services, subject to sections 328(a), 330(a), and 331 of the Bankruptcy Code. The hourly rates that Force 10 charged the Committee for the services of its professionals are:

| **Billing Category** | **Range** |
|---|---|
| Partners | $795 – $950 |
| Directors/Managers | $550 – $695 |
| Associates/Vice-Presidents | $435 – $550 |
| Analysts | $255 – $395 |

---

[2] This list includes certain cases that professionals of Force 10 worked on at Force 10 and another financial advisory firm prior to joining Force 10 in January 2023.

13. Force 10 informed the Committee that Force 10's policy is to charge its clients for all other expenses incurred in connection with the clients' case. Force 10 charged the Committee for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. Force 10 maintained detailed records of actual and necessary costs and expenses incurred in connection with the services provided to the Committee.

14. Force 10 has informed the Committee that it will apply for compensation for all professional services performed and reimbursement of all expenses incurred in accordance with sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and any applicable orders of the Court.

15. The Committee requests that Force 10's employment and retention be approved effective as of March 7, 2024, the date that Force 10 was selected to represent the Committee and began substantive work on behalf of the Committee. Such relief is warranted due to the immediate and urgent need for financial advisory services immediately upon Force 10's selection. *See, e.g., In re Arkansas Co*., 798 F.2d 645, 650 (3d Cir. 1986).

16. Upon information and belief, Force 10 does not represent and does not hold any interest adverse to the Debtor's estate or creditors in the matters upon which Force 10 was engaged, except to the extent set forth in the Weiss Declaration. Force 10 is, however, a firm with a national and international practice and may represent or may have represented certain of the Debtor's creditors, equity holders, related parties, or other parties in interest in matters unrelated to the Chapter 11 Case.

17. The Weiss Declaration sets forth, as required by Bankruptcy Rule 2014(a), to the best of Mr. Weiss's knowledge, Force 10's connections with the Debtor, the Debtor's known

creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the office of the U.S. Trustee. To the best of the Committee's knowledge, Force 10 is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

18. The Committee has been advised that in the event Force 10 discovers any additional connections to parties in interest in the Chapter 11 Case or any additional information pertinent to this Application under the requirements of Bankruptcy Rule 2014, Force 10 will provide supplemental disclosures to the Court.

## **NO PRIOR REQUEST**

19. No prior request for the relief sought herein has been made to the Court or any other court.

## **NOTICE**

20. Notice of the Application will be provided to: (a) the U.S. Trustee; (b) counsel to the Debtor; and (c) all parties entitled to notice under Local Rule 2002-1(b). The Committee respectfully submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order, substantially in the form of the Proposed Order, approving the retention and employment of Force 10 as the Committee's financial advisor in connection with the Chapter 11 Case, for the period from March 7, 2024 through and including March 28, 2024; and (b) grant such other and further relief as may be just and proper.

Dated: March 28, 2024

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: */s/ Francisco Javier Reina Barragan*
Francisco Javier Reina Barragan, not individually but solely in his capacity as the Chair of the Official Committee of Unsecured Creditors of Terraform Labs Pte. Ltd.