## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TERRAFORM LABS PTE. LTD.,[1] | ) Case No. 24-10070 (BLS) |
| | ) |
| Debtor. | ) **Obj. Deadline: 4/11/24 at 4:00 p.m. (ET)** |
| | ) **Hrg. Date: 4/18/24 at 10:00 a.m. (ET)** |
| | ) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TERRAFORM LABS PTE. LTD. TO RETAIN AND EMPLOY GENESIS CREDIT PARTNERS LLC AS FINANCIAL ADVISORS, EFFECTIVE MARCH 29, 2024

The Official Committee of Unsecured Creditors (the "Committee") in the above-caption chapter 11 case (the "Chapter 11 Case") of Terraform Labs Pte. Ltd. (the "Debtor") hereby applies (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving the Committee's retention and employment of Genesis Credit Partners LLC ("GCP") as financial advisor in connection with the Chapter 11 Case, effective March 29, 2024.  In support of the Application, the Committee submits the declaration of Edward Kim (the "Kim Declaration") attached hereto as **Exhibit B**, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1]      The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

2.      The legal predicates for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

3.      The Committee confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Application in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On January 21, 2024 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a petition for relief under chapter 11 of the Bankruptcy Code with the Court.  The Debtor continues to operate its businesses and manage its property as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee under section 1102(a)(1) of the Bankruptcy Code.  *See* Docket No. 101.

6.      On February 29, 2024, the Committee selected McDermott Will & Emery LLP as its counsel; and on March 7, 2024, the Committee selected Force Ten Partners LLC ("Force 10") as its financial advisor.

7.      Effective March 29, 2024, the Committee approved the substitution of Force 10 by GCP, a newly-formed advisory firm which is comprised of the same financial advisory team at Force 10 that had been advising the Committee in the Chapter 11 Case.

## RELIEF REQUESTED

8.      By the Application, the Committee requests the approval of its retention and

employment of GCP as financial advisor in connection with the Chapter 11 Case, effective

March 29, 2024.[2]

## GCP'S EMPLOYMENT

9.      It is necessary and appropriate for the Committee to employ GCP to, among other

things:

(a)     participate in in-person and telephonic meetings of the Committee and subcommittees formed thereby;

(b)     assist and advise the Committee in its meetings and negotiations with the Debtor and other parties in interest regarding the Chapter 11 Case;

(c)     become familiar with and analyze the Debtor's budgets, assets and liabilities, and overall financial condition;

(d)     review financial and operational information furnished by the Debtor;

(e)     assist the Committee in analyzing claims asserted against, and interests in, the Debtor, and negotiate with the holders of such claims and interests;

(f)     assist with the Committee's review of the Debtor's schedules of assets and liabilities, statement of financial affairs, and other financial reports prepared by the Debtor;

(g)     assist the Committee in its investigation of the acts, conduct, assets, liabilities, management, and financial condition of the Debtor and of the historic and ongoing operation of its businesses;

(h)     assist the Committee in its analysis of and negotiations with the Debtor or any third party related to financing, asset disposition transactions, compromises of controversies, and assumption and rejection of executory contracts and unexpired leases;

(i)     monitor and assist with any sale process, and report to the Committee thereto;

---

[2]     By separate application, the Committee is seeking to retain and employ Force 10 as the Committee's financial advisor for the period from March 7, 2024 through and including March 28, 2024.

    (j)    assist the Committee in its investigation of the validity of the Debtor's prepetition debt and/or liens and any other potential claims against prepetition debt holders;

    (k)    assist the Committee in its analysis of and negotiations with the Debtor or any third party related to the formulation, confirmation, and implementation of any chapter 11 plan and all documentation related thereto;

    (l)    assist and advise the Committee with respect to communications with the general creditor body in the Chapter 11 Case;

    (m)    review and analyze complaints, motions, applications, orders, and other pleadings filed with the Court, and assist the Committee concerning responses thereto;

    (n)    assist the Committee in its review and analysis of, and negotiations with, the Debtor and its non-Debtor affiliates related to intercompany claims and transactions;

    (o)    review and analyze analyses or reports prepared in connection with the Debtor's potential claims and causes of action, advise the Committee with respect to formulating positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

    (p)    advise the Committee with respect to applicable federal and state regulatory issues, as such issues may arise in the Chapter 11 Case;

    (q)    if necessary, participate as a witness in hearings before the Court with respect to matters upon which GCP has provided advice; and

    (r)    perform other activities as approved by the Committee, the Committee's counsel, and as agreed to by GCP.

10.    The Committee believes that it is necessary to employ a financial advisor to render the above-described professional services to the Committee so that the Committee may properly fulfill its duties under the Bankruptcy Code.  The Committee understands that GCP intends to work closely with the Committee's other professionals, including its proposed counsel, McDermott Will & Emery LLP, to ensure that there is no unnecessary duplication of services.

11.    The Committee selected GCP because of its extensive experience in and knowledge of complex chapter 11 matters.  Professionals of GCP working on the Chapter 11

Case have extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy and restructuring matters, including acting as: (i) financial advisor to the official committees of unsecured creditors in the bankruptcy proceedings of Cano Health, Inc.; Eye Care Leaders Portfolio Holdings, LLC; Aerotech Miami Inc.; American Physician Partners, LLC; Envision Healthcare Corporation; Serta Simmons Bedding, LLC; Stimwave Technologies Incorporated; Armstrong Flooring, Inc.; BH Cosmetics, LLC; Teligent, Inc.; Path Medical, LLC; Paper Source, Inc.; NITROcrete, LLC; A.B.C. Carpet, Inc.; Avadim Health, Inc.; Alex and Ani, LLC; EHT US1, Inc. (Eagle Hospitality); Carbonlite Holdings LLC; TECT Aerospace Group Holdings, Inc.; L'Occitane, Inc.; Neopharma, Inc.; PBS Brand Co., LLC (Punch Bowl); Francesca's Holdings Corporation; Furniture Factory Ultimate Holding, LP; White Stallion Energy, LLC; Smartours, LLC; Pier 1 Imports, Inc.; One Web Global Limited; Chinos Holdings Inc. (J.Crew); Lucky's Market; Schurman Fine Papers (Papyrus); American Blue Ribbon Holdings, LLC; BL Restaurants Holding, LLC; Destination Maternity Corporation; and Heritage Home Group; and (ii) financial advisor to the debtors in the bankruptcy proceedings of Cinemex Holdings USA; Focus Property Group; and Superior Linen, LLC.[3]  The Committee believes that GCP will provide the necessary services to the Committee in a cost-effective, efficient, and expert manner.  For these reasons, the Committee believes GCP possesses the requisite knowledge and expertise relevant to the Chapter 11 Case and is well qualified to represent the Committee.

12.     The Committee requests that all fees and related costs and expenses incurred by the Committee on account of services rendered by GCP in connection with the Chapter 11 Case be allowed and paid as administrative expenses of the Debtor's estate under sections 328(a),

---

[3]     This list includes cases that professionals of GCP worked on at prior financial advisory firms.

330(a), 331, 503(b)(2), and 507(a)(2) of the Bankruptcy Code.  Subject to the Court's approval, GCP will be compensated for its services to the Committee at its standard hourly rates, which are based on each professional's level of experience, and will be reimbursed for its actual and necessary expenses incurred in connection with rendering such services, subject to sections 328(a), 330(a), and 331 of the Bankruptcy Code.  These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of GCP's business.  Notice of any such adjustments will be provided to the Committee, the Debtor, and the U.S. Trustee.  The current hourly rates that GCP charges for the services of professionals are:

| **Billing Category** | **Range** |
|---|---|
| Partners | $795 – $950 |
| Directors/Managers | $550 – $695 |
| Associates/Vice-Presidents | $435 – $550 |
| Analysts | $255 – $395 |

13.    GCP has informed the Committee that GCP's policy is to charge its clients for all other expenses incurred in connection with the clients' case.  GCP will charge for expenses in a manner and at rates consistent with charges made generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court.  Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs.  GCP will maintain detailed records of actual and necessary costs and expenses incurred in connection with the services provided to the Committee.

14.    GCP has informed the Committee that it will apply for compensation for all professional services performed and reimbursement of all expenses incurred in accordance with

sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-2, and any applicable orders of the Court.

15.      Upon information and belief, GCP does not represent and does not hold any interest adverse to the Debtor's estate or creditors in the matters upon which GCP is to be engaged, except to the extent set forth in the Kim Declaration.  GCP is, however, a firm with a national and international practice and may represent or may have represented certain of the Debtor's creditors, equity holders, related parties, or other parties in interest in matters unrelated to the Chapter 11 Case.

16.      The Kim Declaration sets forth, as required by Bankruptcy Rule 2014(a), to the best of Mr. Kim's knowledge, GCP's connections with the Debtor, the Debtor's known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the office of the U.S. Trustee.  To the best of the Committee's knowledge, GCP is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

17.      The Committee has been advised that in the event GCP discovers any additional connections to parties in interest in the Chapter 11 Case or any additional information pertinent to this Application under the requirements of Bankruptcy Rule 2014, GCP will provide supplemental disclosures to the Court.

## <u>NO PRIOR REQUEST</u>

18.      No prior request for the relief sought herein has been made to the Court or any other court.

## **NOTICE**

19.     Notice of the Application will be provided to: (a) the U.S. Trustee; (b) counsel to the Debtor; and (c) all parties entitled to notice under Local Rule 2002-1(b).  The Committee respectfully submits that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court: (a) enter an order, substantially in the form of the Proposed Order, approving the retention and employment of GCP as the Committee's financial advisor in connection with the Chapter 11 Case, effective March 29, 2024; and (b) grant such other and further relief as may be just and proper.

Dated: March 28, 2024

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: */s/ Francisco Javier Reina Barragan*
Francisco Javier Reina Barragan, not
individually but solely in his capacity as the
Chair of the Official Committee of
Unsecured Creditors of Terraform Labs
Pte. Ltd.