# **EXHIBIT 1**

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
: 
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
: 
Debtor.[1] : Re: Docket No. 155
: 
------------------------------------------------------------ x

**ORDER AUTHORIZING
DEBTOR TO EMPLOY AND RETAIN
RAHMAN RAVELLI SOLICITORS AS SPECIAL FOREIGN COUNSEL TO
TERRAFORM LABS PTE. LTD., EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the Chapter 11 Case (the "**Debtor**"), for entry of an order (i) authorizing the Debtor to employ and retain Rahman as special foreign counsel to the Debtor, in connection with the Wintermute Litigation in relation to this Chapter 11 Case, pursuant to the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date and (ii) granting related relief, all as more fully set forth in the Application; and upon consideration of the Rahman Declaration and the Hsieh Declaration; and the Court being satisfied, based on the representations made in the Application and the Rahman Declaration, that Rahman represents no interest adverse to the Debtor's estate with respect to the matters for which it is to be employed; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

the Application and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtor is authorized pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014-1 and 2016-1, to retain and employ Rahman as special foreign counsel to Terraform Labs Pte. Ltd. in the Chapter 11 Case upon the terms and conditions as set forth in the Application effective as of the Petition Date.

3. Rahman shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any further Orders of this Court.

4. In the event that, during the pendency of this Chapter 11 Case, Rahman seeks reimbursement for any barrister's fees and/or expenses, the invoices and supporting time records from such barrister shall be attached to Rahman's invoices, and such barrister's invoices

and time records shall be in compliance with Local Rule 2016-2 (f), and shall be subject to the Fee Guidelines and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such barrister has been retained under section 327 of the Bankruptcy Code and without regard to whether such barrister's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; provided, however, that Rahman shall not seek reimbursement of any fees incurred defending any of Rahman's fees and expenses.

5. To the extent Rahman uses the services of independent contractors ("**Contractors**") in this Chapter 11 Case, Rahman shall ensure that the Contractors are subject to the same conflicts checks as required for Rahman, and file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors, and, if Rahman seeks to pass through, and requests to be reimbursed for, the fees and/or costs of the Contractors, Rahman shall (i) pass through the cost of such Contractors to the Debtor at the same rate that Rahman pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only.

6. Rahman will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines in connection with the Application and any interim and final fee applications to be filed by Rahman in this Chapter 11 Case.

7. Rahman is authorized to apply its Retainer Balance in the amount of £108,702.50 against any prepetition amounts outstanding by the Debtor to Rahman. Thereafter, Rahman is authorized to apply any remaining retainer to allowed postpetition fees and expenses in accordance with the Application.

8. Rahman shall provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and counsel to the Creditors' Committee before any increases to the rates set forth in the

Application or the Engagement Letter are implemented and shall file such notice on the docket of the Chapter 11 Case. The Court and the U.S. Trustee retain the right to review any rate increase by Rahman under section 330 of the Bankruptcy Code.

9. During the course of this bankruptcy case, any limitation of liability provisions in the Engagement Letter and its attachments shall have no force or effect.

10. Rahman shall use its reasonable efforts to avoid any unnecessary duplication of services provided by any Retained Professional or any other professional retained in this Chapter 11 Case.

11. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

12. To the extent there is any inconsistency between this Order and the Application, the provisions of this Order shall govern.

13. The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.