IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>TERRAFORM LABS PTE. LTD.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>Re:  D.I. 185<br><br>**Hearing Date: April 18, 2024 at 10:00 a.m.**<br>**Obj. Deadline:  April 4, 2024 at 4:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION OF DEBTOR FOR ENTRY OF ORDER FURTHER EXTENDING TIME TO FILE (I) SCHEUDLES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS AND (II) 2015.3 FINANCIAL REPORT**

In support of his objection to the *Motion of Debtor for Entry of Order Further Extending Time to File (I) Schedules of Assets and Liabilities and Statement of Financial Affairs and (II) 2015.3 Financial Report* [D.I. 185] (the "Motion"), Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), by and through his undersigned counsel, states:

**PRELIMINARY STATEMENT**

1.      The Motion is the Debtor's second request for an extension of time to file its schedules of assets and liabilities ("Schedules") and Statement of Financial Affairs ("Statement").  The Debtor is seeking a similar extension of time regarding the filing of its report due under Bankruptcy Rule 2015.3(a) ("Rule 2015.3 Report").  The proposed May 6, 2024 extension -- which is over three months after the commencement of this case on January 21, 2024 -- will result in an unreasonable delay in the administration of this case by delaying the

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

ability of the Debtor's creditors, the U.S. Trustee and other parties in interest to timely review and examine the Debtor's assets and liabilities.

2.      The Debtor should not be permitted to enjoy the benefits of the bankruptcy process without also complying with the duties required by the Bankruptcy Code and Rules, such as filing its Schedules and Statement and Rule 2015.3(a) report.  Moreover, as of this date, the Debtor has failed to file any monthly operating reports and is currently overdue with respect to the January 2024 and February 2024 monthly operating reports.  The U.S. Trustee does not object to a modest extension of time to file the Schedules and Statement and Rule 2015.3 Report.  However, the requested extension until May 6, 2024 is not reasonable.

## JURISDICTION AND STANDING

3.      This Court has jurisdiction to hear the Motion and this objection.

4.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

5.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Motion and this objection.

## BACKGROUND

**General Background**

6. On January 21, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

7. On February 15, 2024, the U.S. Trustee held the initial debtor interview. During that meeting, the Debtor acknowledged the obligation to file monthly operating reports. The January and February monthly operating reports were due on February 21 and March 21, 2024, respectively. As of this date, the Debtor has not filed any monthly operating reports.

8. On February 28, 2024, the U.S. Trustee convened the initial Section 341 meeting of creditors. The U.S. Trustee continued the meeting to a date to be determined, so as to allow a 341 meeting after the Schedules and Statement and Rule 2015.3 Report are filed.

9. On February 29, 2024, the U.S. Trustee appointed a statutory committee of unsecured creditors (the "Committee") in this case.

**SEC Enforcement Action**

10. On February 16, 2023, the Securities and Exchange Commission ("SEC") filed a complaint styled as *SEC v. Terraform Labs Pte Ltd, et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y), naming the Debtor and its founder, Mr. Kwon, as defendants, and alleging claims for violations of the Securities Act of 1933 and the Exchange Act of 1934. *See Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [D.I. 18] ("Amani Declaration") ¶ 10. The action, which seeks a permanent injunction, disgorgement and civil money penalties, involves claims that, prior to May 2022, the Debtor unlawfully offered and sold unregistered securities and engaged in securities fraud (the "SEC Enforcement Action"). *Id*.

11. On December 28, 2023, the District Court granted partial summary judgment to

the SEC. The District Court denied the parties' cross-motions for summary judgment with respect to the securities fraud claims. The trial on the securities fraud claims was scheduled to begin on March 25, 2024. Amani Decl. ¶ 11.

12. The Debtor commenced this bankruptcy case because it believes it would not be able to satisfy a potential money judgment in the SEC Enforcement Action, nor would it be able to post the supersedeas bond necessary for an appeal. Amani Decl. ¶ 14.

**The Motion**

13. On February 5, 2024, the Debtor filed the *Motion of Debtor for Entry of Order Extending Time to File (I) Schedules of Assets and Liabilities and Statement of Financial Affairs and (II) 2015.3 Financial Report* [D.I. 45] (the "Initial Motion"). On February 28, 2024, the Court entered an order [D.I. 90] granting the Initial Motion and extending the Debtor's deadlines to file its Schedules and Statement and 2015.3 report through and including March 21, 2024.

14. On March 21, 2024, the Debtor filed the Motion, seeking a further extension of the deadline to file its Schedules and Statements and 2015.3 Report through and including May 6, 2024, without prejudice to request further extensions.

**ARGUMENT**

15. The Bankruptcy Code states that the debtor "*shall* . . . file, unless the court orders otherwise - a schedule of assets and liabilities," and "statement of the debtor's financial affairs," among other information. 11 U.S.C. § 521(a)(1)(B)(i) (emphasis added). Fed.R Bankr.P. 1007 (b) provides that a debtor, other than one under chapter 9, shall file schedules of assets and liabilities, of current income and expenditures, of executory contracts and unexpired leases, and a statement of financial affairs, among other documents, unless the Court orders otherwise.

16. Bankruptcy Rule 1007(c) provides that Schedules and Statements shall be filed with the petition or within 14 days thereafter. Fed. R. Bankr. P. 1007(c). Local Rule 1007-1(b)

extends that time to twenty-eight days from the petition date if a debtor, or jointly administered debtors, have more than 200 creditors.[2]

17. Bankruptcy Rule 2015.3(a) provides in relevant part: "In a chapter 11 case, the trustee or debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estates hold a substantial or controlling interest." Rule 2015.3(b) provides in relevant part: "The first report required by this rule shall be filed no later than seven days before the first date set for the meeting of creditors under § 341 of the Code. Subsequent reports shall be filed no less frequently than every six months thereafter, until the effective date of a plan or the case is dismissed or converted."

18. Debtors have "an affirmative duty of full disclosure" on which the "effective functioning of the federal bankruptcy system" depends. *In re Kane*, 628 F.3d 631, 636 (3d Cir. 2010) (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). *See also In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 526 Bankr. E.D.N.Y. 1989 ("One of the most fundamental and crucial duties of a debtor-in-possession upon the filing of a Chapter 11 petition is to keep the Court and creditors informed about the nature, status and condition of the business undergoing reorganization. The requirement of full and fair disclosure is not restricted to disclosure statements filed under 11 U.S.C. § 1125 in the latter stages of Chapter 11 cases in connection with the solicitation of acceptances or rejections of reorganization plans. Open, honest and straightforward disclosure to the Court and creditors is intrinsic to the entire reorganization process and begins on day one, with the filing of the Chapter 11 petition."). "[I]n bankruptcy administration, the system will collapse if debtors are not

---

[2] The Debtor asserts that it did not meet the eligibility requirement for the automatic extension under the Local Rule.

forthcoming." *In re Tully*, 818 F.2d 106, 112 (1st Cir. 1987).

19.     "The bankruptcy laws impose a strict obligation on debtors to file complete and accurate schedules." *In re Dubberke*, 119 B.R. 677, 680 (Bankr. S.D. Iowa 1990). "Simply stated, a debtor seeking shelter under the bankruptcy law must disclose all assets and potential assets. . . . Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized." *In re Lowery*, 398 B.R. 512, 515 (Bankr. E.D.N.Y. 2008). "The bankruptcy schedules and statements of affairs are carefully designed to elicit information necessary to the proper administration and adjudication of the case." *In re Weldon*, 184 B.R. 710, 715 (Bankr. D.S.C. 1995). "[S]chedules are to be complete, thorough and accurate in order that creditors may judge for themselves the nature of the debtor's estate." *In re Coombs*, 193 B.R. 557, 563 (Bankr. S.D. Cal. 1996) (quoting *In re Lunday*, 100 B.R. 502, 508 (Bankr. D. N.D. 1989)).

20.     The Debtor's request to file its Schedules, Statement and Rule 2015.3 Report by May 6, 2024, or 106 days after the Petition Date, is neither justified nor appropriate. In the Motion, the Debtor cites to several cases in this District in which the Court granted extensions to file Schedules and Statements. However, with the exception of one case which is distinguishable because it was a prepackaged bankruptcy where schedules were ultimately not required to be filed (*see In re Lucky Bucks, LLC*, 23-10758 (KBO)), the longest extension granted in those cases was 90 days from the petition date. *See* Mot. fn 5, citing *In re Uphealth Holdings, Inc.*, 23-11476 (LSS) (extension granted to 90 days after petition date); *In re ViewRay, Inc.*, 23-10935 (KBO) (89 days); *In re Peer Street, Inc.*, 23-10815 (LSS) (72 days); *In Allegiance Coal USA Ltd.*, 23-10234 (CTG) (66 days).

21.     The Debtor's lack of transparency is made worse by the fact that, to date, the

Debtor has not filed any monthly operating reports, notwithstanding several inquiries by the U.S. Trustee. *See In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) (monthly operating reports and the financial disclosures in them "'are the life-blood of the Chapter 11 process' . . . . [T]he 'importance of [filing] . . . monthly operating report[s] cannot be over-emphasized.'") (citations omitted). The Debtor's January and February monthly operating reports were due on February 21, 2024 and March 21, 2024, respectively.

22. The Debtor states that the proposed May 6, 2024 deadline is approximately one week after the conclusion of the SEC Enforcement Action trial. Mot. ¶ 11. However, it is the understanding of the U.S. Trustee that the trial, which commenced on March 25, 2024, is anticipated to last approximately two weeks, or until April 8, 2024. The Debtor should be required to file its Schedules and Statements and Rule 2015.3 Report no later than one week after the conclusion of the trial. This should not be an issue, as the Debtor acknowledges in the Motion that if the trial "concludes earlier than expected, the Debtor will endeavor to file the Schedules and Statement as soon as possible thereafter." *Id.*

23. Although the U.S. Trustee understands that the Debtor's current focus is on the defense of the SEC Enforcement Action, the Debtor has retained a separate team of experienced professionals to advise it during the bankruptcy case. The Debtor has retained Weil Gothshal & Manges LLP and Richards Layton & Finger as bankruptcy co-counsel and Alvarez & Marsal, LLC as financial advisor, among other professionals. Each of these firms has significant experience in assisting with preparation of schedules and statements. Given the number and size of the professional firms the Debtor has retained, and the amount of time the Debtor has already had to prepare its Schedules, Statements and Rule 2015.3(a) Report, the Debtor should be required to file those documents by no later than one week after the conclusion of the trial with respect to the SEC Enforcement Action.

**CONCLUSION**

WHEREFORE, the U.S. Trustee requests that this Court issue an order denying the Motion and/or granting such other relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 AND 9**

**By:** _/s/ Jane M. Leamy_
Linda Richenderfer (#4138)
Jane M. Leamy (#4113)
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
Linda.Richenderfer@usdoj.gov
Jane.M.Leamy@usdoj.gov

Dated: April 3, 2024