IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
:
In re                                               :    Chapter 11
:
**TERRAFORM LABS PTE. LTD.,**                       :    Case No. 24-10070 (BLS)
:
Debtor.[1]                                          :
:
------------------------------------------------------------- x    Re: Docket No. 157

## ORDER AUTHORIZING DEBTOR TO EMPLOY
## PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession (the "**Debtor**"), for entry of an order pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code authorizing the Debtor to employ Ordinary Course Professionals effective as of the Petition Date without the submission of separate employment applications or the issuance of separate retention orders for each professional, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing, if

---

[1]  The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.
[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

necessary, to consider the relief requested in the Motion; and upon the record of the hearing, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, pursuant to sections 105(a), 327, and 330 of the Bankruptcy Code, to retain, employ, and compensate the Ordinary Course Professionals listed on **Exhibit 1** annexed hereto in accordance with the following OCP Procedures, effective as of the Petition Date:

   a. Each Ordinary Course Professional will provide the Debtor's attorneys within thirty (30) days after the later of the date (i) of entry of this Order or (ii) on which the Ordinary Course Professional commences services for the Debtor a declaration substantially in the form annexed as **Exhibit 2** to the Proposed Order (the "**OCP Declaration**").

   b. The Debtor's attorneys will file the OCP Declaration with the Court and serve a copy upon (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") and (ii) counsel to the Creditors' Committee (collectively, the "**Reviewing Parties**").

   c. The Reviewing Parties will have fourteen (14) days after service of the OCP Declaration (the "**Objection Deadline**") to serve upon the Debtor, the Reviewing Parties, and the relevant Ordinary Course Professional a written objection to the retention, employment, or compensation of the Ordinary Course Professional based on the contents of the OCP Declaration.

   d. If no objection is served by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional will be deemed approved pursuant to section 327 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; *provided*, *however*, that if an objection is served by the Objection Deadline and such objection cannot be resolved within twenty (20) days, the Debtor

    will schedule the matter for a hearing before the Court on the next regularly-scheduled hearing date or such other date otherwise agreeable to the Ordinary Course Professional, the Debtor, and the objecting party.

e.  The Debtor may seek to retain additional Ordinary Course Professionals throughout this case by (i) including each additional Ordinary Course Professional on a supplement to **Exhibit 1** hereto that is filed with the Court and (ii) having such additional Ordinary Course Professional comply with the OCP Procedures. The approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

f.  Once an Ordinary Course Professional is retained in accordance with these OCP Procedures, the Debtor may pay such Ordinary Course Professional 100% of any fees and 100% of any expenses incurred, upon the submission to, and approval by, the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtor's right to dispute any such invoices); *provided*, that the Ordinary Course Professional's total compensation and reimbursement will not exceed $50,000 per month on average over any three-month period on a rolling basis (the "**Monthly Fee Cap**").

g.  In the event that an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap, then the Debtor may seek the agreement of the Reviewing Parties to a higher Monthly Fee Cap for such Ordinary Course Professional. If the Debtor is able to obtain the agreement of the Reviewing Parties to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of increased Monthly Fee Cap (the "**Cap Increase Notice**"), and the increased Monthly Fee Cap shall be deemed approved upon the filing of such Cap Increase Notice, without further action by the Court. Absent such an agreement of the Reviewing Parties, if the Monthly Fee Cap is exceeded, such Ordinary Course Professional must file a fee application (a "**Fee Application**") and apply for compensation and reimbursement for the applicable time period in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and, subject to the OCP Procedures, any other procedures and orders of the Court. The U.S. Trustee reserves the right to request that any Ordinary Course Professional who is regularly exceeding the Monthly Fee Cap be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such Ordinary Course Professional that is an attorney shall make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C.*

*§ 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* in connection with such Fee Application and/or retention application.

    h.    Each Fee Application shall be served upon the Reviewing Parties. The Reviewing Parties shall then have fifteen (15) days to object to the Fee Application. If, after fifteen (15) days, no objection is filed, the fees and expenses requested in the Fee Application shall be deemed approved, and the Ordinary Course Professional may be paid one-hundred percent (100%) of its fees and expenses without the need for further action from such Ordinary Course Professional.

    i.    At three-month intervals during the pendency of this Chapter 11 Case (each, a "**Quarter**"), beginning with the Quarter ending March 31, 2024, the Debtor will file with the Court and serve on the Reviewing Parties, no later than thirty (30) days after the last day of such Quarter, a statement that will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts invoiced and paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter broken down by month; (iii) the aggregate amount of postpetition payments made to that Ordinary Course Professional to date; and (iv) a general description of the services rendered by that Ordinary Course Professional.

3.    To the extent that any agreement between the Debtor and an Ordinary Course Professional provides for the indemnification by the Debtor of such Ordinary Course Professional in connection with the services that are the subject of the Motion (each such agreement, an "**OCP Agreement**"), the Ordinary Course Professional shall attach the OCP Agreement to its OCP Declaration and, upon the retention of the Ordinary Course Professional in accordance with the OCP Procedures, the indemnification provisions set forth in the OCP Agreement are approved, subject to the following modifications during the pendency of this Chapter 11 Case:

    a.    The Ordinary Course Professional shall not be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement other than those described in such OCP Agreement, unless such services and indemnification therefor are otherwise approved by this Court.

    b.    Notwithstanding anything to the contrary in the OCP Agreement, the Debtor shall have no obligation to indemnify the Ordinary Course

Professional, or provide contribution or reimbursement to the Ordinary Course Professional, for any claim or expense related to such OCP Agreement that is: (i) judicially determined (the determination having become final) to have arisen from the Ordinary Course Professional's gross negligence, bad faith, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtor alleges the breach of the Ordinary Course Professional's contractual obligations under the OCP Agreement unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Ordinary Course Professional should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Order. Parties in interest shall retain the right to object to any request by an Ordinary Course Professional for indemnity, contribution or reimbursement.

4. Entry of this Order and approval of the OCP Procedures does not affect the Debtor's rights to (i) dispute any invoice submitted by an Ordinary Course Professional and (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtor reserves all of its rights with respect thereto.

5. All caps set forth in the OCP Procedures are without prejudice to the Debtor's ability to request that the Court increase such caps at a later time.

6. The form of OCP Declaration is approved.

7. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: April 4th, 2024
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 30778294V.1