## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x

In re                         :      **Chapter 11**

**TERRAFORM LABS PTE. LTD.,**     :      **Case No. 24–10070 (BLS)**

         Debtor.[1]           :      **Obj. Deadline: May 6, 2024 at 4:00 p.m. (ET)**

                                      :      **Hearing: May 15, 2024 at 10:30 a.m. (ET)**

---------------------------------------------------------------- x

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN THE EXHIBITS TO DENTONS US LLP'S FIRST MONTHLY FEE APPLICATION AND (II) ESTABLISHING PROCEDURES FOR THE DEBTOR TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN PROSPECTIVE DENTONS FEE APPLICATIONS

Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), respectfully moves and represents as follows in support of this motion (this "**Motion**"):

### Background

**A. General Background**

1. On January 21, 2024 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On February 29, 2024, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

(the "**Creditors' Committee**"). No trustee or examiner has been appointed in this Chapter 11 Case.

3.    Additional information regarding the circumstances leading to the commencement of this Chapter 11 Case and the Debtor's business and operations is set forth in the *Declaration of Chris Amani in Support of Debtor's Chapter 11 Petition and First Day Pleadings* [Docket No. 18] (as may be amended or supplemented, the "**First Day Declaration**"),[2] which is incorporated herein by reference.

**B.  Specific Background**

4.    On February 29, 2024, the Court entered the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [Docket No. 99] (the "**Interim Compensation Order**"), pursuant to which the Debtor was authorized to, among other things, compensate Retained Professionals in accordance with the Interim Compensation Procedures.

5.    On March 12, 2024, the Court entered the *Order Granting Application of Debtor for Entry of an Order Authorizing the Retention and Employment of Dentons US LLP as Special Counsel to the Debtor and Debtor in Possession, Effective as of the Petition Date* [Docket No. 179], pursuant to which the Debtor was authorized to, among other things, retain and employ Dentons to represent the Debtor in litigation and investigations in multiple fora (collectively, the "**Litigations**"), including the enforcement action, entitled *SEC v. Terraform Labs Pte. Ltd., et al.*, Case No. 1:23-cv-01346-JSR (S.D.N.Y.), filed by the Securities and Exchange Commission in the United States District Court for the Southern District of New York, naming the Debtor and its co-

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration or the Interim Compensation Order (as defined herein), as applicable.

founder Kwon Do Hyeong as defendants and alleging six (6) claims for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, pending before The Honorable Jed Rakoff (the "**SEC Enforcement Action**").

6.   On April 17, 2024, the Debtor, on behalf of Dentons, filed the *First Monthly Fee Application of Dentons US LLP as Special Counsel for the Debtor and Debtor in Possession for Allowance of Compensation and Reimbursement of Expenses for the Period from January 21, 2024 through February 29, 2024* [Docket No. 230] (the "**Dentons First Fee Application**").  In connection with Dentons' representations in the Litigations, Dentons has recorded time entries included on Exhibit A to the Dentons First Fee Application that contain confidential and/or privileged information (the "**Confidential Information**"), including, but not limited to, (i) information that is protected by law and/or other doctrines such as attorney-client privilege, work product and confidentiality, (ii) information that, if disclosed, would provide an unfair advantage to the other parties in the Litigations, (iii) information regarding confidential communications between Dentons, the Debtor and other parties and professionals in support of the Debtor's position in the Litigations, (iv) information regarding the nature of legal research and litigation strategy on behalf of the Debtor, (v) information regarding trial preparation, (vi) information related to negotiations and settlement discussions, and (vii) information related to an ongoing grand jury investigation that the U.S. Attorney's Office for the Southern District of New York has asked not be disclosed.

## Jurisdiction

7.   The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9.     By this Motion, pursuant to, among other things, sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1, the Debtor respectfully requests entry an order (i) authorizing the Debtor to file under seal the Confidential Information contained in the exhibits to the Dentons First Fee Application, (ii) establishing procedures by which the Debtor may file under seal the Confidential Information contained in prospective fee applications of Dentons (the "**Prospective Fee Applications**"), and (iii) granting such other and further relief as the Court otherwise deems necessary or appropriate; *provided*, *however*, that, subject to entry of the Proposed Order (as defined herein), unredacted versions of invoices attached to the Dentons First Fee Application and the Prospective Fee Applications shall be provided in the following manner:

     i.     Invoices for criminal matters and investigations shall be provided in unredacted form only to the Fee Examiner (as defined herein) on a confidential basis;

    ii.     Invoices for Dentons' services in the SEC Enforcement Action shall be provided in unredacted form to counsel to the Creditors' Committee on a professionals' eyes only basis, and to the U.S. Trustee and the Fee

Examiner, upon each such parties' execution of the protective order issued by Judge Rakoff in the SEC Enforcement Action (the "**Protective Order**"); *provided*, *however*, that if any of the foregoing parties are unwilling to execute the Protective Order, Dentons reserves the right to revise the invoices to remove any Confidential Information that are subject to the Protective Order so that such invoices may be provided to such parties; and

iii.    Invoices for Dentons' services in all other matters shall be provided to counsel to the Creditors' Committee on a professionals' eyes only basis, and to the U.S. Trustee and the Fee Examiner on a confidential basis.

10.    A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Basis for Relief Requested

11.    Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, the Court may authorize the Debtor to file the Confidential Information under seal.  Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, section 107(b) of the Bankruptcy Code gives bankruptcy courts the power to protect parties in interest from potentially harmful disclosures:  "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b).

12.    Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

13.    Once a court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the bankruptcy court must issue a protective order on a motion by the affected person or party." *In re ACandS, Inc.*, 462 B.R. 88, 101 n.21 (Bankr. D. Del. 2011) (holding that "§ 107(b) imposes [a] mandatory requirement [that] if the exception pertains [to § 107(b)], the bankruptcy court must issue a protective order on a motion by the affected person or party.").

14.    Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and, significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 757 (D. Del. 2018) (holding that section 107(b) applies to information that is a "trade secret," "confidential commercial information," or information that is "scandalous or defamatory"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re ACandS, Inc.*, 462 B.R. at 102 n. 22 (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994)). Nor does such section require a finding of "extraordinary circumstances or compelling need." *Orion Pictures Corp.*, 21 F.3d at 27.

15.    Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *See In re Altegrity, Inc.,* No. 15- 10226 (LSS), 2015 Bankr. LEXIS 4479, at *21 (Bankr. D. Del. July 6, 2015) (approving protection where debtors "met their burden to show" that the identities of certain customers and contractors were "confidential commercial information as contemplated by section

6

107(b); *Orion Pictures Corp.*, 21 F.3d at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").   Once it is established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See In re ACandS, Inc.*, 462 B.R. at 101 n.21.   Sealing material is also appropriate where filing a document publicly would reveal information otherwise protected by the attorney-client privilege. *See Robbins v. Tripp*, 510 B.R. 61, 69 (E.D. Va. 2014) (ordering report sealed because otherwise "it would make public information that normally would be protected by the attorney-client privilege").

16.     The Debtor further requests, pursuant to Federal Rule of Evidence 502(d), that the disclosure of Confidential Information as contemplated by the Motion, including pursuant to an order granting this Motion, not be deemed a waiver of the attorney-client privilege or other protections with respect to the Confidential Information. Rule 502(d) of the Federal Rules of Evidence provides "[a] federal court may order that the [attorney-client] privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). Pursuant to Rule 502(d), "the judicially-compelled disclosure of information, later determined to be privileged, may not result in a waiver of the privilege." *Greene v. Philadelphia Housing Authority*, 484 F. App'x 681, 686 (3d Cir. 2012).

17.     Grounds exist here for the Court to grant the relief requested in this Motion. Contained in <u>Exhibit A</u> to the Dentons First Fee Application are detailed time entries of Dentons' representations in the Litigations, which include the Confidential Information.   Dentons'

representations in the Litigations are a critical component to the Debtor's overall chapter 11 strategy and the protection of confidential and privileged information related to the Litigations is vital to the success of such strategy; therefore, the public disclosure of the Confidential Information would be highly prejudicial to the Debtor and should be sealed.

18.     Moreover, no party in interest will be prejudiced if the Motion is granted. Initially, the Dentons First Fee Application was filed pursuant to the Interim Compensation Order and only seeks payment of 80% of the requested fees and 100% of the requested expenses on an interim basis.  Dentons submits that the redacted Dentons First Fee Application provides the Fee Notice Parties,[3] the Creditors' Committee and David M. Klauder, the fee examiner in the Chapter 11 Case (the "**Fee Examiner**"), with sufficient information to make an informed decision upon which to object to such application in accordance with the Interim Compensation Order.  Further, if the Proposed Order is entered, Dentons will, to the extent set forth in paragraph 9 above, provide unredacted versions of the invoices in the Dentons First Fee Application to counsel to the Creditors' Committee, the U.S. Trustee and the Fee Examiner so that all such parties will have sufficient time to review such invoices if/when such application is considered for approval at an interim or final fee hearing.  Accordingly, Dentons submits that sealing the Confidential Information in the Dentons First Fee Application is appropriate under the circumstances.

19.     In accordance with Local Rule 9018-1(d), the Debtor has filed an unredacted version of the Dentons First Fee Application under seal and a proposed redacted version publicly on the docket.  Dentons has provided an unredacted version of the Dentons First Fee Application to the Court, the Debtor and counsel to the Debtor.

---

[3]     In addition, Dentons has already provided an unredacted version of the Dentons First Fee Application to the Debtor and counsel to the Debtor, who are two of the three Fee Notice Parties.

20.     In addition, rather than potentially having to file a motion to seal each time Dentons files a fee application, the Debtor requests that it be permitted to file the Confidential Information in the Prospective Fee Applications under seal without the need for filing a motion to seal in each case or further order of the Court; *provided*, *however*, that the U.S. Trustee and the Creditors' Committee shall have fourteen (14) calendar days, or such additional time as may be agreed by the parties, to review and file objections, if any, to the sealing of the Prospective Fee Applications.

## Compliance with Local Rule 9018-1(d)

21.     To the best of the knowledge, information and belief of the undersigned counsel to the Debtor, the documents that the Debtor requests to seal pursuant to this Motion do not contain information that is subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## Notice

22.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington Delaware 19801 (Attn: Linda Richenderfer, Esq. (Linda.Richenderfer@usdoj.gov)); (b) counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) the United States Securities and Exchange Commission; and (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtor respectfully submits that no further notice is required.

## No Prior Request

23.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

9

WHEREFORE the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: April 22, 2024
      Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:    heath@rlf.com
        shapiro@rlf.com
        milana@rlf.com

*Co-Counsel for Debtor and Debtor in Possession*

DENTONS US LLP
Samuel R. Maizel (admitted *pro hac vice*)
Tania M. Moyron (admitted *pro hac vice*)
601 S. Figueroa Street, #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email:   samuel.maizel@dentons.com
       tania.moyron@dentons.com

*Special Counsel to Debtor and Debtor in Possession*

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email:    ronit.berkovich@weil.com
       jessica.liou@weil.com
       f.gavin.andrews@weil.com

*Counsel for Debtor and Debtor in Possession*