**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
**TERRAFORM LABS PTE. LTD.,** : Case No. 24–10070 (BLS)
:
Debtor.[1] : Re: Docket No. ___
:
------------------------------------------------------------ x

## ORDER (I) AUTHORIZING THE DEBTOR TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN THE EXHIBITS TO DENTONS US LLP'S FIRST MONTHLY FEE APPLICATION AND (II) ESTABLISHING PROCEDURES FOR THE DEBTOR TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN PROSPECTIVE DENTONS FEE APPLICATIONS

Upon the motion (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (this "**Order**") (i) authorizing the Debtor to file under seal the Confidential Information in the Dentons First Fee Application and (ii) establishing procedures for the Debtor to file under seal Confidential Information contained in the Prospective Fee Applications, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and § 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having

---

[1] The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 30832926v.4

held a hearing to consider the relief requested in the Motion (the "**Hearing**"), if necessary; and upon the record of the Hearing, if any; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtor is authorized to file the Confidential Information contained in Exhibit A attached to the Dentons First Fee Application under seal, and provide unredacted copies of the invoices to the Dentons First Fee Application in accordance with paragraph 9 of the Motion.

3. Pursuant to Federal Rule of Evidence 502(d), the disclosure of the Confidential Information, whether inadvertent or otherwise, to the Court, the U.S. Trustee, the Fee Examiner and the Creditors' Committee shall not constitute and shall not be deemed a waiver of any attorney-client privilege, work product protection, or other privilege or protection claimed by or applicable to Dentons or the Debtor in the Chapter 11 Case, any adversary proceeding, contested matter, or any other state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed pursuant to Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b) shall not apply.

4. The Confidential Information shall be kept under seal and shall not be unsealed, disclosed, or further disseminated except upon further order of this Court.  Nothing herein shall restrict the Debtor's use of the Confidential Information.

5. The Court's entry of this Order shall constitute authority pursuant to Local Rule 9018-1(e) for Dentons to file Prospective Fee Applications containing Confidential Information under seal without the necessity of filing a separate motion to seal; *provided*, *however*, that the U.S. Trustee and the Creditors' Committee shall have fourteen (14) days, or such additional time as may be agreed by the parties, following the filing of a Prospective Fee Application to review and file objections, if any, to the sealing of a Prospective Fee Application.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.