**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x

                                       :

**In re**                                  :               **Chapter 11**

                                         :

**TERRAFORM LABS PTE. LTD.,**       :               **Case No. 24–10070 (BLS)**

                                         :

               **Debtor.[1]**                 :               **Re: Docket No. 367**

                                         :

---------------------------------------------------------- x

**REVISED ORDER PURSUANT TO
SECTIONS 363 AND 105(A) OF THE BANKRUPTCY CODE
AUTHORIZING DEBTOR TO RESTORE ITS WHOLLY-OWNED
SUBSIDIARY, TERRAFORM LABS LIMITED, AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Terraform Labs Pte. Ltd., as debtor and debtor in possession in the above-captioned chapter 11 case (the "**Debtor**"), for entry of an order (this "**Order**") pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, authorizing the Debtor to take all required actions to effectuate the restoration of the Debtor's wholly-owned subsidiary Terraform Labs Limited ("**TLL**"), in accordance with BVI laws, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the

---

[1]    The Debtor's principal office is located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

circumstances, and it appearing that no other or further notice need be provided; and this Court

having reviewed the Motion; and this Court having held a hearing, if necessary, to consider the

relief requested in the Motion; and all objections, if any, to the Motion have been withdrawn,

resolved, or overruled; and this Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The Debtor is authorized, but not directed, pursuant to sections 105 and 363

of the Bankruptcy Code, to take all required actions to effectuate the restoration of TLL in

accordance with the laws of the British Virgin Islands (the "**BVI**").

3.      The Debtor is authorized to retain FFP (BVI) Limited ("**FFP**") as its BVI

registered agent in compliance with the BVI Business Companies Act, 2004 (as amended).

4.      The Debtor is authorized, but not directed, to pay all of FFP's fees and

expenses incurred in an amount not to exceed $100,000, including but not limited to, (i) the

restoration of TLL and (ii) continued compliance with all applicable BVI laws, respectively.

5.      The Debtor is authorized to take all required actions to fund the business

and operations of TLL following its restoration, including, but not limited to, opening a new bank

account at Western Alliance Bank and funding such bank account in satisfaction of certain

postpetition intercompany claims owed by the Debtor to TLL; *provided, however,* that the Debtor

shall only fund such bank account in the amount of $50,000.00, and to the extent the Debtor seeks

to transfer additional funds to such bank account, the Debtor shall obtain the consent of the

Creditors' Committee.

6.       The Creditors' Committee's rights to object to any and all postpetition claims owed by the Debtor to TLL are expressly preserved.

7.       The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

8.       Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.       The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: June 21st, 2024
Wilmington, Delaware

3