IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
TERRAFORM LABS PTE. LTD., *et al.*, : Case No. 24–10070 (BLS)
:
: (Jointly Administered)
Debtors.[1] :
: Re: Docket Nos. 344 & 499
:
------------------------------------------------------------ x

**DEBTORS' REPLY TO UNITED STATES TRUSTEE'S
LIMITED OBJECTION TO MOTION OF DEBTOR FOR ENTRY OF
ORDER APPROVING STIPULATION BETWEEN DEBTOR AND SINGAPORE
ACTION CLAIMANTS REGARDING RELIEF FROM THE AUTOMATIC STAY**

The above-captioned debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully submit this reply to the *United States Trustee's Limited Objection to Motion of Debtor for Entry of Order Approving Stipulation Between Debtor and Singapore Action Claimants Regarding Relief from the Automatic Stay* [Docket No. 499] (the "**Objection**") and in further support of the *Motion of Debtor for Entry of Order Approving Stipulation Between Debtor and Singapore Action Claimants Regarding Relief From the Automatic Stay* [Docket No. 344] (the "**Motion**"):[2]

## Reply

1. By the Motion, Debtor Terraform Labs Pte. Ltd. ("**TFL**") seeks Court authority to enter into the Stipulation, which provides for the consensual lifting of the automatic stay to allow (i) TFL and the Claimants to continue the Singapore Action pending in the Singapore

---

[1] The Debtors in these chapter 11 cases are: Terraform Labs Pte. Ltd and Terraform Labs Limited. The Debtors' principal offices are located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Plan (as defined herein), as applicable.

RLF1 31305661v.1

ICC, and (ii) the Claimants to be paid from the Singapore Escrow,[3] following entry of a final and non-appealable order in the Singapore Action or the settlement of the Singapore Action.

2.  The Debtors believe that the consensual lifting of the automatic stay will benefit their estates, including by, among other things, (i) reducing additional motion practice before this Court and (ii) saving costs and promoting judicial efficiency by allowing the claims in the Singapore Action (the "**Beltran Claims**") to be liquidated in a court that is the most familiar with the issues in such action and the laws applicable to such claims.

3.  Indeed, the *Amended Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd. and Terraform Labs Limited* [Docket No. 501] (as may be amended, modified and/or supplemented from time to time, the "**Plan**") already contemplates that the Beltran Claims will be liquidated in the Singapore ICC. *See* Plan § 1.16 (providing that the Beltran Claims "Allowed either (i) pursuant to a settlement with TFL and/or the Wind Down Estates or (ii) as determined by Final Order of the courts of the Republic of Singapore . . ."). In other words, it is not a question of *if* the Beltran Claims will be liquidated in the Singapore Action but *when*. Therefore, it is in the best interests of the Debtors' estates to allow the stay to be lifted *now* because the prompt resolution of the Beltran Claims will, to the extent the judgement or settlement is less than the amount in the Singapore Escrow, allow the excess amounts to more quickly be returned to the Debtors' estates.

4.  Further, while the Debtors acknowledge that it is unusual for the Stipulation to go the extra step to allow the Claimants to collect on any judgment or settlement, the Debtors believe that relief is appropriate. Specifically, as set forth in the Motion, while the Debtors dispute the Beltran Claims, to the extent the claims are valid, the Debtors believe that the Claimants are

---

[3] As set forth in the Motion and the Plan, prior to the Petition Date, the amounts in the Singapore Escrow were deposited into an escrow account as required by order of the High Court of the Republic of Singapore as security against judgment pending the outcome of the Singapore Action. *See* Motion ¶ 5; Plan § 1.17.

secured in the Singapore Escrow.  *See* Motion ¶ 5.  And, because the Debtors believe that the Claimants are secured in the Singapore Escrow, allowing the Claimants to collect on any judgment or settlement from such escrow is in accord with the absolute priority rule.

5. The Plan currently contemplates that this Court may determine whether the Claimants are in fact secured in the Singapore Escrow at a later date. *See* Plan § 1.16 (providing that "to the extent the Bankruptcy Court determines that claims asserted against TFL in the Beltran Action are not Secured Claims, such Claims shall not be Beltran Allowed Secured Claims but shall be Crypto Loss Claims . . . .").  Accordingly, as a potential way to resolve the Objection, the Court can approve the Stipulation only to the extent that it lifts the stay to allow the Claimants and the Debtors to prosecute the Singapore Action to judgment and save for another day whether the Claimants are entitled to be paid from the Singapore Escrow on account of any judgment or settlement.

6. Finally, given that it is appropriate for the Court to lift the automatic stay as set forth herein and in the Motion, there can be little dispute that the Debtors' decision to enter into the Stipulation is a sound exercise of the Debtors' business judgment and should be approved under Bankruptcy Rule 9019.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

7.  For the reasons stated above and in the Motion, the Motion should be granted, and the Court should enter an order substantially in the form of the Proposed Order attached to the Motion.

Dated: August 2, 2024
Wilmington, Delaware

                                      */s/ Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
David T. Queroli (No. 6318)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Email:    heath@rlf.com
             shapiro@rlf.com
             queroli@rlf.com
             milana@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ronit J. Berkovich (admitted *pro hac vice*)
Jessica Liou (admitted *pro hac vice*)
Clifford W. Carlson (admitted *pro hac vice*)
F. Gavin Andrews (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Email:    ronit.berkovich@weil.com
             jessica.liou@weil.com
             clifford.carlson@weil.com
             f.gavin.andrews@weil.com

*Attorneys for Debtors and Debtors in Possession*