UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:
**Terraform Labs, Debtor**
Case No. 24-10070 (BLS)

Chapter 11 (Jointly Administered)

Date : 09/11/2024

Filed by : Xavier Mattern, Pacer #8114401

# Objection to the Proposed Recovery Plan

Xavier Mattern, a creditor holding a Class 5 claim (Crypto Loss Claims) with a total Claim amount of $808,887, hereby submits this objection to the confirmation of the Debtors' proposed liquidation plan for the following reasons:

**Honorable Judge Brendan L. Shannon,**

I, Xavier Mattern, am in regular contact with a group of approximately fifty individuals who, like myself, invested their savings in the UST stablecoin issued by Terraform Labs. Together, we have suffered financial losses exceeding $10 million due to the fraudulent actions of the company and its leadership. Many of these victims share my concerns, and I would like to highlight two key issues regarding the proposed recovery plan, as well as

suggest potential solutions that I believe would lead to a fairer distribution of the recovery funds.

## 1. Prioritization of Certain Victims in the Recovery Process

The collapse of Terra UST destroyed the life savings of thousands of non-institutional investors from across the world. Many of these investors had allocated their hard-earned savings—intended for their children's education, future homes, or healthcare—into what they believed was a stable financial asset. Their individual investments may have ranged from $10,000 to $1,000,000 USD, and these losses have caused irreversible financial and emotional damage.

Under the current recovery plan, these non-institutional investors are classified as "5th category" claimants, which severely limits their ability to recover any meaningful portion of their losses. Meanwhile, a small group of large investors (from Beltran vs. Terraform Labs), who suffered losses of $1 million or more, are being prioritized for full (100%) recoupment as part of Class 3. These large investors were able to engage Drew & Napier to file a legal action in Singapore, which further solidified their preferential status, excluding thousands of smaller investors from the possibility of recovery.

The fact that large claimants, with the right connections, and the financial means to afford legal representation, are being favored over smaller victims of the same fraudulent scheme is deeply unjust. Non-institutional investors, many of whom have been left financially destitute, should not be deprived of a fair recovery simply because they could not afford to

engage legal counsel in time. The current plan effectively punishes those who are least able to bear the loss, while rewarding those with the resources to secure their interests.

**Proposed Solution:**

I respectfully propose that all non-institutional victims be placed in the same class and given equal priority for repayment. Whether they lost $10,000 or $1 million, the devastating impact on non-institutional investors should be treated equally, and investors who possess significant financial resources should not be given special treatment. By grouping all non-institutional investors into one class, the court can ensure a fairer and more just distribution of the available recovery funds.

## 2. Unequal Nature of Compensation for UST and LUNA Investors

The proposed recovery plan treats UST and LUNA investors equally, despite the fundamental differences in the nature of these investments. UST investors, myself included, were led to believe they were placing their funds in a stable, non-volatile asset—a stablecoin designed to maintain its value and avoid market fluctuations. Many UST investors placed their entire life savings into this asset, relying on its perceived safety and security. The collapse of UST destroyed their financial security in a way that they could not have foreseen.

In contrast, LUNA investors knowingly engaged in a speculative and high-risk cryptocurrency. Those who invested in LUNA were aware of its volatility and, as such, were careful to invest sums that they were willing to lose. LUNA's speculative nature was well-known, and its inherent risks were clear from the outset.

It is unjust to treat these two groups equally in the compensation process. While both groups suffered losses, UST investors were misled by the promise of stability and security, while LUNA investors accepted the potential for loss as part of their speculative investments. As someone who also lost money in LUNA, I do not feel entitled to compensation for that loss, as I was aware of the risks. However, the losses suffered by UST investors were of a different nature and require a more thoughtful and fair approach to compensation.

**Proposed Solution:**

I respectfully propose that only victims of UST losses be eligible for compensation in the recovery process. Those who invested in LUNA knowingly accepted the risks associated with speculative investments and should not be entitled to the same level of compensation as UST investors, who were misled into believing in the stability of their investment. This distinction will ensure that those most impacted by the fraudulent misrepresentation of UST as a stable asset are given priority in the recovery process.

**Conclusion**

In light of the devastating impact of the Terra UST collapse on thousands of non-institutional investors, I respectfully urge the court to consider these proposed solutions to ensure a more equitable distribution of the available recovery funds. By placing all non-institutional victims in the same class and prioritizing UST investors for compensation, the

court can help to mitigate the injustices currently present in the recovery plan and offer a fairer outcome for all victims.

Thank you for your attention to this matter.

Dated: 09/11/2024

**Sincerely,**


Xavier Mattern

E-mail: xavier.mattern@gmail.com

16 bis rue de l'hermite, 91490 Milly la forêt, France

Tel: +33 6 77 78 44 51