# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TERRAFORM LABS PTE. LTD., *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-10070 (BLS)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 699, 700, 703** |

## STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF CONFIRMATION OF THE AMENDED CHAPTER PLAN OF TERRAFORM LABS PTE. LTD. AND ITS AFFILIATED DEBTOR

The Official Committee of Unsecured Creditors (the "Committee") of Terraform Labs Pte. Ltd. ("TFL") and Terraform Labs Limited ("TLL"), the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits this statement (the "Statement") in support of the of the *Amended Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd, and Terraform Labs Limited* [Docket No. 700] (the "Plan")[2] and joins in and adopts the arguments set forth in the *Debtors' Memorandum of Law in Support of Confirmation of Second Amended Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd., and Terraform Labs Limited* [Docket No. 703] (the "Debtors' Confirmation Brief").[3] The Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases are: Terraform Labs Pte. Ltd. and Terraform Labs Limited. The Debtors' principal offices are located at 1 Wallich Street, #37-01, Guoco Tower, Singapore 078881.

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Plan and Disclosure Statement.

[3] The Committee continues to negotiate certain provisions of the Plan and post-confirmation issues with the Debtors and thus, reserves all rights with respect to such matters.

**STATEMENT**

1.      Since its appointment on February 29, 2024, the Committee, with the assistance of its advisors, has worked tirelessly to investigate the Debtors' assets, liabilities, and financial condition, as well as the operation of their businesses, among other things. The Plan represents a culmination of these efforts, along with the efforts of the Debtors, the SEC, and other parties in interest, and the Committee fully supports confirmation.

2.      Prior to the Petition Date, the Debtors, the SEC, Do Kwon, and other key parties became embroiled in protracted high stakes litigation leading to filing of these Chapter 11 Cases and continuing for several months thereafter. *SEC v. Terraform Labs Pte. Ltd., et al.,* Case No. 1:23-cv-013460-JSR (S.D.N.Y.) (the "SEC Enforcement Action"). The Committee devoted ample time and resources to the SEC Enforcement Action whereby it assessed the strength of the SEC's position and coordinated with both parties to ensure that the rights of general unsecured creditors remained preserved. Absent a negotiated settlement, the size of the SEC judgment was estimated to exceed $4.4 billion, and the claim would have been paid in full ahead of the holders of Crypto Loss Claims. This would have resulted in Crypto Loss Claimants receiving virtually nothing under any contemplated chapter 11 plan.

3.      After input by the Committee and negotiations between the parties, the SEC Enforcement Action concluded in June 2024 with the *Consent of Defendant Terraform Labs Pte. Ltd.*, No. 23-cv-01346 (JSR) (S.D.N.Y. June 12, 2024) (No. 23-cv-01346, Docket No. 271-1) and the *Consent of Defendant Do Kwon*, No. 23-cv-01346 (JSR) (S.D.N.Y. June 12, 2024) Docket No. 271-2 (collectively, the "Consents"), which was incorporated into and approved by the District Court through the *Final Judgment Against Defendants Terraform Labs Pte. Ltd. and Do Hyeong Kwon*, No. 23-cv-1346 (JSR) (S.D.N.Y. June 12, 2024) (No. 23-cv-01346, Docket No. 273)

(together with the Consents, the "SEC Settlement"). The SEC Settlement would ultimately lay the groundwork for the remainder of the Chapter 11 Cases. Pursuant to the SEC Settlement, the Debtors agreed to, among other things, wind down their business operations and sell their remaining assets. Do Kwon also agreed to transfer assets worth hundreds of millions of dollars into the Debtors' estates for distribution to certain creditors – including all of the crypto assets held by Luna Foundation Guard. *Id*. In exchange, the SEC agreed to forego any monetary recoveries on its multibillion-dollar claim until the remaining general unsecured creditors were paid in full. *Id*. As a result, general unsecured creditors otherwise slated to receive pennies on the dollar were provided the opportunity to potentially recover a substantial percentage of their claims.

4. The Debtors, the SEC, and the Committee worked around the clock to effectuate the terms of the SEC Settlement in the months leading up to the Confirmation Hearing. Throughout the process, the Committee continued to investigate the Debtors' assets, financial condition, and Plan in accordance with its statutory mandate. These combined efforts resulted in the culmination of the current Plan that the Committee believes fully embodies the SEC Settlement and maximizes recoveries to general unsecured creditors.

5. Moreover, the Plan contemplates the creation of a Wind Down Trust overseen by a Plan Administrator, selected by the Committee, who will continue working diligently to recover assets and pursue claims held by the Debtors and contributed by third parties. The net result will be recoveries to general unsecured creditors that far exceed what would have been projected in a hypothetical chapter 7 liquidation.

6. The Plan is overwhelmingly supported by Class 4 General Unsecured Claims and Class 5 Crypto Loss Claims. *See* Docket No. 699. Indeed, the reported tabulation results indicate

that Class 4 General Unsecured Claims voted 100% in support of the Plan, while Class 5 Crypto Loss Claims voted 96.23%. *Id*.

7. The Committee submits that the Plan was proposed in good faith, appropriately classifies claims and interests, is fair and equitable, and otherwise complies with the requirements for confirmation of a Plan pursuant to Bankruptcy Code section 1129. The Plan also provides the greatest potential for recoveries to general unsecured creditors. Accordingly, for the reasons set forth herein and in the Debtors' Confirmation Brief, the Court should overrule the Objections.

### RESERVATION OF RIGHTS

The Committee reserves the right to supplement this Statement at or prior to the Confirmation Hearing.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

For the reasons stated herein, and for the reasons stated in the Debtors' Confirmation Brief, the Committee respectfully requests that the Court overrule the Objections and confirm the Plan.

Dated: Wilmington, Delaware
September 18, 2024

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
dhurst@mwe.com

- and -

Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
dazman@mwe.com
jbevans@mwe.com

- and -

Gregg A. Steinman
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
Telephone: (305) 358-3500
gsteinman@mwe.com

*Counsel to the Official Committee of Unsecured Creditors*