IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TERRAFORM LABS PTE. LTD., *et al.*,[1] | ) | Case No. 24-10070 (BLS) |
| | ) | |
| Debtors. | ) | Hearing Time: Feb. 26, 2025 at 11:00 a.m. |
| | ) | |

**STATEMENT OF THE U.S. SECURITIES AND EXCHANGE COMMISSION
REGARDING PROPOSED CRYPTO LOSS CLAIM PROCEDURES**

The United States Securities and Exchange Commission (the "**SEC**"), a creditor in these proceedings and the federal agency responsible for regulating the nation's securities markets and enforcing compliance with the federal securities laws, offers the below statement regarding the revised Crypto Loss Claim Procedures [Docket No. 941-1, Exhibit 1] (the "**CLC Procedures**") for which the Terraform Plan Administrator (the "**Plan Administrator**") has sought approval via his *Motion of the Plan Administrator Seeking Entry of an Order (i) Setting the Bar Date for Filing Proofs of Claim on Account of Crypto Loss Claims, (ii) Approving the Form of and Manner for Filing Proofs of Claim, (iii) Approving Form and Manner of Notice Thereof, and (iv) Approving Related Procedures* [Docket No. 904] (the "**CLC Procedures Motion**") and reply in support therefore [Docket No. 940].

Roughly two years ago, the SEC filed an enforcement action in the United States District Court for the Southern District of New York against debtor Terraform Labs Pte. Ltd. ("**TFL**") and its principal, Do Hyeong Kwon ("**Kwon**"), alleging a years-long fraud that led to billions in devastating losses, including to retail investors in the United States. *See* Am. Compl., *SEC v. Terraform*, No. 23-CV-1346 (S.D.N.Y.) (the "**Enforcement Action**"), Docket No. 25. In

---

[1] The Debtors in these chapter 11 cases are: Terraform Labs Pte. Ltd. and Terraform Labs Limited.

response, TFL filed this bankruptcy in January 2024 for the purpose of "ensuring the Debtor can operate as a going concern while pursuing an appeal of the SEC Enforcement Action" [Docket No. 18 at 35]. In April 2024 and after a multi-week trial, a jury entered liability findings on securities fraud claims against both defendants. Verdict, Enforcement Action, Docket No. 229.

Shortly after the jury's verdict, the SEC, TFL, and Kwon settled their disputes. The judgment entered pursuant to settlement imposed more than $4 billion in monetary remedies against TFL and more than $200 million in monetary remedies against Kwon. *See* Final Judgment, Enforcement Action, Docket No. 273 at 6, 8. The settlement also set forth an agreed framework by which this chapter 11 bankruptcy would be resolved: TFL would seek approval of a liquidating plan that would include certain agreed terms and create a liquidating trust. Consent of TFL, Enforcement Action, Docket No. 271. And it obligated non-debtor Kwon to contribute to the bankruptcy estate certain assets—which otherwise would have been recoverable solely by the SEC—that were earmarked to "be distributed to harmed investors." Final Judgment, Enforcement Action, Docket No. 273 at 9; Consent of Kwon, Enforcement Action, Docket No. 271.

Following the settlement, the debtors proposed a chapter 11 plan, which the SEC viewed as appropriately implementing the relevant settlement terms and therefore supported. This Court confirmed the plan on September 20, 2024. [Docket Nos. 717, 734.] The plan designated a class of Crypto Loss Claims and tasked the Plan Administrator with creating and seeking court approval of "process and procedures that the Plan Administrator will use to determine" which Crypto Loss Claims to allow and how to value them [Docket No. 717, §§ 4.5, 5.7]. Post-confirmation, SEC staff have regularly communicated with the Plan Administrator on a variety of subjects—including on the CLC Procedures—all with the goal of ensuring continued

2

compliance with the settlement and facilitating a distribution of assets to harmed investors as efficiently and promptly as possible. It is towards that end the SEC submits this statement.

In the SEC's view, the CLC Procedures are appropriate under the circumstances and comply with the settlement and the confirmed plan. They strike an appropriate balance between the twin goals of allowing claimants sufficient process to present claims of their choosing and resolving claims promptly and without incurring excess administrative expenses. They do so by setting defaults, presumptions, and claim valuation methodologies to efficiently value and approve payment to harmed investors with the strongest and most straightforward claims to compensation. Namely, those investors who were harmed by their reliance on statements by TFL, Kwon, and their confederates that were adjudicated fraudulent in the Enforcement Action. Streamlining claim approvals for that group of investor-victims will realize administration efficiency gains that will benefit all stakeholders.

Objectors to the CLC Procedures will not be prejudiced by approval of the CLC Procedures. Neither the CLC Procedures nor the proposed order approving them purport to disallow any subcategory of Crypto Loss Claim on the merits. Instead, the procedures set forth a claims reconciliation process by which the Plan Administrator may set forth an Initial Determination of an allowed claim amount, and the claimant and the Plan Administrator may exchange information should there be disagreement. CLC Procedures at V.a, V.c. At the conclusion of the claim reconciliation process, the Plan Administrator will offer the claimant a Final Determination of claim amount. CLC Procedures at V.c. If the claimant disagrees, they can "file an objection to the Final Determination with the Bankruptcy Court," which will "issue a final adjudication on [claimant's] Crypto Loss Amount." *Id*. This methodology—like the CLC Procedures more generally—conforms with the confirmed plan, derives from a reasonable

exercise of the debtors' business judgment, is consistent with the District Court-approved settlement that is incorporated in the plan and effectuated through the SEC Settlement Fund, and establishes an appropriate process for resolving disputed claims.

WHEREFORE, the SEC respectfully requests that this Court grant the CLC Procedures Motion and grant such other and further relief as the Court finds just and appropriate.

Dated: February 24, 2025

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

*/s/ Michael J. Kelly*
Michael J. Kelly
IL Bar No. 6289908
100 F Street, N.E.
Washington, DC 20549
Tel: (202) 551-7817
Email: kellymich@sec.gov

-and-

William M. Uptegrove
NY Bar No. 4846622; NJ Bar No. 031602003
950 East Paces Ferry Road, Suite 900
Atlanta, Georgia 30326-1382
Tel: (404) 842-5765
Email: uptegrovew@sec.gov

Of Counsel: Alistaire Bambach

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Objection was served this 24th day of February, 2025 upon all parties receiving notices through the Administrative Procedures of the CM/ECF System for the Bankruptcy Court for the District of Delaware.

*/s/ Michael J. Kelly*