# EXHIBIT 11

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Casey McGushin
To Call Writer Directly:
+1 312 862 3397
casey.mcgushin@kirkland.com

+1 262 573 3699

www.kirkland.com

Facsimile:
+1 312 862 2200

May 22, 2026

**By Email**

Jack McNeily (*jack.mcneily@lw.com*)
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

Re:   *Snyder v. Jump Trading, LLC*, Case No. 1:25-cv-15414 (N.D. Ill.)

Dear Jack:

I write in light of the order issued yesterday afternoon by Judge Lefkow in the above-captioned case staying all deadlines until June 4, 2026 to allow Plaintiff "immediately" to seek the Bankruptcy Court's "clarification" of the protective order issued in *In re Terraform Labs Pte. Ltd.,* Case No. 24-10070 (Bankr. D. Del.), or "amendment as needed."  Dkt. 77.

Plaintiff again proposes that the parties meet and confer to try and narrow the issues to be resolved by the Bankruptcy Court.  Given the timelines imposed by the protective order and Judge Lefkow's order, please let us know your availability to meet and confer **today**, Friday May 22, 2026, after 3:00 pm EST.  Specifically, as outlined below, Plaintiff requests a meet and confer to address (1) whether Defendants consent to the Plan Administrator's ability to use in the above-captioned case the documents that Defendants produced in the bankruptcy and, if not, the specific allegations in the Amended Complaint that Defendants contend run afoul of the protective order, and (2) whether Defendants continue to stand by the confidentiality designations for the redacted allegations specifically, and if they do, why.

\* \* \*

The Amended Complaint relies largely on information in the public domain, including because the Securities and Exchange Commission and the Department of Justice have already described to other courts the ways in which Defendants were central participants in the fraud outlined in the Amended Complaint.  And Defendant Tai Mo Shan entered a public settlement with the SEC in which it admitted to market manipulation.

# KIRKLAND & ELLIS LLP

May 22, 2026
Page 2

Notwithstanding the public nature of the accusations against Defendants, the Plan Administrator redacted certain allegations in the Amended Complaint. To comply with his obligations under the protective order, Plaintiff isolated documents reproduced by Defendants in the bankruptcy proceedings and redacted the limited allegations and quotations derived from those documents specifically. Plaintiff filed a motion to seal citing the bankruptcy court's protective order as grounds for the redactions. Defendants subsequently requested—and Plaintiff promptly provided—all documents relied on in the redacted portions of the Amended Complaint so that Defendants could evaluate Plaintiff's motion to seal.

Thereafter, Defendants took the extreme position that the entire Amended Complaint is "suffused" with allegations derived from improper sources in violation of the protective order— and therefore must be stricken in its entirety. But just days later, Defendants told Judge Lefkow that they intended to move to strike the Amended Complaint or, *alternatively*, to strike only "certain allegations of the Amended Complaint that quote, paraphrase, summarize, or otherwise rely on materials subject to the *In re Terraform Labs Pte. Ltd.* protective order."

Since Defendants first demanded that Plaintiff withdraw the Amended Complaint, Plaintiff has repeatedly requested that Defendants identify the allegations that they contend run afoul of the protective order, but Defendants have refused to do so, including in response to questions from Judge Lefkow at oral argument. Plaintiff therefore remains in the dark as to the scope of Defendants' objections to the Amended Complaint.

Regardless, Judge Lefkow deemed it "unlikely" that the Bankruptcy Court intended to prevent the Plan Administrator from using documents that Defendants reproduced in the bankruptcy proceedings to pursue and prosecute claims for the benefit of the bankruptcy estate. Judge Lefkow therefore explicitly invited Plaintiff to seek "clarification of the [protective] order or amendment as needed."

In an effort to clarify the disputed issues for the bankruptcy court's review, please (1) confirm whether you consent to the Plan Administrator's ability to use in the above-captioned case the documents that Defendants reproduced in the bankruptcy case; and (2) if not, identify the specific allegations in the Amended Complaint that you contend run afoul of the protective order.

Separately, as Plaintiff previously indicated, despite Defendants designating all the documents they reproduced in the bankruptcy proceedings as Highly Confidential under the Bankruptcy Court's protective, none of the information relied on for the redacted allegations is properly designated as such. Exhibit A. Documents are properly designated "Highly Confidential" only where disclosure "would cause significant harm to an individual or to [a party's] commercial, financial, or business interests." Protective Order ¶ 6. None of the redacted information satisfies that standard. Nor is the information "Confidential," including because it dates back years and is therefore stale.

## KIRKLAND & ELLIS LLP

May 22, 2026
Page 3

As detailed in the attached exhibits, most of the redacted allegations are derived from publicly available documents.  Exhibit B.  Other allegations come from documents that are independently in Plaintiff's possession.  *Id*.  Of the few allegations that are not already publicly available or independently possessed by Plaintiff, none are commercially or personally sensitive.  Exhibit C.  The redacted information is therefore not properly designated Highly Confidential (or Confidential) under the protective order, and Plaintiff intends to challenge the Highly Confidential designation as provided for in the protective order.

This letter serves as requisite notice under paragraph 19 of the protective order that Plaintiff objects to Defendants' designations of this information as Highly Confidential.  Paragraph 19 of the protective order requires that the parties "confer in good faith to attempt, within two (2) business days of receipt of the written objection to such designation if practicable, to resolve any dispute regarding any such designation."

To that end, Plaintiff respectfully requests that Defendants be prepared to state whether they continue to stand by the confidentiality designations for the redacted allegations specifically, and if they do, explain why.

We look forward to conferring with you in an effort to sharpen, and potentially narrow, the issues so that the parties can promptly obtain decisions from Judge Shannon as to (i) the scope of the protective order and whether it should be modified, and (ii) the extent to which the information in the redacted allegations is over-designated.

*Casey McGushin*
Casey McGushin


cc:  Gary Feinerman, Christopher Harris, Paul Krieger (by email)
     Michael Williams, Judson Brown, Sara Shaw Tatum (by email)

# EXHIBIT A

| From: | Bacon, Elliott M.[elliott.bacon@katten.com] |
|---|---|
| Sent: | Tue 7/23/2024 9:45:32 PM (UTC) |
| To: | Kaltman, Daniel[dkaltman@mwe.com]; Kemnitz, Christian T.[christian.kemnitz@katten.com] |
| Cc: | Evans, Joseph[Jbevans@mwe.com]; Azman, Darren[Dazman@mwe.com]; Steinman, Gregg[Gsteinman@mwe.com]; Ravi, Sagar[sravi@mwe.com]; Ashworth, Sam[Sashworth@mwe.com]; Yim, Josh[jyim@mwe.com]; ronit.berkovich@weil.com[ronit.berkovich@weil.com]; jessica.liou@weil.com[jessica.liou@weil.com]; christine.calabrese@weil.com[christine.calabrese@weil.com]; mark.califano@dentons.com[mark.califano@dentons.com]; tania.moyron@dentons.com[tania.moyron@dentons.com]; Siddiqui, Peter A.[peter.siddiqui@katten.com] |
| Subject: | RE: Terraform UCC - Discovery Letter to Jump - (In re Terraform Labs Pte Ltd., No. 24-10070 (BLS) (Bankr. D. Del.)) |

Counsel,

We are writing in response to the July 16, 2024 letter from the Official Committee of Unsecured Creditors (the "Committee") regarding its request that entities within Jump Trading Group ("Jump") voluntarily consent to the reproduction by the Debtor to the Committee of certain material produced in *SEC v. Terraform Labs Pte Ltd.*, No 23-cv-1346 (S.D.N.Y) ("SEC Action"). Jump consents to the Debtor reproducing those materials on the condition that the Committee (i) execute and abide by the terms of the protective order entered in the SEC Action and (ii) that those materials be treated as "Highly Confidential" and that Jump be treated as the Producing Party of those materials under the protective order entered at Dkt. 263 in the above-captioned matter.

Please let us know if you would like to discuss the above or if any further documentation is needed from Jump in connection with the materials being subject to the protective order in the above-captioned matter.

Best,

Elliott

**Elliott M. Bacon**
Partner

# Katten

Katten Muchin Rosenman LLP
525 W. Monroe Street | Chicago, IL 60661-3693
direct +1.312.902.5608
elliott.bacon@katten.com | katten.com

---

**From:** Kaltman, Daniel <dkaltman@mwe.com>
**Sent:** Tuesday, July 16, 2024 8:47 AM
**To:** Kemnitz, Christian T. <christian.kemnitz@katten.com>; Bacon, Elliott M. <elliott.bacon@katten.com>
**Cc:** Evans, Joseph <Jbevans@mwe.com>; Azman, Darren <Dazman@mwe.com>; Steinman, Gregg <Gsteinman@mwe.com>; Ravi, Sagar <sravi@mwe.com>; Ashworth, Sam <Sashworth@mwe.com>;

Yim, Josh <jyim@mwe.com>; ronit.berkovich@weil.com; jessica.liou@weil.com; christine.calabrese@weil.com; mark.califano@dentons.com; tania.moyron@dentons.com
**Subject:** Terraform UCC - Discovery Letter to Jump

*EXTERNAL EMAIL – EXERCISE CAUTION*
Counsel,

I have attached a letter from the Terraform UCC.  Please let us know if you would like to discuss.  As stated in the letter, we are seeking a response by **July 23, 2024**.  Thank you.

Best,
Dan

DANIEL KALTMAN
Associate

**McDermott Will & Emery LLP**  One Vanderbilt Avenue, New York, NY 10017-3852

**Tel** +1 212 547 5366     **Email** dkaltman@mwe.com

**Website | vCard | LinkedIn**

*********************************************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.
============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or
distribution of this information may be subject to legal restriction or sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has

elected to be governed by the Illinois Uniform Partnership Act (1997).
============================================================

# EXHIBIT B

***Snyder v. Jump Trading et al***
**Documents Underlying Redactions in Amended Complaint that are Available
Independent of Jump's Production in the Chapter 11 Case**







3



4



# EXHIBIT C

***Snyder v. Jump Trading et al***
**Allegations from Jump-Produced Documents without Independent Source**

