**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRAFORM LABS PTE LTD., et al., | Case No. 24-10070 (BLS) |
| Post-Effective Date Debtors. | (Jointly Administered) |
| | **Docket No. 1224** |

**JUMP'S PARTIAL OBJECTION TO**
**PLAN ADMINISTRATOR'S MOTION TO SHORTEN**
**NOTICE AND OBJECTION PERIODS WITH RESPECT**
**TO MOTION TO CLARIFY OR MODIFY THE PROTECTIVE**
**ORDER AND TO STRIP CONFIDENTIALITY DESIGNATIONS**

Jump Trading, LLC, Jump Crypto Holdings LLC, Jump Financial, LLC, J Digital 6 Cayman Ltd., Jump Operations, LLC, Jump Capital LLC, JCDP-7 Digital Ltd., Tai Mo Shan Limited (collectively, "Jump") object in part to the Plan Administrator Todd R. Snyder's May 29, 2026 motion seeking to shorten the period for notice and objections to the Plan Administrator's Motion To Clarify Or Modify The Protective Order And To Strip Confidentiality Designations. Dkt. 1224 ("Motion to Shorten"). Jump agrees that a shortened notice and objection period for the Plan Administrator's Motion To Clarify Or Modify The Protective Order And To Strip Confidentiality Designations, Dkt. 1223 ("Motion to Clarify or Modify"), is appropriate under the circumstances. But any modified schedule should offer Jump reasonable time to respond to the 32-page Motion to Clarify or Modify.

Accordingly, Jump respectfully requests that this Court set this matter for a hearing on June 9 and set a deadline for written objections on June 8. The Plan Administrator had eight days after the Northern District of Illinois conditionally concluded that he violated the Protective Order to prepare his Motion to Clarify or Modify, and it would not be reasonable to require Jump to respond to this Motion in under three business days, nor is this prejudicial rush required. In support

60176905.1

1

of its partial objection, Jump states as follows:

1.     The present dispute arises from the Plan Administrator's filing on May 1, 2026, of an Amended Complaint in the U.S. District Court for the Northern District of Illinois that, as that court conditionally found on May 21, 2026, violated the plain terms of the Protective Order entered by this Court. *See* Order, *Snyder v. Jump Trading, LLC*, No. 25-cv-15414 (N.D. Ill. May 21, 2026), ECF No. 77 (Lefkow, J.) ("Judge Lefkow May 21 Order") (Dkt. 1223, Ex. 4).[1]

2.     On May 1, 2024, with the consent of all parties (including Terraform), this Court approved the Protective Order, which governs the handling, review, and use of the Protected Materials for all parties (not just Jump). The Protective Order defines the "Chapter 11 Case" as the "voluntary case" Terraform "commenced with [the Bankruptcy Court, No. 24-10070] … under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532." Protective Order at 1 (Dkt. 263-1). The Protective Order covers two overlapping types of materials: Discovery Material and Confidential Information. Discovery Material consists of "documents and/or information" produced "in connection with the Chapter 11 Case." *Id.* at 2. Confidential Information consists of Discovery Material "that contain[s] private, confidential, proprietary and/or commercial[ly] sensitive information." *Id.*; *id.* ¶ 5 ("Any Producing Party may designate any Discovery Material as 'Confidential' … if the Producing Party in good faith reasonably believes that the Discovery Material contains confidential, proprietary, or commercially sensitive information ….").

3.     Under the Protective Order, "Confidential Information … disclosed by any person or entity (a 'Producing Party') to any other person or entity (a 'Receiving Party') in connection with this Chapter 11 Case, shall be *used solely* in this Chapter 11 case, unless otherwise agreed in

---

[1] "ECF No." refers to docket entries in the Northern District of Illinois, while "Dkt." refers to docket entries in this Court.

writing by the Producing Party." *Id.* ¶ 2 (emphasis added). The Protective Order also states that "Confidential Information shall *not be used* or disclosed *in any other proceeding* or for any other purpose, … absent agreement of the Producing Party or Order of the Court on reasonable notice and with an opportunity to be heard." *Id.* (emphasis added). And the Protective Order further provides that "the Parties shall *use* the Discovery Material *only* in this Chapter 11 Case, irrespective of any restrictions on such use in any preexisting confidentiality agreement with the Debtor." *Id.* ¶ 12 (emphasis added).

4. On May 1, 2026, the Plan Administrator filed his Amended Complaint in the Northern District of Illinois. Amended Complaint, *Snyder v. Jump Trading, LLC*, No. 25-cv-15414 (N.D. Ill. May 1, 2026), ECF No. 56 (Dkt. 1223, Ex. 2). As the Plan Administrator "implicitly admit[ted]," "some allegations of the amended complaint derive[d] from protected information." Judge Lefkow May 21, 2026 Order at 2. Judge Lefkow found that "[t]his [wa]s a violation of the protective order as written." *Id.* at 2.

5. Accordingly, on May 21, 2026, Judge Lefkow "conditionally conclude[d] that the [Plan Administrator] has violated the protective order" and "stay[ed] the case until" June 4, 2026, so that the Plan Administrator could "immediately present[] the issue to the bankruptcy judge for clarification of the order or amendment as needed." *Id*. Judge Lefkow set a status hearing for June 17, 2026.

6. Between May 21 and May 29, the parties met and conferred regarding this issue by phone and email, and Jump invited further discussion about the parties' respective positions.

7. Instead, after business hours on Friday, May 30, 2026, the Plan Administrator filed in this Court his Motion To Clarify Or Modify, and his Motion to Shorten seeking a hearing on Wednesday, June 3, 2026.

60176905.1

8.    The Motion to Clarify or Modify is 32 pages long and is accompanied by 430 pages of supporting documents.  In his Motion, the Plan Administrator characterizes the merits of the Plan Administrator's suit against Jump in the Northern District of Illinois, the proceedings in that case, and the parties' correspondence and communications.  The Plan Administrator also presents arguments and authorities—many of which he did not cite in his briefing in the Northern District of Illinois—to support three alternative requests for relief: (1) a declaration that the Amended Complaint complied with the Protective Order; (2) a modification of the Protective Order that would retroactively render the Amended Complaint compliant with the Protective Order; or (3) a modification of the confidentiality designations assigned to certain materials produced by Jump in this Chapter 11 Case pursuant to the Protective Order.

9.    Under the Plan Administrator's proposed schedule, Jump would have under three business days to respond to the Motion to Clarify or Modify.

10.    Jump respectfully submits that additional time will permit Jump to prepare a response that fully addresses the Plan Administrator's arguments and authorities and assists the Court in resolving this dispute.  In addition, because the Protective Order governs many parties in this bankruptcy case beyond Jump, it is possible that other parties may wish to be heard as well.  Accordingly, Jump requests that the Court set a hearing for June 9, 2026, and require written objections to be filed by June 8, 2026.

11.    Jump's proposed schedule would not prejudice the Plan Administrator.  To the contrary, it would give the Plan Administrator more time with Jump's objection (one day) than he is entitled to (none) for an expedited motion on his proposed schedule.[2]  And allowing Jump

---

[2] On May 30, 2026, Jump informed the Court and the Plan Administrator of its intent to object to the Motion to Shorten.  Jump conferred with the Plan Administrator, who first proposed an objection deadline of June 3 and a hearing date of June 8, and then proposed an objection deadline of June 5 and a hearing deadline of

appropriate time to respond is not recognizable prejudice to the Plan Administrator.

12.     There is no need or basis to prejudice Jump with the Plan Administrator's rushed schedule.  The Plan Administrator suggests that the Motion to Shorten's request for a June 3 hearing is consistent with Judge Lefkow's May 21 Order, which provided that the temporary stay would expire on June 4, 2026.  But Judge Lefkow did not set the next hearing in the Northern District of Illinois matter until June 17, nor are there any deadlines that will run between June 4 and June 17.  And prior to the expiration of Judge Lefkow's temporary stay, the parties may seek an extension of the stay until the date this Court schedules a hearing to resolve the present dispute. The Plan Administrator's choice to file his Motion to Clarify or Modify after business hours on Friday, May 29, 2026, and request to impose unnecessary exigency on Jump and the Court should not be allowed to constrain Jump's opportunity to respond and provide this Court with comprehensive briefing on the present dispute.[3]

WHEREFORE, Jump respectfully requests that this Court schedule a hearing on the Plan Administrator's Motion to Clarify or Modify on June 9, 2026, and require that written objections be filed by June 8, 2026.

---

June 8.  These proposals are no better than the Plan Administrator's original proposal, as they would give Jump essentially no or limited additional time to respond to the Motion to Clarify or Modify while giving the Plan Administrator several additional days with its objection.

[3] The parties' negotiations prior to the Plan Administrator's filing of the Motion to Clarify or Modify are not a basis for compressing Jump's time to respond to the Motion.

60176905.1

Dated: June 1, 2026

Respectfully submitted,

/s/ Kara Hammond Coyle
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Michael Neiburg (No. 5275)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 N King Street
Wilmington, DE 19801
Telephone:  302.571.6000
Fax:  302.576.3321
Email: mnestor@ycst.com
  kcoyle@ycst.com
  mneiburg@ycst.com

Gary Feinerman (*pro hac vice forthcoming*)
Jack McNeily (*pro hac vice forthcoming*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312.876.7700
Fax: 312.993.9767
Email: gary.feinerman@lw.com
  jack.mcneily@lw.com

Christopher Harris (*pro hac vice forthcoming*)
Elizabeth A. Morris (*pro hac vice forthcoming*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200
Fax: 212.751.4864
Email: christopher.harris@lw.com
  elizabeth.morris@lw.com

*Attorneys for Defendants Jump Trading, LLC, Jump Crypto Holdings LLC, Jump Financial, LLC, J Digital 6 Cayman Ltd., Jump Operations, LLC, Jump Capital LLC, JCDP-7 Digital Ltd., and Tai Mo Shan Limited*

60176905.1

6