**Exhibit 1**

RLF1 36032819v.1

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TERRAFORM LABS PTE LTD., *et al.*,[1] | ) | Case No. 24-10070 (BLS) |
|  | ) |  |
| Post-Effective Date Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**AGREED CONFIDENTIALITY
STIPULATION AND PROTECTIVE ORDER**

This Confidentiality Stipulation and Protective Order ("Protective Order") is entered into by and among, Terraform and the Plan Administrator (each defined below), on the one hand, and Wintermute Trading Ltd. ("Wintermute" or the "Producing Party"), on the other hand.

**RECITALS**

**WHEREAS,** on January 21, 2024 (the "Petition Date"), Terraform Labs Pte. Ltd ("Terraform" or the "Debtor") commenced with this Court a voluntary case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS,** on September 20, 2024, the Court entered an order [Dkt. No. 734] confirming the Debtor's chapter 11 plan, which became effective on October 1, 2024 (the "Effective Date"), and Todd R. Snyder was appointed as plan administrator (the "Plan Administrator" or the "Receiving Party") for the jointly administered estates of Terraform Labs Pte. Ltd and Terraform

---

[1] The Post-Effective Date Debtors in these chapter 11 cases are: Terraform Labs Pte. Ltd. and Terraform Labs Limited. The Post-Effective Date Debtors' principal offices are located at 10 Anson Road, #10-10 International Plaza, Singapore 079903. The Plan Administrator of the Post-Effective Date Debtors is Todd R. Snyder. The Plan Administrator's principal office is located at 1251 Avenue of the Americas, New York, New York 10020.

1

Labs Limited and the Wind Down Trust established under the Second Amended Chapter 11 Plan of Liquidation entered in *In re Terraform Labs Pte. Ltd et al.*, Case No. 24-10070 (Bank. D. Del.).

**WHEREAS,** the Plan Administrator has requested that Wintermute provide certain documents and/or information that may constitute private, confidential, proprietary, and/or commercially sensitive information;

**WHEREAS,** Wintermute has agreed to provide the Plan Administrator with the same documents and information that Wintermute produced to Terraform under a third-party subpoena in connection with the United States Securities and Exchange Commission investigation relating to Terraform (the "Wintermute Prior Production").

**WHEREAS,** to facilitate the confidential production by Wintermute to the Plan Administrator of the Wintermute Prior Production and any other documents and information (collectively, "Discovery Material") and protect against improper disclosure of documents and information entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), Rules 7026 or 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), or Section 107 of the Bankruptcy Code, an Order is needed to govern the treatment of such Discovery Material; and

**WHEREAS,** the Plan Administrator and Wintermute (each a "Party," and collectively, the "Parties") have agreed, intending to be legally bound, to enter into this Protective Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties through their respective counsel, subject to the Court's approval, as follows:

1. **General Applicability.** The following procedures shall govern the handling, examination, review, and use of Confidential Discovery Material (as further defined herein). This Protective Order shall take effect immediately upon the Parties' joint execution hereof, pending

the Court's approval of this Protective Order or an order of the same or similar effect. Should the Court refuse or fail to enter such an order, the Parties nonetheless agree to comply with the terms of this Protective Order as to any and all Confidential Discovery Material disclosed or shared.

2.      **Binding Effect.** This Protective Order is binding upon the Parties, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, as set forth in this Protective Order.

3.      **Definition of Confidential Discovery Material.** As used in this Protective Order, Confidential Discovery Material refers to all documents and/or information provided or produced by the Producing Party (whether in response to a formal or informal document request, interrogatory, interview, deposition, other discovery device, or otherwise) to the Receiving Party that the Producing Party designates as "Confidential."  This designation alone will subject the designated material or information to the terms of and the protections afforded under this Protective Order, and such Confidential Discovery Material will be protected, used, and disposed of in accordance with the provisions of this Protective Order.

4.      **Designation of Confidential Discovery Material.** The Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that the Discovery Material contains confidential, proprietary, or commercially sensitive information, within the meaning of Rule 26(c) of the Federal Rules, Rules 7026 or 9018 of the Bankruptcy Rules, or Section 107 of the Bankruptcy Code, that requires the protections provided in this Protective Order, or the disclosure of the Discovery Material would violate the terms or conditions of a preexisting confidentiality agreement, protective order, or similar agreement with a non-party.

5.      For purposes of this Protective Order, Discovery Material considered to be Confidential Discovery Material may include all non-public materials containing or referring to Confidential Discovery Material, including, but not limited to: (i) personally identifiable information; (ii) financial or business plans or projections; (iii) proposed strategic transactions and other business combinations, negotiations, inquiries, or agreements, including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests, and partnerships; (iv) trade secrets and proprietary information; (v) studies or analyses by internal or outside experts or consultants; (vi) non-public financial, operational, or accounting results or data; (vii) business, management, and marketing plans and strategies; (viii) acquisition offers and expressions of interest; and (ix) contracts or agreements with or among affiliates, partners, or the Parties.

6.      **Exclusions from Confidential Discovery Material.** Confidential Discovery Material does not include information that: (a) is or becomes generally available to the public other than as a result of a disclosure by a party governed by and subject to a protective order or similar agreement between such parties; (b) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (c) becomes available to the Receiving Party on a non-confidential basis from a person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information (provided such disclosure is not unauthorized pursuant to clause 10 of this Protective Order or otherwise); (d) has been independently developed by the Receiving Party; or (e) the Producing Party has previously authorized in writing to divulge or communicate to third parties.

7.      Nothing contained in this Protective Order will be deemed or construed as a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any

objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any such request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief on any grounds from the Court or any other applicable court from any provision of this Protective Order by application on notice.

8.      **Later Designation.** The failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive the Producing Party's right to later so designate such Discovery Material and such later Confidential designation to Discovery Materials will then be recognized as Confidential Discovery Materials under the terms of this Protective Order. Notwithstanding the foregoing, no Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later Confidential designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party seeking to rely on such Discovery Material.

9.      **Method of Designation.** The designation of material or information as Confidential Discovery Material will be made as follows:

a.      With respect to documents or other materials (apart from interviews, depositions, or other pretrial testimony) by: (i) affixing the legend "Confidential" or such other watermark or identification to each page of Discovery Material containing any Confidential Discovery Material; or (ii) in the case of electronically stored information such as copies of

exported or downloaded files from any information storing system or such other combination of electronic files (including for example, transaction ledgers, codes or any other such electronic files for which affixing a "Confidential" or similar mark is not possible or reasonably practicable) by including "Confidential" to the file name or file folder or file directory name.

b.      With respect to information set forth in responses to discovery requests, by affixing the legend "Confidential" immediately prior to the specific response or responses subject to such designation.

c.      With respect to testimony given during a deposition or to statements made at an interview that is taken after the Parties execute this Protective Order (regardless if entered by a court), by (i) indicating on the record or in writing at the time the deposition or interview is taken or prior to the preparation of the transcript, those portions of the deposition or transcript that contain Confidential Discovery Material and instructing the court reporter, who shall first have agreed to abide by the terms of this Protective Order, prior to the preparation of the transcript to indicate on the face page of the deposition that it contains Confidential Discovery Material that is subject to this Protective Order and shall be used in accordance therewith; or (ii) notifying counsel to the Parties in writing within five (5) business days after the Producing Party's receipt of the transcript by page and line number of any portion of the transcript of the deposition that contains Confidential Discovery Material. With respect to prior testimony or prior statements, those transcripts or such other documentation/recording may be designated Confidential by the Providing Party (in a clearly identifiable form) at any time within 30 days from the date of this Protective Order.

10.      **Unauthorized Disclosure of Designated Material**: In the event of a disclosure by the Receiving Party of Confidential Discovery Material to persons or entities not authorized by

this Protective Order to receive such Confidential Discovery Material, the Receiving Party making the unauthorized disclosure will, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Discovery Material subject to this Protective Order; immediately undertake commercially reasonable efforts to recover the disclosed Confidential Discovery Material, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Discovery Material and ensure against further dissemination or use thereof. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order will be subject to sanctions and remedies as the Court may deem appropriate.

11.    **Access to Confidential Discovery Material.** The Receiving Party will permit access to the Confidential Discovery Material only to persons specified in this Protective Order, unless otherwise agreed by the Parties or ordered by the Court. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part by the Receiving Party only to the following persons:

a.    The Plan Administrator and his agents, representatives, and employees, to the extent their functions require such access in connection with the Chapter 11 Case or any Related Proceeding;

b.    Outside counsel of record or in-house counsel who represent the Plan Administrator in the Chapter 11 Case or any Related Proceeding, or any person who signs an Agreement to Abide by Confidentiality Stipulation and Protective Order (the "Agreement to Abide by the Protective Order") only in the form of <u>Exhibit A</u> attached hereto, as well as stenographic,

clerical, and legal assistant employees and agents of those attorneys whose functions require access to Confidential Discovery Material;

c. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document, and the person or entity that produced or originally created the document;

d. Engaged outside experts or consultants (including financial advisors) for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party in connection with this Chapter 11 Case or any Related Proceeding, including their clerical personnel; provided that counsel desiring to disclose Confidential Discovery Material to such experts or consultants and their clerical personnel shall first obtain a signed Agreement to Abide by Confidentiality Stipulation and Protective Order from each such expert or consultant and each of his or her personnel who would require access to Confidential Discovery Material, and counsel shall retain in his or her file an original or copy of each such signed Agreement to Abide by the Protective Order;

e. The Court and its authorized staff, provided, however, that Confidential Discovery Material filed with the Court must be filed under seal pursuant to Paragraph 14;

f. Officers, directors, or employees of the Plan Administrator who are assisting the Plan Administrator's attorneys with matters in this Chapter 11 Case or any Related Proceeding, but only to the extent that the functions of such persons or entities in relation to this Chapter 11 Case or any Related Proceeding requires access to Confidential Discovery Material; and

g. To the extent not otherwise covered by this Paragraph 11, any potential witness or deponent (and counsel of such witness or deponent), during the course of, or to the

extent necessary for, preparation for deposition or testimony relating to matters in this Chapter 11 Case or any Related Proceeding. Except when the Confidential Discovery Material is first exhibited at a deposition or trial to such person, counsel desiring to disclose Confidential Discovery Material to such persons shall first obtain a signed Agreement to Abide by the Protective Order (counsel for the Receiving Party shall retain a copy of each executed Agreement to Abide by the Protective Order).

12.     **Definition of Related Proceeding.** A "Related Proceeding" means any complaint, lawsuit, adversary proceeding, contested matter, cause of action, or other litigation initiated by the Plan Administrator, in any court or tribunal, that arises out of, relates to, or is in connection with the Chapter 11 Case, including but not limited to avoidance actions, preference claims, fraudulent transfer claims, breach of fiduciary duty claims, or any other claims or causes of action asserted by or on behalf of the Plan Administrator.

13.     **Use by Producing Party.** Nothing herein shall restrict the manner in which the Producing Party may use or disclose the Producing Party's own Confidential Discovery Material.

14.     **Filing Under Seal.** If any Party wishes to file a document containing Confidential Discovery Material, whether in this Chapter 11 Case or in any Related Proceeding, such Party, prior to or concurrently with filing a document containing Confidential Discovery Material, must file a motion to seal to that effect in accordance with the applicable rules and procedures of the relevant court.

15.     **Use at Hearings and Trial.** The Parties shall discuss and ultimately enter into an amended Protective Order that addresses the manner of use of Confidential Discovery Material at any hearing or trial in this Chapter 11 Case or any Related Proceeding, including any procedures

related to the non-public disclosure of Confidential Discovery Material. In the event that an agreement cannot be reached on such procedures, the issue shall be determined by the Court.

16. **No Public Use of Confidential Discovery Material.** Confidential Discovery Material disclosed by the Producing Party to the Receiving Party shall not be publicly disclosed or made available to the general public in any proceeding or forum, unless otherwise agreed in writing by the Producing Party, upon request of the Receiving Party.

17. **Privilege.** Nothing in this Protective Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege. If Confidential Discovery Material subject to a claim of attorney-client privilege, work-product immunity, or any other applicable privilege is produced, whether inadvertently or otherwise, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other applicable privilege in this Chapter 11 Case, any Related Proceeding, or in any other federal or state proceeding. If a Party has produced a document subject to a claim of immunity or privilege, upon request by the Producing Party within a reasonable time of discovery of such production, the document for which a claim of immunity or privilege is made shall be returned and all copies of that document that may have been made shall be destroyed to the extent reasonably practicable, and the Receiving Party shall not use such information for any purpose. The Party returning such material may move the Court for an order compelling production of the material, but that motion shall not assert as a ground for entering such an order the fact or circumstance of its production, nor the assertedly privileged content of the document at issue.

18.     **Further Relief.** This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

19.     **Subpoenas and Compulsory Process.** Nothing in this Protective Order shall prevent any Party from producing documents in his, her, or its possession to another person in response to a subpoena or other compulsory process. However, if documents designated "Confidential" are subpoenaed or sought pursuant to any form of mandatory process outside of this Chapter 11 Case, it shall be the responsibility of the Party receiving such subpoena or other process, promptly upon receipt thereof, to notify within three (3) business days, the other Party and counsel for that Party of such subpoena or other process, and to make available to counsel for such Party a copy of such subpoena or other process so that counsel may timely seek a protective order or other means of protecting the Confidential Discovery Material sought to be compelled. It shall be the obligation of the Party whose Confidential Discovery Material is sought to seek entry of a court order to preclude or restrict production of any Confidential Discovery Material requested pursuant to such subpoena or compulsory process. Prior to producing or disclosing any Confidential Discovery Material, the Receiving Party shall notify the Producing Party, who will then have ten (10) business days to seek a protective order.

20.     **Challenges to Designation.** If any Party to this Protective Order objects to the designation of any documents or information as "Confidential" that Party shall first state the objection in writing to the other Party, identifying the specific documents it contends were not properly designated (a "Challenge Notice"). The Parties agree to confer in good faith to attempt, within five (5) business days of receipt of the written objection to such designation if practicable, to resolve any dispute regarding any such designation. If the Parties are unable to resolve such

11

dispute, the Receiving Party may seek appropriate relief from the Court; provided, however, that (a) any such motion shall be filed within five (5) business days following the meet and confer; and (b) all documents and/or information to which a motion is filed shall be treated as Confidential Discovery Material by the Parties until such motion is resolved. The burden shall be on the Producing Party or other party seeking to support the designation of the information as "Confidential" to justify the claim that the disputed material has been properly designated. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief.

21.     **Archival Copies.** After final disposition of this Chapter 11 Case, counsel for the Receiving Party may retain archival copies of court papers, deposition exhibits (other than Confidential Discovery Material), Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, and any work product, summaries, notes, abstracts, or compilations of the Receiving Party derived from the Confidential Discovery Material. Such material shall continue to be treated as Confidential Discovery Material under this Protective Order.

22.     **Return or Destruction of Confidential Discovery Material.** Upon receipt of a written request by the Producing Party after this Chapter 11 Case is closed and any Related Proceeding is concluded, counsel for the Receiving Party shall promptly either return all additional Confidential Discovery Material in his or her possession, custody, or control or in the custody of any authorized agents, outside experts, and consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party who has provided such Confidential Discovery Material in discovery, or certify destruction thereof to such counsel. As to Confidential Discovery Material reflected in computer databases, the Receiving Party must take reasonable measures to

promptly delete all such Confidential Discovery Material or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the Confidential Discovery Material. Counsel for the Receiving Party shall inform any other person identified in Paragraph 11 who received Confidential Discovery Material from the Receiving Party of its obligation to return any such Confidential Discovery Material as provided for herein or certify destruction thereof to counsel for the Producing Party.

23.    **Recitals**.  The recitals set forth in the "Whereas" clauses are true and correct and are incorporated herein as material parts of this Protective Order. The above recitals shall be used in any interpretation of this Protective Order.

24.    **Objections to Discovery Requests**: Nothing herein will be deemed to prevent a Party from objecting to any discovery requests or from seeking additional or further limitations on the use or disclosure of any Discovery Materials and Confidential Discovery Material.

25.    **Enforcement**: The provisions of this Protective Order constitute a protective order of this Court and violations of the provisions of this Protective Order are subject to enforcement in the same manner as any other order of the Court.

26.    **No Modification.** No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties.

27.    **Counterparts.** This Protective Order may be executed in one or more counterparts, including by facsimile, PDF, or other electronic delivery, each of which will be deemed an original, but all of which together constitute one and the same instrument.

[*Signature Page Immediately Follows*]

Dated: May 20, 2026
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

| | |
|---|---|
| **RICHARDS, LAYTON & FINGER, P.A.** | **KIRKLAND & ELLIS LLP** |
| Zachary I. Shapiro (No. 5103) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| One Rodney Square | Christopher T. Greco, P.C. (admitted *pro hac vice*) |
| 920 North King Street | Elizabeth Helen Jones (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 601 Lexington Avenue |
| Telephone:    (302) 651-7700 | New York, New York 10022 |
| Email:         shapiro@rlf.com | Telephone:    (212) 446-4800 |
| | Email:         christopher.greco@kirkland.com |
| *Co-Counsel for the Plan Administrator* |                   elizabeth.jones@kirkland.com |

-and-

Michael F. Williams, P.C. (admitted *pro hac vice*)
1301 Pennsylvania Ave, NW
Washington, DC 20004
Telephone:    (202) 389-5000
Email:         michael.williams@kirkland.com

-and-

Christopher S. Koenig (admitted *pro hac vice*)
Casey McGushin (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Email:         chris.koenig@kirkland.com
                   casey.mcgushin@kirkland.com

*Co-Counsel for the Plan Administrator*

*/s/*

**MORRISON COHEN LLP**
Jason P. Gottlieb
Heath D. Rosenblat
909 Third Avenue, 27th Floor
New York, NY 10022
Telephone:    (212) 735-8600
Email:         jgottlieb@morrisoncohen.com
                   hrosenblat@morrisoncohen.com

*Counsel for Wintermute Trading Ltd.*

14