**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TERRAFORM LABS PTE LTD., et al., | Case No. 24-10070 (BLS) |
| Post-Effective Date Debtors. | (Jointly Administered) |
| | **Hearing Date: June 9, 2026** |
| | **Objection Deadline: June 8, 2026** |

**DECLARATION OF SIMON JOHANSEN IN SUPPORT OF JUMP'S OBJECTION TO
PLAN ADMINISTRATOR'S MOTION TO CLARIFY OR MODIFY THE
<u>PROTECTIVE ORDER AND TO STRIP CONFIDENTIALITY DESIGNATIONS</u>**

I, Simon Johansen, declare as follows:

**Background**

1.  I am an employee of Jump Operations, LLC and have been an employee of entities within Jump Trading Group since August 22, 2016.  My current role is Chief Operating Officer - Digital Assets & Prediction Markets, where I oversee the operations of digital asset and prediction market functions of certain of the entities within Jump Trading Group.

2.  I submit this declaration in support of Jump's objection to the Plan Administrator's Motion to Clarify or Modify the Protective Order and to Strip Confidentiality Designations (the "<u>Motion</u>").  Dkt. 1223.  I have personal knowledge of the facts set forth herein.  I understand that the Plan Administrator challenges the confidentiality designation of four particular documents: Exhibits 6a, 6b, 6c, and 6d.  Dkt. 1223-6.

3.  Exhibit 6a is an internal email chain that reflects the assessment of senior leadership of entities within Jump Trading Group of a deal opportunity with Terraform, including the nature

1

of the opportunity, the analytical approach taken, and strategic and competitive judgments. This type of internal deal evaluation is representative of the analyses personnel of entities within Jump Trading Group conduct regularly with respect to crypto-asset opportunities, and Jump continues to employ such analyses today in evaluating similar opportunities.

4.  Exhibit 6b consists of Slack messages wherein senior personnel of entities within Jump Trading Group discuss the deal opportunity with Terraform, including internal assessments of its favorability and deal strategy. The strategic judgments and counterparty assessments reflected in these messages are of the kind that personnel of entities within Jump Trading Group continue to make in connection with its ongoing crypto-asset trading and deal-making activity.

5.  Exhibits 6c and 6d include emails wherein personnel of entities within Jump Trading Group discuss their approach to media and public communications strategy in connection with crypto-asset trading and deal-making activity. These media and communications strategies remain competitively sensitive because they reflect how entities within Jump Trading Group position themselves publicly in connection with their investments.

6.  Entities within Jump Trading Group continue to be actively involved in trading and deal-making in crypto-asset markets. The analytical approaches, risk tolerances, deal evaluation frameworks, and media strategies reflected in the four contested documents are representative of the types of assessments personnel of entities within Jump Trading Group continue to the present to make in evaluating such opportunities.

7.  Disclosure of the information contained in the four contested documents would be harmful to the competitive positions of entities within Jump Trading Group. Those entities operate in a highly competitive trading and investment environment in which firms closely guard their internal assessments, deal evaluation approaches, and communications strategies. A competitor

2

Docusign Envelope ID: 77675C25-CB8F-81FB-830B-9F7904E5B4DB

with access to these documents would gain insight into how the leadership of entities within Jump Trading Group analyzes opportunities as well as capital commitments and public positioning relating to those opportunities.  This information is not publicly available.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 8, 2026

*Simon Johansen*

Simon Johansen